# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND
# Greenbelt Division

| | |
|---|---|
| Kilmar Armando Abrego Garcia,<br><br>    Petitioner,<br><br>v.<br><br>Kristi Noem, *et al.*,<br><br>    Respondents. | Case No.: 8:25-cv-02780 |

## Interim Motion to Seal
## Exhibit B to Petition for Writ of Habeas Corpus

Pursuant to Local Rule 105.11, Petitioner moves to seal Exhibit B of the Petition for Writ of Habeas Corpus, filed today. *See* ECF No. 1.

Exhibit B is Petitioner's current I-94 form demonstrating that he was paroled into the United States, under significant public benefit parole, 8 C.F.R. § 212.5. The document was produced to counsel to Petitioner in related case *Abrego Garcia et al. v. Noem et al.*, No. 8:25-cv-00951-PX (D. Md.) ("Related Case") pursuant to the Stipulated Confidentiality Order, ECF No. 95, in that case. Accordingly, Petitioner moves to seal Exhibit B consistent with the terms of the Stipulated Confidentiality Order in that case.

Petitioner represents the following facts to justify sealing under Local Rule 105.11. The parties' Stipulated Confidentiality Order in the Related Case requires a party to file under seal any materials that have been designated as Confidential or Attorney's Eyes Only by another party. In particular, paragraph 2 of the Confidentiality Order states:

> ***To the extent that any materials designated as Confidential or Attorney's Eyes Only under this Confidentiality Order*** (or any pleading, motion, or memorandum disclosing them) ***are proposed to be filed or are filed with the Court, the portions of those materials containing Confidential or Attorney's Eyes Only information shall be redacted by the filing party.*** Non-redacted versions shall be filed under

seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by L.R. 105.11, provided that the Court can deny an Interim Sealing Motion prior to 14 days in part or in full. ***Even if the filing party believes that the materials designated as Confidential or Attorney's Eyes Only are not properly classified as Confidential or Attorney's Eyes Only, the filing party shall file the Interim Sealing Motion;*** provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party rights under paragraph (4) of this Confidentiality Order.

Related Case, ECF No. 95, ¶ 2 (emphasis added).

Exhibit B of the Petition contains Petitioner's I-94 document, which demonstrates that he was paroled into the United States, under significant public benefit parole, 8 C.F.R. § 212.5, on June 6, 2025. The Government has designated this document as Attorneys' Eyes Only under the Stipulated Confidentiality Order. Accordingly, pursuant to the Confidentiality Order, "even if [Petitioner] believe[s] that the materials designated as Confidential or Attorney's Eyes Only are not properly classified as Confidential or Attorney's Eyes Only," he is required to file this motion seeking to maintain the designated material under seal. *Id.*

Further, because the Government has designated the entire document as Attorneys' Eyes Only, Petitioner is not filing a public version of this document, but emphasizes that Petitioner does not believe this document should be sealed. Petitioner relies on the Government to identify reasons why alternatives to sealing the material not filed publicly would not provide sufficient protection.

Dated: August 25, 2025

        /s/ Jonathan G. Cooper

| | |
|---|---|
| **MURRAY OSORIO PLLC** <br> Simon Sandoval-Moshenberg, Esq. <br> Rina Gandhi <br> 4103 Chain Bridge Road, Suite 300 <br> Fairfax, Virginia 22030 <br> (703) 352-2399 <br> Facsimile: 703-763-2304 <br> ssandoval@murrayosorio.com <br><br> **QUINN EMANUEL URQUHART & SULLIVAN, LLP** <br> Stephen E. Frank (*pro hac* forthcoming) <br> 111 Huntington Ave, Suite 520 <br> Boston, MA 02199 <br> (617) 712-7100 <br> stephenfrank@quinnemanuel.com | **QUINN EMANUEL URQUHART & SULLIVAN, LLP** <br> Jonathan G. Cooper (D. Md. Bar No. 21345) <br> Olivia Horton* (*pro hac* forthcoming) <br> 1300 I St. NW, Suite 900 <br> Washington, DC 20005 <br> (202) 538-8000 <br> jonathancooper@quinnemanuel.com <br> oliviahorton@quinnemanuel.com <br> **admitted in Texas; not admitted in D.C.* <br> *Supervised by attorney admitted in D.C.* <br><br> Andrew J. Rossman (*pro hac* forthcoming) <br> Sascha N. Rand (*pro hac* forthcoming) <br> K. McKenzie Anderson (*pro hac* forthcoming) <br> Samuel P. Nitze (*pro hac* forthcoming) <br> Courtney C. Whang (*pro hac* forthcoming) <br> Roey Goldstein (*pro hac* forthcoming) <br> Sam Heavenrich (*pro hac* forthcoming) <br> Morgan L. Anastasio (*pro hac* forthcoming) <br> 295 Fifth Avenue, 9th Floor <br> New York, NY 10016 <br> (212) 849-7000 <br> andrewrossman@quinnemanuel.com <br> sascharand@quinnemanuel.com <br> mckenzieanderson@quinnemanuel.com <br> samuelnitze@quinnemanuel.com <br> courtneywhang@quinnemanuel.com <br> roeygoldstein@quinnemanuel.com <br> samheavenrich@quinnemanuel.com <br> morgananastasio@quinnemanuel.com <br><br> *Counsel for Petitioner* |