UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| KILMAR ARMANDO ABREGO GARCIA, *Petitioner*, v. KRISTI NOEM, Secretary of the Department of Homeland Security, *et al.*, *Respondents*. | Case No. 8:25-cv-02780 (PX) |

**Petitioner's Proposed Schedule**

On August 25, 2025, Petitioner was detained by the Department of Homeland Security ("DHS") in this district and filed a habeas petition in this Court. Later that day, the Court held a hearing in which the Court proposed that the Government file a response by August 27, 2025, Petitioner file a reply by August 28, 2025, and an evidentiary hearing be held on August 29, 2025, unless the parties agree to an alternative schedule. The parties met and conferred but were unable to reach agreement. As seen below, Petitioner was (and is) largely open to agreeing to the Government's proposed schedule, with certain modifications.

The parties appear to have three main points of disagreement. First, the Government rejected any time limits on the administrative processes it proposes occur before this Court acts on the habeas petition. Petitioner is willing to agree that those administrative processes go first, so long as they do so at a reasonable pace that does not unduly delay resolution of the habeas petition. To accomplish that, and to provide certainty to the schedule, Petitioner has proposed time limits for the administrative processes. Second, the Government has refused to agree to have DHS provide a written decision explaining the result of the administrative process it proposes in its Step 2. Petitioner believes that a written decision is essential to understand the result and the rationale (if any). Third, the Government insists, as part of the scheduling order, that Petitioner cannot challenge his detention. That is not a condition Petitioner can agree to, and, in any event, that kind of substantive issue is not appropriate to resolve in a scheduling order.

Petitioners propose the following schedule. Like the Government, Petitioner proposes that DHS not remove Petitioner during the pendency of administrative proceedings with DHS and the district court's resolution of this habeas petition, under the following parameters:

1. Step 1: At 5pm yesterday, Petitioner filed a motion to reopen before an immigration judge pursuant to 8 C.F.R. §1003.23(b)(4)(i), to seek asylum in the United States pursuant to 8 U.S.C. §1158. Petitioner proposes that the parties allow the immigration judge to resolve that motion within two weeks from today (*i.e.*, by September 9, 2025); if the motion is denied or remains unadjudicated after two weeks, then the parties proceed to Step 2.

1

2. Step 2: DHS and Petitioner complete the procedures set forth in DHS's March 30, 2025 memorandum, as modified by the July 9, 2025 email directive ("DHS Guidance"). DHS will provide written notice to Petitioner and his counsel of its decision and the reasons therefore. If these procedures are not completed within ten days pursuant to 8 C.F.R. §208.31(b), then the parties proceed to Step 3.

3. Step 3: Same as Government's Step 3.

4. Step 4: Same as Government's Step 4.

5. Step 5: Same as Government's Step 5.

6. Step 6: Same as Government's Step 6, so long as the Court is available to hold a hearing during that proposed timeframe.

7. Step 7: Petitioner agrees with the Government that, to the extent he is detained by DHS while this case is pending, any detention should be within 200 miles of the Greenbelt, Maryland, courthouse to accommodate Petitioner's access to criminal and habeas counsel. Petitioner otherwise disagrees with the rest of the Government's Step 7.

8. Step 8: Petitioner is not opposed to the Government's proposal that the Court rule within 30 days of the hearing, if it is reasonably feasible for the Court to do so. Petitioner maintains that there should not be any removal until the petition is resolved.

9. Finally, Petitioner reserves all claims and rights, including any challenges to the DHS Guidance.

Dated: August 26, 2025

|  |  |
|---|---|
| **MURRAY OSORIO PLLC** <br> Simon Sandoval-Moshenberg, Esq. <br> Rina Gandhi <br> 4103 Chain Bridge Road, Suite 300 <br> Fairfax, Virginia 22030 <br> (703) 352-2399 <br> Facsimile: 703-763-2304 <br> ssandoval@murrayosorio.com | */s/ Jonathan G. Cooper* <br> **QUINN EMANUEL URQUHART & SULLIVAN, LLP** <br> Jonathan G. Cooper (D. Md. Bar No. 21345) <br> Olivia Horton\* (*pro hac* pending) <br> 1300 I St. NW, Suite 900 <br> Washington, DC 20005 <br> (202) 538-8000 <br> jonathancooper@quinnemanuel.com <br> oliviahorton@quinnemanuel.com <br> \**admitted in Texas; not admitted in D.C.* <br> *Supervised by attorney admitted in D.C.* <br><br> Andrew J. Rossman (*pro hac* pending) <br> Sascha N. Rand (*pro hac* pending) <br> 295 Fifth Avenue, 9th Floor <br> New York, NY 10016 <br> (212) 849-7000 <br> andrewrossman@quinnemanuel.com <br> sascharand@quinnemanuel.com <br><br> *Counsel for Petitioner* |