UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
**Greenbelt Division**

| | |
|---|---|
| KILMAR ARMANDO ABREGO GARCIA,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, ET AL.,<br><br>Respondents. | Case No.: 8:25-CV-02780-PX |

**PETITIONER'S MOTION FOR LEAVE TO SERVE DOCUMENT REQUESTS**

In connection with the Court's scheduled October 6, 2025, evidentiary hearing, Petitioner Kilmar Armando Abrego Garcia, through counsel, hereby moves this Court for leave to conduct limited, targeted discovery in the form of the document requests attached hereto as Exhibit A. In support of this motion, Petitioner respectfully states as follows:

**PROCEDURAL BACKGROUND**

On August 22, 2025, at 4 p.m. the Government notified Petitioner's counsel by email that it "may" remove Petitioner to Uganda. *See* Ex. B. On August 25, 2025, following Petitioner's filing of his habeas petition, this Court held a telephonic conference in this matter and scheduled an evidentiary hearing for October 6, 2025. *See* Aug. 25, 2025 Hearing Tr. at 5-7.

Subsequent to that conference, on September 5, 2025, the Government notified Petitioner's counsel via email that they had changed the designated removal country from Uganda to Eswatini, citing Petitioner's expressed fear of removal to Uganda. *See* Ex. C (Email from U.S. Immigration and Customs Enforcement to Petitioner's Counsel). As with Uganda, the Government provided no information regarding what assurances, if any, they have secured from Eswatini's government

1

regarding Petitioner's status upon arrival or protections against refoulement to El Salvador. Petitioner's counsel immediately expressed Petitioner's fear regarding removal to Eswatini. *Id.*

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). "Instead, a habeas petitioner must demonstrate that good cause exists to permit discovery." *Claytor v. Masters*, 2015 WL 7301075, at *7 (S.D.W. Va. Oct. 7, 2015), R&R adopted, 2015 WL 7302765 (S.D.W. Va. Nov. 18, 2015), citing Rule 6(a) of the Rules Governing Section 2254 Cases (establishing good cause standard for discovery); Rule 1(b) of the Rules Governing Section 2254 Cases (allowing application of Rules Governing Section 2254 Cases to other habeas petitions). "Good cause is shown if the petitioner makes a specific allegation that shows reason to believe that the petitioner may be able to demonstrate that he is entitled to relief." *Quesinberry v. Taylor*, 162 F.3d 273, 279 (4th Cir. 1998).

## DISCOVERY REQUESTED

Given the upcoming October 6, 2025, evidentiary hearing, Petitioner seeks leave to serve narrow document requests on Respondents focused on five targeted categories: (1) the procedures utilized to implement the March 30, 2025 DHS Guidance, or any subsequently issued guidance, concerning third-country deportations, including any exceptions thereto; (2) the selection and designation of Uganda and Eswatini, or any newly disclosed additional country, as the designated third-party country to which Petitioner may be deported; (3) the agreements, understandings, assurances, and relevant communications with the governments of each of the countries regarding Petitioner's treatment, including assurances against torture and refoulement, and financial arrangements; (4) how the credibility of any such assurances have been assessed by the Government; and (5) the specific procedures utilized to evaluate Petitioner's reasonable fear

claims related to these countries. These narrowly tailored requests aim to provide Petitioner with information essential for effective participation in the upcoming evidentiary hearing while minimizing burden on Respondents.

**ARGUMENT**

Good cause exists to grant Petitioner's discovery requests for three reasons: (1) the Court has already scheduled an evidentiary hearing for which these documents are directly relevant and necessary; (2) there is a severe information asymmetry between the parties; and (3) there are legitimate concerns about the knowledgeableness and preparation of the witnesses to be presented by the Government at the October 6 hearing and the accuracy of government representations regarding Petitioner's case.

This Court has scheduled an evidentiary hearing in this matter for Monday, October 6, 2025, at 11:00 a.m. As indicated during the telephonic proceedings on August 25, 2025, this hearing will address several critical issues, including but not limited to:

- Whether the government is acting outside its lawful authority under 8 U.S.C. § 1231(b)(2)(A)(ii) by not removing Petitioner to his designated country of choice— *i.e.*, subject to assurances that he will not be refouled to El Salvador, Costa Rica;

- What assurances and protections, if any, Uganda and Eswatini have offered regarding Petitioner akin to what Costa Rica has done in terms of assuring freedom of movement, residency papers, or refugee status;

- What the Government has done to assess the credibility of any such assurances;

- Whether Petitioner has been afforded appropriate process to seek withholding of removal or persist in a credible fear determination; and

3

- Whether the Government has impermissibly conditioned removal to Uganda or Eswatini based on Petitioner's exercise of his constitutional rights.

*See* Aug. 25, 2025 Hearing Tr. at 6-7. The documents Petitioner seeks are directly relevant to each of these issues and necessary for meaningful participation in the evidentiary hearing. Without these documents, Petitioner cannot effectively examine witnesses, challenge Government assertions, or present an adequate evidentiary record to the Court.

