# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| KILMAR ARMANDO ABREGO GARCIA,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, ET AL.,<br><br>Respondents. | Case No.: 8:25-CV-02780-PX |

**PLAINTIFFS' REQUESTS FOR PRODUCTION TO RESPONDENTS**

Plaintiffs propound the following requests for production that Respondents must answer by September 26, 2025:

**DEFINITIONS**

1. "**Petitioner**" means Petitioner Kilmar Armando Abrego Garcia.

2. "**Agreement**" means any mutual understanding, contract, bargain, promise, arrangements, or manifestation of mutual assent regarding the United States Government's use of CECOT or other facilities located in El Salvador to house U.S. deportees.

3. "**Communication**" means any transmittal of information in any form and of any kind, including any electronic, oral, or written transmission.

4. "**Document**" shall be construed to the fullest extent under applicable law and shall mean, without limitation, the original and all copies and translations of any information in any written, recorded, electronic, or graphic form including all memoranda, notes, communications, telegrams, telecopies, letters, reports, stenographic notes, bulletins, notices, forms, emails, text messages or other messaging-application messages, instant messages or other electronic-chat messages, telephonic or personal communications, computer models, spreadsheets, data, accounts,

1

records, calendars, diaries, minutes, contracts or other legal papers, resolutions, written policies or procedures, insurance policies, audio records, photographs, videos, generated information, website information, physical models, physical embodiments, recordings of videoconferences, transcriptions or videoconferences, microform, film, and any electronically stored information stored in any medium including computer backup devices in Your possession, custody, or control or the possession, custody, or control of Your attorneys, agents, or other Persons under Your control. Without limiting the foregoing, "Document" includes any originals, drafts or copies, including a copy that differs in any respect from the original or other versions of the document, such as copies containing notations, signatures, insertions, corrections, margin notes, or any other variations. The term "Document" includes Communications.

5. "**Meeting**" shall mean any occasion on which two or more persons assemble in physical proximity for the purpose, in whole or part, of Communication.

6. "**Person(s)**" means any natural person or legal entity, including a corporation, partnership, proprietorship, group, association, organization, business entity, governmental body, agency, or trust, and its predecessors, successors or current and former parents, subsidiaries, affiliates, partners, officers, directors, employees, representatives, agents (including attorneys, accountants and investment or other advisors), or any other Person or entity acting, or purporting to act, on its behalf.

7. "**Relating to**," "**Related to**," "**Concerning**," or "**Regarding**" in addition to their customary and usual meanings, shall mean directly or indirectly, in whole or in part, relating to, referring to, concerning, discussing, evidencing, containing, constituting, reflecting, mentioning, assessing, characterizing, recording, describing, touching upon, summarizing, commenting on, showing, disclosing, supporting, explaining, recording, stating, memorializing, noting, analyzing,

contradicting, disputing, or in any way legally, logically, or factually dealing with or connected to the subject matter described.

8. "**Remove**" or "**removal**," in addition to their customary and usual meanings, shall mean the forcible expulsion of a noncitizen to a foreign country.

9. "**Third-Party Countries**" means countries other than the United States or El Salvador that have specifically been evaluated or designated as potential destinations for Kilmar Armando Abrego Garcia's removal, including but not limited to Uganda and Eswatini.

10. "**United States Government**" means the government of the United States, and any and all agencies, branches, divisions and offices thereof.

11. "**You**" and "**Your**" mean the Respondents in this case, including, as applicable, any of their employees, departments, commissions, representatives, agents, attorneys, assigns, predecessors, affiliates, third-party experts, service providers, and any other entities, instrumentalities, or Persons acting or purporting to act on its behalf.

## INSTRUCTIONS

1. **Timeframe**: Unless otherwise stated in a specific request, these requests seek responsive Documents from January 1, 2025, through the present.

2. **Production Date**: Respondents are to produce the documents and communications on or before September 26, 2025.

3. **Usual Course of Business:** Produce documents as they are kept in the usual course of business or specify in writing its source, author, and date of preparation, if not apparent from the face of the document or thing.

4. **Objections:** To the extent that you consider any Request objectionable, respond to each Request to the extent not objectionable, and separately state with specificity the part of each

3

Request as to which an objection is raised and the ground for each objection. If any Request cannot be complied with in full, it shall be complied with to the extent possible, and an explanation shall be given as to why full compliance is not possible.

5. **Privilege log:** Pursuant to Federal Rule of Civil Procedure 26(b)(5) and District of Maryland Discovery Guideline 10(d), if any objection is made to any Request or part of any Request on the basis of any claim of privilege, immunity, or work-product protection set forth in detail all facts upon which the claim of privilege is based, including, without limitation, the following:

   i. the type of communication, document, or information at issue (*e.g.*, oral, written, or electronic) and the date thereof;

   ii. the name of each participant in such communication; document or information, and where apparent, the field or position, occupation, and employer of each participant in such communication, document, or information, or of those individuals who prepared, produced, or reproduced, or who were the recipients of, such communication, document, or information;

   iii. a description of the communication, document, or information sufficient to identify it without revealing the information for which privilege is claimed;

   iv. a description of the subject matter of the communication, document, or information in sufficient detail to allow the Court to determine the validity of the claim of privilege;

   v. each and every factual and legal basis upon which respondents claim any privilege; and

   vi. the Request or part thereof to which the communication, document, or information relates.

