UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| KILMAR ARMANDO ABREGO GARCIA,<br><br>                *Petitioner*,<br>    v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security, *et al.*,<br><br>                *Respondents*. | Case No. 8:25-cv-02780 (PX) |

**DEFENDANTS' MOTION TO CONTINUE EVIDENTIARY HEARING**

By letter order on August 27, 2025, this Court set an evidentiary hearing for October 6, 2025, at 10:00 a.m. ECF No. 20. The Court also ordered that Petitioner not be removed from the continental United States prior to that hearing. *Id*. For the following reasons, Respondents request that the Court continue the hearing, subject to the same proviso that Petitioner not be removed from the continental United States prior to the hearing, until 14–28 days after Petitioner's immigration proceedings conclude, at a date convenient for the Court.

First, the Court should continue the hearing to let Petitioner's immigration proceedings unfold. In his immigration proceedings, Petitioner filed a motion to reopen requesting asylum, statutory withholding of removal, and Convention Against Torture ("CAT") protection from El Salvador based on his detention by the Salvadoran government, as well as protection from removal to Uganda. He also sought reopening for the purpose of seeking discretionary cancellation of removal, and he has filed with the immigration court a motion for a stay of his removal pending the determination of his motion to reopen. Petitioner's Emergency Mot. Reopen, A# 201-577-119 (Aug. 5, 2025). Petitioner's motion to reopen is now fully briefed. The Court should continue the

1

hearing because if the immigration judge grants Petitioner's motion, it would moot the relief he requests before this Court. Conversely, allowing the immigration proceedings to play out will permit Petitioner to exhaust his administrative remedies and generate a record for review (to the extent that review is available in this Court, which Respondents deny).

Second, the Court should continue the hearing because Petitioner's claims, as Respondents stated in their response to the habeas petition, are moot as to Uganda and unripe as to any new country. ECF No. 29 at 15. Respondents have selected a new country of removal, Eswatini, ECF No. 27-3, so Petitioner's claims specific to Uganda are "no longer live," *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Petitioner would need to amend his petition to assert claims concerning a new country. To date, he has not done so, and thus no claim for relief regarding Eswatini is presently before this Court. In any event, any such claim would be unripe because DHS has not yet completed its process under the procedures set forth in *D.V.D.* for adjudicating any objection Petitioner might raise to a new country of removal. *See Wild Virginia v. Council on Env't Quality*, 56 F.4th 281, 294 (4th Cir. 2022).

Third, the Court should continue the hearing because Petitioner's motion for leave to serve document requests, ECF No. 27, will likely not be resolved until after the current hearing date. Petitioner filed his motion on September 18, 2025. DE27. Respondents' response under this Court's local rules is due October 2, 2025. L. Civ. R. 105.2.(a). Even if this Court ruled the day after Respondents filed their response, it would be difficult to produce the materials Petitioner seeks—even if they were not privileged—before the October 6, 2025, hearing. But many of the documents Petitioner seeks implicate the attorney-client, deliberative-process, and other privileges. In addition, if discovery is granted, Defendants intend to seek discovery as well. Discovery disputes therefore would likely further delay resolution of Petitioner's motion.

Accordingly, Respondents respectfully request that the Court continue the October 6, 2025, evidentiary hearing until 14–28 days after Petitioner's immigration proceedings conclude. Respondents would continue not to remove Petitioner from the continental U.S. prior to the evidentiary hearing. Petitioner opposes this motion.

Dated: September 25, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

DREW C. ENSIGN
Deputy Assistant Attorney General
Civil Division, Office of Immigration Litigation

*/s/ Bridget K. O'Hickey*
BRIDGET K. O'HICKEY
ELIZABETH HEDGES
U.S. Department of Justice, Civil Division
Counsel to the Assistant Attorney General
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 353-8679
bridget.k.o'hickey@usdoj.gov

*Attorneys for Defendants*

CERTIFICATE OF SERVICE

I certify that on September 25, 2025, I caused to be filed the foregoing document via CM/ECF, which caused a copy to be served on all parties.

/s/ *Bridget K. O'Hickey*
BRIDGET K. O'HICKEY
Counsel to the Assistant Attorney General