UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| KILMAR ARMANDO ABREGO GARCIA,<br><br>*Petitioner*,<br><br>v.<br><br>KRISTI NOEM, *et al.*,<br><br>*Respondents*. | Case No. 8:25-cv-02780 (PX) |

**PETITIONER'S OPPOSITION TO MOTION FOR STAY OF ALL DEADLINES IN LIGHT OF LAPSE OF APPROPRIATIONS**

Petitioner opposes Respondents' Motion for Stay of All Deadlines in Light of Lapse of Appropriations.

The Constitution guarantees that the writ of habeas corpus—that "vital instrument for the protection of individual liberty," *Boumediene v. Bush*, 553 U.S. 723, 743 (2008)—"shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const., Art. I, § 9, cl. 2. That constitutional protection means that a lapse in appropriations cannot suspend habeas corpus proceedings. The Department of Justice's own contingency plan governing operations in the event of a lapse of appropriations agrees: "Due to the constitutional prohibitions against the suspension of the writ of habeas corpus, this litigation has continued and is expected to continue in all judicial districts." U.S. Dep't of Justice, *FY 2026 Contingency Plan* at 11 (Sept. 29, 2025), .

Contrary to the Government's assertion in its motion, the Anti-Deficiency Act does not require a stay. In describing the Act, the Government's motion fails to quote the full relevant provision: "[a]n officer or employee of the United States Government or of the District of

1

Columbia government may not accept voluntary services for either government or employ personal services **exceeding that authorized by law** except for emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342 (emphasis added). The Suspension Clause provides the legal authorization for habeas proceedings to continue in compliance with the Anti-Deficiency Act. Moreover, both the courts and the Department of Justice agree that an order that a case proceed despite a lapse of appropriations "'would constitute express legal authorization for the activity to continue' within the meaning of § 1342." *Kornitzky Grp., LLC v. Elwell*, 912 F.3d 637, 638 (D.C. Cir. 2019) (quoting U.S. Dep't of Justice, *FY 2019 Contingency Plan* at 3 (Sept. 11, 2018)); *accord* U.S. Dep't of Justice, *FY 2026 Contingency Plan* at 3 (same). Here, Local Rule 512—which the Government does not address in its motion—expressly instructs that in the event of a lapse of appropriations, this Court will continue to "hear and dispose of pending cases." D. Md. L.R. 512. While the Court will limit activities, it will continue those "necessary and essential to continue the resolution of pending cases." *Id.* Proceedings to continue the resolution of this case are thus fully authorized by law. There is therefore no basis to stay all deadlines as the Government requests.

The Government's stay request also confirms that Petitioner should be released from detention. *See* Dkt. 1 ¶¶ 51-57; Dkt. 32 at 18–24. The Government has no right to detain Petitioner indefinitely, *see Zadvydas v. Davis*, 533 U.S. 678 (2001), and the mere fact that the Government is seeking to extend all deadlines in this case indefinitely shows that there is no significant likelihood that Petitioner will be removed in the reasonably foreseeable future.

Accordingly, there is no justification for continuing Petitioner's detention. On August 22, 2025, Magistrate Judge Holmes of the Middle District of Tennessee ordered Petitioner "released after processing, subject to all conditions of release" including third-party custody, electronic

monitoring, home detention, and regular reporting to Pretrial Services. *United States v. Abrego Garcia*, No. 3:25-cr-00115, ECF No. 112 at 1 (M.D. Tenn. Aug. 22, 2025). If this Court orders Petitioner's release from immigration custody, he would remain under these strict supervision requirements, ensuring both his appearance at future proceedings and addressing any alleged public safety concerns, however misplaced those may be.

This Court should deny the stay and order Petitioner's immediate release pending resolution of his immigration proceedings.

Respectfully Submitted,

Dated: October 2, 2025

| | |
|---|---|
| **MURRAY OSORIO PLLC**<br>Simon Y. Sandoval-Moshenberg<br>Rina Gandhi<br>4103 Chain Bridge Road, Suite 300<br>Fairfax, VA 22030<br>(703) 352-2399<br>ssandoval@murrayosorio.com | */s/ Jonathan G. Cooper*<br>**QUINN EMANUEL URQUHART &<br>  SULLIVAN, LLP**<br>Jonathan G. Cooper (D. Md. Bar No. 21345)<br>Olivia Horton* (*pro hac vice*)<br>1300 I St. NW, Suite 900<br>Washington, DC 20005<br>(202) 538-8000<br>jonathancooper@quinnemanuel.com<br>oliviahorton@quinnemanuel.com<br>**admitted in Texas; not admitted in D.C.*<br>*Supervised by attorney admitted in D.C.*<br><br>Andrew J. Rossman (*pro hac vice*)<br>Sascha N. Rand (*pro hac vice*)<br>295 Fifth Avenue, 9th Floor<br>New York, NY 10016<br>(212) 849-7000<br>andrewrossman@quinnemanuel.com<br>sascharand@quinnemanuel.com |

*Counsel for Petitioner*