**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| Kilmar Armando Abrego Garcia, | |
| Petitioner, | |
| v. | Case No. 8:25-cv-02780 (PX) |
| Kristi Noem, *et al.*, | |
| Respondents. | |

**PETITIONER'S NOTICE OF DECISION AND ORDER OF THE IMMIGRATION JUDGE IN PETITIONER'S IMMIGRATION CASE**

Petitioner Kilmar Armando Abrego Garcia ("Petitioner") respectfully notifies this Court of the October 1, 2025, Decision and Order of the Immigration Judge Denying Petitioner's Motion to Reopen in the immigration case pending before the Baltimore Immigration Court. *See In the Matter of Abrego-Garcia*, Decision and Order of the Immigration Judge (Oct. 1, 2025) (Ex. A).

On August 25, 2025, Petitioner filed a Motion to Reopen, ("Motion to Reopen"), his proceedings before the Baltimore Immigration Court to (1) to file a new application for asylum, withholding of removal, and protection under the CAT based on current conditions in El Salvador; (2) to seek relief from being removed to Uganda; (3) to designate Costa Rica as the country of removal; (4) to seek adjustment of status through his United States Citizen spouse; and (5) to apply for cancellation of removal for non-permanent residents pursuant to INA § 240A(b). *See* Ex. A at 4. In the alternative, Petitioner requested that the Court reopen his removal proceedings *sua sponte*. *Id.* The Government filed an Opposition to Petitioner's Motion to Reopen on September 5, 2025 and Petitioner filed a Reply on September 16, 2025. *Id.* On October 1, 2025, Immigration Judge Philip Taylor issued a Decision and Order Denying Petitioner's Motion to Reopen. *Id.*

As is relevant to Petitioner's Habeas Petition and the upcoming October 6, 2025 Status

1

Conference, the Immigration Judge determined that pursuant to the March 30 Guidance and the July 2025 Memorandum, "when removal proceedings have concluded, and the Department designates an alternate country of removal after the conclusion of such proceedings, an alien may only contest his removal with the Department, and only the Department has jurisdiction to seek reopening if it determines that it is more likely than not that the alien would be persecuted or tortured in the country of removal." Ex. A at 13. This is contrary to the Government's assertions at the August 25 hearing. *See* Aug. 25 Hearing Tr. at 14:14-22 ("[T]he appropriate procedural mechanism [to raise any credible fears through the appropriate channels in the immigration process] would be a motion to reopen his immigration proceedings and to move to stay removal in those immigration proceedings.") (cleaned up).

Additionally, the Immigration Judge determined that there is insufficient evidence that the Department of Homeland Security "has presented [Petitioner] with a formal notice of removal or any other document showing its intent to remove him to Uganda, Eswatini, or any other third country." Ex. A at 18. This underscores Petitioner's argument that his continued detention is legally indefensible and has become detainment detached from a destination. It is clear that "that there is no significant likelihood of removal in the reasonably foreseeable future," as the Government themselves have admitted. *Zadvydas v. Davis*, 533 U.S. 678, 699-670 (2001); *see* Aug. 25 Hearing Tr. 8:4–5 (Government stated that Petitioner's "removal is not imminent.").

Petitioner intended to file the Immigration Judge's Decision under seal because filings in immigration proceedings are presumptively confidential. *See* 8 C.F.R. 1208.6(a) ("Information contained in or pertaining to any application for . . . asylum . . . shall not be disclosed without the written consent of the applicant . . . ."). Yet, once again, the Department of Homeland Security publicly published the results of the Decision on social media, stating that Petitioner is a "MS-13

gang member, human trafficker, domestic abuser, and child predator" that "will never be loose on American streets" or "remain in our country." *See* Department of Homeland Security (@DHSgov), X (Oct. 1, 2025, 7:49 pm), https://x.com/DHSgov/status/1973535704337486011 (Ex. B). This, again, violates the non-disclosure requirements surrounding asylum proceedings.

Petitioner files this notice in anticipation of the October 6, 2025, Status Conference.


Respectfully Submitted,

Dated: October 2, 2025

|  |  |
|---|---|
| **MURRAY OSORIO PLLC** | */s/ Jonathan G. Cooper* |
| Simon Y. Sandoval-Moshenberg | **QUINN EMANUEL URQUHART &** |
| Rina Gandhi | **  SULLIVAN, LLP** |
| 4103 Chain Bridge Road, Suite 300 | Jonathan G. Cooper (D. Md. Bar No. 21345) |
| Fairfax, VA 22030 | Olivia Horton* (*pro hac vice*) |
| (703) 352-2399 | 1300 I St. NW, Suite 900 |
| ssandoval@murrayosorio.com | Washington, DC 20005 |

**MURRAY OSORIO PLLC**
Simon Y. Sandoval-Moshenberg
Rina Gandhi
4103 Chain Bridge Road, Suite 300
Fairfax, VA 22030
(703) 352-2399
ssandoval@murrayosorio.com

*/s/ Jonathan G. Cooper*

**QUINN EMANUEL URQUHART &**
  **SULLIVAN, LLP**
Jonathan G. Cooper (D. Md. Bar No. 21345)
Olivia Horton* (*pro hac vice*)
1300 I St. NW, Suite 900
Washington, DC 20005
(202) 538-8000
jonathancooper@quinnemanuel.com
oliviahorton@quinnemanuel.com
**admitted in Texas; not admitted in D.C.*
*Supervised by attorney admitted in D.C.*

Andrew J. Rossman (*pro hac vice*)
Sascha N. Rand (*pro hac vice*)
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
andrewrossman@quinnemanuel.com
sascharand@quinnemanuel.com


*Counsel for Petitioner*