# Exhibit A

Benjamin Osorio, Esq.
Georgia State Bar #194702
EOIR ID # UY752737
Murray Osorio PLLC
4103 Chain Bridge Road, Suite 300
Fairfax, VA 22030
Phone (703) 352-2399
Fax (703) 763-2304
benjamin@murrayosorio.com

**DETAINED**
**REMOVAL IMMINENT**

## UNITED STATES DEPARTMENT OF JUSTICE
## EXECUTIVE OFFICE OF IMMIGRATION REVIEW
## IMMIGRATION COURT
## BALTIMORE, MARYLAND

In the Matter of: )
)
)
**ABREGO GARCIA, Kilmar Armando** )
)
)
In Removal Proceedings. )
)

File No.:
A# ▅▅▅▅▅▅▅▅

**Honorable Immigration Judge: TBD**            **Next Hearing: TBD**

**EMERGENCY MOTION FOR STAY OF REMOVAL**

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE OF IMMIGRATION REVIEW
IMMIGRATION COURT
BALTIMORE, MARYLAND

|  |  |
|---|---|
| In the Matter of: | |
| **ABREGO GARCIA, Kilmar Armando** | File No.:<br>A# ▮▮▮▮ |
| In Removal Proceedings. | |

### EMERGENCY MOTION FOR STAY OF REMOVAL

The Court has authority to issue an administrative stay based on Respondent's motion to reopen. 8 C.F.R. §§ 1003.23(b)(1)(v), (b)(4)(i). Respondent seeks a stay in conjunction with his motion to reopen based on a fear of persecution and torture in Uganda, a non-designated country of removal, and El Salvador, a country in which Respondent has recently been tortured by the government. Because no administrative body or court has yet reviewed Respondent's claims, the Court should automatically stay removal—when DHS intends to deport a noncitizen to a country where they have a fear of persecution or torture, the law requires that DHS bear the burden of providing Respondent with meaningful notice and an opportunity to seek protection by moving to reopen removal to designate a new country for removal. *See e.g.*, INA § 241(b)(3); U.S. Const. amend. XIV, § 2; *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1004 (W.D. Wash. 2019); *accord* 8 C.F.R. § 1240.10(f); 8 C.F.R. § 1240.11(c)(1)(i).

Absent an automatic stay in these circumstances, DHS will (again) wrongfully deport Respondent to face persecution, torture, or even death in Uganda and El Salvador before the Court can fully and with sufficient deliberation evaluate the merits of his claims. This court should

1

reconsider granting CAT in this case, given Respondent's case of being removed to El Salvador despite his order of withholding removal, and his recent experience rising to a level of torture by the Salvadoran government.

For these reasons, the Court should grant Respondent's emergency motion to stay removal to allow Respondent to seek protection from Uganda and El Salvador under the claims presented.


Respectfully submitted,

_____
Benjamin Osorio, Esq.
*Counsel for Respondent*

| | |
|---|---|
| **In the Matter of:** | **File No.:** |
| **ABREGO GARCIA, Kilmar Armando** | **A#** ▮▮▮▮▮▮▮▮ |

## CERTIFICATE OF SERVICE

On this 25th day of August, 2025, I, Benjamin Osorio, served a copy of the Emergency Motion for Stay of Removal and any attached pages, by electronically filing through the EOIR Courts and Appeals System (ECAS), which will automatically send service notification to both parties that a new document has been filed.

_____
Benjamin Osorio, Esq.
*Counsel for Respondent*