# Exhibit B



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**BALTIMORE IMMIGRATION COURT**

Respondent Name:

ABREGO-GARCIA, KILMER ARMADO

To:

Osorio, Benjamin James
4103 Chain Bridge Road
Suite 300
Fairfax, VA 22030

A-Number:

Riders:

In Removal Proceedings
Initiated by the Department of Homeland Security
Date:
10/01/2025

☐ Unable to forward no address provided.

☑ Attached is a copy of the decision of the Immigration Judge. This decision is final unless an appeal is filed with the Board of Immigration Appeals within 30 calendar days of the date of the mailing of this written decision. See the enclosed forms and instructions for properly preparing your appeal. Your Notice of Appeal, attached documents, and fee or fee waiver request must be mailed to:

> Board of Immigration Appeals
> Office of the Clerk
> P.O. Box 8530
> Falls Church, VA 22041

☐ Attached is a copy of the decision of the immigration judge as the result of your Failure to Appear at your scheduled deportation or removal hearing. This decision is final unless a Motion to Reopen is filed in accordance with Section 242B(c)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1252(c)(3) in deportation proceedings or section 240(b)(5)(c), 8 U.S.C. § 1229a(b)(5)(c) in removal proceedings. If you file a motion to reopen, your motion must be filed with this court

> Immigration Court

☐ Attached is a copy of the decision of the immigration judge relating to a Reasonable Fear Review. This is a final order. Pursuant to 8 C.F.R. § 1208.31(g)(1), no administrative appeal is available. However, you may file a petition for review within 30 days with the appropriate Circuit Court of Appeals to appeal this decision pursuant to 8 U.S.C. § 1252; INA § 242.

[ ]  ttached is  copy of the d ci i n of the immi ration  udge re a ing t a **Cre ib e Fear Re iew**. This  s a final order. No appeal is a ailable.

[ ]  Ot er: _____

D te   10/01/ 025

_[signature]_

mmigrat on J d e T YLOR  H L P  0/01/202

### Certifi a e o  ervice

Thi  docume t w s e ved:
Via:     M il | [ P ] Per onal Serv ce | [   e tronic Servi e
To: [    o c t zen | [ ] Non itiz n c o custod a  officer | [ E  Nonci izen's  tty/rep. | [ E ] DHS
Respondent Name : ABREGO-GARCIA, KILMER ARMADO | A-Num er : ███
Riders:
Date: 10/01/2025 By: KOZAK, MELANYA, Court Staff

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
BALTIMORE, MARYLAND

| | | |
|---|---|---|
| **IN THE MATTER OF:** | ) | **IN REMOVAL PROCEEDINGS** |
| | ) | |
| **ABREGO-GARCIA, Kilmar Armando** | ) | **File #** ▮▮▮▮▮▮▮▮▮ |
| | ) | |
| **RESPONDENT** | ) | |

**CHARGE:** Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA" or "the Act"), as amended, in that Respondent is an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.

**APPLICATION:** Respondent's Emergency Motion for Stay of Removal

**ON BEHALF OF THE RESPONDENT:**
Benjamin Osorio, Esq.
Murray Osorio PLLC
4103 Chain Bridge Road, Suite 300
Fairfax, Virginia 22030

**ON BEHALF OF THE DEPARTMENT:**
Frank J. Cubero, Esq.
U.S. Department of Homeland Security
31 Hopkins Plaza, Room 1600
Baltimore, Maryland 21201

## DECISION AND ORDER OF THE IMMIGRATION JUDGE[1]

The Court denies Respondent's Emergency Motion for Stay of Removal. Respondent requests that the Court automatically stay his removal. However, Respondent is not eligible to request or receive an automatic stay. Removal is only stayed automatically where (1) a party reserves appeal of a decision ordering removal; (2) a party timely files an appeal of a decision ordering removal; (3) a party files a motion to reopen and rescind an in absentia order of removal pursuant to INA 240(b)(5)(C); (4) a party timely files an appeal of a decision denying a motion to reopen and rescind an in absentia order issued prior to the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"); (5) a case is certified to the Board of Immigration Appeals ("the Board"); or (6) a party eligible to do so files a motion to reopen or an appeal of a denial of a motion to reopen pursuant to the Violence Against Women Act. 8 C.F.R. §§ 1003.6(a), 1003.23(b)(4)(ii), 1003.23(b)(4)(iii)(C); INA § 240(c)(7)(C)(iv)(IV); *see also* Immigration Court Practice Manual ("ICPM") § 8.2. None of these circumstances applies to Respondent.

