**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division**

| | |
|---|---|
| KILMAR ARMANDO ABREGO GARCIA, | |
| *Petitioner*, | |
| v. | Case No. 8:25-cv-02780 (PX) |
| KRISTI NOEM, *et al.*, | |
| *Respondents*. | |

**PETITIONER'S RESPONSE TO DEFENDANTS' NOTICE**

Petitioner Kilmar Armando Abrego Garcia respectfully submits this response to the Government's Notice filed at ECF No. 56. The Government's belated designation of a fourth country does not change the analysis or alter Petitioner's entitlement to relief under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

**I.    THE RECORD IS CLOSED AND PETITIONER'S *ZADVYDAS* CLAIM SHOULD BE DECIDED ON THE EVIDENCE PROPERLY BEFORE THE COURT**

As both parties and the Court agreed, the record on Petitioner's *Zadvydas* claim was closed at the conclusion of the October 10, 2025 hearing. Hearing Tr. 254:5-9. The Court's October 6, 2025 Order explicitly directed the Government to produce all evidence concerning removal to "Eswatini or any other country" and to present that evidence before or during the October 10, 2025 hearing. ECF No. 47 at 1-2. The Government had ample opportunity to present this evidence before the close of the record. Now, two weeks after the hearing concluded, the Government announces that it intends to remove Petitioner to the Republic of Liberia ("Liberia") through a bare notice on the docket with no signed declaration, no letter from the State Department or Department of Homeland Security memorializing any agreement with Liberia, no evidence substantiating their

1

claims, and no assurance that they will not designate another new country tomorrow.  *See* ECF No. 56.  Thus, release under *Zadvydas* remains appropriate.

## II.    THE LIBERIA DESIGNATION DOES NOT DEMONSTRATE A REALISTIC PROSPECT OF REMOVAL

Even if the Court were to consider the Government's notice—which it should not given that the record is closed—Liberia does not constitute a viable removal destination.  Shortly after the Government notified Petitioner's counsel of its intent to remove him to Liberia, Petitioner expressed fear of removal to that country and requested a reasonable fear interview.  *See* Ex. 1 at 1.

The designation of Liberia triggers the same procedural requirements as any other third-country designation.  Petitioner is entitled to challenge this designation, to receive a reasonable fear interview, and to challenge the sufficiency of any purported diplomatic assurances—just as Petitioner sought to do with respect to Uganda, Eswatini, and Ghana.  *See generally* ECF No. 32 (Petitioner's Reply In Support of Petition For Writ Of Habeas Corpus).

More fundamentally, the Government's continued pursuit of removal to countries other than Costa Rica directly contravenes the mandatory statutory scheme established by Congress in 8 U.S.C. § 1231(b)(2).  At the hearing, the Court directly asked the Government: "[W]hy hasn't there been [any conversations about Costa Rica] when this is a really straightforward analysis? You don't want him in the country.  That's what you've said.  You have a country who will take him.  You have a country that he says okay, I'll go."  Tr. 221:5-9.

While the Government's counsel responded by claiming that the policymakers may not have been certain that Petitioner was willing to be removed to Costa Rica before the hearing, Mr. Ensign separately acknowledged that the Government understood that Petitioner would not object

2

to removal to Costa Rica at the time of the hearing.  Tr. 220:8-9, 252:6-8.  Mr. Guynn further stipulated that "Costa Rica is on the table if Eswatini falls through."  Tr. 107:8-9.

But Costa Rica must be more than simply "on the table."  Under Section 1231(b)(2)(A)(ii), Petitioner shall be removed to the country he designated unless one of four conditions, which do not exist here, are present.   8 U.S.C. § 1231(b)(2)(C).  Here, Petitioner has timely designated Costa Rica; Costa Rica has agreed to accept him, and the Attorney General has not so much as proffered a reason that removal to Costa Rica would prejudice the United States.  *See* ECF No. 1-3 (Costa Rica letter).  Thus, the Government may not proceed to subsequent subparagraphs of the statute.  *See* 8 U.S.C. § 1231(b)(2)(E)(vii) (permitting removal to "another country whose government will accept the alien" only if "the alien is not removed to a country under the previous subparagraphs of this paragraph").  Simply put, the statute creates an order of operations that allows the Government to lawfully remove Petitioner only to Costa Rica.  If it is not removing him there, then it cannot lawfully remove him at all.  Nevertheless, Petitioner's counsel has received no outreach regarding Costa Rica since the hearing.  And there is no evidence that the Government took any steps towards pursuing removal to Costa Rica.  Instead, the only communication from the Government since the hearing has been to announce yet another third-country designation—Liberia—first through a docket filing and then by email to counsel. Ex. 1 at 2. This confirms that another country designation does not demonstrate good faith efforts to effectuate removal or any realistic prospect thereof.

For the aforementioned reasons, the Government cannot continue to detain Petitioner in order to attempt a contested removal to yet another African country while refusing to acknowledge his valid designation of Costa Rica.  If the Government does not intend to remove Petitioner to Costa Rica, which apparently it does not, then this Court should order his release.

Respectfully Submitted,

Dated: October 24, 2025

**MURRAY OSORIO PLLC**
Simon Y. Sandoval-Moshenberg
Rina Gandhi
4103 Chain Bridge Road, Suite 300
Fairfax, VA 22030
(703) 352-2399
ssandoval@murrayosorio.com

/s/ Jonathan G. Cooper

**QUINN EMANUEL URQUHART &
  SULLIVAN, LLP**
Jonathan G. Cooper (D. Md. Bar No. 21345)
Olivia Horton* (*pro hac vice*)
Nithya Pathalam** (*pro hac vice*)
1300 I St. NW, Suite 900
Washington, DC 20005
(202) 538-8000
jonathancooper@quinnemanuel.com
oliviahorton@quinnemanuel.com
*admitted in Texas; not admitted in D.C.
Supervised by attorney admitted in D.C.
**admitted in New York; not admitted in D.C.
Supervised by attorney admitted in D.C.

Andrew J. Rossman (*pro hac vice*)
Sascha N. Rand (*pro hac vice*)
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
andrewrossman@quinnemanuel.com
sascharand@quinnemanuel.com

*Counsel for Petitioner*