1                  IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF MARYLAND
2                          GREENBELT DIVISION

3   _____
                                            )
    KILMAR ARMANDO ABREGO GARCIA,           )
4                                           )
          Petitioner,                       )
5                                           )Civil Case Number
                    vs.                     )8:25-cv-02780-PX
6                                           )
    KRISTI NOEM, et al.,                    )
7                                           )
          Respondents.                      )
8   _____)

9                          VIRTUAL PROCEEDING
                       TRANSCRIPT OF STATUS HEARING
10                  BEFORE THE HONORABLE PAULA XINIS
                    UNITED STATES DISTRICT COURT JUDGE
11                 MONDAY, OCTOBER 27, 2025, AT 2:02 P.M.

12  APPEARANCES:

13  On Behalf of the Petitioner:

14        BY:  ANDREW ROSSMAN, ESQUIRE
                 SASCHA RAND, ESQUIRE
15        QUINN, EMANUEL, URQUHART & SULLIVAN, LLP
          295 5th Avenue
16        New York, NY  10016
          (212)849-7000
17
          BY:  OLIVIA HORTON, ESQUIRE
18               NITHYA PATHALAM, ESQUIRE
          QUINN, EMANUEL, URQUHART & SULLIVAN, LLC
19        1300 I Street NW
          Suite 900
20        Washington, DC  20005
          (617)712-7165
21
          BY:  SIMON SANDOVAL-MOSHENBERG, ESQUIRE
22        MURRAY OSORIO
          4103 Chain Bridge Road, Suite 300
23        Fairfax, VA  22030
          (434)218-9376

24

25        ***COMPUTER-AIDED TRANSCRIPTION OF STENOTYPED NOTES***

1   APPEARANCES CONTINUED:

2   On Behalf of the Respondents:

3       BY:  JONATHAN GUYNN, ESQUIRE
             DREW ENSIGN, ESQUIRE
4       DEPUTY ASSISTANT ATTORNEY GENERAL
        CIVIL DIVISION, DEPARTMENT OF JUSTICE
5       950 Pennsylvania Avenue NW
        Washington, DC  20530
6       (202)353-0261

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                  P R O C E E D I N G S
 2      (Court called to order.)
 3          DEPUTY CLERK:  Good afternoon, Your Honor.  Can you
 4 hear me all right?
 5          THE COURT:  Yep.  Can you hear me?
 6          DEPUTY CLERK:  Yes, I can.
 7      The matter now pending before the Court is Civil Action
 8 Number PX25-2780, Kilmar Armando Abrego Garcia v. Secretary
 9 Kristi Noem, et al.
10      The matter comes before this Court for a status
11 conference.
12      Counsel, please identify yourselves for the record.
13          MR. SANDOVAL-MOSHENBERG:  Good afternoon, Your Honor.
14 Simon Sandoval-Moshenberg for petitioner.
15          MR. ROSSMAN:  Good afternoon, Your Honor.  Andrew
16 Rossman for petitioner.
17          MR. RAND:  I apologize.  Good afternoon, Your Honor.
18 Sascha Rand for petitioner.  Thank you.
19          MS. HORTON:  Good afternoon.  Olivia Horton for
20 petitioner.
21          MS. PATHALAM:  Good afternoon.  Nithya Pathalam also
22 for petitioner.
23          MR. ENSIGN:  Good afternoon.  Drew Ensign for the
24 United States.
25          MR. GUYNN:  Good afternoon.  Jonathan Guynn for the
```

1  United States.

2      **THE COURT:**  Okay.  Counsel, I just got word that

3  Mr. Abrego Garcia is having his credible-fear interview right

4  now; is that correct?

5      **MR. SANDOVAL-MOSHENBERG:**  We're going to ask them to

6  push it to tomorrow, but they called us at around, yeah, five

7  minutes ago.

8      **THE COURT:**  Well, I can push mine, because this is

9  completely unacceptable.  And I don't want to hear for a second

10  that ICE and DHS didn't know that this hearing was at precisely

11  2:00 today, which is precisely when they are starting the

12  credible-fear interview.  That's -- that's not fair play, and

13  it's not going to happen in my court.

14      So why don't you all deal with whatever is going on with

15  Mr. Abrego's hearing and then just be back in touch.  I'm here

16  all day.  I'm here all day tomorrow.  I can fit you in whenever

17  you're ready.  But we're not going to do it this way.

18  Understood?

19      **MR. SANDOVAL-MOSHENBERG:**  Your Honor, I think we can

20  go forward with the hearing, as long as the government will

21  commit to doing the CFI tomorrow.

22      **THE COURT:**  Well, I don't know if they are going to.

23  And who is right now minding that store?  Because I don't want

24  to hear later that this interview was somehow procedurally

25  infirm, because there's an easy solution.  We can just do this

1  at another time.  That, I can control.

2       So what do you prefer?

3           **MR. SANDOVAL-MOSHENBERG:**  Your Honor, all things

4  being equal, if either Mr. Ensign or Mr. Guynn will commit to

5  pushing the interview to tomorrow, we prefer that.  We haven't

6  had a chance to prepare our client for his interview yet

7  either.

8           **THE COURT:**  Let's see what Mr. Guynn and Mr. Ensign

9  have to say about this.

10          **MR. ENSIGN:**  Your Honor, I can tell -- convey the

11  Court's instructions and ask them to reschedule that for

12  tomorrow.

13      And we had previously e-mailed them about five minutes,

14  when we were alerted to that issue, and it appears that

15  shouldn't be a problem.  If I could ask for a minute or two

16  just to e-mail them --

17          **THE COURT:**  That would be great.

18          **MR. ENSIGN:**  But we can reschedule that.

19          **MR. GUYNN:**  Drew, we've just gotten confirmation, I

20  believe.

21          **MR. ENSIGN:**  Okay.

22          **THE COURT:**  Who was just speaking for the record?  So

23  we have it clear?

24          **MR. GUYNN:**  I apologize.  Mr. Ensign was speaking,

25  and then I briefly interjected.  Jonathan Guynn.

1          **THE COURT:**  Okay.  All right.  So, Mr. Guynn, you got

2    confirmation that the credible-fear interview will be postponed

3    until tomorrow so we can go forward on this call; is that

4    correct?

5          **MR. GUYNN:**  I'm confirming that it's not going to

6    occur during this hearing.

7          **THE COURT:**  I see.  Perfect.

8      All right.  Have you received that confirmation?

9          **MR. GUYNN:**  Drew, I think we've received it.

10     Mr. Ensign, do you agree?

11         **MR. ENSIGN:**  We received from DHS they agree that

12   should not occur during this hearing, and I will just e-mail

13   them to confirm that it will not, in fact, do so.  But I

14   believe we essentially have confirmation, but I will tie that

15   up completely.

16         **THE COURT:**  Okay.  From petitioner's counsel, is that

17   satisfactory?

