# EXHIBIT D

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

File: ████████ – Baltimore, MD

Date:

**DEC 19 2019**

In re: Kilmer Armado ABREGO-GARCIA

IN BOND PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:    Lucia Curiel, Esquire

ON BEHALF OF DHS:    Jennifer L. Hastings
                     Assistant Chief Counsel

APPLICATION:    Redetermination of custody status

The respondent, a native and citizen of El Salvador, appeals from an Immigration Judge's April 24, 2019, decision denying his request for release on bond from the custody of the Department of Homeland Security pursuant to section 236(a) of the Immigration and Nationality Act, 8 U.S.C. § 1226(a). On May 22, 2019, the Immigration Judge issued a memorandum setting forth the reasons underlying her conclusion that the respondent did not show that he is not a danger to the community or that he presents a flight risk capable of being mitigated by bond. The appeal will be dismissed.

This Board reviews the Immigration Judge's factual findings for clear error. 8 C.F.R. § 1003.1(d)(3)(i); *see also Matter of Fatahi*, 26 I&N Dec. 791, 793 n.2 (BIA 2016). We review all other issues de novo. 8 C.F.R. § 1003.1(d)(3)(ii).

An alien "must demonstrate to the satisfaction of [the Immigration Judge] that [his or her] release would not pose a danger to property or persons . . . ." 8 C.F.R. § 1236.1(c)(8); *see also Matter of Adeniji*, 22 I&N Dec. 1102, 1111-12 (BIA 1999). Thus, only if an alien has established that he or she would not pose a danger to persons or property should an Immigration Judge decide the amount of bond necessary to ensure the alien's presence at proceedings to remove him or her from the United States. *Matter of Urena*, 25 I&N Dec. 140, 141 (BIA 2009).

The respondent argues that the Immigration Judge clearly erred in determining that he is a verified member of MS-13 because there is no reliable evidence in the record to support such a finding (Respondent's Br. at 6-9). In this regard, the respondent asserts that a Prince George's County Police Department Gang Field Interview Sheet ("GFIS") is based on hearsay relayed by a confidential source (Exh. 4). The respondent also claims that he presented sufficient evidence to rebut the allegation that he is affiliated with MS-13, including character references and criminal records showing that he has only been charged with traffic offenses. Therefore, the respondent contends that the Immigration Judge erroneously ruled that he did not show that he is not a danger to the community (Respondent's Br. at 9-10).

We adopt and affirm the Immigration Judge's danger ruling (IJ at 2-3). *See Matter of Burbano*, 20 I&N Dec. 872, 874 (BIA 1994). Notwithstanding the respondent's challenges to the reliability of the GFIS, the Immigration Judge appropriately considered allegations of gang affiliation against the respondent in determining that he has not demonstrated that he is not a danger to property or persons. *See Matter of Fatahi*, 26 I&N Dec. at 795 (in determining whether an alien presents a danger to the community and thus should not be released on bond pending removal proceedings, an Immigration Judge should consider both direct and circumstantial evidence of dangerousness); *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006) (stating that Immigration Judges may look to a number of factors in determining whether an alien merits release on bond, including "the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses").

Consequently, we need not address the Immigration Judge's flight risk determination (Respondent's Br. at 10-11).

Accordingly, the following order is entered.

ORDER: The appeal is dismissed.

FOR THE BOARD

2