UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| Kilmar Armando Abrego Garcia,<br><br>    Petitioner,<br><br>v.<br><br>Kristi Noem, *et al.*,<br><br>    Respondents. | Case No. 8:25-cv-02780 (PX) |

**Interim Motion to Seal Exhibits to
Petitioner's Supplemental Brief in Support of His Petition for Habeas Corpus**

Pursuant to Local Rule 105.11, Petitioner Kilmar Armando Abrego Garcia ("Petitioner") moves to seal Exhibits A–G and K of Petitioner's Supplemental Brief in Support of His Petition for Habeas Corpus, filed today, November 7, 2025. Petitioner represents the following facts to justify sealing.

Exhibit A is Secretary of Homeland Security Kristi Noem's determination concerning the reliability of the Republic of Liberia's diplomatic assurances, bearing beginning bates number KAG Habeas000017, produced to Petitioner's counsel subject to the terms of the Stipulated Confidentiality Order in the prior civil case, ECF No. 95, *Abrego Garcia, et al. v. Noem, et al.*, 8:25-cv-951 (D. Md. April 21, 2025) (the "Stipulated Confidentiality Order"), and designated Attorney's Eyes Only by the Government.

Exhibit B is Secretary of State Marco Rubio's letter forwarding diplomatic assurance received from the Republic of Liberia and the State Department's assessment of those assurances, bearing beginning bates number KAG Habeas000020, produced subject to the terms of the Stipulated Confidentiality Order and designated Attorney's Eyes Only by the Government.

Exhibit C is a note from the Republic of Liberia, bearing beginning bates number KAG Habeas000022, produced subject to the terms of the Stipulated Confidentiality Order and designated Attorney's Eyes Only by the Government.

Exhibit D is a press release by the Republic of Liberia's Ministry of Information, Cultural Affairs & Tourism, bearing beginning bates number KAG Habeas000024, produced subject to the terms of the Stipulated Confidentiality Order.

Exhibit L is a Memorandum of Understanding Between the Government of the United States of America and the Government of Eswatini, which the Government produced to Petitioner's counsel on an Attorney's Eyes Only basis.

As is related to Exhibits A–D and L, the Stipulated Confidentiality Order requires a party to file under seal any materials that have been designated as Confidential or Attorney's Eyes Only by another party. In particular, paragraph 2 of the Confidentiality Order states:

> ***To the extent that any materials designated as Confidential or Attorney's Eyes Only under this Confidentiality Order*** (or any pleading, motion, or memorandum disclosing them) ***are proposed to be filed or are filed with the Court, the portions of those materials containing Confidential or Attorney's Eyes Only information shall be redacted by the filing party.*** Non-redacted versions shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by L.R. 105.11, provided that the Court can deny an Interim Sealing Motion prior to 14 days in part or in full. ***Even if the filing party believes that the materials designated as Confidential or Attorney's Eyes Only are not properly classified as Confidential or Attorney's Eyes Only, the filing party shall file the Interim Sealing Motion;*** provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party rights under paragraph (4) of this Confidentiality Order.

Stipulated Confidentiality Order, ECF No. 95, ¶ 2 (emphasis added).

Exhibit F contains Petitioner's Third Country Screening Notice, which includes sensitive personally identifiable information, such as Petitioner's alien registration number. This document

contains the type of sensitive personal information that courts routinely protect from public disclosure.

Exhibit G contains the Government's Screening Worksheet, which includes sensitive personally identifiable information, such as Petitioner's alien registration number. This document contains the type of sensitive personal information that courts routinely protect from public disclosure.

Exhibit H contains the Government's Interview Notes on Petitioner's Third Country Screening, which includes sensitive personally identifiable information, such as Petitioner's alien registration number, date of birth, and other confidential identifiers. Public disclosure of this document would risk exposing Petitioner's personal information and potentially compromise his privacy and security interests. This document contains the type of sensitive personal information that courts routinely protect from public disclosure.

Exhibits F–H are also part of Petitioner's immigration proceedings, and includes information of the type protected from public disclosure by federal regulation. Specifically, 8 C.F.R. § 1208.6(a) mandates that "[i]nformation contained in or pertaining to any application for asylum, withholding of removal under section 241(b)(3) of the Act, or protection under the Convention Against Torture shall not be disclosed without the written consent of the applicant." The information contained in these exhibits is of the type protected by this regulation.

Because the Government has designated certain documents as Attorney's Eyes Only, and the other documents contain sensitive personal information or information of the type protected by federal regulation, Petitioner is filing this motion seeking to maintain these materials under seal in accordance with the Stipulated Confidentiality Order and applicable law. Further, because the Government has designated the entirety of Exhibit A–D and L as Confidential or Attorney's Eyes

Only, Petitioner is not filing public versions of these documents, but emphasizes that Petitioner does not necessarily believe all aspects of these documents require sealing. Petitioner relies on the Government to identify any additional reasons why alternatives to sealing the material not filed publicly would not provide sufficient protection.

Respectfully submitted,

Dated: November 7, 2025

**MURRAY OSORIO PLLC**
Simon Y. Sandoval-Moshenberg
Rina Gandhi
4103 Chain Bridge Road, Suite 300
Fairfax, VA 22030
(703) 352-2399
ssandoval@murrayosorio.com

*/s/ Jonathan G. Cooper*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Jonathan G. Cooper (D. Md. Bar No. 21345)
Olivia Horton* (*pro hac vice*)
Nithya Pathalam** (*pro hac vice*)
1300 I St. NW, Suite 900
Washington, DC 20005
(202) 538-8000
jonathancooper@quinnemanuel.com
oliviahorton@quinnemanuel.com
nithyapathalam@quinnemanuel.com
**admitted in Texas; not admitted in D.C. Supervised by attorney admitted in D.C.*
***admitted in New York; not admitted in D.C. Supervised by attorney admitted in D.C.*

Andrew J. Rossman (*pro hac vice*)
Sascha N. Rand (*pro hac vice*)
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
andrewrossman@quinnemanuel.com
sascharand@quinnemanuel.com

*Counsel for Petitioner*