# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## GREENBELT DIVISION

KILMAR ARMANDO ABREGO GARCIA,

        Petitioner,

    v.

KRISTI NOEM, ET AL.,

        Respondents.

Case No. 8:25-CV-02780-PX

**DEFENDANTS' MOTION TO FILE EXHIBITS E, F, G, I, J, & S UNDER SEAL**

On October 27, the Court instructed the parties to provide supplemental briefing regarding Petitioner's habeas petition. ECF 63. In support of their briefing, the Respondents are submitting fifteen exhibits. Some of these exhibits warrant submission under seal. In particular, the Respondents move to file Exhibit E (DHS Secretary Determination Concerning Reliability of Diplomatic Assurances from Liberia), Exhibit F (Letter by Secretary of State Marco Rubio forwarding Liberia's diplomatic assurances and finding them credible), Exhibit G (Liberia's Note Verbale providing diplomatic assurances), Exhibit I (interview notes taken by USCIS as part of the interview of Petitioner regarding alleged fear of removal to Liberia), Exhibit J (USCIS determination regarding fear), and Exhibit S (Declaration of John E. Cantú).

Local Rule 105.11 requires that "[a]ny motion seeking the sealing of pleadings, motions, exhibits, or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." Loc. R. 105.11. Defendants are mindful that the Court "presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (*quoting Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)). However, the presumptive right of public access to court records "can be rebutted if countervailing interests heavily outweigh the public interests in access. *Va. Dep't of State Police*, 386 F.3d at 575; *Rock*

*v. McHugh*, 819 F. Supp 2d 456, 475 (D. Md. 2011). "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Ultimately, the "decision whether to grant or restrict access to judicial records or documents" under the common law is "best left to the sound discretion of the [district] court." *Va. Dep't of State Police*, 386 F.3d at 575 (*quoting Nixon v. Warner Communications, Inc.*, 435 U.S. 598-99 (1978)).

Exhibits E, F, G, and S should be sealed because they communicate and evaluate sensitive matters of foreign policy. Courts have recognized that "[t]he President has the sole power to negotiate treaties." *Zivotofsky ex rel. Zivotofsky v. Kerry*, 576 U.S. 1, 13 (2015). "Diplomacy takes place in a wide array of for a, through many actors within the Executive Branch." *J.O.P. v. United States Dep't of Homeland Sec.*, No. 25-1519, 2025 WL 1431263, at *13 (4th Cir. May 19, 2025) (J. Richardson, dissenting) (citing *Zivotofsky*, 576 U.S. at 13-14). Such negotiations can be sensitive and can require "discretion," *id*. at 13, and indeed the Fourth Circuit has recognized that it is appropriate for "sensitive diplomatic negotiations to be removed from public view." *Abrego Garcia v. Noem*, No. 25-1404, 2025 WL 1135112, at *1 (4th Cir. Apr. 17, 2025). Underscoring that justification is that these documents provided analyses by the Secretary of Homeland Security (Exhibit E) and the Secretary of State (Exhibit F). As such, their direct involvement in these analyses is particularly sensitive and warranting protection from the public purview, while still allowing the Court to examine them. Exhibit G is entitled to no less protection, as it is a communication by the Government of Liberia extending an offer to the United States Government. For the Government to continue to expect such expressions by foreign governments to continue, it must afford some level of protection. Finally, Exhibit S, a declaration by Acting Assistant Director of ICE's Enforcement and Removal Operations, conveys highly sensitive information or impressions as part of his evaluation of the prospects of Petitioner's removal to Costa Rica. As such, Exhibits E, F.G, and S warrant filing under seal.

Exhibits I and J warrant sealing.  Exhibit I is a record of the USCIS asylum officer's interview of Petitioner in relationship to an expressed fear of removal to Liberia.  Its contents, particularly the details of why he fears removal to Liberia, are particularly sensitive to negotiations with a foreign state to complete Petitioner's removal, particularly where he may make any statements about that foreign state's leadership  Exhibit J, as a reflection of the asylum officer's evaluation of Petitioner's fear, should similarly be seen as particularly sensitive and warranting filing under seal.

Exhibits I and J also warrant sealing because government employees "have a legitimate interest in preserving the secrecy of matters that conceivably could subject them to annoyance or harassment in either their official or private lives." *Lamb v. Millenium Challenge Corp.*, 334 F. Supp. 3d 204, 216-17 (D.D.C. 2018) (quoting *Lesar v. United States Dep't of Justice*, 636 F.2d 472, 487 (D.C. Cir. 1980)).  The instant case presents exactly the opportunity for annoyance and harassment, as the case remains highly publicized.  It is important to preserve the ability of government employees to execute their duties without fear of inappropriate repercussions from the public.

///
///
///
///
///
///
///
///
///

Accordingly, Defendants respectfully request that this Court enter an order placing under seal Defendants Exhibits E, F, G, I, J, and S.

Dated: <u>November 7, 2025</u>                    Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General


 DREW C. ENSIGN
Deputy Assistant Attorney General
U.S. Department of Justice
Civil Division, Office of Immigration Litigation

JONATHAN GUYNN
Deputy Assistant Attorney General
U.S. Department of Justice
Civil Division, Torts Branch

<u>/s/ Ernesto H. Molina, Jr.</u>
ERNESTO H. MOLINA, JR.
Deputy Director
U.S. Department of Justice
Civil Division
Office of Immigration Litigation –
    General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
202-616-93444
ernesto.h.molina@usdoj.gov

ATTORNEYS FOR RESPONDENTS

4

**CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2025, I electronically filed the foregoing document by using the CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.  Separate service of the identified material is being sent by email to counsel for Petitioner.

*/s/ Ernesto H. Molina, Jr.*
ERENSTO H. MOLINA, JR.
Deputy Director
United States Department of Justice
Civil Division
Office of Immigration Litigation -
   General Litigation and Appeals Section