November 13, 2025

<u>Via ECF</u>
The Honorable Paula Xinis, U.S.D.J.
United States District Court for the District of Maryland
6500 Cherrywood Lane
Suite 255
Greenbelt, MD 20770

Re:   <u>Abrego Garcia v. Noem, et al.</u>, Case No. 8:25-cv-02780-PX (D. Md.)

We write on behalf of Petitioner Abrego Garcia regarding the Government's newly asserted "factual developments" and to request that the witnesses through which the Government has proffered its new evidence be presented for examination at the November 20, 2025 hearing.

On Friday, November 7, the Government filed a Motion to Dissolve the Preliminary Injunction ("Motion"), in which it claimed—for the first time—that "Respondents had time to examine th[e] assurance[s]" from Costa Rica and "it is now the assessment of the Department of State that the Government of Costa Rica would not accept Petitioner at this time without further negotiations and, likely, additional commitments from the United States." ECF No. 72 at 38. Costa Rica provided these assurances on August 21, 2025. ECF No. 1-3. The Government's sole support for its new assertion is the one and a half page Declaration of John E. Cantú, Acting Assistant Director of Enforcement and Removal Operations at ICE, in which he states that, among other things, he has ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

ECF 72-6 at 2.

The Government was already given a full and fair opportunity to present all relevant evidence and testimony regarding Costa Rica at the October 10 evidentiary hearing.[1] At that hearing, the Government "stipulate[d] that Costa Rica is on the table if Eswatini falls through" and admitted that Costa Rica had not "rescinded its [] willingness" to accept Abrego Garcia. Oct. 10. Hr'g. Tr. at 86:16-18, 107: 8-9. Its sworn designee on the topic further testified that "the assurance in th[e August] letter make it possible for ICE to remove him to Costa Rica" and that, to his

---

[1]  *See* October 6, 2025 Order, ECF No. 47 (ordering Government to "produce . . . all documents and written communications related to . . . any and all steps the Respondents have taken, or plan to take in the reasonably foreseeable future, to remove Petitioner to Costa Rica" and "witness(es) with first-hand knowledge (or who have acquired such knowledge), and who will bind the Respondents, to testify regarding: what steps, if any, Respondents have taken to remove Petitioner to . . . Costa Rica, Petitioner's designated country of removal under 8 U.S.C. § 1231(b)(2); and what additional steps, if any, Respondents will take in the reasonably foreseeable future to remove Petitioner to . . . Costa Rica.").

knowledge, no one from the Government had been in contact with Costa Rica since August 23 regarding its offer to accept Mr. Abrego Garcia. *Id.* at 170:19-20, 105:16-22.

The Government's new position—made through yet another new DHS witness's recitation of unspecified hearsay conversations with unnamed members of the Department of State—is but the latest installment in a seemingly endless series of machinations designed to punish Petitioner and deny him due process. There are substantial reasons to question the veracity of the Government and its witnesses, and the Petitioner is entitled to test the basis and credibility of Mr. Cantú's sworn testimony at the upcoming hearing.

While Petitioner promptly sought to resolve this issue consensually, the Government refused, necessitating this application. *See* Ex. 1 at 2. Petitioner respectfully requests that either Mr. Cantú's Declaration be stricken from the record or that the Government be required to present Mr. Cantú for examination at the November 20, 2025 hearing next week. If Mr. Cantú's testimony regarding information supplied by the Department of State is to be accepted, then, at a minimum, he should be prepared to testify as a representative witness with the relevant knowledge of that agency as well as his own. A proposed order is attached should the Court decide to strike Mr. Cantú's Declaration from the record.

Respectfully submitted,

*/s/ Jonathan G. Cooper*

**MURRAY OSORIO PLLC**
Simon Y. Sandoval-Moshenberg
Rina Gandhi
4103 Chain Bridge Road, Suite 300
Fairfax, VA 22030
(703) 352-2399
ssandoval@murrayosorio.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Jonathan G. Cooper (D. Md. Bar No. 21345)
Olivia Horton* (*pro hac vice*)
Nithya Pathalam** (*pro hac vice*)
1300 I St. NW, Suite 900
Washington, DC 20005
(202) 538-8000
jonathancooper@quinnemanuel.com
oliviahorton@quinnemanuel.com
nithyapathalam@quinnemanuel.com
\*admitted in Texas; not admitted in D.C. Supervised by attorney admitted in D.C.
\*\*admitted in New York; not admitted in D.C. Supervised by attorney admitted in D.C.

Andrew J. Rossman (*pro hac vice*)
Sascha N. Rand (*pro hac vice*)
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
andrewrossman@quinnemanuel.com
sascharand@quinnemanuel.com