UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
GREENBELT DIVISION

KILMAR ARMANDO ABREGO GARCIA,

    Petitioner,

v.

KRISTI NOEM, ET AL.,

    Respondents.

Case No. 8:25-CV-02780-PX

**DEFENDANTS' INTERIM MOTION TO FILE RESPONDENTS' RESPONSE TO PETITIONER'S SUPPLEMENTAL BRIEF AND EXHIBITS T AND U UNDER SEAL**

    On October 27, the Court instructed the parties to provide supplemental briefing regarding Petitioner's habeas petition. ECF 63. The Parties stipulated that initial briefing was due on November 7, with responsive pleading due November 14. ECF 65. The Parties filed supplemental briefs on November 7, 2025. ECF 71 & 72. The Respondents move to file Respondents' Response to Petitioner's Supplemental Brief and Exhibits T and U under seal.

    Local Rule 105.11 requires that "[a]ny motion seeking the sealing of pleadings, motions, exhibits, or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." Loc. R. 105.11. Defendants are mindful that the Court "presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (*quoting Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)). However, the presumptive right of public access to court records "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Va. Dep't of State Police*, 386 F.3d at 575; *Rock v. McHugh*, 819 F. Supp 2d 456, 475 (D. Md. 2011). "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Ultimately, the "decision whether to grant or restrict access to judicial records or documents"

1

under the common law is "best left to the sound discretion of the [district] court." *Va. Dep't of State Police*, 386 F.3d at 575 (*quoting Nixon v. Warner Communications, Inc.*, 435 U.S. 598-99 (1978)).

Respondents' Response to Petitioner's Supplemental Brief and Exhibits T and U should be sealed because they communicate and evaluate sensitive matters of foreign policy. Courts have recognized that "[t]he President has the sole power to negotiate treaties." *Zivotofsky ex rel. Zivotofsky v. Kerry*, 576 U.S. 1, 13 (2015). "Diplomacy takes place in a wide array of fora, through many actors within the Executive Branch." *J.O.P. v. United States Dep't of Homeland Sec.*, No. 25-1519, 2025 WL 1431263, at *13 (4th Cir. May 19, 2025) (J. Richardson, dissenting) (citing *Zivotofsky*, 576 U.S. at 13-14). Such negotiations can be sensitive and can require "discretion," *id.* at 13, and indeed the Fourth Circuit has recognized that it is appropriate for "sensitive diplomatic negotiations to be removed from public view." *Abrego Garcia v. Noem*, No. 25-1404, 2025 WL 1135112, at *1 (4th Cir. Apr. 17, 2025). Exhibits T and U are diplomatic communications between the U.S. Government and the Government of Liberia as the Nations negotiate assurances surrounding the potential removal of Petitioner to Liberia. The importance of preserving those communications is important, as the discussions have important ramifications to future communications between the countries in future, comparable matters, as well as communication with other countries. Insofar as the documents relate to the potential safety of Petitioner, the importance of preserving the sensitive discussions from public discussions is paramount.

Respondents' Response to Petitioner's Supplemental Brief ("Response") should be sealed for identical reasons. The Response expressly relies on both Exhibits U and T. *See, e.g.,* Response at 2, 19, 23. Moreover, the Response connects the diplomatic events to the larger narrative already set forth in other documents filed under seal. *See, e.g.,* Response at 2, 19-20, 23. The layout of that highly sensitive negotiation warrants protection from public disclosure.

Accordingly, Respondents respectfully request that this Court enter an order placing under seal Respondents' Response to Petitioner's Supplemental Brief and Exhibits T and U.

Dated: November 14, 2025    Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General


 DREW C. ENSIGN
Deputy Assistant Attorney General
U.S. Department of Justice
Civil Division, Office of Immigration Litigation

JONATHAN GUYNN
Deputy Assistant Attorney General
U.S. Department of Justice
Civil Division, Torts Branch

*/s/ Ernesto H. Molina, Jr.*
ERNESTO H. MOLINA, JR.
Deputy Director
U.S. Department of Justice
Civil Division
Office of Immigration Litigation –
   General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
202-616-93444
ernesto.h.molina@usdoj.gov

ATTORNEYS FOR RESPONDENTS

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2025, I electronically filed the foregoing document by using the CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the CM/ECF system. Separate service of the identified material is being sent by email to counsel for Petitioner.

        */s/ Ernesto H. Molina, Jr.*
        ERENSTO H. MOLINA, JR.
        Deputy Director
        United States Department of Justice
        Civil Division
        Office of Immigration Litigation -
          General Litigation and Appeals Section