UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| KILMAR ARMANDO ABREGO GARCIA,<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, ET AL.,<br><br>Respondents. | Case No. 8:25-CV-02780-PX<br><br>**RESPONDENTS' MOTION TO SEAL EVIDENTIARY HEARING AND SCHEDULED ARGUMENT RELATED TO SEALED DOCUMENTS** |

On November 17, 2025, the Court instructed the parties to prepare for an evidentiary hearing and oral argument on Plaintiff's habeas petition on November 20, 2025. ECF No. 90. The evidentiary hearing centers on the declaration and testimony of John E. Cantu. *Id*. Respondents previously filed Mr. Cantu's declaration under seal on November 7, 2025. ECF Nos. 75-17 & 75-6 (Respondents' Exhibit S). It is expected that Mr. Cantu's testimony will cover the subject matter of his declaration and will be based on his personal knowledge or knowledge obtained from others.. Additionally, it is expected that the oral arguments related to Petitioner's habeas petition will include information related to previously sealed documents by this Court. *See* ECF Nos. 75 and 85. As such, Respondents hereby move this Court to seal all portions of testimony and those parts of the oral argument related to sealed documents and testimony.

Local Rule 105.11 requires that "[a]ny motion seeking the sealing of pleadings, motions, exhibits, or other documents to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." Loc. R. 105.11.  Respondents are mindful that the Court "presumes a right of the public to inspect and copy 'all judicial records and documents.'" *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004) (*quoting Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)). However, the presumptive right of public access to court records "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Va. Dep't of State Police*, 386 F.3d at 575; *Rock*

1

*v. McHugh*, 819 F. Supp 2d 456, 475 (D. Md. 2011). "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Rushford v. The New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Ultimately, the "decision whether to grant or restrict access to judicial records or documents" under the common law is "best left to the sound discretion of the [district] court." *Va. Dep't of State Police*, 386 F.3d at 575 (*quoting Nixon v. Warner Communications, Inc.*, 435 U.S. 598-99 (1978)).

      Mr. Cantu's testimony and questioning, along with the following oral argument on Petitioner's habeas petition should be sealed because it is expected they will communicate, cover, and evaluate sensitive matters of foreign policy. Courts have recognized that "[t]he President has the sole power to negotiate treaties." *Zivotofsky ex rel. Zivotofsky v. Kerry*, 576 U.S. 1, 13 (2015). "Diplomacy takes place in a wide array of fora, through many actors within the Executive Branch." *J.O.P. v. United States Dep't of Homeland Sec.*, No. 25-1519, 2025 WL 1431263, at *13 (4th Cir. May 19, 2025) (J. Richardson, dissenting) (citing *Zivotofsky*, 576 U.S. at 13-14). Such negotiations can be sensitive and can require "discretion," *id*. at 13, and indeed the Fourth Circuit has recognized that it is appropriate for "sensitive diplomatic negotiations to be removed from public view." *Abrego Garcia v. Noem*, No. 25-1404, 2025 WL 1135112, at *1 (4th Cir. Apr. 17, 2025).

      Mr. Cantu's declaration and expected testimony speak to law enforcement mechanisms, enforcement negotiations, and diplomatic communications between the U.S. Government and the Governments of Costa Rica and Liberia as the country has negotiated assurances surrounding the potential removal of Petitioner to a third country. The importance of preserving enforcement privileges and mechanisms, as well as diplomatic communications, is important. Effective immigration enforcement is a matter of public and national security and all risk to that effectiveness should be curtailed. Further, diplomatic discussions have important ramifications to future communications between countries in future, comparable matters, as well as communication with other countries. Insofar as the testimony and argument relate to the

potential safety of Petitioner, the importance of preserving the sensitive discussions from public discussions is paramount. Lastly, the layout of highly sensitive enforcement operations and diplomatic negotiations warrants protection from public disclosure.

    Accordingly, Respondents respectfully request that this Court enter an order placing under seal Mr. Cantu's testimony and those parts of the oral arguments based on sealed documents, materials, and testimony.

Dated: November 19, 2025      Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General

DREW C. ENSIGN
Deputy Assistant Attorney General
U.S. Department of Justice
Civil Division, Office of Immigration Litigation

JONATHAN GUYNN
Deputy Assistant Attorney General
U.S. Department of Justice
Civil Division, Torts Branch

*/s/ Ernesto H. Molina, Jr.*
ERNESTO H. MOLINA, JR.
Deputy Director
U.S. Department of Justice
Civil Division
Office of Immigration Litigation –
General Litigation and Appeals Section
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
202-616-93444
ernesto.h.molina@usdoj.gov

ATTORNEYS FOR RESPONDENTS

**CERTIFICATE OF SERVICE**

I hereby certify that on November 19, 2025, I electronically filed the foregoing document by using the CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

> */s/ Ernesto H. Molina, Jr.*
> ERENSTO H. MOLINA, JR.
> Deputy Director
> United States Department of Justice
> Civil Division
> Office of Immigration Litigation -
> General Litigation and Appeals Section