1        IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
2                   GREENBELT DIVISION

3   _____ )
                                     )
    KILMAR ARMANDO ABREGO GARCIA,    )
4                                    )
         Petitioner,                 )
5                                    ) Civil Case Number
              vs.                    ) 8:25-cv-02780-PX
6                                    )
    KRISTI NOEM, et al.,             )
7                                    )
         Respondents.                )
8   _____ )

9                   TELEPHONIC PROCEEDING
              TRANSCRIPT OF STATUS HEARING
10          BEFORE THE HONORABLE PAULA XINIS
             UNITED STATES DISTRICT COURT JUDGE
11          MONDAY, NOVEMBER 17, 2025, AT 12:30 P.M.

12  APPEARANCES:

13  On Behalf of the Petitioner:

14       BY:   SASCHA RAND, ESQUIRE
         QUINN, EMANUEL, URQUHART & SULLIVAN, LLP
15       295 5th Avenue
         New York, NY  10016
16       (212)849-7000

17       BY:   JONATHAN COOPER, ESQUIRE
               OLIVIA HORTON, ESQUIRE
18             NITHYA PATHALAM, ESQUIRE
         QUINN, EMANUEL, URQUHART & SULLIVAN, LLC
19       1300 I Street NW
         Suite 900
20       Washington, DC  20005
         (617)712-7165
21
         BY:   SIMON SANDOVAL-MOSHENBERG, ESQUIRE
22       MURRAY OSORIO
         4103 Chain Bridge Road, Suite 300
23       Fairfax, VA  22030
         (434)218-9376

24

25       ***COMPUTER-AIDED TRANSCRIPTION OF STENOTYPED NOTES***

```
 1   APPEARANCES CONTINUED:

 2   On Behalf of the Respondents:

 3        BY:  JONATHAN GUYNN, ESQUIRE
          DEPUTY ASSISTANT ATTORNEY GENERAL
 4        CIVIL DIVISION, DEPARTMENT OF JUSTICE
          950 Pennsylvania Avenue NW
 5        Washington, DC  20530
          (202)353-0261
 6

 7        BY:  ERNESTO H. MOLINA, JR., ESQUIRE
          OFFICE OF IMMIGRATION LITIGATION
 8        P.O. Box 878
          Ben Franklin Station
 9        Washington, DC  20044
          (202)616-9344
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    P R O C E E D I N G S

 2         (Court called to order.)

 3            DEPUTY CLERK:  Good afternoon.  Is this the judge?

 4   Good afternoon.  May I ask who just joined us?

 5         Good afternoon.  Is this the judge?

 6            THE COURT:  Good afternoon, this is the judge.  Are

 7   we ready?

 8            DEPUTY CLERK:  We are, Your Honor.  The matter now

 9   pending before the Court is Civil Action Number PX25-2780,

10   Kilmar Armando Abrego Garcia v. Secretary Kristi Noem, et al.

11            THE COURT:  Brian?

12            DEPUTY CLERK:  Yes, Your Honor.  I'm hearing --

13            THE COURT:  I'm going to have to stop -- I'm going to

14   stop you.  There is a terrible echo on my end.

15            DEPUTY CLERK:  I am hearing it as well in the

16   courtroom, Your Honor.

17            THE COURT:  Are you hearing it now?

18            DEPUTY CLERK:  Let me test out real quick.

19         I am not hearing an echo as of this point.

20            THE COURT:  Yeah, neither am I, so maybe we can take

21   it from the top.

22            DEPUTY CLERK:  Yes, Your Honor.

23         The matter now pending before the Court is Civil Action

24   Number PX25-2780, Kilmar Armando Abrego Garcia v. Secretary

25   Kristi Noem, et al.  The matter comes before this Court for a
```

```
1   telephone conference.

2       Counsel, please identify yourselves for the record.

3           MR. SANDOVAL-MOSHENBERG:  Good morning, Your Honor.

4   Simon Sandoval-Moshenberg for petitioner.

5           MR. RAND:  Sascha Rand for petitioner.

6           MR. COOPER:  Jonathan Cooper for the petitioner.

7           MS. HORTON:  Olivia Horton for petitioner.

8           MS. PATHALAM:  Nithya Pathalam for petitioner.

9           MR. GUYNN:  This is Jonathan Guynn for respondents.

10          MR. MOLINA:  Your Honor, Ernesto Molina for the

11  respondents.

12          THE COURT:  Is there anyone else for the respondents

13  on the line?

14          MR. GUYNN:  No, Your Honor.  This is Jonathan Guynn.

15  No, Your Honor, it's just going to be me, Mr. Guynn, and

16  Mr. Molina.

17          THE COURT:  I'm sorry, is that you, Mr. Ensign?

18          MR. GUYNN:  No, I apologize, Your Honor.  This is

19  Jonathan Guynn.  It's just going to be me and Mr. Molina today.

20          THE COURT:  Oh, I'm sorry.  That's what I thought,

21  but then I thought I heard you identify three people.  So,

22  okay, Mr. Guynn, thank you.

23      There is a public access line.  Let me remind anyone who

24  is on the public access line, the same rules as being in court

25  apply, which is that you are more than free to listen, you are
```

1   more than welcome to be with us, but there shall be no

2   interruptions.

3        Okay.  Counsel, the reason why I've called this status is

4   because at ECF 81, the petitioner has asked me to either strike

5   the affidavit of Mr. Cantú, which is at 75-6, or turn Thursday

6   into an evidentiary hearing.

7        I've read ECF 81, and I understand the arguments.

8        Mr. Guynn, I have to tell you, it has some force with me,

9   because the affidavit, frankly, is pretty thin in terms of what

10  exactly it's trying to say and why.  And it references unnamed

11  and unidentified individuals.

12       So I guess I'll put it to you to answer, you know, which

13  would you prefer?  Would you prefer I strike the affidavit or

14  turn Thursday into an evidentiary hearing where you can bring

15  the affiant and others who may be able to tell us the factual

16  predicate of what you wish to have in the record?

17            **MR. GUYNN:**  Well, Your Honor, I appreciate that it

18  sounds like I have an uphill battle here, but I think that

19  neither of the options that you've presented, those aren't all

20  the options.  I think that the declaration should not be

21  stricken, and I also think that we should not have an

22  evidentiary hearing on Thursday.  And I'm happy to explain the

23  reasons why.

24            **THE COURT:**  Well, the problem that I have largely

25  with that, before I turn to you as to why you think, you put in

1  an affidavit, and you want me to rely on it for the prong of

2  basically that I can take the Executive words for it -- word

3  for it that Costa Rica is no longer a reasonable option, that

4  the third country that Mr. Abrego has chosen is not

5  acceptable -- either to Costa Rica or to the government, I'm

6  not really sure which one, but the affiant itself -- I mean,

7  the affiant is not -- is not the firsthand -- the person.

8  That's number one.

9      And number two, in light of the fact that at the last

10  hearing, I specifically ordered the government to bring a

11  person with knowledge about this very issue, and that was in

12  October, October 10, and despite my very clear directive, you

13  put a witness on who had no knowledge, which is, you know -- I

14  don't think there's any other way to sugarcoat it.  It was in

15  defiance of my order.

