UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAULA XINIS
UNITED STATES DISTRICT JUDGE

6500 CHERRYWOOD LANE
GREENBELT, MD 20770

November 19, 2025

Re:     25-cv-2780, *Abrego Garcia v. Noem, et al.*

### LETTER ORDER

Dear Parties:

      Pending are Respondents' motions to seal at ECF Nos. 76, 86 & 91. The right to public access of court records and proceedings remain critical to promoting "trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of fairness." *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014). Thus, before allowing records or a hearing to be sealed, the Court must (1) give the public a reasonable opportunity to be heard; (2) consider less drastic alternatives to sealing such as redactions; and (3) explain publicly and with specificity its decision to seal some or all of the challenged information. *Id*. at 272. Respondents have moved to seal the entirety of the hearing set for November 20, 2025. ECF No. 91. This motion is premised on a faulty assumption that documents which have been provisionally sealed will remain so. Specifically, Respondents previously moved to seal various exhibits to its motion to dissolve at ECF No. 72, and the entirety of their memorandum at ECF No. 85. *See* ECF Nos. 76 & 86. Accordingly, those ECF filings have been *provisionally* sealed pursuant to D. Md. Loc. R. 105.11 ("Materials that are the subject of the motion shall remain temporarily sealed pending a ruling by the Court."). The Respondents mistake that provisional sealing pursuant to this Court's Local Rule as a final determination on the propriety of sealing. ECF No. 91 at 1 ("[I]t is expected that the oral arguments related to Petitioner's habeas petition will include information related to previously sealed documents by this Court."). It is not.

      Now having reviewed the motions and grounds therefore, the Court **DENIES** ECF No. 86 because the lion's share of ECF No. 85 constitutes legal argument and/or a recitation of facts previously in the public domain. Moreover, Respondents' accompanying motion to seal focuses principally on the propriety of sealing Exhibits T and U, which represent a small fraction of the briefing in ECF No. 85. In this regard, Respondents fail to carry the burden of demonstrating why this Court should preclude public access to the entirety of ECF No. 85. Accordingly, by 3:00 p.m. today, Respondents are **DIRECTED** to file an **UNSEALED** version of ECF No. 85 on the docket that redacts solely the portions of the filing that either quote or substantially paraphrase the information at Exhibits T and U. *See, e.g.*, ECF No. 85 at 9, 26 & 30. The Court takes under advisement Respondents' request to seal Exhibits T and U and those listed at ECF No. 76 pending further argument at the hearing. Failure to file a redacted version of ECF No. 85 consistent with

this Order will result in the Court directing the Clerk to unseal the entirety of ECF No. 85 without further notice.

      Despite the informal nature of this correspondence, it constitutes an Order of the Court and shall be docketed as such.

                                            Sincerely,

                                            /s/

                                            Paula Xinis
                                            United States District Judge