UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division

Kilmar Armando Abrego Garcia,

          Petitioner,

v.

Kristi Noem, *et al.*,

          Respondents.

Case No. 8:25-cv-02780 (PX)

**Petitioner's Emergency Motion for Temporary Restraining Order**

Petitioner Kilmar Armando Abrego Garcia respectfully moves on an emergency basis for a temporary restraining order ("**TRO**") under Federal Rule of Civil Procedure 65(b) that bars Respondents from re-detaining Petitioner until this Court can have a hearing (telephonic or otherwise) on the legality of detention. Petitioner seeks a TRO because an immigration judge unlawfully issued a purported removal order at approximately 7:01 p.m. yesterday evening. Detention would contravene this Court's order and opinion issued this morning that granted his habeas petition and ordered his immediate release from U.S. Immigration and Customs Enforcement ("**ICE**") custody. ECF Nos. 110 & 111. Petitioner files this motion on an emergency basis because Respondents have directed Petitioner to report to an ICE office at 8:00 a.m. this morning.

**BACKGROUND**

Yesterday morning, this Court granted Petitioner's habeas corpus petition and ordered his immediate release from ICE custody. ECF Nos. 110 & 111. Central to the Court's decision was its finding that there is no final order of removal with respect to Petitioner and thus no basis to detain him. Petitioner was released from ICE custody yesterday around 4:45 p.m. At or shortly before his

1

release, the Government provided him with an "Order of Supervision" directing him to report to ICE's office in Baltimore, Maryland, today (December 12, 2025) at 8:00 a.m. *See* Exhibit A. Despite this Court's finding that there is no final order of removal with respect to Petitioner, the Order of Supervision states at the top of the first page that, "On October 10, 2019," Petitioner was ordered removed. *Id.* at 1.

A couple hours later, at approximately 7:01 p.m., an immigration judge issued a document with the heading "Order of the Immigration Judge," and the subheading "Immigration Court's Sua Sponte Order Correcting Scrivener's Error." Ex. B. This sua sponte order states that, in the October 10, 2019, order granting Petitioner withholding of removal, "the order of removal to El Salvador, which should have preceded the order granting him withholding of removal to El Salvador, was erroneously omitted." *Id.* at 4. It then goes on to state: "The Immigration Court now corrects that scrivener's error and amends the written decision in this case by adding the following: The Respondent is ordered removed to El Salvador based on the charge contained in the Notice to Appear, but the Respondent's application for withholding of removal to El Salvador pursuant to INA § 241(b)(3) is granted." The Order further states that "These corrections are hereby issued nunc pro tunc to the Immigration Court's written decision and order of October 10, 2019."

## ARGUMENT

A TRO is appropriate where a movant demonstrates: (1) likelihood of success on the merits; (2) likelihood of suffering irreparable harm absent an injunction; (3) that the balance of equities tips in the movant's favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Those factors warrant a TRO here.

**I.      Petitioner Is Likely To Succeed on the Merits**

This Court granted Petitioner's habeas petition because there is no final order of removal to justify his detention. ECF No. 110. The immigration judge's 7:01 p.m. order does not change that.

**A.      The Immigration Judge Lacked Jurisdiction.**

To begin, the immigration judge lacked jurisdiction to issue the 7:01 p.m. order. Previously, the judge denied Petitioner's motion to reopen his case. That denial is currently on appeal before the Board of Immigration Appeals ("**BIA**"). Once an appeal is filed with the BIA, the immigration judge loses jurisdiction. *Ascencio v. Garland*, 2022 WL 112071, at *3 (4th Cir. Jan. 12, 2022); *see also Puc-Ruiz v. Holder*, 629 F.3d 771, 782 (8th Cir. 2010) ("Under BIA precedent and established policy, an IJ loses jurisdiction over a removal case once the alien files a Notice of Appeal with the BIA.") (citing *In re Aviles,* 15 I. & N. Dec. 588, 588 (BIA 1976); *In re Mintah,* 15 I. & N. Dec. 540, 541 (BIA 1975); Board of Immigration Appeals Practice Manual § 4.2(a)(ii)). The immigration judge thus likely lacked jurisdiction to issue the 7:01 p.m. order.

**B.      The Purported Order Is Not a Final Order of Removal.**

Even if the immigration judge had jurisdiction, his order is not a "final" order of removal. The order expressly reserves appeal rights for both parties, with an appeal deadline of January 12, 2026. *See* Ex. B at 1, 6. An order of removal does not become final until the appeal period has expired or, if an appeal is filed, until the Board of Immigration Appeals issues a decision. *See* 8 U.S.C. § 1101(a)(47)(B).

