UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Kilmar Armando Abrego Garcia,

*Petitioner*,

v.

Kristi Noem, *et al.*,

Respondents.

Civ. No. 8:25-2780-PX

**MEMORANDUM ORDER**

On December 11, 2025, this Court granted Kilmar Armando Abrego Garcia's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 and ordered his immediate release from the custody of the Department of Homeland Security Immigration and Customs Enforcement ("ICE custody"), on the conditions imposed in the *United States v. Abrego Garcia,* 3:25-cr-00115-1 (M.D. Tenn.) ("*Tennessee Criminal Matter*"). ECF Nos. 110 & 111. Respondents released Abrego Garcia from ICE custody that evening, around 5:00 PM.

Upon his release, Respondents issued to Abrego Garcia an "ICE Order of Supervision." ECF No. 112-1. The ICE Order of Supervision expressly states that Abrego Garcia is "permitted to be at large" under "the following conditions," to include participating in the ICE "Alternatives to Detention" program; limiting Abrego Garcia's travel to the state of Maryland; reporting to "any parole or probation officer" as directed by that officer; and a residence restriction, among others. *Id.* at 2-4. The ICE Order of Supervision also requires Abrego Garcia to appear in person today at 8:00 AM to the ICE Baltimore Field Office. *Id*. at 2.

The ICE Order of Supervision also states that Abrego Garcia was "ordered removed" on

1

October 10, 2019, ECF No. 112-1, despite no such order having issued on that date. Instead, the ICE Order of Supervision seems to rely on an "order" issued last night from Immigration Judge ("IJ") Phillip Taylor. ECF No. 112-2. The Court does not opine on this newest "order" here. But the Court does note that this "order" was issued *nunc pro tunc*, effective October 10, 2019. *Id.*

Abrego Garcia, in turn, filed an Emergency Motion for Temporary Restraining Order ("TRO Motion") pursuant to Federal Rule of Civil Procedure 65, asking this Court to bar Respondents from taking him into custody when he appears for his appointment this morning at the ICE Baltimore Field Office and until the Court can hold a hearing on the TRO Motion. ECF No. 112.

As a preliminary matter, the Court allows for the possibility that Respondents do not intend to violate this Court's order at ECF No. 111 by taking Abrego Garcia into custody this morning. After all, even with the new "order" issued by the IJ, Respondents also issued an "Order of Supervision" which not only contemplates the IJ's new "order," but also sets release conditions like those imposed in the *Tennessee Criminal Matter*. ECF No. 112-1. But if the Court is wrong, and Respondents *do* intend to re-detain Abrego Garcia, the Court GRANTS the TRO Motion because Abrego Garcia has carried his burden on all four factors articulated in *Winter v. Natural Res. Def. Council*, Inc., 555 U.S. 7, 20 (2008).[1]

**First**, the Court finds that Abrego Garcia is likely to succeed on the merits of any further request for relief from ICE detention considering the IJ's December 11, 2025 "order." If the most recent order is as Respondents claim it to be—an order of removal in effect as of October 10, 2019—then not only is *Zadvydas v. Davis*, 533 U.S. 678 (2001) squarely applicable, *cf.* ECF

---

[1] The purpose of a temporary restraining order is to preserve the status quo of the Court's order at ECF No. 111 until it can hear from the parties on what, if any, further relief is warranted. *See Hoechst Diafoil Co. v. Nan Ya Plastics Corp.,* 174 F.3d 411, 422 (4th Cir. 1999).

No. 110 at 25, Abrego Garcia's 90-day "removal period" under 8 U.S.C. § 1231 expired nearly six years ago. *See* 8 U.S.C. § 1231 (a)(1)(A) ("when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days."). Respondents also have detained Abrego Garcia for the six-month presumptive period articulated in *Zadvydas*, when conservatively considering the time spent in ICE detention since 2019, combined with the time spent in detention in El Salvador, and in ICE custody after securing his release in the *Tennessee Criminal Matter*. Nor had Respondents done anything to secure Abrego Garcia's third-country removal between 2019 and August 2025. *Cf. Zavvar v. Scott*, Civ. No. TDC-25-2104, 2025 WL 2592543 at *4 (D. Md. Sept. 8, 2025). Thus, for the reasons previously articulated in ECF No. 110 and in this Order, Abrego Garcia is likely to succeed on the merits of any further *Zadvydas* claim.

