UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division

| | |
|---|---|
| Kilmar Armando Abrego Garcia,<br><br>      Petitioner,<br><br>v.<br><br>Kristi Noem, *et al.*,<br><br>      Respondents. | Case No. 8:25-cv-02780 (PX) |

**Joint Status Report**

Pursuant to this Court's Order of November 11, 2025 (ECF No. 111), the Parties respectfully submit this Joint Status Report, outlining the Parties' positions on the Government's Motion to Dissolve the Preliminary Injunction (ECF No. 72):

**Petitioner's Position:**

Abrego Garcia opposes the Government's Motion to Dissolve the Preliminary Injunction for the reasons previously briefed, *see* ECF No. 88, and for additional reasons in light of developments since that briefing. Abrego Garcia respectfully requests an opportunity to submit supplemental briefing in light of those recent developments.

The preliminary injunction remains necessary to protect the relief this Court granted when it issued the writ of habeas corpus on December 11, 2025. *See* ECF Nos. 110, 111. As this Court is now well aware, immediately upon his release, the Government directed Abrego Garcia to report to Immigration and Customs Enforcement at 8:00 am the following morning, asserting in the documentation it gave him upon release that he had a final order of removal issued October 10, 2019. ECF 112-1. A few hours later, an immigration judge sua sponte issued an order purporting to create an order of removal effective as of October 10, 2019. ECF 112-2. When Abrego Garcia sought emergency relief to prevent his re-detention, the Government made clear in its opposition brief that it intended to re-detain him. *See* ECF 115 at 1.

Then, late in the afternoon on December 17, 2025, the Board of Immigration Appeals **(BIA)** dismissed Abrego Garcia's appeal from the immigration judge's denial of his motion to reopen, reasoning that because the immigration judge's December 11, 2025 order amended the October 10, 2019 decision, "the Immigration Judge's October 10, 2019, order is not final" and therefore "the respondent's motion to reopen is moot." Ex. 1 (B.I.A. Dec. 17, 2025).

The events described above, when taken alongside the Government's conduct throughout this case, illustrate why the preliminary injunction remains essential. As this Court has already recognized, "even if Abrego Garcia could have been lawfully removed to a third country, Respondents do not appear to have held him to fulfill that purpose. For if they had wished to remove him, they certainly could have as early as August 21, 2025, to Costa Rica. And even if the Court accords Respondents a measure of deference in exercising their discretion to favor another

1

country, 'discretion' cannot explain what happened next." ECF 110 at 28. The Government's recent conduct follows this same troubling pattern, and Abrego Garcia should have the opportunity to fully address Respondents' arguments in briefing and at oral argument.

**Respondents' Position:**

Respondents, in their Motion to Dissolve, argued that this court should dissolve the preliminary injunction to allow the Petitioner to be removed to Liberia. ECF No. 72 at 1-2. The Court's August 27, 2025, Letter Order provided that the Respondents were enjoined from removing Petitioner from the Continental United States and required the Petitioner must be detained within 200 miles of the courthouse.

This Court, in granting Petitioner's habeas petition, found *inter alia* that Petitioner could not be removed as there was no final order of removal present in the October 10, 2019, immigration decision. *See* ECF 110 at 20. Thus, the Court concluded, the Petitioner could not be lawfully held in detention pending removal. *Id*. at 24-27. The Court's order demanded the Petitioner be released immediately. ECF No. 111 at 1.

Respondents submit that the Court's August 27 injunction should still be dissolved. In addition to the arguments previously raised, Petitioner is no longer subject to a final order of removal. Because this Court found there was no removal order and ordered the Petitioner to be immediately released, the Court's injunction is now moot. Petitioner cannot presently be removed. While an order of removal has now been issued (and such issuance is beyond the Court's jurisdiction), it is not currently final, as Petitioner has 30 days to appeal the immigration judge's order, 8 C.F.R. § 1003.39. Indeed, the cover letter accompanying the order reminds the Petitioner of the availability of an appeal, which, if he avails himself of that opportunity, the order of removal will continue to be nonfinal. *See* ECF No. 112-2 at 2. Indeed, Petitioner now points out that the Board of Immigration Appeals has dismissed his appeal from the denial of his motion to reopen specifically *because* the immigration judge's order of removal is not final. *See infra at* 1. That results in new grounds for the dismissal of the injunction, namely: 1) Respondents are no longer in a position to remove the Petitioner as he is released on recognizance, making the potential of his removal far from imminent; 2) there is no final administrative order of removal at the time of this filing, making him ineligible for removal at this time; and 3) as he is not in detention, Respondents cannot maintain his detention within any proximity of the Court.

Accordingly, the Petitioner has been released, and he is in no immediate danger of removal because his order of removal is not yet final. There exists no basis for the continued injunction as entered by this Court in its August 27, 2025, letter order. As such, Respondents' Motion to Dissolve should be granted insofar as the Petitioner has been released.

Dated: December 18, 2025

Respectfully submitted,

<table>
<tr><td>

By: */s/ Jonathan G. Cooper*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Jonathan G. Cooper (D. Md. Bar No. 21345)
Olivia Horton* (*pro hac vice*)
Nithya Pathalam** (*pro hac vice*)
1300 I St. NW, Suite 900
Washington, DC 20005
(202) 538-8000
jonathancooper@quinnemanuel.com
oliviahorton@quinnemanuel.com
nithyapathalam@quinnemanuel.com
**admitted in Texas; not admitted in D.C.*
*Supervised by attorney admitted in D.C.*
***admitted in New York; not admitted in D.C.*
*Supervised by attorney admitted in D.C.*

Andrew J. Rossman (*pro hac vice*)
Sascha N. Rand (*pro hac vice*)
Courtney Daukas (*pro hac vice*)
Morgan L. Anastasio (*pro hac vice*)
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
andrewrossman@quinnemanuel.com
sascharand@quinnemanuel.com
courtneydaukas@quinnemanuel.com
morgananastasio@quinnemanuel.com

**MURRAY OSORIO PLLC**
Simon Y. Sandoval-Moshenberg
Rina Gandhi
4103 Chain Bridge Road, Suite 300
Fairfax, VA 22030
(703) 352-239
ssandoval@murrayosorio.com

*Counsel for Petitioner*

</td><td>

By: */s/ Shane A. Young*

(Signed by Jonathan Cooper with permission from Shane Young)

DREW C. ENSIGN
Deputy Assistant Attorney General
Civil Division, Office of Immigration Litigation

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERNESTO H. MOLINA, JR.
Deputy Director
Office of Immigration Litigation

SHANE A. YOUNG
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
202-532-4946
Shane.a.young@usdoj.gov

*Counsel for Respondents*

</td></tr>
</table>

3