In addition, absent the requested document production, there is a severe information asymmetry between the parties. As this Court recognized during the telephonic conference, there is a stark contrast between what the Government has provided regarding the assurances provided by Costa Rica and the one-line emails it has provided in connection with its communications concerning Uganda and Eswatini. Indeed, the Government has not provided any information concerning the assurances, if any, it received from Uganda or Eswatini. As the Court noted, "there is just nothing right now on the record" concerning what protections Uganda has offered to Petitioner. Aug. 25, 2025 Hearing Tr. at 5:25-6:1. The same is true of the newly designated country of Eswatini. *See* Ex. C.

Furthermore, all requested information resides exclusively within the Government's possession. Petitioner has not been provided any transparency into the communications between the Government and officials in Eswatini or Uganda, the assurances (if any) that have been given by either country, how (if at all) the Government assessed the credibility of any such assurances, or the processes that led to the decision to pursue removal to Uganda and then Eswatini. Without the requested discovery, Petitioner will be forced to rely solely on whatever limited information the Government chooses to present at the hearing. Particularly given the Government's approach

4

to witness selection and preparation in this matter, that will leave Petitioner (and the Court) with limited ability to probe or challenge the Government's presentation.

Regrettably, the Government's conduct throughout these proceedings has also raised substantial concerns about the reliability of its representations, further necessitating document discovery. As the Court has recognized in the related civil case, *Abrego Garcia v. Noem*, No. 8:25-cv-951, Defendants "have taken the presumption of regularity" and "destroyed it." July 11, 2025 Hearing Tr. at 11:7-10. The Government's actions in the present case demonstrate similar irregularities.

Specifically, the Government's apparent use of Costa Rica as a carrot to induce Petitioner to accept the Government's desired plea deal in his criminal case and then abruptly shift to Uganda, and then to Eswatini, exemplifies the procedural irregularities characterizing this case. Moreover, despite prior representations that a credible fear interview would be conducted, *see* July 11 Hearing, 2025 70:6-9, to Petitioner's knowledge, no such interview has occurred. Rather than adhering to established procedures, the Government appears to have simply substituted one third country for another, neither of which appear to have provided any assurances, let alone assurances that have been vetted by the Government, or been chosen based on the application of any coherent process. Further heightening Petitioner's skepticism, the emails advising Petitioner's counsel of each third-party country were immediately leaked to media channels.

This approach, combined with the Government's repeated public statements since Petitioner's original, wrongful removal suggests that the Government remains fixated on its public relations at the expense of the rule of law and Petitioner's legal rights. Indeed, there is reasonable basis to question whether the Government had legitimate grounds to believe Uganda would accept Petitioner initially, rendering the original designation potentially a political maneuver rather than

a genuine attempt to remove Petitioner pursuant to the procedures it designated. *See* Oppong Kyekyeku, *Uganda to Take U.S. Deportees, but Only Those Without Criminal Backgrounds,* MSN (Aug. 22, 2025), https://www.msn.com/en-us/politics/government/uganda-to-take-u-s-deportees-but-only-those-without-criminal-backgrounds/ar-AA1L2DMC (noting that Uganda "has signaled a preference for migrants of African origin" and would only take those without a criminal record). The subsequent designation of Eswatini, similarly made without transparent process or evidence of that country's willingness to accept Petitioner, reinforces concerns that the Government is conducting this matter primarily in the court of public opinion rather than following its established procedures. *See Eswatini says US never asked them to take Kilmar Abrego as deportee*, Reuters (Sept. 11, 2025), https://www.reuters.com/world/americas/eswatini-says-us-never-asked-them-take-kilmar-abrego-deportee-2025-09-11/.

Given these legitimate concerns, the requested discovery is necessary to ensure that the Court has a complete and accurate factual record upon which to base its decision.

## CONCLUSION

For the foregoing reasons, Petitioner should be granted leave to take limited targeted discovery, in the form of the document requests attached hereto as Ex. A, and Respondents should be ordered to produce responsive documents no later than September 26, 2025.


Respectfully Submitted,

Dated: September 18, 2025

| | |
|---|---|
| **MURRAY OSORIO PLLC**<br>Simon Y. Sandoval-Moshenberg<br>Rina Gandhi<br>4103 Chain Bridge Road, Suite 300<br>Fairfax, VA 22030<br>(703) 352-2399<br>ssandoval@murrayosorio.com | */s/ Jonathan G. Cooper*<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Jonathan G. Cooper (D. Md. Bar No. 21345)<br>Olivia Horton* (*pro hac vice*)<br>1300 I St. NW, Suite 900<br>Washington, DC 20005<br>(202) 538-8000<br>jonathancooper@quinnemanuel.com<br>oliviahorton@quinnemanuel.com<br>**admitted in Texas; not admitted in D.C. Supervised by attorney admitted in D.C.*<br><br>Andrew J. Rossman (*pro hac vice*)<br>Sascha N. Rand (*pro hac vice*)<br>295 Fifth Avenue, 9th Floor<br>New York, NY 10016<br>(212) 849-7000<br>andrewrossman@quinnemanuel.com<br>sascharand@quinnemanuel.com |

*Counsel for Petitioner*

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2025, a true and correct copy of the foregoing was electronically filed and served via this Court's CM/ECF system upon any parties or counsel of record registered with the CM/ECF system.


Date: September 18, 2025                                          */s/ Jonathan G. Cooper*
                                                                                    *Counsel for Petitioner*