6. **Produce non-privileged documents:** The fact that a Request calls in part for documents which you claim to be privileged or otherwise objectionable is not a basis for you to fail to produce all documents called for by such Request as to which no privilege or objection is

claimed. Pursuant to Fed. R. Civ. P. 34(b)(2)(C), an objection to part of a Request must specify the part and permit inspection of the rest.

7. **Produce with redactions:** If a portion of a responsive document contains information subject to a claim of privilege or other immunity from discovery, only that portion of the document subject to the claim of privilege or other immunity shall be redacted from the document and the rest shall be produced.

8. **Agents and Principals:** Any reference in these Requests to an individual or person includes any and all agents, advisors, directors, officers, employees, principals, representatives, attorneys, successors-in-interest, and all other persons or entities acting in his, her, or its behalf or under his, her, or its control.

9. **Persons Within Entities:** Any reference in these Requests to any corporation, partnership, association, or entity includes its predecessors, affiliates, parents, subsidiaries, executives, officers, directors, members, managers, trustees, employees, agents, attorneys, accountants, consultants, advisors, representatives, and all other persons or entities acting on its behalf, at its insistence, for its benefit, or otherwise under its direction or control, or which control, or are under common control with, the corporation, partnership, association, or entity.

10. **Original and Non-identical Copies:** All documents to be produced shall be the original and all non-identical copies, including all drafts and copies with notes, comments or marginalia of any nature, of each responsive document. If you are unable to produce the original of any document, you shall produce the best available copy and all non-identical copies, including drafts and copies with notes, comments or marginalia of any nature.

11. **Whole Documents**: If any part of a document is responsive to a Request, the document in its entirety must be produced, including all attachments and enclosures. Documents attached to each other shall not be separated.

12. **ESI Format:** All documents that constitute electronically stored information shall be produced as single page TIFFs with image load files showing production numbers and documents breaks or as otherwise agreed by the parties. Petitioner reserves the right to request production of electronically stored information in its native format and/or with associated metadata where necessary.

13. **Metadata:** Metadata shall be provided in connection with ESI requested, and includes without limitation, file, application and system metadata. The following list identifies the metadata fields that shall be produced (to the extent available):

- Document number or production number (including the document start and document end numbers). The document number or production number should be a standard Bates Number used uniformly and sequentially for all productions in the above-captioned matter. Each document should be electronically stamped with the Bates Number, or the Bates Number should be otherwise apparent from the face or file name of each produced document.
- BeginAttach
- EndAttach
- Title/Subject
- Sent/Date and time (for emails only)
- Last modified date and time created date and time (for e-docs)
- Received DATE and time (for emails only)
- Author
- Recipients

6

- cc:
- bcc:
- Source (custodian)
- Hash Value
- File Path
- Media (type of media that the DOCUMENT was stored on when it was collected)
- Page count
- Original file name
- Doc extension
- Full text
- Accessed date & time
- Last Print date

14. **Lost Documents**: If any document requested herein was at one time in existence, but, after a diligent search, is found to be lost, discarded, destroyed, transferred to others not within your possession, custody or control, or otherwise disposed of, or if you cannot comply in full with any specific Request for any other reason, please furnish a list identifying each such document or information that you failed to produce, explain why full compliance is not possible, and include the following information with respect to each such document, to the fullest extent possible:

- the document's date(s)
- the document's author(s)
- the document's sender(s);
- the document's addressee(s);
- the document's recipient(s);
- the document's subject matter(s);
- the document's length;

7

- the document's attachments; and
- the document's location in which it was maintained.

In each instance, explain the circumstances of its loss, discarding, or destruction, including the person(s) responsible for authorizing the disposition and the date thereof, and provide a description of your efforts to locate the document or information and copies of it.

15. **Service**: Serve all responses and productions on the undersigned attorneys via email at qe-abregogarcia@quinnemanuel.com. If email is impractical, You can serve responses or productions at the following address:

> Quinn Emanuel Urquhart & Sullivan, LLP
> Attention: Jonathan Cooper
> 1300 I Street NW, 9th Floor
> Washington, DC 20005

16. **Continuing Obligation**: These Requests are ongoing. If, after responding, You obtain or become aware of additional or responsive Document in your possession, custody, or control, then produce that Document promptly, in accordance with Federal Rule of Civil Procedure 26(e).

## REQUESTS FOR PRODUCTION

1. Documents and Communications sufficient to show the process by which Eswatini and Uganda were selected and designated as third-party countries of removal for Petitioner.

2. Evaluations, assessments, or determinations regarding the suitability of Eswatini and Uganda, or any newly identified country, as third-party countries of removal for Petitioner.

3. Communications sufficient to show the basis for Respondents' decision to pursue removal of Petitioner to Uganda or Eswatini, including but not limited to emails, Teams messages, and Signal messages.

8

4. Documents and Communications sufficient to show the procedures by which Respondents assessed Petitioner's assertion of reasonable fear with respect to deportation to Eswatini, Uganda, or any newly identified country, including any guidelines, protocols, or directives regarding the evaluation of such claims and any review of such evaluations, including any rights afforded to Petitioner to due process in connection with any such evaluations.

5. Agreements between the United States Government and the governments of Eswatini or Uganda executed since January 1, 2025, related to the acceptance of Petitioner as a deported individual from the United States, including assurances against torture, refoulement, and concerning any financial arrangements.

6. Documents and Communications concerning any assurances provided by the governments of Eswatini and Uganda, or any newly identified country, that Petitioner will not be imprisoned, subjected to torture, or refouled to El Salvador.

7. Documents sufficient to show the procedures used by the United States Government to assess the credibility of any assurances referenced in Requests 5 and 6.