---

[1] Respondent filed the instant motion contemporaneously with a motion to reopen. This decision and order accompanies the Court's decision and order denying Respondent's motion to reopen. Accordingly, the procedural history discussed in the Court's denial of Respondent's motion to reopen is incorporated by reference into this decision.

Because Respondent is not eligible to seek an automatic stay of removal, he may only request a discretionary stay. Section 8.3(c) of the ICPM requires that a motion for a discretionary stay of removal include a copy of the order the party wants stayed, if that order is available. The only order of removal that has ever been issued against Respondent is the order of removal issued in October 2019 when the Court granted withholding of removal. As the Court is denying Respondent's accompanying motion to reopen, the prior grant of withholding of removal remains in effect. By extension, there is no basis to stay Respondent's removal to El Salvador because by the terms of the Court's prior order, he cannot be removed there. Respondent included a copy of the Court's prior order with his motion to reopen, but he did not indicate that any other order of removal has been issued against him.

Furthermore, Section 8.3(c)(1)(D) of the ICPM states that "[t]he motion *must* also contain a specific statement of the time exigencies involved. Motions containing vague or general statements of urgency are not persuasive." (emphasis added). While the word "must" indicates that statements regarding time exigencies are mandatory regardless of whether a motion for stay is filed on an emergency basis, the Court finds that these statements take on greater importance in an emergency motion such as that filed by Respondent because as relevant here, a stay request only constitutes an emergency when a respondent is "in DHS's physical custody and removal, deportation, or exclusion is *imminent*[.]" ICPM 8.3(2)(A) (emphasis added). Respondent is in the Department's physical custody. However, as the Court has explained in its decision denying Respondent's motion to reopen, there is insufficient evidence to show that Respondent's removal to Uganda, El Salvador, or any other country is imminent. Furthermore, Respondent's counsel has not met the threshold requirement of explaining the specific time exigencies relating to Respondent's request for an emergency stay. Therefore, Respondent's claim that he will be removed to Uganda or El Salvador if the Court does not grant this motion appears speculative.

The Court also notes that the Department has a process through which Respondent can contest his removal to any third country the Department seeks to designate. The Department has already indicated that it may remove Respondent to Uganda or Eswatini, and Respondent has submitted a statement to the Department expressing his fear that he will face persecution or torture in Uganda. Respondent has not indicated whether he has submitted a similar statement to the Department regarding a fear that he will be harmed in Eswatini. As the Court has explained in its decision denying Respondent's motion to reopen, Respondent must pursue any fear-based claims he has regarding removal to third countries through the Department's review process, as the Court does not have jurisdiction to reopen his removal proceedings for that purpose. Respondent has not submitted evidence to indicate that this process has concluded or that the Department has decided to remove him to Uganda, Eswatini, El Salvador, or any other country imminently. Accordingly, for this reason and the reasons stated above, the Court DENIES Respondent's emergency motion for a stay of removal.

## ORDER

It is hereby ordered that:

Respondent's Emergency Motion for Stay of Removal is **DENIED.**

_____             PHILIP TAYLOR  *Digitally signed by PHILIP TAYLOR Date: 2025.10.01 14:35:59 -04'00'*

Date                                   Philip P. Taylor
                                            Regional Deputy Chief Immigration Judge

**APPEAL RIGHTS:** Respondent is advised of his right to appeal this decision to the Board of Immigration Appeals. To perfect this appeal, Respondent must file a Notice of Appeal (Form EOIR-26) with the Board of Immigration Appeals within thirty (30) calendar days of the date of issuance of this written decision. 8 C.F.R. § 1003.38. If the time period expires and no appeal has been filed, this decision becomes final. 8 C.F.R. § 1003.39.

## Order of the Immigration Judge

Immigration Judge: TAYLOR, PHILIP  10/01/2025

## Certificate of Service

This document was served:
Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service
To: [  ] Noncitizen | [  ] Noncitizen c/o custodial officer | [ E ] Noncitizen atty/rep. | [ E ] DHS
Respondent Name : ABREGO-GARCIA, KILMER ARMADO | A-Number :
Riders:

Date:  10/01/2025  By:  KOZAK, MELANYA, Court Staff