18         **MR. SANDOVAL-MOSHENBERG:**  Yes.  Thank you, Your

19   Honor.

20         **THE COURT:**  Okay.  All right, counsel.  So things are

21   moving apace, given this new notice that was filed with the

22   Court, and I believe with petitioner on Friday, with respect to

23   the third-country designation of Liberia.

24     Let me ask, has petitioner received any other documents,

25   whether it is, you know, akin to what we've seen in the Costa

7

1  Rica letter, or some other official documentation, of what the

2  terms and conditions of this third-country designation are?

3       **MR. SANDOVAL-MOSHENBERG:**  We have received four

4  documents, I believe it was late at night on Friday night, if

5  I'm not mistaken, all of which were marked as confidential

6  pursuant to the protective order.

7       **THE COURT:**  Okay.  All right.  And in light of those,

8  where do the parties stand with respect to challenges, or lack

9  thereof, as to the sufficiency of this third-country

10  designation?  Like, I want to know where do you see this going

11  now that you've received those documents?

12       **MR. SANDOVAL-MOSHENBERG:**  Your Honor, we're certainly

13  not satisfied that -- you know, both with regards to the issue

14  of whether he's going to be at -- whether he would be at

15  liberty in Liberia as opposed to detained in Liberia.  And then

16  we're also a little concerned about the extent of the

17  non-refoulement guarantees.

18       You know, it's not enough that they agreed to take him for

19  a short period of time, and then from there, would re-deport

20  him on to El Salvador after that sort of period of time

21  expires.  So we're certainly not, you know, at this point,

22  willing to sort of lay down arms, as it were.

23       There's also the outstanding issue of his designation of

24  Costa Rica.  You know, it's now been over two weeks since we

25  were last before this Court.  The government said they were

1   going to, you know, sort of take a look at that and come back

2   to us as to why nothing is happening with regards to removal to

3   Costa Rica, and we've heard no further information from them

4   with regards to that issue either.

5          **THE COURT:**  Okay.  So I haven't seen the documents

6   you're talking about.  I've seen only reports, very sort of

7   skinny reports, if will you, about this is only temporary, and

8   I'm not sure what that means.  But it's not for me to untangle,

9   it's for the parties to tell me where we're going from here in

10  terms of the habeas petition.  So that's one.

11         And so along that line, the credible fear process is

12  taking place, and it sounds like the interview has not happened

13  but will happen shortly; is that correct?

14         **MR. SANDOVAL-MOSHENBERG:**  Apparently, yes, Your

15  Honor.

16         **THE COURT:**  Okay.  And then once you do that -- so it

17  seems as if there's additional facts that I'm going to need if

18  the petitioner is pursuing the other counts of the petition.

19         And I really don't know -- I don't mean to be dense about

20  it, but I don't know where you are, because this is a fluid

21  situation.  There is the pending criminal case, there is an

22  evidentiary hearing next week.  The respondents are saying they

23  could remove Mr. Abrego Garcia on Friday, which would, you

24  know, seem to me to cut the legs out from the criminal case.

25  So I don't presume anything.  I would rather hear from the

1  petitioner as to where you see this case going, and then I'll

2  turn to the respondents.

3          **MR. SANDOVAL-MOSHENBERG:**  Well, as Your Honor will

4  recall, Your Honor sort of divided the counts into two buckets,

5  as it were.  There were the detention related counts and then

6  there were the due process related counts.  Both of those were

7  certainly briefed.

8      But, you know, sort of at the start of the hearing, three

9  weeks ago today, Your Honor sort of said, "I'm ready to take up

10  the detention related counts.  I don't think we need to take up

11  the due process counts yet."

12      That now may well be time for that.  And I think perhaps

13  supplemental briefing would be appropriate in light of the new

14  facts, and the government should file under seal what they have

15  already provided to us.

16          **THE COURT:**  Okay.  Another question for you, before I

17  turn to the respondents, is what's the status of the

18  immigration case?

19          **MR. SANDOVAL-MOSHENBERG:**  The appeal of the denial of

20  the motion to reopen for asylum, the deadline for that is

21  Friday, and I anticipate we'll be able to file it tomorrow.

22  We'll be able to file it several days in advance of the

23  deadline.

24          **THE COURT:**  So you are noting an appeal?

25          **MR. SANDOVAL-MOSHENBERG:**  We will be filing an appeal

1  to the Board of Immigration Appeals of the denial of the motion

2  to reopen for asylum, yes.

3      **THE COURT:**  And in light of the new designation, I

4  just want to make sure I understand procedurally where

5  everything is, you are not going to re-petition the IJ to open

6  up the evidentiary record, it's just going to an appeal?

7      **MR. SANDOVAL-MOSHENBERG:**  I don't know, Your Honor.

8  I --

9      **THE COURT:**  Okay.

10      **MR. SANDOVAL-MOSHENBERG:**  Candidly, we just got

11  this --

12      **THE COURT:**  Okay.

13      **MR. SANDOVAL-MOSHENBERG:**  Yeah, we got this on Friday

14  morning as sort of bare-bones notice.  And then the

15  documentation that we received was late Friday night.  So I

16  can't represent to the Court one way or the other as to whether

17  we will or won't do that.

18      **THE COURT:**  Okay.  But suffice to say, the

19  immigration case is ongoing, you are going to note an appeal,

20  which leads me to my final question, I believe, for you all,

21  which is I have an injunction in place that prevents

22  Mr. Abrego's removal from the Continental United States.  But I

23  do know that there's procedural mechanisms for achieving the

24  same protections on the immigration side.

25      Are you -- have you or are you going to pursue any of

1    those?

2         **MR. SANDOVAL-MOSHENBERG:**  The Board of Immigration

3    Appeals can issue a stay of removal, but it's entirely

4    discretionary.

5         We certainly can file a -- a stay motion at the Board of

6    Immigration Appeals once the appeal of the asylum denial is

7    filed to the Board of Immigration Appeals.  But, you know,

8    before this Court lifts its injunction, we would like the

9    opportunity to brief that.

10         **THE COURT:**  To be heard.  Sure.  Okay.  I just wanted

11    to get a lay of the land in that regard.

12         Okay.  Let me turn to respondents.

13         It sounds as if the petitioners are close to being ready

14    to have a hearing on the other counts of the habeas, and I

15    think the petitioners are right, that I wasn't -- I didn't deal

16    with those at the last hearing.  That was on purpose.  I don't

17    believe that they were quite ripe.

18         As a matter of fact, I remember our first status

19    conference in this regard where it seemed like everyone was in

20    agreement let the immigration case go forward, see where we are

21    with respect to third-country removal, and once it's ripe, as

22    long as the Court would be open to deciding this in a matter of

23    30 days, I think that was the magic number, everyone was in

24    agreement that I shouldn't sort of race toward the other

25    counts.

1     The *Zadvydas* claim took a left turn where there were

2  multiple countries involved.