16      So now you want me to credit information about Costa Rica

17  without putting it to the test of an evidentiary hearing.  In

18  light of the prior conduct, I'm not inclined to do that.

19      So you tell me why I should neither strike the affidavit

20  or have an evidentiary hearing.

21          **MR. GUYNN:**  Thank you, Your Honor.

22      So I've got at least four reasons why you should not do

23  either of those things.

24      The first is, that there's numerous threshold legal issues

25  and jurisdictional barriers, Your Honor, that would prevent the

1  Court from even reaching facts related to Mr. Cantú's testimony

2  about Costa Rica.

3        Actually, Your Honor, I'm going to back up real quick.

4        There's a number of statements and exhibits, including

5  Mr. Cantú's, and others that are sealed, that I won't be able

6  to discuss right now in open court, Your Honor, given, I think,

7  the public access line has joined.

8        In addition to that, the United States is under an order

9  from Judge Waverly Crenshaw to -- that precludes us from making

10  certain statements related to Mr. Abrego Garcia's history and

11  his current charges.

12        If you want more detail about some of the statements I'm

13  going to make, I can provide some, but I'm not going to be able

14  to provide that while this is open to the public, Your Honor.

15            **THE COURT:**  So then let me ask you, before we go on.

16            **MR. GUYNN:**  Sure.

17            **THE COURT:**  Maybe what makes sense is that you have

18  the witnesses available, and I hear you, if you're concerned --

19  well, first of all, you didn't respond in writing to 81; is

20  that right?

21            **MR. GUYNN:**  Well, I apologize, Your Honor.  I'm

22  actually referring to right now, what I've described to you as

23  the four reasons why we don't need to strike the declaration or

24  have another evidentiary hearing, there's things that I can't

25  say right now on the record, Your Honor.

1        **THE COURT:**  Right, I know.  But I'm saying that that

2 is relatively useless to me if I can't have them right now

3 right now.  If I can't understand the full context of your

4 argument, then I'm not going to be able to take them into

5 consideration.

6     So I want to make sure the record is clear, ECF 81 was

7 filed but there isn't a response on the record.  I'm not

8 faulting you for it, I just want to make sure I'm clear.

9     You have not responded in writing to ECF 81, right?

10        **MR. GUYNN:**  That's correct, Your Honor.  And --

11 sorry.

12        **THE COURT:**  Yeah.  I was about to say, I can allow to

13 you do that, where you can give me what you think I need under

14 seal, and I can consider it.  And then if I don't find that

15 sealing has been met, I can unseal at a later date, but I can

16 allow to you respond in writing.

17     But that begs the question as to what do we do on

18 Thursday?  And the only alternative I can think of, if you want

19 to move expeditiously on this, is bring your witnesses and I

20 can consider it.  And I say witnesses, because I think it's

21 both Mr. Cantú, and whoever he is talking about at the State

22 Department, because you make the point to the petitioners that

23 the State Department is not a party, and, therefore, you

24 don't -- it seems to me you're suggesting you don't have an

25 obligation to give more, and I disagree with that.

1    But my point would be, you have the witnesses on call or

2  available, and if I agree with you, then you don't need to put

3  them on.  If I disagree with you, then they are available for

4  testimony.

5         MR. GUYNN:  I understand all of that, Your Honor.

6  And let me address each of those points.

7    So firstly, with respect to any potential hearing on

8  Thursday, whether it's evidentiary or just a motions hearing

9  that had been previously set, again, Your Honor, I just -- I

10  think it's very unlikely that the Court would even reach any

11  legal issues or facts related to Mr. Cantú's testimony about

12  Costa Rica given the myriad threshold of legal and

13  jurisdictional barriers that the Court would have to clear

14  before even getting there, and those are detailed in --

15         THE COURT:  Let me ask you, something.  Wait,

16  Mr. Guynn, let me just stop you for a second.

17    You all want me to move with speed.  And if at the hearing

18  I reject, say, like, basically, I'm inclined to reject all of

19  your jurisdictional argument, let's say I'm there, then we're

20  going to have to reschedule, perhaps, another date for evidence

21  to be taken.  And if you're okay with that, if you're saying,

22  no, Judge, reach -- like let's have a hearing where we reach

23  legal and other questions, and if you're inclined to grant the

24  petition or deny the motion to dissolve, then we can have the

25  evidence later.

1    If you're -- if you're okay with that, then perhaps we can

2    go that way.  I want to hear from the petitioner.  But I

3    thought that you all were the ones that were saying dissolve

4    this quickly.

5         MR. GUYNN:  Well, I think we are saying that, Your

6    Honor.  I think we're very confident that Your Honor will

7    conclude that petitioner is a member of the *D.V.D.* non-opt-out

8    class and that whether or not he can litigate these habeas

9    claims is a question that's already been answered.  It's being

10   litigated right now in *D.V.D.*  And he doesn't have the ability

11   to claim split in this court.  So that's --

12        THE COURT:  So I'll stop you, Mr. Guynn.  I'm going

13   to stop you because this is basically the arguments that I'll

14   hear on Thursday.

15        I'll tell you right now, I'm disinclined to agree with you

16   on *D.V.D.*, and I'm not the only judge.  And I disagree with you

17   on the claim-splitting issue.  So that's why I'm saying, I

18   think it -- I think we need to focus on the fact that you

19   thought it worth it for me to know as a matter of fact where

20   Costa Rica stands, and that's why you put in the affidavit.

21   But the affidavit is very nonspecific, very hard to understand

22   what you're really trying to say.

23        In light of the government's choices up to this date, I'm

24   inclined to say you either get it stricken or you bring a

25   witness and witnesses.

```
1          I hear you that you think your threshold arguments are
2    going to win.  I'm not there, frankly.  I'll hear you.  I will
3    hear you fully on Thursday.  But I'm trying to conserve
4    resources and not have what we've done in the past, which is we
5    have a legal argument, a factual issue is raised, and then we
6    set it in for an evidentiary hearing, and then we have more
7    argument.  I would rather today just say who do we need
8    witness-wise?  Let's get them there and let's do everything on
9    one day.
10          MR. GUYNN:  Sure.  Okay.  Then I've got two more, I
11   think, challenges then with having an evidentiary hearing on
12   Thursday.
13          THE COURT:  Okay.  Okay.
14          MR. GUYNN:  You know, look, I hear what Your Honor
15   just said about how you're unhappy with, you know, the content
16   of Mr. Schultz's testimony, and perhaps Mr. Giles' testimony.
17   You know, respectfully, Your Honor, I disagree that those
18   witnesses --
19          THE COURT:  Okay.  Mr. Guynn, I'm not unhappy --
20          MR. GUYNN:  I'm --
21          THE COURT:  Hold on.  No.  Stop.
22          I'm not unhappy with what the witnesses testified to.
23   What I'm unhappy with is the attorneys not being able to follow
24   my order and bring a witness who is prepared.  And there is no
25   dispute in that regard.  Go back and read my prior order.
```

1      Did you have a witness prepared to talk about Costa Rica?

2 Absolutely not.

3      Did you make any argument that it was somehow legally

4 barred or prohibited?  You didn't.

5      You just chose to bring a witness who got on the stand and

6 said Costa Rica, where?  Had nothing for me.