**C.      The Purported Order Violates the INA and Due Process.**

The Government's attempt to manufacture a removal order sua sponte through an *ex parte* proceeding, without notice to Petitioner and without any opportunity to be heard, violates the INA

3

and due process. *See* 8 U.S.C. § 1229a. The opportunity to be heard is essential to due process. *Sagastizado v. Noem*, 2025 WL 2957003, at *2 (S.D. Tex. Sept. 10, 2025) ("Noncitizens have a right to meaningful notice and opportunity to be heard before being deported to a third country."); *see also* ECF No. 110 at 30 (citing *Nguyen v. Scott*, --- F. Supp. 3d ---, 2025 WL 2419288 (W.D. Wash. Aug. 21, 2025) (granting immediate release and enjoining removal absent meaningful opportunity to be heard in reopened removal proceedings).

The Government had six years to identify and correct any alleged "scrivener's error," and Petitioner has repeatedly pointed out the lack of an Order throughout these proceedings. *See* ECF No. 1 ¶¶ 54, 68–69; ECF No. 32 at 3, 9, 10, 20; ECF No. 87 at 11, 18. The Government chose to pursue this path only after losing on habeas and only through a process that denied Petitioner any opportunity to be heard.

### D. The Government Cannot Detain Petitioner Under *Zadvydas*.

Detention is also inconsistent with *Zadvydas v. Davis*, 533 U.S. 678 (2001). Yesterday, this Court held that Petitioner's removal could not be considered "reasonably foreseeable, imminent, or consistent with due process" because the government lacked statutory authority to remove him absent a final order of removal, and "the circumstances of Abrego Garcia's detention since he was released from criminal custody cannot be squared with the 'basic purpose' of holding him to effectuate removal." ECF No. 110 at 27–28. Since the Court published its Order releasing Petitioner, the Government has presented no additional facts or taken any additional actions to demonstrate that removal is imminent or reasonably foreseeable. Thus, detention likely remains improper under *Zadvydas*.

## II. Petitioner Will Suffer Irreparable Harm Absent Injunctive Relief

Unlawful detention inflicts irreparable harm. *Miranda v. Garland*, 34 F.4th 338, 365 (4th Cir. 2022) (noting that the erroneous deprivation of an alien's liberty, "for even minimal periods of time, unquestionably constitutes irreparable injury"); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 154 (W.D.N.Y. 2025) ("[T]here is no question that unlawful detention causes irreparable harm."). Petitioner will thus suffer irreparable harm if he is unlawfully detained.

## III. The Balance of Equities and Public Interest Favor an Injunction

The balance of harms and public interest decisively favor injunctive relief. There is no equitable or public interest in detaining individuals without legal authority. And there is "no public interest in the perpetuation of unlawful [government] action*." Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO v. Soc. Sec. Admin.*, No. 25-cv-1411, 2025 WL 1249608, at *62 (4th Cir. Apr. 30, 2025) (citations omitted). Conversely, both the equities and the public interest favor ensuring government agencies comply with court orders and respect fundamental liberty interests.

Because "habeas corpus is, at its core, an equitable remedy," a district court has "substantial discretion to appropriately redress any violation of an order granting habeas corpus relief." *Wolfe v. Clarke*, 718 F.3d 277, 285 (4th Cir. 2013) (citing *Schlup v. Delo*, 513 U.S. 298, 319 (1995)). Here, that equitable authority supports entry of a temporary restraining order preventing Respondents from circumventing yesterday's release order through re-detention on the same unlawful grounds.

## CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that this Court enter a temporary restraining order that bars Respondents from detaining Petitioner, until this Court can hold a hearing.

Respectfully Submitted,

Dated: December 12, 2025

| | |
|---|---|
| **MURRAY OSORIO PLLC**<br>Simon Y. Sandoval-Moshenberg<br>Rina Gandhi<br>4103 Chain Bridge Road, Suite 300<br>Fairfax, VA 22030<br>(703) 352-2399<br>ssandoval@murrayosorio.com | /s/ *Jonathan G. Cooper*<br>**QUINN EMANUEL URQUHART &**<br>**   SULLIVAN, LLP**<br>Jonathan G. Cooper (D. Md. Bar No. 21345)<br>Olivia Horton\* (*pro hac vice*)<br>Nithya Pathalam\*\* (*pro hac vice*)<br>1300 I St. NW, Suite 900<br>Washington, DC 20005<br>(202) 538-8000<br>jonathancooper@quinnemanuel.com<br>oliviahorton@quinnemanuel.com<br>nithyapathalam@quinnemanuel.com<br>*\*admitted in Texas; not admitted in D.C.*<br>*Supervised by attorney admitted in D.C.*<br>*\*\*admitted in New York; not admitted in D.C.*<br>*Supervised by attorney admitted in D.C.*<br><br>Andrew J. Rossman (*pro hac vice*)<br>Sascha N. Rand (*pro hac vice*)<br>Courtney Daukas (*pro hac vice*)<br>Morgan Anastasio (*pro hac vice*)<br>295 Fifth Avenue, 9th Floor<br>New York, NY 10016<br>(212) 849-7000<br>andrewrossman@quinnemanuel.com<br>sascharand@quinnemanuel.com<br>courtneydaukas@quinnemanuel.com<br>morgananastasio@quinnemanuel.com<br><br>*Counsel for Petitioner* |