**Second,** Abrego Garcia will suffer irreparable harm absent emergency relief. If, as Abrego Garcia suspects, Respondents will take him into custody this morning, then his liberty will be restricted once again. It is beyond dispute that unlawful detention visits irreparable harm. *Miranda v. Garland*, 34 F.4th 338, 365 (4th Cir. 2022) (noting that the erroneous deprivation of an alien's liberty, "for even minimal periods of time, unquestionably constitutes irreparable injury") (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)). Thus, this *Winter* factor is easily met.

**Third,** the balance of equities favors temporary relief until the Court can hear further from the parties. As already articulated, Abrego Garcia maintains strong interest in avoiding unconstitutional detention, whether that be detention obtained without lawful authority, or detention that transgresses the constitutional bounds articulated in *Zadvydas. See* ECF No. 110. Respondents' interests, on the other hand, are adequately preserved per the ICE Order of

Supervision. ECF No. 112-1. The ICE Order of Supervision articulates Respondents' own conditions of release which are substantially like those imposed in the *Tennessee Criminal Matter*. *See United States v. Abrego Garcia*, 3:25-cr-00115-1 (M.D. Tenn.) ("*Tennessee Criminal Matter*"), ECF No. 112. Abrego Garcia does not ask that the Court take any action to modify such release conditions. Thus, Respondents' interest in ensuring Abrego Garcia's appearance for future immigration proceedings and the safety of the community have been addressed by those conditions, in combination with the conditions imposed in the *Tennessee Criminal Matter.*

**Fourth**, the public retains keen interest in ensuring that government agencies comply with court orders, especially those necessary to protect individual liberties. In this respect, the Court reminds Respondents that the relief this Court ordered yesterday is narrow. It grants solely Abrego Garcia's release under stringent supervision conditions while also giving appropriate deference to substantive matters related to the underlying immigration proceedings. For the public to have any faith in the orderly administration of justice, the Court's narrowly crafted remedy cannot be so quickly and easily upended without further briefing and consideration.

Accordingly, for the reasons previously articulated at ECF No. 110 and upon consideration of the TRO Motion and accompanying evidence at ECF No. 112, the Court hereby ORDERS the following:

1. Respondents are ENJOINED from re-detaining Petitioner Kilmar Armando Abrego Garcia in ICE custody until this Court can receive further briefing from the parties and conduct a hearing on the TRO Motion;

2. By no later than midnight on **December 14, 2025,** Respondents shall RESPOND to Abrego Garcia's motion at ECF No. 112.

3. By no later than midnight on **December 16, 2025**, Abrego Garcia shall REPLY;

4. The parties are directed to meet and confer to arrive at a mutually agreeable date and time for an expedited hearing on the TRO Motion to take place after December 17, 2025;

5. This ORDER shall remain in full force and effect pending expedited briefing and a hearing;

6. The Court further GRANTS ECF No. 113 and CLARIFIES that the injunction previously imposed at ECF No. 20 remains in full force and effect; Respondents are ENJOINED from removing Abrego Garcia from the continental United States pending the resolution of Respondents' Motion to Dissolve such order at ECF No. 72;

7. The Court further CLARIFIES that the Order to "provide written notice to Abrego Garcia and all counsel of record at least seventy-two (72) hours (excluding Saturdays, Sundays, and federal holidays) prior to the intended removal, identifying the country to which removal is sought," *Abrego Garcia v. Noem*, Case No. 8:25-cv-00951-PX (D. Md. June 30, 2025), ECF No. 239 ¶ 4, remains in full force and effect;

8. Respondents SHALL immediately transmit this Order to all relevant officers, agents, and employees under their control and who are involved in this matter and in the *Tennessee Criminal Matter*.

So Ordered.

Date:  December 12, 2025                      _____/s/_____
                                                         PAULA XINIS
Time:  7:00 a.m.                               United States District Judge