3     But now that it sounds as if -- let me confirm this with

4  respondents, it sounds as if you've landed on Liberia.  Is that

5  the respondent's final third country of choice at the moment?

6  Or is there appetite for Costa Rica?

7          **MR. ENSIGN:**  Your Honor, I apologize, I think Zoom

8  just dropped and reconnected me.  I'm not even sure if --

9          **THE COURT:**  Yeah, you're there.  I see you and I hear

10  you.  Thank you.

11          **MR. ENSIGN:**  I apologize, I think I missed about the

12  last 20 seconds of --

13          **THE COURT:**  Did you?

14     Okay.  I guess the short question is, while you have given

15  notice of Liberia, there hasn't been any follow-up with respect

16  to Costa Rica.  And at the last hearing, you did note that you

17  would take it back to the respondents, that you weren't the

18  policymaker, but that it was -- sort of -- I mean, this wasn't

19  your words, my words, obvious third country, easy, done,

20  choice.  Any follow-up on that?

21          **MR. ENSIGN:**  Your Honor, I certainly repeated those

22  concerns to the policymakers and I know the decision was made

23  to proceed with Liberia.

24          **THE COURT:**  No -- no reason for that, other than it's

25  almost -- almost in the ocean, it's so far away?  Like, is

1  there any -- any insight you could shed as to why we are

2  continuing this hearing when there is a third country that

3  Mr. Abrego could go to tomorrow?  And now we're about to burn

4  significant resources on both ends, Immigration and this Court,

5  to now talk about a fourth African country?

6         **MR. ENSIGN:**  Your Honor, there was a bit of

7  information that I was given that was tentative.  We're still

8  trying to trace it down.  I think that's something we may be

9  able to update the Court on.

10        We're anticipating -- we were anticipating that once the

11 fear interview is conducted, and a negative determination such

12 that removal could go forward, we were anticipating filing a

13 motion to dissolve the preliminary injunction and hopefully

14 provide an update as part of that package; again, assuming a

15 negative fear interview.

16        I certainly don't want to repeat something that may not be

17 correct to this Court, but it was a tentative bit of

18 information that I was just provided with this morning that may

19 bear on that or it may be nothing.  But --

20        **THE COURT:**  Okay.  Well, that was going to be my next

21 question.  The injunction will stay in place until you move to

22 dissolve, and then we'll fully brief that.  And it sounds like

23 a kissing cousin of that is going to be the challenge to the

24 March 30 memorandum, which you both sort of referenced in your

25 pleadings so far, but now seems to be ripe.  Because if you're

14

1  going through the credible fear determination now, and if

2  it's -- if it's -- if the asylum officer finds there is a

3  credible fear, then it will take the ordinary course.

4      If it doesn't, there seems to be a divergence between the

5  memorandum and the INA and the implementing regulations.

6      But we will now have that factual predicate, so the

7  parties can brief that.  And I -- that could be in the context

8  of supplemental briefing or in the motion to dissolve.  But it

9  sounds like that would be sooner rather than later.

10      Am I getting that right, Mr. Ensign?

11          **MR. ENSIGN:**  I believe so, Your Honor.

12      Much of that has already been briefed in the petition and

13  the return to the petition, but to the extent that additional

14  briefing is warranted, we would certainly try to include that

15  in the motion to dissolve the injunction.

16      I don't know if that would be the only motion that would

17  be presented to you, but certainly that's one that we

18  anticipate providing to you and anticipate addressing things as

19  necessary.

20          **THE COURT:**  Okay.  All right.  My next question to

21  you all is, you know, you put in the notice that you're

22  prepared to remove Mr. Abrego by this Friday.  Assume, for the

23  sake of this question, that there was no impediment, I lifted

24  the injunction today, would you, in fact, remove him to Liberia

25  if there was a negative fear determination on Friday?

1          **MR. ENSIGN:**  Your Honor, that -- that is what I've

2     been told.  We said that we would be prepared to remove him as

3     soon as Friday.  I believe that's the soonest that could

4     happen.  Obviously, we wouldn't do so if there was a court

5     order prohibiting it.

6          But we -- if there were no prohibition, that I've been

7     told that we would remove him on Friday.

8          **THE COURT:**  And the status of the criminal case,

9     then?

10          **MR. ENSIGN:**  I don't know precisely how that would

11     affect the criminal case, but I do know that the pendency of

12     that would not be used as a basis not to go forward with the

13     removal.

14          **THE COURT:**  Okay.  Well, because I don't believe a

15     criminal case can go forward if there's no defendant, and

16     that's why I'm asking, because there has to have been some

17     coordination on the part of your clients.

18          I don't really -- you know, it just doesn't pass the sniff

19     test that there hasn't been some coordination, and I'm trying

20     to figure out how real this Friday date is.

21          And the reason why I'm asking is because it's common

22     knowledge that there's an evidentiary hearing next week, the

23     criminal case is proceeding.  But if -- if the respondent's

24     position is, no, really, we'll remove him by Friday, then the

25     Court needs to know that and the petitioner needs to know that.

1    So that's why I'm asking.

2            **MR. ENSIGN:**  Yes, Your Honor, and that is our

3    position.

4            **THE COURT:**  Okay.  All right.

5        But until we sort of sus out the rest of the issues, if I

6    don't lift the injunction, then obviously you're abiding by it,

7    and he's not going to be removed; am I getting that right?

8            **MR. ENSIGN:**  Of course, Your Honor.

9            **THE COURT:**  Okay.  Last question, Mr. Ensign, and

10   maybe we don't need to really flesh this out now, because it

11   does sound like there will be some further briefing where I

12   will get the underlying documents that were presented to the

13   petitioner, and then maybe I should save my substantive

14   questions about those until I see them, because I -- I do have

15   some concerns about what I'm reading, but what I'm reading is

16   in the newspaper, and that's not the actual documents.

17       So does the respondent have anything to say with respect

18   to when we should have a follow-up hearing on the remaining

19   counts of the habeas in light of making sure I have all the

20   facts before me before we have the hearing?

21           **MR. ENSIGN:**  Your Honor, in terms of documents, we

22   can either submit them with the motion itself or we can submit

23   them, you know, to this Court.  They would need to be under

24   seal, but we are prepared to submit those, you know,

25   expeditiously.

1    In terms of a hearing, you know, we'll defer to this

2    Court.  From our perspective, certainly we think that this

3    could be resolved on the briefs, that the issues are

4    overwhelmingly legal, but whatever would assist the Court.

5    I -- a limitation on my part is I have a D.C. Circuit

6    argument on Monday, but, otherwise, you know, are prepared to

7    move forward, you know, once briefing is complete, and -- and

8    would, you know, defer to the Court and -- as well as opposing

9    counsel, as to what the scheduling for that should be.

10    **THE COURT:**  Okay.  Petitioners, what do you say in

11    terms of a briefing and hearing schedule?