7      So I'm not going to engage with you as to whether it is

8 the witness's fault, because I --

9           **MR. GUYNN:**  Well --

10          **THE COURT:**  I see it as a strategy on your part, on

11 behalf of your client, that has been present since day one, and

12 it is a problem.

13     In fairness to you, I'm giving you the option now of

14 telling me in advance whether this affidavit is important

15 enough to you to bring a witness to shore it up.  So can you

16 answer that question, since you say you have two more arguments

17 for me?

18          **MR. GUYNN:**  Okay.  I -- yeah, well, this is the first

19 of those two.

20     So I think that one of the things that's difficult here is

21 that Mr. Giles and Schultz, I think, provided pretty clear

22 testimony about the nature of DHS's knowledge and their

23 interactions with the State Department and what the division of

24 tasks is as the government seeks to identify a removal country,

25 and that DHS works with the State Department to effectuate

1   removal to that particular country.

2       And I think that Mr. Cantú will be able to share

3   information, all of the information that is in that procedure

4   that Mr. Schultz and, I think, Mr. Giles testified about in

5   great detail, he'll be able to only share information that DHS

6   will tell.  That's essentially what is in the declaration.

7       Now, what I'm hearing is, is that you would like a State

8   Department witness there as well.

9       Now, as you know, the State Department is not a party, nor

10  could it be, because this is the habeas action.  And the only

11  proper defendant is the immediate custodian.

12      So Mr. Cantú will not be able to bind the State

13  Department.

14      I'm not saying that we're unwilling to provide a State

15  Department witness.  What I am saying, though, is that if

16  petitioner wants a State Department witness, they are going to

17  need to follow the Federal Rules of Civil Procedure and

18  subpoena the State Department, and then we can go through the

19  *Touhy* process, which I don't believe can be completed by

20  Thursday, but which we will --

21          **THE COURT:**  Okay.  Well, then I suppose -- let's take

22  it one step a time.  I mean, without Mr. Cantú, we don't even

23  know what the underlying information is.

24      So assuming -- I don't want anything, I want to resolve

25  81.  And 81 has made the request, from Mr. Cantú, to bind the

1  defendants, who are the parties now, or to strike the

2  affidavit.

3      It sounds like what you're saying is Mr. Cantú, because he

4  is a DHS official, cannot bind the State Department.  That may

5  be.  And if the petitioner believes that there's something

6  else, after Mr. Cantú testifies, that they need, then they can

7  seek whatever process they seek, and I'll decide it.  I don't

8  have really that before me.

9      Yeah, I suppose, putting it back to the government, if the

10 government thinks that it would be more efficient to simply

11 produce the evidence that forms the basis of Mr. Cantú's

12 testimony, whether under seal or in open court, then you can do

13 that, and you can do that on Thursday.

14     I'm trying not to get over my skis here.  81 is before me.

15 So far, I haven't heard anything that suggests I should relieve

16 the government of its obligation to either bring the witness or

17 I'll strike the affidavit.

18     You said you had another argument, though?

19     **MR. GUYNN:**  Well, so, I think for -- I apologize if

20 it was in my doing, Your Honor, but I think we've collapsed the

21 two arguments.  One is that Mr. Cantú, I can prepare him to say

22 everything that the Department of Homeland Security knows.

23     And, Your Honor, I'm not here today representing, you

24 know, quote, unquote, the government.  I'm representing the

25 respondents, not the State Department today.  And so --

1          **THE COURT:**  Right.

2          **MR. GUYNN:**  And, you know, if -- when I bring my

3   clients as witnesses to the hearing on Thursday, they will be

4   able to testify on behalf of my clients, not on behalf of

5   nonparties, the State Department.

6       The second argument was that he can't bind the State

7   Department and we'll have to go through the *Touhy* process.

8       And, again, I'm not saying that we won't -- we can't do

9   that, and I guess I'm also not saying that we are not willing

10  to have him, Mr. Cantú, come on Thursday and say things to bind

11  DHS.  I'm just concerned that there will be frustration with

12  how I have prepared Mr. Cantú if he's only prepared to bind DHS

13  and not the State Department.

14          **THE COURT:**  Well, that -- we'll see.  But, you know,

15  Mr. Cantú has basically said he has knowledge that he derived

16  from the State Department about Costa Rica, and so the witness

17  should be able to come in and testify as to what that knowledge

18  is.  And if you think that there's anything which deserves

19  sealing protection, you make that motion and we'll deal with

20  it.

21      But unlike the last witness, in contravention of my order,

22  who said, "I know nothing about Costa Rica, I didn't even know

23  it was on the table."  And I think that was the same hearing in

24  which you said we stipulate that Costa Rica is still on the

25  table if Eswatini falls through, this will be a different

1   kettle of fish because you put in an affidavit that things have

2   changed.

3       And so I think the petitioner just wants to know what has

4   changed.  And I don't know, maybe there has been some

5   communication, since 81 was filed, where you shared that with

6   petitioner, which might moot this, but it doesn't sound like

7   that.

8       So I --

9           **MR. GUYNN:**  Well --

10          **THE COURT:**  Was that Mr. Molina?

11          **MR. GUYNN:**  Sorry, Your Honor, that was me.  That was

12  Mr. Guynn.

13      Go ahead, Your Honor.

14          **THE COURT:**  I suppose what I was about to say, is I

15  hear you that the State Department is not a party, and when --

16  in the past, I've asked for witnesses to bind the defendants,

17  it's obviously the parties.  I hear you that you say I might be

18  frustrated, but what really frustrates me is contravention of

19  my orders not because the witness may not be able to bind the

20  State Department.

21      The witness clearly got the information from individuals

22  not within DHS.  That's the whole purpose, I suppose, of the

23  affidavit.

24      And you're right, that to the extent the petitioner

25  believes more is relevant, they will have to show that.  That's

1  not what's before me, though, I don't think.

2         **MR. GUYNN:**   So, again, this is Mr. Guynn, Your Honor.

3     Yeah, look, I think consistent with Mr. Schultz's and

4  Giles' testimony, there is -- again, there's the division of

5  labor between DHS and the State Department when we're

6  effectuating third-country removals.  There is communication

7  between DHS and the State Department at that point.  But DHS

8  doesn't know the content of everything the State Department is

9  doing, and vice versa.

10    And so while Mr. Cantú will be able to tell you what --

11  what the content of what are some of his communications with

12  the State Department, and what the basis is for his

13  understanding, I can't -- I am confident that that will not be

14  the sum total of everything the State Department could have

15  said.

16    And so, yes, we -- I don't think -- again, for all the

17  reasons I said earlier, I don't think that this is something

18  the Court even needs to reach.  I don't think it's a good use

19  of the Court's time.  But if the Court wishes to do this and

20  it's either strike the declaration or we can have Mr. Cantú be

21  cross-examined on Thursday, we're happy to go with the latter.

22         **THE COURT:**   Okay.  And, you know, just so that we're

23  clear, whenever DHS has testified before, it's been the same

24  situation.  And often, the government does put in, whether it's

25  underlying documents or other information, and I have, I think,

1  been liberal in protecting, you know, what you have asked me to

2  seal as sealed.  And, again, I'll remind you, if you need the

3  sealing requirements, the same will apply here.