12    **MR. SANDOVAL-MOSHENBERG:**  I mean, I'm not sure what

13    we're briefing at this point.  We've got the motion to lift the

14    injunction, to which we'll want to file an opposition.

15    **THE COURT:**  Well, there's that.  But I -- I've got to

16    tell you that I think your -- both sides are thin on the

17    question of the constitutionality or the legal validity of the

18    March 30 memorandum.

19    And given that the government has repeatedly said we're

20    going to follow the March 30 memorandum, I am not an

21    immigration judge, and this is uncharted territory for a lot of

22    district judges in terms of challenging regulations that are

23    contrary to statute or to due process.  That's where I see you

24    all dealt with it, but with a light touch in the petition, the

25    response and the reply.

1       So that's certainly one area that I think would -- would

2   need some more attention, especially in light of Mr. Abrego's

3   proceeding with the credible-fear interview and sort of what

4   are the -- what are the next procedural and substantive steps

5   in that respect.

6       If you don't want to file anything, that's fine.

7           **MR. SANDOVAL-MOSHENBERG:**  No, believe me --

8           **THE COURT:**  It sounds to me like we could use some

9   additional briefing.

10          **MR. SANDOVAL-MOSHENBERG:**  I will never turn down Your

11  Honor's invitation to file more briefings.

12      You -- could I respectfully suggest that the parties meet

13  and confer this afternoon and submit something tomorrow

14  morning, a proposed joint briefing schedule?

15          **THE COURT:**  That works for me.  Does it work for --

16          **MR. SANDOVAL-MOSHENBERG:**  And we can contact chambers

17  for available hearing dates?

18          **THE COURT:**  Yes, because I'm here and I'm pretty open

19  for the next couple of weeks.  I'm available when you are.

20      Is that satisfactory to the respondents?

21          **MR. ENSIGN:**  Yes, Your Honor.  We can certainly meet

22  and confer and try to agree on something.  And to the extent

23  that we can't, we will present, you know, dueling proposals to

24  Your Honor.

25          **THE COURT:**  Okay.  All right.  That sounds like a

1  plan.  And then I will look for it, let's say, by 9:00 a.m.

2  tomorrow morning, so I can turn to it quickly and we can get

3  some dates on the books and keep things moving fairly and

4  expeditiously.  Okay?

5          **MR. SANDOVAL-MOSHENBERG:**  Thank you, Your Honor.

6          **THE COURT:**  All right.  Counsel, yes, anything else,

7  while we're together?

8          **MR. SANDOVAL-MOSHENBERG:**  Nothing further for

9  petitioner.  Thank you.

10          **MR. ENSIGN:**  Not from the government, Your Honor.

11          **THE COURT:**  All right.  Thank you all for your time.

12  I appreciate it.  I'll look out for your status report

13  tomorrow.

14          **MR. SANDOVAL-MOSHENBERG:**  Thank you.

15          **MR. ENSIGN:**  Thank you.

16          **MR. RAND:**  Thank you, Your Honor.

17      (Proceedings were concluded at 2:25 p.m.)

18

19

20

21

22

23

24

25

1                     CERTIFICATE OF OFFICIAL REPORTER

2

3

4         I, Paula J. Leeper, Federal Official Court Reporter, in

5    and for the United States District Court for the District of

6    Maryland, do hereby certify, pursuant to 28 U.S.C. § 753, that

7    the foregoing is a true and correct transcript of the

8    stenographically-reported proceedings held in the

9    above-entitled matter and the transcript page format is in

10   conformance with the regulations of the Judicial Conference of

11   the United States.

12
                            Dated this 27th day of October 2025.
13

14

15                     */S/ Paula J. Leeper*
                       _____
16
                       Paula J. Leeper, RPR, CRR
17                     Federal Official Reporter

18

19

20

21

22

23

24

25

DEPUTY CLERK: **[2]**   3/3 3/6
MR. ENSIGN: **[18]**   1/18 1/24 3/4
12/11 12/21 13/6 14/11 15/1 15/10 16/2 16/8 16/21
18/21 19/10 19/15
MR. GUYNN: **[5]**   3/25 5/19 5/24 6/5 6/9
MR. RAND: **[2]**   3/17 19/16
MR. ROSSMAN: **[1]**   3/15
MR. SANDOVAL-MOSHENBERG: **[22]**
MS. HORTON: **[1]**   3/19
MS. PATHALAM: **[1]**   3/21
THE COURT: **[38]**

/

/s **[1]**   20/15

0

0261 **[1]**   2/6

1

10016 **[1]**   1/16
1300 **[1]**   1/19

2

20 **[1]**   12/12
20005 **[1]**   1/20
202 **[1]**   2/6
2025 **[2]**   1/11 20/12
20530 **[1]**   2/5
212 **[1]**   1/16
218-9376 **[1]**   1/23
22030 **[1]**   1/23
27 **[1]**   1/11
2780 **[1]**   3/8
27th **[2]**   20/12
28 **[1]**   20/6
295 **[1]**   1/15
2:00 today **[1]**   4/11
2:02 **[1]**   1/11
2:25 **[1]**   19/17

3