4     Let me turn to petitioner to make sure I've gotten the --

5  I've gotten the gist of 81 right, and that there isn't any ask

6  for any other witnesses beyond Mr. Cantú.

7          **MR. RAND:**  Good afternoon.  It's Mr. Rand, Your

8  Honor, for petitioner.

9     Yes.  No, Your Honor has correctly described our view of

10  the issue.  We obviously agree with points Your Honor made in

11  having Mr. Cantú come, or alternatively have the declaration

12  stricken.  We look forward to examining Mr. Cantú on Thursday.

13  And at this time, we have no further ask.

14     I will just make the observation that given the issues

15  before the Court, the government has certain burdens of proof,

16  and they will decide how they wish to address that, but we'll

17  take that up with Your Honor after examining Mr. Cantú.

18          **THE COURT:**  Okay.  All right.  Then -- then let's

19  prepare to have Mr. Cantú testify first.  I don't expect it's

20  going to be terribly lengthy.  I'll keep, you know, everyone

21  moving in that regard, then we'll go right into oral argument.

22  And I expect the parties to be prepared to argue the petition

23  itself, all counts of the petition, as well as the motion to

24  dissolve.  I'll see you all on Thursday.

25     I'll issue an order to this effect, is there anything that

1   just grants 81 and expects Mr. Cantú to testify in a manner

2   that binds the defendants, which is not the State Department,

3   and we'll take it from there.

4       Anything else?

5           **MR. GUYNN:**  No, Your Honor.  Thank you.  Nothing

6   further from respondents, Your Honor.

7           **THE COURT:**  All right.  Thank you all.  I'll see you

8   on Thursday.

9       (Proceedings were concluded at 1:02 p.m.)

1              CERTIFICATE OF OFFICIAL REPORTER

2

3

4      I, Paula J. Leeper, Federal Official Court Reporter, in

5 and for the United States District Court for the District of

6 Maryland, do hereby certify, pursuant to 28 U.S.C. § 753, that

7 the foregoing is a true and correct transcript of the

8 stenographically-reported proceedings held in the

9 above-entitled matter and the transcript page format is in

10 conformance with the regulations of the Judicial Conference of

11 the United States.

12                          Dated this 18th day of November 2025.

13

14

15                    /S/ Paula J. Leeper
                      _____
16
                      Paula J. Leeper, RMR, CRR
17                    Federal Official Reporter