30 **[4]**   11/23 13/24 17/18 17/20
300 **[1]**   1/22
353-0261 **[1]**   2/6

4

4103 **[1]**   1/22
434 **[1]**   1/23

5

5th **[1]**   1/15

6

617 **[1]**   1/20

7

7000 **[1]**   1/16
712-7165 **[1]**   1/20
7165 **[1]**   1/20
753 **[1]**   20/6

8

849-7000 **[1]**   1/16
8:25-cv-02780-PX **[1]**   1/5

9

900 **[1]**   1/19
9376 **[1]**   1/23
950 **[1]**   2/5
9:00 a.m **[1]**   19/1

A

a.m **[1]**   19/1
abiding **[1]**   16/6
able **[3]**   9/21 9/22 13/9
above **[1]**   20/9
above-entitled **[1]**   20/9
ABREGO **[6]**   1/3 3/8 4/3 8/23 13/3 14/22
Abrego's **[3]**   4/15 10/22 18/2
achieving **[1]**   10/23
Action **[1]**   3/7
actual **[1]**   16/16
additional **[3]**   8/17 14/13 18/9
addressing **[1]**   14/18
advance **[1]**   9/22
affect **[1]**   15/11
African **[1]**   13/5
after **[1]**   7/20
afternoon **[9]**   3/3 3/13 3/15 3/17 3/19 3/21 3/23
3/25 18/13
again **[1]**   13/14
ago **[2]**   4/7 9/9
agree **[3]**   6/10 6/11 18/22
agreed **[1]**   7/18
agreement **[2]**   11/20 11/24
AIDED **[1]**   1/25
akin **[1]**   6/25
al **[2]**   1/6 3/9
alerted **[1]**   5/14
all **[20]**   3/4 4/14 4/16 4/16 5/3 6/1 6/8 6/20 7/5
7/7 10/20 14/22 16/14 16/19 17/24 18/25 19/6
19/11 19/11
almost **[2]**   12/25 12/25
along **[1]**   8/11
already **[2]**   9/15 14/12
also **[3]**   3/21 7/16 7/23
am **[3]**   14/10 16/7 17/20

ANDREW **[2]**   1/14 3/15
another **[2]**   5/1 9/16
anticipate **[3]**   4/24 8/25 14/1
anticipated **[2]**   4/18 7/10
anything **[4]**   8/25 16/17 18/6 19/6
apace **[1]**   6/21
apologize **[4]**   3/17 5/24 12/7 12/11
Apparently **[1]**   8/14
appeal **[6]**   9/19 9/24 9/25 10/6 10/19 11/6
Appeals **[4]**   10/1 11/3 11/6 11/7
APPEARANCES **[2]**   1/12 2/1
appears **[1]**   5/14
appetite **[1]**   12/6
appreciate **[1]**   19/12
appropriate **[1]**   9/13
area **[1]**   18/1
argument **[1]**   17/6
ARMANDO **[1]**   1/3 3/8
arms **[1]**   7/22
around **[1]**   4/6
ask **[4]**   4/5 5/11 5/15 6/24
asking **[3]**   15/16 15/21 16/1
assist **[1]**   7/7
ASSISTANT **[1]**   2/4
Assume **[1]**   14/22
assuming **[1]**   13/14
asylum **[4]**   9/20 10/12 11/6 14/2
attention **[1]**   18/2
ATTORNEY **[1]**   2/4
available **[2]**   18/17 18/19
Avenue **[2]**   1/15 2/5
away **[1]**   12/25

B

back **[3]**   4/15 8/1 12/17
bare **[1]**   10/14
bare-bones **[1]**   10/14
basis **[1]**   17/24
bear **[1]**   13/19
because **[11]**   4/8 4/23 4/25 8/20 13/25 15/14 15/16
15/21 16/10 16/14 18/18
before **[8]**   1/10 3/7 3/10 7/25 9/16 11/8 16/20
16/20
Behalf **[2]**   1/13 2/2
being **[2]**   5/4 11/13
believe **[10]**   5/20 6/14 6/22 7/4 10/20 11/17 14/11
15/3 15/14 18/7
between **[1]**   14/4
bit **[2]**   13/6 13/17
Board **[4]**   10/1 11/2 11/5 11/7
bones **[1]**   10/14
books **[1]**   19/3
both **[5]**   7/13 9/6 13/4 13/24 17/16
Bridge **[1]**   1/22
brief **[3]**   11/9 13/22 14/7
briefed **[2]**   9/7 14/12
briefing **[9]**   9/13 14/8 14/14 16/11 17/7 17/11
17/13 18/9 18/14
briefings **[1]**   18/11
briefly **[1]**   5/25
briefs **[1]**   17/3
buckets **[1]**   9/4
burn **[1]**   1/13

C

call **[1]**   6/3
called **[2]**   3/2 4/6
can't **[2]**   10/16 18/23
Candidly **[1]**   10/10
case **[11]**   1/5 8/21 8/24 9/1 9/18 10/19 11/20 15/8
15/11 15/15 15/23
certainly **[11]**   7/12 7/21 9/7 11/5 12/21 13/16
14/14 14/17 17/2 18/1 18/21
CERTIFICATE **[1]**   19/18
certify **[1]**   19/24
CFT **[1]**   4/21
Chain **[1]**   1/22
challenge **[1]**   13/23
challenges **[1]**   7/8
challenging **[1]**   17/22
chambers **[1]**   18/16
chance **[1]**   5/6
choice **[2]**   12/5 12/20
Circuit **[1]**   17/5
Civil **[3]**   1/5 2/4 3/7
claim **[1]**   12/1
clear **[1]**   5/23
client **[1]**   5/6
clients **[1]**   15/17
close **[1]**   11/13
come **[1]**   8/1
comes **[1]**   3/10
commit **[2]**   4/21 5/4
common **[1]**   15/21
complete **[1]**   17/7
completely **[2]**   4/9 6/15
COMPUTER **[1]**   1/25
COMPUTER-AIDED **[1]**   1/25
concerned **[1]**   7/16
concerns **[2]**   12/22 16/15
concluded **[1]**   19/17
conditions **[1]**   7/2
conducted **[1]**   13/11
confer **[2]**   18/13 18/22
conference **[3]**   3/11 11/19 20/10
confidential **[1]**   7/5
confirm **[2]**   6/13 12/3
confirmation **[4]**   5/19 6/2 6/8 6/14
confirming **[1]**   6/5
conformance **[1]**   20/10
constitutionality **[1]**   17/17
contact **[1]**   18/16
context **[1]**   14/7

Continental **[1]**   10/22
CONTINUED **[1]**   2/1
continuing **[1]**   2/2
contrary **[1]**   7/5
control **[1]**   5/1
convey **[1]**   5/10
coordination **[2]**   15/17 15/19
correct **[5]**   4/4 6/4 8/13 13/17 20/7
Costa **[5]**   6/25 7/24 8/3 12/6 12/16
counsel **[6]**   3/12 4/2 6/16 6/20 17/9 19/6
countries **[1]**   12/2
country **[8]**   6/23 7/2 7/9 11/21 12/5 12/19 13/2
13/5
counts **[9]**   8/18 9/4 9/5 9/6 9/10 9/11 11/14 11/25
16/19