18

19

20

21

22

23

24

25

| | | |
|---|---|---|
| **DEPUTY CLERK: [6]** 3/3 3/9 3/22 3/15 3/19 7/22 | **answer [2]** 5/12 12/16 | **counts [1]** 18/23 |
| **MR. COOPER: [1]** 4/23 | **answered [1]** 10/9 | **court [18]** 1/1 1/10 3/2 3/9 3/23 3/25 4/24 7/1 7/6 |
| **MR. GUYNN: [21]** | **anyone [3]** 4/17 15/18 15/18 | 9/10 9/25 11/1 11/11 17/18 17/19 18/15 20/4 20/5 |
| **MR. MOLINA: [1]** 4/10 | **anything [1]** 12/22 | **Court's [2]** 4/18 |
| **MR. RAND: [2]** 4/5 18/7 | **apologize [3]** 4/18 7/21 14/19 | **courtroom [1]** 3/16 |
| **MR. SANDOVAL-MOSHENBERG: [1]** 4/3 | **APPEARANCES [2]** 1/12 2/1 | **credit [1]** 6/16 |
| **MS. HORTON: [1]** 4/7 | **apply [2]** 4/25 18/3 | **Crenshaw [1]** 7/9 |
| **MS. PATHALAM: [1]** 4/8 | **appreciate [1]** 5/17 | **cross [1]** 17/21 |
| **THE COURT: [27]** | **aren't [1]** 5/19 | **cross-examined [1]** 17/21 |
| | **argue [1]** 18/22 | **CRR [2]** 20/16 |
| **/** | **argument [8]** 8/4 9/19 11/5 11/7 12/3 14/18 15/6 | **current [1]** 7/11 |
| **/s [1]** 20/15 | 18/21 | **custodian [1]** 13/11 |
| | **arguments [5]** 5/7 10/13 11/1 12/16 14/21 | **cv [1]** 1/5 |
| **0** | **ARMANDO [3]** 1/3 3/10 3/24 | |
| **0261 [1]** 2/5 | **ask [5]** 3/4 7/15 9/15 18/5 18/13 | **D** |
| | **asked [3]** 5/4 16/16 18/1 | **D.V.D [3]** 10/7 10/10 10/16 |
| **1** | **ASSISTANT [1]** 2/3 | **date [3]** 8/15 9/20 10/23 |
| **10 [1]** 6/12 | **assuming [1]** 13/24 | **Dated [1]** 20/12 |
| **10016 [1]** 1/15 | **ATTORNEY [1]** 2/3 | **day [3]** 11/9 12/11 20/12 |
| **12:30 [1]** 1/11 | **attorneys [1]** 11/23 | **DC [3]** 1/20 2/5 2/9 |
| **1300 [1]** 1/19 | **available [3]** 7/18 9/2 9/3 | **deal [1]** 15/19 |
| **17 [1]** 1/11 | **Avenue [2]** 1/15 2/4 | **decide [2]** 14/7 18/16 |
| **18th [1]** 20/12 | | **declaration [5]** 5/20 7/23 13/6 17/20 18/11 |
| **1:02 [1]** 19/9 | **B** | **defendant [1]** 13/11 |
| | **back [2]** 7/3 11/25 14/9 | **defendants [3]** 14/1 16/16 19/2 |
| **2** | **barred [1]** 12/4 | **defiance [1]** 6/15 |
| **20005 [1]** 1/20 | **barriers [2]** 6/25 9/13 | **deny [1]** 9/24 |
| **20044 [1]** 2/9 | **basically [4]** 6/2 9/18 10/13 15/15 | **DEPARTMENT [26]** |
| **202 [2]** 2/5 2/9 | **basis [2]** 14/11 17/12 | **DEPUTY [1]** 2/3 |
| **2025 [2]** 1/11 20/12 | **battle [1]** 5/18 | **derived [1]** 15/15 |
| **20530 [1]** 2/5 | **because [10]** 5/4 5/9 8/20 8/22 10/13 12/8 13/10 | **described [2]** 7/22 18/9 |
| **212 [1]** 1/16 | 14/3 16/1 16/19 | **deserves [1]** 15/18 |
| **218-9376 [1]** 1/23 | **before [12]** 1/10 3/9 3/23 3/25 5/25 7/15 9/14 14/8 | **despite [1]** 6/12 |
| **22030 [1]** 1/23 | 14/14 17/1 17/23 18/15 | **detail [2]** 7/12 13/5 |
| **2780 [2]** 3/9 3/24 | **begs [1]** 8/17 | **detailed [1]** 9/14 |
| **28 [1]** 20/6 | **behalf [5]** 1/13 2/2 12/11 15/4 15/4 | **DHS [10]** 12/25 13/5 13/5 14/4 15/11 15/12 16/22 17/5 |
| **295 [1]** 1/15 | **being [3]** 4/24 10/9 11/23 | 17/7 17/7 17/23 |
| | **believe [1]** 13/19 | **DHS's [1]** 12/22 |
| **3** | **believes [2]** 14/5 16/25 | **different [1]** 15/25 |
| **300 [1]** 1/22 | **Ben [1]** 2/8 | **difficult [1]** 12/20 |
| **353-0261 [1]** 2/5 | **between [2]** 17/5 17/7 | **directive [1]** 6/12 |
| | **beyond [1]** 18/6 | **disagree [4]** 8/25 9/3 10/16 11/17 |
| **4** | **bind [8]** 13/12 13/25 14/4 15/6 15/10 15/12 16/16 | **discuss [1]** 7/6 |
| **4103 [1]** 1/22 | 16/19 | **disinclined [1]** 10/15 |
| **434 [1]** 1/23 | **binds [1]** 19/2 | **dispute [1]** 11/25 |
| | **both [1]** 8/21 | **dissolve [3]** 9/24 10/3 18/24 |
| **5** | **Box [1]** 2/8 | **DISTRICT [5]** 1/1 1/1 1/10 20/5 20/5 |
| **5th [1]** 1/15 | **Brian [1]** 3/11 | **division [4]** 1/2 2/4 12/23 17/4 |
| | **Bridge [1]** 1/22 | **do [12]** 6/18 6/22 8/13 8/17 8/17 11/7 11/8 14/12 |
| **6** | **bring [9]** 5/14 6/10 8/19 10/24 11/24 12/5 12/15 | 14/13 15/8 17/19 20/6 |
| **616-9344 [1]** 2/9 | 14/16 15/2 | **documents [1]** 17/25 |
| **617 [1]** 1/20 | **burdens [1]** 18/15 | **doing [2]** 14/20 17/9 |
| | | |
| **7** | **C** | **E** |
| **7000 [1]** 1/16 | **call [1]** 9/1 | **each [1]** 9/6 |
| **712-7165 [1]** 1/20 | **called [2]** 3/2 5/3 | **earlier [1]** 17/17 |
| **7165 [1]** 1/20 | **can't [6]** 7/24 8/2 8/3 15/6 15/8 17/13 | **ECF [4]** 5/4 5/7 8/6 8/9 |
| **75-6 [1]** 5/3 | **cannot [1]** 14/4 | **echo [2]** 3/14 3/19 |
| **753 [1]** 20/6 | **Cantú [20]** 5/5 8/21 13/2 13/12 13/22 13/25 14/3 | **effect [1]** 18/25 |
| | 14/6 14/21 15/10 15/12 15/15 17/10 17/20 18/6 | **effectuate [1]** 12/25 |
| **8** | 18/11 18/12 18/17 18/19 19/1 | **effectuating [1]** 17/6 |
| **81 [11]** 5/4 5/7 7/19 8/6 8/9 13/25 13/25 14/14 | **Cantú's [4]** 7/1 7/5 9/11 14/11 | **efficient [1]** 14/10 |
| 16/5 18/5 19/1 | **Case [1]** 1/5 | **either [6]** 5/4 6/5 6/23 10/24 14/16 17/20 |
| **849-7000 [1]** 1/16 | **certain [2]** 7/10 18/15 | **else [3]** 4/12 14/6 19/4 |
| **878 [1]** 2/8 | **CERTIFICATE [1]** 19/10 | **EMANUEL [2]** 1/14 1/18 |
| **8:25-cv-02780-PX [1]** 1/5 | **certify [1]** 20/6 | **end [1]** 3/14 |
| | **Chain [1]** 1/22 | **engage [1]** 12/7 |
| **9** | **challenges [1]** 11/11 | **enough [1]** 12/15 |
| **900 [1]** 1/19 | **changed [2]** 16/2 16/4 | **Ensign [1]** 4/17 |
| **9344 [1]** 2/9 | **charges [1]** 7/11 | **entitled [1]** 20/9 |
| **9376 [1]** 1/23 | **choices [1]** 10/23 | **ERNESTO [2]** 2/7 4/10 |
| **950 [1]** 2/4 | **chose [1]** 12/5 | **ESQUIRE [7]** 1/14 1/17 1/17 1/18 1/21 2/3 2/7 |
| | **chosen [1]** 6/4 | **essentially [1]** 13/6 |
| **A** | **chosen is [1]** 6/4 | **Eswatini [1]** 15/25 |
| **ability [1]** 10/10 | **Civil [5]** 1/5 2/4 3/9 3/23 13/17 | **et [3]** 1/6 3/10 3/25 |
| **able [12]** 5/15 7/5 7/13 8/4 11/23 12/3 13/5 13/12 | **claim [2]** 10/11 10/17 | **even [6]** 7/1 9/10 9/14 13/22 15/22 17/18 |
| 15/4 15/17 16/19 17/10 | **claim-splitting [1]** 10/17 | **everyone [1]** 18/20 |
| **above [1]** 20/9 | **claims [1]** 10/9 | **everything [4]** 11/8 14/22 17/8 17/14 |
| **above-entitled [1]** 20/9 | **clam [1]** 10/8 | **evidence [3]** 9/20 9/25 14/11 |
| **ABREGO [5]** 1/3 3/10 3/24 6/4 7/10 | **clear [6]** 6/12 8/6 8/8 9/13 12/21 17/23 | **evidentiary [9]** 5/6 5/14 5/22 6/17 6/20 7/24 9/18 |
| **Absolutely [1]** 12/2 | **clearly [1]** 16/21 | 11/6 11/11 |
| **acceptable [1]** 6/5 | **client [1]** 12/11 | **exactly [1]** 5/10 |
| **access [3]** 4/23 4/24 7/7 | **clients [2]** 15/3 15/4 | **examined [1]** 17/21 |
| **action [3]** 3/9 3/23 13/10 | **collapsed [1]** 14/20 | **examining [2]** 18/12 18/17 |
| **actually [2]** 7/3 7/22 | **come [3]** 15/10 15/17 18/11 | **Executive [1]** 6/2 |
| **addition [1]** 7/8 | **comes [1]** 3/25 | **exhibits [1]** 7/4 |
| **address [2]** 9/6 18/16 | **communication [2]** 16/5 17/6 | **expect [2]** 18/19 18/22 |
| **advance [1]** 12/14 | **communications [1]** 17/11 | **expects [1]** 19/1 |
| **affiant [3]** 5/15 6/6 6/7 | **completed [1]** 13/19 | **expeditiously [1]** 8/19 |
| **affidavit [12]** 5/5 5/9 5/13 6/1 6/19 10/20 10/21 | **COMPUTER [1]** 1/25 | **explain [1]** 5/22 |
| 12/14 14/2 14/17 16/1 16/23 | **COMPUTER-AIDED [1]** 1/25 | **extent [1]** 16/24 |
| **after [2]** 14/6 18/17 | **concerned [2]** 7/18 15/11 | |
| **afternoon [5]** 3/3 3/4 3/5 3/6 18/7 | **conclude [1]** 19/9 | **F** |
| **again [6]** 9/9 15/8 17/2 17/4 17/16 18/2 | **concluded [1]** 19/9 | **fact [3]** 6/9 10/18 10/19 |
| **agree [3]** 9/2 10/15 18/10 | **conduct [1]** 6/18 | **facts [2]** 7/1 9/11 |
| **ahead [1]** 16/13 | **conference [2]** 4/1 20/10 | **factual [2]** 5/15 11/5 |
| **AIDED [1]** 1/25 | **confident [2]** 10/6 17/13 | **Fairfax [1]** 1/23 |
| **al [3]** 1/6 3/10 3/25 | **conformance [1]** 20/10 | **fairness [1]** 12/13 |
| **all [13]** 5/19 7/19 9/5 9/17 9/18 10/3 13/3 17/16 | **conserve [1]** 11/3 | **fails [1]** 15/25 |
| 18/18 18/23 18/24 19/7 19/7 | **consider [2]** 8/14 8/20 | **far [1]** 14/15 |
| **allow [2]** 8/12 8/16 | **consideration [1]** 8/5 | **fault [1]** 12/8 |
| **already [1]** 10/9 | **consistent [1]** 17/3 | **faulting [1]** 8/8 |
| **also [2]** 5/21 15/9 | **content [3]** 11/15 17/8 17/11 | **Federal [3]** 13/17 20/4 20/17 |
| **alternative [1]** 8/18 | **content [1]** 8/3 | **filed [2]** 8/7 16/5 |
| **alternatively [1]** 18/11 | **CONTINUED [1]** 2/1 | **find [1]** 8/14 |
| **am [5]** 3/15 3/19 3/20 13/15 17/13 | **contravention [1]** 15/21 16/18 | **first [4]** 6/24 7/19 12/18 18/19 |
| **another [3]** 7/24 9/20 14/18 | **COOPER [2]** 1/17 4/6 | **firsthand [1]** 9/7 |
| | **correct [2]** 8/10 20/7 | **firstly [1]** 9/7 |
| | **correctly [1]** 18/9 | **fish [1]** 16/1 |
| | **Costa [6]** 6/3 6/5 6/16 7/2 9/12 10/20 12/1 12/6 | **focus [1]** 10/18 |
| | 15/16 15/22 15/24 | **follow [2]** 11/23 13/17 |
| | **Counsel [2]** 4/2 5/3 | **force [1]** 5/8 |
| | **country [4]** 6/4 12/24 13/1 17/6 | |