couple **[1]**   18/19
course **[2]**   14/3 16/8
court **[22]**
Court's **[1]**   5/11
cousin **[1]**   13/23
credible **[7]**   4/3 4/12 6/2 8/11 14/1 14/3 18/3
credible-fear **[4]**   4/3 4/12 6/2 18/3
criminal **[6]**   8/21 8/24 15/8 15/11 15/15 15/23
CRR **[2]**   20/16
cut **[1]**   8/24
cv **[1]**   1/5

D

D.C **[1]**   17/5
date **[1]**   15/20
Dated **[1]**   20/12
dates **[2]**   18/17 19/3
day **[3]**   4/16 4/16 20/12
days **[2]**   9/22 11/23
DC **[2]**   1/20 2/5
deadline **[2]**   9/20 9/23
deal **[2]**   4/14 11/15
dealt **[1]**   11/22
deciding **[1]**   11/22
decision **[1]**   12/22
defendant **[1]**   15/15
defer **[2]**   17/1 17/8
denial **[3]**   9/19 10/1 11/6
dense **[1]**   8/19
DEPARTMENT **[1]**   2/4
deport **[1]**   7/19
DEPUTY **[1]**   2/4
designation **[5]**   6/23 7/2 7/10 7/23 10/3
detained **[1]**   7/15
detention **[2]**   9/5 9/10
determination **[3]**   13/11 14/1 14/25
DHS **[2]**   4/10 6/11
discretionary **[1]**   11/4
dissolve **[4]**   13/13 13/22 14/8 14/15
district **[6]**   1/1 1/1 1/10 17/22 20/5 20/5
divergence **[1]**   14/4
divided **[1]**   9/3
DIVISION **[2]**   1/2 2/4
do **[15]**   4/17 4/25 5/2 6/10 6/13 7/8 7/10 8/16
10/17 10/23 15/4 15/11 16/14 17/10 20/6
documentation **[2]**   7/1 10/15
documents **[7]**   6/24 7/4 7/11 8/5 16/12 16/16 16/21
doing **[1]**   4/21
down **[3]**   7/22 13/8 18/10
DREW **[4]**   2/3 3/23 5/19 6/9
dropped **[1]**   12/8
due **[3]**   9/6 9/11 17/23
dueling **[1]**   18/23
during **[2]**   6/6 6/12

E

e-mail **[2]**   5/16 6/12
e-mailed **[1]**   5/13
easy **[2]**   4/25 12/19
either **[4]**   5/4 5/7 8/4 16/22
El **[1]**   7/10
else **[1]**   19/6
EMANUEL **[2]**   1/15 1/18
ends **[1]**   13/4
enough **[1]**   7/18
ENSIGN **[8]**   2/3 3/23 5/4 5/8 5/24 6/10 14/10 16/9
entirely **[1]**   11/3
entitled **[1]**   20/9
equal **[1]**   5/4
especially **[1]**   18/2
ESQUIRE **[7]**   1/14 1/14 1/17 1/18 1/21 2/3 2/3
essentially **[1]**   6/14
et **[2]**   1/6 3/9
even **[1]**   12/8
everyone **[2]**   11/19 11/23
everything **[1]**   10/5
evidentiary **[3]**   8/22 10/6 15/22
expeditiously **[2]**   16/25 19/4
expires **[1]**   7/21
extent **[3]**   7/16 14/13 18/22

F

fact **[3]**   6/13 11/18 14/24
facts **[3]**   8/17 9/14 16/20
factual **[1]**   14/6
fair **[1]**   4/12
Fairfax **[1]**   1/23
fairly **[1]**   19/3
far **[2]**   12/25 13/25
fear **[10]**   4/3 4/12 6/2 8/11 13/11 13/15 14/1 14/3
14/25 18/3
Federal **[2]**   20/4 20/17
figure **[1]**   16/6
file **[7]**   9/14 9/21 9/22 11/5 17/14 18/6 18/11
filed **[2]**   6/21 11/7
filing **[2]**   9/25 13/12
final **[2]**   10/20 12/5

**F**

finds [1] 14/2
fine [1] 18/6
first [1] 11/18
fit [1] 4/16
five [2] 4/6 5/13
flesh [1] 16/10
fluid [1] 8/20
follow [4] 12/15 12/20 16/18 17/20
follow-up [3] 12/15 12/20 16/18
foregoing [1] 20/7
format [1] 20/9
forward [7] 4/20 6/3 11/20 13/12 15/12 15/15 17/7
four [1] 7/3
fourth [1] 13/5
Friday [12] 6/22 7/4 7/8 8/23 9/21 10/13 10/15 14/22 14/25 15/3 15/7 15/20 15/24
fully [1] 13/22
further [3] 8/3 16/11 19/8

**G**

GARCIA [4] 1/3 3/8 4/3 8/23
GENERAL [1] 2/4
getting [2] 14/10 16/7
given [4] 6/21 12/14 13/7 17/19
go [7] 4/20 6/3 11/20 13/3 13/12 15/12 15/15
going [21]
Good [8] 3/3 3/13 3/15 3/17 3/19 3/21 3/23 3/25
got [6] 4/2 6/1 10/10 10/13 17/13 17/15
gotten [1] 5/19
government [5] 4/20 7/25 9/14 17/19 19/10
great [1] 5/17
GREENBELT [1] 1/2
guarantees [1] 7/17
guess [1] 12/14
GUYNN [6] 2/3 3/25 5/4 5/8 5/25 6/1

**H**

habeas [3] 8/10 11/14 16/19
happen [4] 4/13 8/13 15/4
happened [1] 8/12
happening [1] 8/2
hasn't [2] 12/15 15/19
having [1] 4/3
hear [6] 3/4 3/5 4/9 4/24 8/25 12/9
heard [2] 8/3 11/10
hearing [18] 1/9 4/10 4/15 4/20 6/6 6/12 8/22 9/8 11/14 11/16 12/16 13/2 15/22 16/18 16/20 17/1 17/11 18/17
held [1] 20/8
hereby [1] 20/6
him [6] 7/18 7/20 14/24 15/2 15/7 15/24
his [3] 4/3 5/6 7/23
Honor [27]
Honor's [1] 18/11
HONORABLE [1] 1/10
hopefully [1] 13/13
HORTON [2] 1/17 3/19

**I**

I'll [2] 9/1 19/12
I'm [18] 4/15 4/16 6/5 7/5 8/8 8/17 9/9 12/8 15/16 15/19 16/1 16/15 16/15 17/12 18/18 18/18 18/19
I've [4] 8/6 15/1 15/6 17/15
ICE [1] 4/10
identify [1] 3/12
IJ [1] 10/5
immigration [10] 9/18 10/1 10/19 10/24 11/2 11/6 11/7 11/20 13/4 17/21
impediment [1] 14/23
implementing [1] 14/5
INA [1] 14/5
include [1] 14/14
infirm [1] 4/25
information [3] 8/23 13/7 13/18
injunction [8] 10/21 11/8 13/13 13/21 14/15 14/24 16/6 17/14
insight [1] 13/1
instructions [1] 5/11
interjected [1] 5/25
interview [10] 4/3 4/12 4/24 5/5 5/6 6/2 8/12 13/11 13/15 18/3
invitation [1] 18/11
involved [1] 12/2
is [47]
issue [5] 5/14 7/13 7/23 8/4 11/3
issues [2] 16/5 17/3
itself [1] 16/22

**J**

joint [1] 18/14
JONATHAN [3] 2/3 3/25 5/25
judge [2] 1/10 17/21
judges [1] 17/22
Judicial [1] 20/10
JUSTICE [1] 2/4

**K**

keep [1] 19/3
KILMAR [2] 1/3 3/8
kissing [1] 13/23