**F**

foregoing [1]  20/7
format [1]  20/9
forms [1]  14/11
forward [1]  18/12
four [2]  6/22 7/23
Franklin [1]  2/8
frankly [2]  5/9 11/2
free [1]  4/25
frustrated [1]  16/18
frustrates [1]  16/18
frustration [1]  15/11
full [1]  8/3
fully [1]  11/3
further [2]  18/13 19/6

**G**

GARCIA [3]  1/3 3/10 3/24
Garcia's [1]  7/10
GENERAL [1]  2/3
getting [1]  9/14
Giles [2]  12/21 13/4
Giles' [2]  11/16 17/4
gist [1]  18/5
give [2]  8/13 8/25
given [3]  7/6 9/12 18/14
giving [1]  12/13
go [8]  7/15 10/2 11/25 13/18 15/7 16/13 17/21
  18/21
going [14]  3/13 3/13 4/15 4/19 7/3 7/13 7/13 8/4
  9/20 10/12 11/2 12/7 13/16 18/20
good [7]  3/3 3/4 3/5 3/6 4/3 17/18 18/7
got [4]  5/2 12/10 12/5 16/21
gotten [2]  18/4 18/5
government [9]  6/5 6/10 12/24 14/9 14/10 14/16
  14/24 17/24 18/15
government's [1]  10/23
grant [1]  9/23
grants [1]  19/1
great [1]  13/5
GREENBELT [1]  1/2
guess [2]  5/12 15/9
GUYNN [12]  2/3 4/9 4/14 4/15 4/19 4/22 5/8 9/16
  10/12 11/19 16/12 17/2

**H**

habeas [2]  10/8 13/10
happy [2]  5/22 17/21
hard [1]  10/21
having [2]  11/11 18/11
he'll [1]  13/5
hear [9]  7/18 10/2 10/14 11/1 11/2 11/3 11/14
  16/15 16/17
heard [2]  14/2 14/15
hearing [21]
held [1]  12/8
hereby [1]  20/6
him [2]  14/21 15/10
his [3]  7/11 17/11 17/12
history [1]  7/10
Hold [1]  11/21
Homeland [1]  10/4
Honor [35]
HONORABLE [1]  1/10
HORTON [2]  1/17 4/7

**I**

I'll [12]  9/12 10/12 10/13 10/15 11/2 14/7 14/17
  18/2 18/20 18/24 18/25 19/7
I'm [39]
I'm hearing [1]  3/12
I've [8]  5/3 5/7 6/22 7/22 11/10 16/16 18/4 18/5
identify [3]  4/2 4/21 12/24
immediate [1]  13/11
IMMIGRATION [1]  2/7
important [1]  12/14
inclined [4]  6/18 9/18 9/23 10/24
including [1]  7/4
individuals [2]  5/21
information [7]  6/16 13/3 13/3 13/5 13/23 16/21
  17/25
interactions [1]  12/23
interruptions [1]  5/2
is [76]
isn't [2]  8/7 18/5
issue [5]  6/11 10/17 11/5 18/10 18/25
issues [3]  6/24 9/11 18/14
itself [2]  6/6 18/23

**J**

joined [2]  3/4 7/7
JONATHAN [6]  1/17 2/3 4/6 4/9 4/14 4/19
JR [1]  2/7
judge [7]  1/10 3/3 3/5 3/6 7/9 9/22 10/16
Judicial [1]  20/10
jurisdictional [3]  6/25 9/13 9/19
JUSTICE [1]  2/4

**K**

keep [1]  18/20
kettle [1]  16/1
KILMAR [3]  1/3 3/10 3/24
knowledge [5]  6/11 6/13 12/22 15/15 15/17
knows [1]  14/22
KRISTI [3]  1/6 3/10 3/25

**L**

labor [1]  17/5
largely [1]  5/24
last [2]  6/9 15/21

**later** [2]  8/15 9/25
**latter** [1]  17/21
**least** [1]  11/7
**keeper** [1]  11/7
**legal** [5]  6/24 9/11 9/12 9/23 11/5
**legally** [1]  12/3
**lengthy** [1]  18/20
**liberal** [1]  18/1
**light** [3]  6/9 6/18 10/23
**line** [4]  4/13 4/23 4/24 7/7
**listen** [1]  4/25
**litigate** [1]  10/8
**litigated** [1]  10/10
**LITIGATION** [1]  2/7
**LLC** [1]  1/18
**LLP** [1]  2/6
**longer** [1]  6/4
**look** [3]  11/14 17/3 18/12