knowledge [1] 15/22
KRISTI [2] 1/6 3/9

**L**

lack [1] 7/8
land [1] 11/11
landed [1] 12/4
last [5] 7/25 11/16 12/12 12/16 16/9

late [2] 7/4 10/15
later [2] 4/24 14/9
Lay [3] Document 64
leads [1] 18/6
Leeper [3] 20/4 20/15 20/16
left [1] 12/1
legal [2] 17/4 17/17
legs [1] 8/24
letter [1] 7/1
Liberia [7] 6/23 7/15 7/15 12/4 12/15 12/23 14/24
liberty [1] 7/15
lift [2] 16/6 17/13
lifted [1] 14/23
lifts [1] 11/8
light [6] 7/7 9/13 10/3 16/19 17/24 18/2
limitation [1] 17/5
line [1] 8/11
little [1] 7/16
LLC [1] 1/18
LLP [1] 1/15
long [2] 4/20 11/22
look [3] 8/1 19/1 19/12
lot [1] 17/21

**M**

made [1] 12/22
magic [1] 11/23
mail [2] 5/16 6/12
mailed [1] 5/13
make [1] 10/4
making [1] 16/19
March [3] 13/24 17/18 17/20
March 30 [3] 13/24 17/18 17/20
marked [1] 7/5
MARYLAND [2] 1/1 20/6
matter [5] 3/7 3/10 11/18 11/22 20/9
may [5] 9/12 13/8 13/16 13/18 13/19
maybe [2] 16/10 16/13
mean [3] 8/19 12/18 17/12
means [1] 8/8
mechanisms [1] 10/23
meet [2] 18/12 18/21
memorandum [4] 13/24 14/5 17/18 17/20
minding [1] 4/23
mine [1] 4/8
minute [1] 5/15
minutes [2] 4/7 5/13
missed [1] 12/11
mistaken [1] 7/8
moment [1] 12/5
MONDAY [2] 1/11 17/6
more [2] 12/8 17/6
morning [4] 10/14 13/18 18/14 19/2
MOSHENBERG [2] 1/21 3/14
motion [9] 9/20 10/1 11/5 13/13 14/8 14/15 14/16 16/22 17/13
move [2] 13/21 17/7
moving [2] 17/4 17/12
Mr. [16] 4/3 4/15 5/4 5/4 5/8 5/8 5/24 6/1 6/10 8/23 10/22 13/3 14/10 14/22 14/24 19/8
Mr. Abrego [4] 4/3 8/23 13/3 14/22
Mr. Abrego's [3] 4/15 10/22 18/2
Mr. Ensign [6] 5/4 5/8 5/24 6/10 14/10 16/9
Mr. Guynn [3] 5/4 5/8 6/1
Much [1] 14/12
multiple [1] 12/2
MURRAY [1] 1/22

**N**

necessary [1] 14/19
need [5] 8/17 9/10 16/10 16/23 18/2
needs [2] 15/25 15/25
negative [3] 13/11 13/15 14/25
never [1] 18/10
new [4] 1/16 6/21 9/13 10/3
newspaper [1] 16/16
next [6] 8/22 13/20 14/20 15/22 18/4 18/19
night [3] 7/4 7/4 10/15
NITRIA [2] 1/18 3/21
no [8] 8/3 12/24 12/24 14/23 15/6 15/15 15/24 18/7
NOEM [2] 1/6 3/9
non [1] 7/17
non-refoulement [1] 7/17
not [23]
note [2] 10/19 12/16
NOTES [1] 1/25
nothing [3] 8/2 13/19 19/8
notice [4] 6/21 10/14 12/15 14/21
noting [1] 9/24
number [3] 1/5 3/8 11/23
NW [2] 1/19 2/5
NY [1] 1/16

**O**

obvious [1] 12/19
obviously [2] 15/4 16/6
occur [2] 6/6 6/12
office [1] 12/25
OCTOBER [2] 1/11 20/12
officer [1] 14/2
official [4] 7/10 20/1 20/4 20/17
Okay [23]
OLIVIA [2] 1/17 3/19
once [3] 8/16 11/6 11/21 13/10 17/7
one [4] 8/10 10/16 14/17 18/1
ongoing [1] 10/19
only [3] 8/6 8/7 14/16
open [3] 10/5 11/22 18/18
opportunity [1] 11/9
opposed [1] 7/15
opposing [1] 17/8
opposition [1] 17/14

order [3] 3/2 7/6 15/5
ordinary [1] 14/3
OSORIO [2] 1/19 20/9
other [12] 4/20 6/16 9/16 10/16 11/14 11/24 12/24
otherwise [1] 17/6
out [5] 8/24 15/20 16/5 16/10 19/12
outstanding [1] 7/23
over [1] 7/24
overwhelmingly [1] 17/4

**P**

p.m [2] 1/11 19/17
package [1] 13/14
page [1] 20/9
part [3] 13/14 15/17 17/5
parties [4] 7/8 8/9 14/7 18/12
pass [1] 15/18
PATHALAM [2] 1/18 3/21
PAULA [4] 1/10 20/4 20/15 20/16
pendency [1] 15/11
pending [2] 3/7 8/21
Pennsylvania [1] 2/5
Perfect [1] 6/7
perhaps [1] 9/12
period [2] 7/19 7/20
perspective [1] 17/2
petition [6] 8/10 8/18 10/5 14/12 14/13 17/24
petitioner [14] 1/4 1/13 3/14 3/16 3/18 3/20 3/22 6/22 6/24 8/18 9/1 15/25 16/13 19/9
petitioner's [1] 6/16
petitioners [3] 11/13 11/15 17/10
place [3] 8/12 10/21 13/21
plan [1] 19/1
play [1] 4/12
pleadings [1] 13/25
please [1] 3/12
point [2] 7/21 17/13
policymaker [1] 12/18
policymakers [1] 12/22
position [1] 15/24 16/3
postponed [1] 6/2
precisely [1] 4/10 4/11 15/10
predicate [1] 14/6
prefer [2] 5/2 5/5
preliminary [1] 13/13
prepare [1] 5/6
prepared [4] 14/22 15/2 16/24 17/6
present [1] 18/23
presented [2] 14/17 16/12
presume [1] 8/25
pretty [1] 18/18
prevents [1] 10/21
previously [1] 5/13
problem [1] 5/15
procedural [2] 10/23 18/4
procedurally [2] 4/24 10/4
proceed [1] 12/23
proceeding [3] 1/9 15/23 18/3
proceedings [2] 19/17 20/8
process [4] 8/11 9/6 9/11 17/23
prohibiting [1] 15/5
prohibition [1] 15/6
proposals [1] 18/23
proposed [1] 18/14
protections [1] 10/24
protective [1] 7/6
provide [1] 13/14
provided [2] 9/15 13/18
providing [1] 14/18
purpose [1] 11/16
pursuant [2] 7/6 20/6
pursue [1] 10/25
pursuing [1] 8/18
push [2] 4/6 4/8
pushing [1] 5/5
put [1] 14/21
PX [1] 1/5
PX25 [1] 3/8
PX25-2780 [1] 3/8

**Q**

question [8] 9/16 10/20 12/14 13/21 14/20 14/23 16/9 17/17
questions [1] 16/14
quickly [1] 19/2
QUINN [2] 1/15 1/18
quite [1] 11/17

**R**

race [1] 11/24
RAND [2] 1/14 3/18
rather [2] 8/25 14/9
re [2] 7/19 10/5
re-deport [1] 7/19
re-petition [1] 10/5
reading [2] 16/15 16/15
ready [3] 4/17 9/9 11/13
real [1] 12/25
really [4] 8/19 15/18 15/24 16/10
reason [2] 12/24 15/21
recall [2] 9/4
received [7] 6/8 6/9 6/11 6/24 7/3 7/11 10/15
reconnected [1] 12/8
record [3] 3/12 5/22 10/6
referenced [1] 13/24
refoulement [1] 7/17
regard [2] 11/11 11/19