**M**

made [2]  13/25 18/10
make [8]  7/13 8/6 8/8 8/22 12/3 15/19 18/4 18/14
makes [1]  7/17
making [1]  7/9
manner [1]  19/1
MARYLAND [2]  1/1 20/6
matter [5]  3/8 3/23 3/25 10/19 20/9
may [4]  3/4 5/15 14/4 16/19
maybe [3]  3/20 7/17 16/4
mean [2]  6/6 13/22
member [1]  10/7
met [1]  8/15
might [2]  16/6 16/17
MOLINA [5]  2/7 4/10 4/16 4/19 16/10
MONDAY [1]  1/11
most [1]  16/6
more [9]  4/25 5/1 7/12 8/25 11/6 11/10 12/16 14/10
  16/22
morning [1]  4/3
MOSHENBERG [2]  1/21 4/4
motion [3]  9/24 15/19 18/23
motions [1]  9/8
move [2]  8/19 9/17
moving [1]  18/21
Mr. [45]
Mr. Abrego [2]  6/4 7/10
Mr. Cantú [20]  5/5 8/21 13/2 13/12 13/22 13/25
  14/3 14/6 14/21 15/10 15/12 15/15 17/10 17/20 18/6
  18/12 18/12 18/17 18/19 19/1
Mr. Cantú's [4]  7/1 7/5 9/11 14/11
Mr. Ensign [1]  4/17
Mr. Giles [2]  12/21 13/4
Mr. Giles' [1]  11/16
Mr. Guynn [8]  4/15 4/22 5/8 9/16 10/12 11/19 16/12
  17/2
Mr. Molina [3]  4/16 4/19 16/10
Mr. Rand [1]  18/7
Mr. Schultz [1]  13/4
Mr. Schultz's [2]  11/16 17/3
MURRAY [1]  1/22
myriad [1]  9/12

**N**

nature [1]  12/22
need [8]  7/23 8/13 9/2 10/18 11/7 13/17 14/6 18/2
needs [1]  17/18
neither [3]  3/20 5/19 6/19
New [1]  1/15
NITHYA [2]  1/18 4/8
no [12]  4/14 4/15 4/18 5/1 6/3 6/13 9/22 11/21
  11/24 18/9 18/13 19/5
NOEM [3]  1/6 3/10 3/25
non [1]  10/7
non-opt-out [1]  10/7
nonparties [1]  15/5
nonspecific [1]  17/12
not [41]
not unhappy [1]  11/19
NOTES [1]  1/25
nothing [3]  12/6 15/22 19/5
NOVEMBER [2]  1/11 20/12
number [6]  1/5 3/9 3/24 6/8 6/9 7/4
numerous [1]  6/24
NW [2]  1/19 2/4
NY [1]  1/15

**O**

obligation [2]  8/25 14/16
observation [1]  18/14
obviously [2]  16/17 18/10
October [2]  6/12 6/12
October 10 [1]  6/12
OFFICE [1]  2/7
official [4]  14/4 20/1 20/4 20/17
often [1]  17/24
Oh [1]  4/20
okay [4]  4/22 5/3 9/21 10/1 11/10 11/13 11/13
  11/19 12/18 13/21 17/22 18/18
OLIVIA [2]  1/17 4/7
one [7]  6/6 6/8 11/9 12/11 12/20 13/22 14/21
ones [1]  10/3
only [5]  8/18 10/16 13/5 13/10 15/12
open [3]  7/6 7/14 14/12
opt [1]  10/7
option [2]  6/3 12/13
options [2]  5/19 5/20
oral [1]  18/21
order [7]  3/2 6/15 7/8 11/24 11/25 15/21 18/25
ordered [1]  6/10
orders [1]  16/19
OSORIO [1]  1/22
other [4]  6/14 9/23 17/25 18/6

**others** [2]  5/15 7/5
**out** [2]  3/18 10/7
**over** [1]  10/12

**P**

p.m [2]  1/11 19/9
P.O [1]  2/8
page [1]  20/9
part [1]  12/10
particular [1]  13/1
parties [3]  14/1 16/17 18/22
party [3]  8/23 13/9 16/15
past [2]  11/4 16/16
PATHALAM [2]  1/18 4/8
PAULA [4]  1/10 20/4 20/15 20/16
pending [2]  3/9 3/23
Pennsylvania [1]  2/4
people [1]  4/21
perhaps [3]  9/20 10/1 11/16
person [2]  6/7 6/11
petition [3]  9/24 18/22 18/23
petitioner [17]  1/4 1/13 4/4 4/5 4/6 4/7 4/8 5/4
  10/2 10/7 13/16 14/5 16/3 16/6 16/24 18/4 18/8
petitioners [1]  8/22
please [1]  4/2
point [4]  3/19 8/22 9/1 17/7
points [2]  9/6 18/10
potential [1]  9/7
precludes [1]  7/9
predicate [1]  5/16
prefer [2]  5/13 5/13
prepare [2]  14/21 18/19
prepared [5]  11/24 12/1 15/12 15/12 18/22
present [1]  12/11
presented [1]  5/19
pretty [2]  5/9 12/21
prevent [1]  6/25
previously [1]  9/9
prior [2]  6/18 11/25
problem [2]  5/24 12/12
procedure [2]  18/1 18/1
PROCEEDING [1]  1/9
proceedings [2]  19/9 20/8
process [3]  13/19 14/7 15/7
produce [1]  14/11
prohibited [1]  12/4
prong [1]  6/1
proof [1]  18/15
proper [1]  13/11
protecting [1]  18/11
protection [1]  15/19
provide [3]  7/13 7/14 13/14
provided [1]  12/21
public [4]  4/23 4/24 7/7 7/14
purpose [1]  16/22
pursuant [1]  20/10
put [7]  5/12 5/25 6/13 9/2 10/20 16/1 17/24
putting [2]  6/17 14/9
PX [1]  1/5
PX25 [2]  3/9 3/24
PX25-2780 [2]  3/9 3/24

**Q**

question [3]  8/17 10/9 12/16
questions [1]  9/23
quick [2]  3/18 7/3
quickly [1]  10/4
QUINN [2]  1/14 1/18
quote [1]  14/24

**R**

raised [1]  11/5
RAND [3]  1/14 4/5 18/7
rather [1]  11/7
reach [4]  9/10 9/22 9/22 17/18
reaching [1]  7/1
read [2]  5/7 11/25
ready [1]  3/7
real [2]  3/18 7/3
really [4]  6/6 10/22 14/8 16/18
reason [1]  5/3
reasonable [1]  6/3
reasons [4]  5/23 6/22 7/23 17/17
record [5]  4/2 5/16 7/25 8/6 8/7
references [1]  5/10
referring [1]  7/22
regard [2]  11/25 18/21
regulations [1]  20/10
reject [2]  9/18 9/18
related [3]  7/1 7/10 9/11
relatively [1]  8/2
relevant [1]  16/25
relieve [1]  14/15
rely [1]  6/1
remind [2]  4/23 18/2
removal [2]  12/24 13/1
removals [1]  17/6
reported [1]  20/8
REPORTER [3]  20/1 20/4 20/17
representing [2]  14/23 14/24
request [1]  13/25
requirements [1]  18/3
reschedule [1]  9/20
resolve [1]  13/24
resources [1]  11/4
respect [1]  9/7
respectfully [1]  11/17
respond [2]  7/19 8/16
responded [1]  8/9
respondents [7]  1/7 2/2 4/9 4/11 4/12 14/25 19/6
response [1]  8/7
Rica [11]  6/3 6/5 6/16 7/2 9/12 10/20 12/1 12/6