regards [3] 7/13 8/2 8/4
regulations [3] 14/5 17/22 20/10
related [3] 9/5 9/6 9/10
remaining [1] 16/18
remember [1] 11/18

**R**

removal [6]   8/2 10/22 11/3 13/21 13/16 13/23
remove [6]   8/23
removed [1]   16/7
reopen [2]   9/20 10/2
repeat [1]   13/16
repeated [1]   12/21
repeatedly [1]   17/19
reply [1]   17/25
report [1]   19/12
reported [1]   20/8
REPORTER [3]   20/1 20/4 20/17
reports [2]   8/6 8/7
represent [1]   10/16
reschedule [2]   5/11 5/18
resolved [1]   17/3
resources [1]   13/4
respect [6]   6/22 7/8 11/21 12/15 16/17 18/5
respectfully [1]   18/12
respondent [1]   16/17
respondent's [2]   12/5 15/23
respondents [9]   1/7 2/2 8/22 9/2 9/17 11/12 12/4
   12/17 18/20
response [1]   17/25
rest [1]   16/5
return [1]   14/13
Rica [5]   7/1 7/24 8/3 12/6 12/16
right [15]   3/4 4/3 4/23 6/1 6/8 6/20 7/7 11/15
   14/10 14/20 16/4 16/7 18/25 19/6 19/11
ripe [1]   11/17 11/21 13/25
Road [1]   1/22
ROSSMAN [1]   1/14 3/16
RPR [1]   20/16

**S**

sake [1]   14/23
Salvador [1]   7/20
same [1]   10/24
SANDOVAL [2]   1/21 3/14
SANDOVAL-MOSHENBERG [2]   1/21 3/14
SASCHA [2]   1/14 3/18
satisfactory [2]   6/17 18/20
satisfied [1]   7/13
save [1]   16/13
saying [1]   8/22
schedule [2]   17/11 18/14
scheduling [1]   17/9
seal [2]   9/14 16/24
second [1]   4/9
seconds [1]   12/12
Secretary [1]   3/8
see [8]   5/8 6/7 7/10 9/1 11/20 12/9 16/14 17/23
seem [1]   8/24
seemed [1]   11/19
seems [3]   8/17 13/25 14/4
seen [3]   6/25 8/5 8/6
several [1]   9/22
shed [1]   13/1
short [2]   7/19 12/14
shortly [1]   8/13
shouldn't [2]   5/15 11/24
side [1]   10/24
sides [1]   17/16
significant [1]   13/4
SIMON [2]   1/21 3/15
since [1]   7/24
situation [1]   8/21
skinny [1]   8/7
sniff [1]   15/18
so [24]
solution [1]   4/25
somehow [1]   4/24
something [4]   13/8 13/16 18/13 18/22
soon [1]   15/3
sooner [1]   14/9
soonest [1]   15/3
sort [13]   7/20 7/22 8/1 8/6 9/4 9/8 9/9 10/14
   11/24 12/18 13/24 16/5 18/3
sort of [1]   12/18
sound [1]   16/11
sounds [8]   8/12 11/13 12/3 14/4 13/22 14/9 18/8
   18/25
speaking [2]   5/22 5/24
stand [1]   7/8
start [1]   9/8
starting [1]   4/11
STATES [7]   1/1 1/10 3/24 4/1 10/22 20/5 20/11
status [6]   1/9 3/10 9/17 11/18 15/8 19/12
statute [1]   17/23
stay [3]   11/3 11/5 13/21
stenographically [1]   20/8
stenographically-reported [2]   20/8
STENOTYPED [1]   1/25
steps [1]   18/4
still [1]   13/7
store [1]   4/23
Street [1]   1/19
submit [4]   16/22 16/22 16/24 18/13
substantive [2]   16/13 18/4
such [1]   13/11
suffice [1]   10/18
sufficiency [1]   7/9
suggest [1]   18/12
Suite [2]   1/19 1/22
SULLIVAN [2]   1/15 1/18
supplemental [2]   9/13 14/8
sus [1]   16/5

**T**

taking [1]   8/12
talk [1]   13/5
talking [1]   8/6

**U**

U.S.C [1]   20/6
unacceptable [1]   4/9
uncharted [1]   17/21
under [2]   9/14 16/23
underlying [1]   16/12
understand [1]   10/4
Understood [1]   4/18
UNITED [7]   1/1 1/10 3/24 4/1 10/22 20/5 20/11
untangle [1]   8/8
until [4]   6/3 13/21 16/5 16/14
up [7]   6/15 9/9 9/10 10/6 12/15 12/20 16/18
update [2]   13/9 13/14
URQUHART [2]   1/15 1/18
use [1]   18/8
used [1]   15/12

**V**

VA [1]   1/23
validity [1]   17/17
very [1]   8/6
VIRTUAL [1]   1/9
vs [1]   1/5

**W**

want [7]   4/9 4/23 7/10 10/4 13/16 17/14 18/6
wanted [1]   11/10
warranted [1]   14/14
was [22]
Washington [2]   1/20 2/5
wasn't [2]   11/15 12/18
way [2]   4/17 10/16
we'll [6]   9/21 9/22 13/22 15/24 17/1 17/14
week [2]   8/22 15/22
weeks [3]   7/24 9/9 18/24
well [8]   4/8 4/22 9/3 9/12 13/20 15/14 17/8 17/15
whatever [2]   14/4 17/4
whenever [1]   4/16
whether [4]   6/25 7/14 7/14 10/16
while [2]   12/14 19/7
willing [1]   7/22
won't [1]   10/17
word [1]   4/2
words [2]   12/19 12/19
work [1]   18/15
works [1]   18/15
wouldn't [1]   15/4

**X**

XINIS [1]   1/10

**Y**

yeah [3]   4/6 10/13 12/9
Yep [1]   3/5
yes [8]   3/6 6/18 8/14 10/2 16/2 18/18 18/21 19/6
yet [2]   5/6 9/11
York [1]   1/16
yourselves [1]   3/12

**Z**

Zadvydas [1]   12/1
Zoom [1]   12/7

tell [3]   5/10 8/9 17/16
temporary [1]   8/7
tentative [2]   17/10 17/13
terms [5]   6/22 11/3 17/1 17/2 18/5
territory [1]   17/21
test [1]   15/19
thereof [1]   7/9
thin [1]   17/16
things [4]   5/3 6/20 14/18 19/3
think [12]   4/19 6/9 9/10 9/12 11/15 11/23 12/7
   12/11 13/8 17/12 17/16 18/1
third [7]   6/23 7/2 7/9 11/21 12/5 12/19 13/2
third-country [4]   6/23 7/2 7/9 11/21
three [1]   9/8
through [1]   14/1
tie [1]   6/14
time [5]   5/1 7/19 7/19 7/20 9/12 19/11
today [3]   4/11 9/9 14/24
together [1]   19/7
told [2]   15/2 15/7
tomorrow [11]   4/6 4/16 4/21 5/5 5/12 6/3 9/21 13/3
   18/13 19/2 19/13
took [1]   3/2
touch [2]   4/15 17/24
toward [1]   14/24
trace [1]   13/8
transcript [3]   1/9 20/7 20/9
TRANSCRIPTION [1]   1/25
true [1]   20/7
try [2]   14/14 18/22
trying [2]   13/8 15/19
turn [6]   9/2 9/17 11/12 12/1 18/10 19/2
two [3]   5/15 7/24 9/4