**R**

Rica... [3]   15/16 15/22 15/24
right [16]   7/6 7/8 7/12 8/2 8/22 10/9
   10/10 10/15 15/1 16/24 18/5 18/18 18/21 19/7
RMR [1]   20/16
Road [1]   1/22
rules [2]   4/24 13/17

**S**

same [4]   4/24 15/23 17/23 18/3
SANDOVAL [2]   1/21 4/4
SANDOVAL-MOSHENBERG [2]   1/21 4/4
SASCHA [2]   1/14 4/5
saying [10]   8/1 9/21 10/3 10/5 10/17 13/14 13/15
   14/3 15/8 15/9
Schults [2]   12/21 13/4
Schultz's [2]   11/16 17/3
seal [3]   8/14 14/12 18/2
sealed [2]   7/5 18/2
sealing [3]   8/15 15/19 18/3
second [2]   9/16 15/6
Secretary [2]   3/10 3/24
Security [1]   14/22
see [4]   12/10 15/14 18/24 19/7
seek [2]   14/7 14/7
seeks [1]   12/24
seems [1]   8/24
sense [1]   7/17
set [2]   9/9 11/6
shall [1]   5/1
share [2]   13/2 13/5
shared [1]   16/5
shore [1]   12/15
show [1]   16/25
SIMON [2]   1/21 4/4
simply [1]   14/10
since [3]   12/11 12/16 16/5
situation [1]   17/24
skis [1]   14/14
so [27]
somehow [1]   12/3
something [3]   9/15 14/5 17/17
sorry [4]   4/17 4/20 8/11 16/11
sound [1]   16/6
sounds [2]   5/18 14/3
specifically [1]   6/10
speed [1]   9/17
split [1]   10/11
splitting [1]   10/17
stand [1]   12/5
stands [1]   10/20
State [24]
statements [3]   7/4 7/10 7/12
STATES [5]   1/1 1/10 7/8 20/5 20/11
Station [1]   2/8
status [2]   1/9 5/3
stenographically [1]   20/8
stenographically-reported [1]   20/8
STENOTYPED [1]   1/25
step [1]   13/22
still [1]   15/24
stipulate [1]   15/24
stop [6]   3/13 3/14 9/16 10/12 10/13 11/21
strategy [1]   12/10
Street [1]   1/19
stricken [3]   5/21 10/24 18/12
strike [7]   5/4 5/13 6/19 7/23 14/1 14/17 17/20
subpoena [1]   13/18
sugarcoat [1]   6/14
suggesting [1]   8/24
suggests [1]   14/15
Suite [2]   1/19 1/22
SULLIVAN [2]   1/14 1/18
sum [1]   17/14
suppose [4]   13/21 14/9 16/14 16/22

**T**

table [2]   15/23 15/25
taken [1]   9/21
talk [1]   12/1
talking [1]   8/21
tasks [1]   12/24
telephone [1]   4/1
TELEPHONIC [1]   1/9
tell [6]   5/8 5/15 6/19 10/15 13/6 17/10
telling [1]   12/14
terms [1]   5/9
terrible [1]   3/14
terribly [1]   18/20
test [2]   3/18 6/17
testified [3]   11/22 13/4 17/23
testifies [1]   14/6
testify [1]   15/4 15/17 18/19 19/1
testimony [8]   7/1 9/4 9/11 11/16 11/16 12/22 14/12
   17/4
therefore [1]   8/23
thin [1]   5/9
things [5]   6/23 7/24 12/20 15/10 16/1
think [31]
thinks [1]   14/10
third [2]   6/4 17/6
third-country [1]   17/6
though [3]   13/15 14/18 17/1
thought [4]   4/20 4/21 10/3 10/19
three [1]   4/21
threshold [3]   6/24 9/12 11/1
through [3]   13/18 15/7 15/25
Thursday [16]   5/5 5/14 5/22 8/18 9/8 10/14 11/3
   11/12 13/20 14/13 15/3 15/10 17/21 18/12 18/24
   19/8
time [3]   13/22 17/19 18/13
today [4]   4/19 11/7 14/23 14/25

**U**

top [1]   3/21
total [1]   17/14
Touhy [1]   13/16
transcribed [1]   20/9
TRANSCRIPTION [1]   1/25
true [1]   20/7
trying [4]   5/10 10/22 11/3 14/14
turn [4]   5/5 5/14 5/25 18/4
two [5]   6/9 11/10 12/16 12/19 14/21

**U**

U.S.C [1]   20/6
under [3]   7/8 8/13 14/12
underlying [2]   13/23 17/25
understand [4]   5/7 8/3 9/5 10/21
understanding [1]   17/13
unhappy [4]   11/15 11/19 11/22 11/23
unidentified [1]   5/11
UNITED [5]   1/1 1/10 7/8 20/5 20/11
unlike [1]   15/21
unlikely [1]   9/10
unnamed [1]   5/10
unquote [1]   14/24
unseal [1]   8/15
unwilling [1]   13/14
up [4]   7/3 10/23 12/15 18/17
uphill [1]   5/18
URQUHART [2]   1/14 1/18
use [1]   17/18
useless [1]   8/2

**V**

VA [1]   1/23
versa [1]   17/9
very [6]   6/11 6/12 9/10 10/6 10/21 10/21
vice [1]   17/9
view [1]   18/9
vs [1]   1/5

**W**

Wait [1]   9/15
want [10]   6/1 6/16 7/12 8/6 8/8 8/18 9/17 10/2
   13/24 13/24
wants [2]   13/16 16/3
was [14]   6/11 6/14 8/6 8/12 12/3 14/20 15/6 15/23
   15/23 16/5 16/10 16/11 16/11 16/14
Washington [3]   1/20 2/5 2/9
Waverly [1]   7/9
way [2]   6/14 10/2
we'll [6]   15/7 15/14 15/19 18/16 18/21 19/3
welcome [1]   5/1
well [14]   3/15 5/17 5/24 7/19 7/21 10/5 12/9 12/18
   13/8 13/21 14/19 15/14 16/9 18/23
whatever [1]   14/7
whenever [1]   17/23
whether [6]   9/8 10/8 12/7 12/14 14/12 17/24
while [2]   7/14 17/10
whoever [1]   9/21
whole [1]   16/22
willing [1]   15/9
win [1]   11/2
wise [1]   11/8
wish [2]   5/16 18/16
wishes [1]   17/19
within [1]   16/22
without [2]   6/17 13/22
witness [15]   6/13 10/25 11/8 11/24 12/1 12/5 12/15
   13/8 13/15 13/16 14/16 15/16 15/21 16/19 16/21
witness's [1]   12/8
witness-wise [1]   11/8
witnesses [10]   7/18 8/19 8/20 9/1 10/25 11/18
   11/22 15/3 16/16 18/6
won't [2]   7/5 15/8
word [1]   6/2
words [1]   6/2
works [1]   12/25
worth [1]   10/19
writing [3]   7/19 8/9 8/16

**X**

XINIS [1]   1/10

**Y**

yeah [5]   3/20 8/12 12/18 14/9 17/3
yes [4]   3/12 3/22 17/16 18/9
York [1]   1/15
yourselves [1]   4/2