# EXHIBIT W

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

KILMAR ARMANDO ABREGO GARCIA,

        *Petitioner*,

v.

KRISTI NOEM, Secretary of the Department of Homeland Security, *et al.*,

        *Respondents*.

Case No. 8:25-cv-02780 (PX)

## DECLARATION OF LIANA J. CASTANO

I, Liana J. Castano, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am the Assistant Director (AD) for Field Operations, within the U.S. Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO). I have held this position on a temporary basis since July 14, 2025, and since November 2, 2025, on a permanent basis. I began my employment with ICE in 2006 and have held several leadership positions within ERO, including Interim Assistant Director for the Removal Division, Assistant Director for the Law Enforcement Systems and Analysis Division, and Field Office Director for the Washington Field Office. As the AD for Field Operations, I manage ERO's 25 field offices as well as programs and initiatives to identify, arrest, prosecute, and remove removable aliens nationwide.

2. This declaration is based upon my professional knowledge and experience, information obtained from other individuals employed by ICE, and information obtained from ICE official records.

3. I am familiar with the immigration case and removal proceedings of Kilmar Abrego Garcia ("Mr. Abrego Garcia"), Petitioner in this case. I am aware that on December 11, 2025, this Court granted Mr. Abrego Garcia's Petition for Writ of Habeas Corpus and ordered his immediate release from DHS detention based on this Court's determination that Mr. Abrego Garcia was not subject to a final order of removal. I am also aware that on December 12, 2025, this Court issued a Temporary Restraining Order enjoining the re-detention of Mr. Abrego Garcia by DHS until the Court receives further briefing from the parties and conducts a hearing on the Emergency Motion for Temporary Restraining Order filed by Mr. Abrego Garcia.

4. I am also familiar with the order issued by this Court on December 22, 2025, in which the Court directed that the record be supplemented with a sworn declaration addressing: "(a) whether Respondents intend to re-detain Petitioner Kilmar Armando Abrego Garcia ("Abrego Garcia") or elect for him to remain under ICE supervision conditions set on December 11, 2025, *see* ECF No. 112-1; (b) if Respondents intend to re-detain Mr. Abrego Garcia, the precise statutory authority and basis for re-detaining him (*e.g.*, 8 U.S.C. § 1226(a)); and (c) Respondents' position on Mr. Abrego Garcia's entitlement to a prompt bond hearing before an immigration judge if he is re-detained under the basis articulated in (b)."

5. This declaration is submitted in response to this Court's December 22, 2025 order.

*Whether Respondents Intend to Re-detain Petitioner*

6. Recognizing that, as stated in this Court's December 22, 2025 order, DHS is currently enjoined from re-detaining Mr. Abrego Garcia absent a "demonstrated violation of [the conditions of his release] and within the bounds of applicable law and regulations," ICE does not currently intend to re-detain Mr. Abrego Garcia contrary to the Court's order. Should the Temporary Restraining

Order enjoining his re-detention be dissolved, however, ICE does intend to re-detain Mr. Abrego Garcia.

*Statutory Authority and Basis for Re-Detaining Petitioner*

7. Under current circumstances, Mr. Abrego Garcia's detention will be governed by INA § 235(b)(2)(A), 8 U.S.C. § 1225(b)(2)(A), until removal proceedings have concluded. *See Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018). Prior to his removal in March 2025, Mr. Abrego Garcia was an "applicant for admission" as the term is used in the immigration laws because he entered illegally and was never admitted to the United States. Specifically, the INA provides, "An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters) shall be deemed for purposes of this chapter an applicant for admission." INA § 235(a)(1), 8 U.S.C. § 1225(a)(1). Even after his most recent parole into the United States pursuant to Section 212(d)(5) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(d)(5), for criminal prosecution, he remains an arriving alien as defined in Section 1.2 of Title 8 of the Code of Federal Regulations (C.F.R.).

8. As the Board of Immigration Appeals has held in *Matter of Yajure Hurtado*, INA § 235(b)(2)(A) is the applicable detention authority for applicants for admission, other than arriving aliens and those processed for expedited removal. 29 I. & N. Dec. 216 (BIA 2025).

9. As an alien subject to detention pursuant to INA § 235(b)(2)(A), 8 U.S.C. § 1225(b)(2)(A), the only mechanism by with Mr. Abrego Garcia may be released from DHS custody is discretionary parole by DHS pursuant to INA § 212(d)(5), 8 U.S.C. § 1182(d)(5). And, the discretion to parole is limited to cases in which parole would serve "urgent humanitarian reasons or significant

public benefit." INA § 212(d)(5), 8 U.S.C. § 1182(d)(5). Mr. Abrego Garcia's release would not serve urgent humanitarian reasons or significant public benefit. In fact, as a member of a designated foreign terrorist organization, namely MS-13, his release poses a danger to the community. *See* Designating Cartels and Other Organizations as Foreign Terrorist Organizations and Specially Designated Global Terrorists, 90 Fed. Reg. 8439 (Jan. 29, 2025).

10. Even if Section 1225(b)(2)(A) were unavailable to detain Mr. Abrego Garcia, he will otherwise be subject to detention under INA § 236(a), 8 U.S.C. § 1226(a). That section provides that "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." As explained by the Board of Immigration Appeals in a December 15, 2025 decision, the immigration judge's December 11, 2025 decision entering a removal order is not final, and Petitioner has the opportunity to appeal that decision by January 12, 2026.

*Entitlement to a Prompt Bond Hearing Before an Immigration Judge if Re-detained*

11. If re-detained under Section 1225(b)(2)(A), Mr. Abrego Garcia would not be entitled to a bond hearing before an immigration judge. As an arriving alien, Mr. Abrego Garcia is subject to mandatory detention until the conclusion of his removal proceedings, with the only mechanism by which he can be released being discretionary parole by DHS. In fact, the regulations explicitly divest immigration judges of authority to conduct a bond hearing for an arriving alien. 8 C.F.R. § 1003.19(h)(2)(i)(B) ("an immigration judge may not redetermine conditions of custody . . . with respect to the following classes of aliens . . . [a]rriving aliens in removal proceedings, including aliens paroled after arrival pursuant to section 212(d)(5) of the Act"). Even if Mr. Abrego Garcia were not removed and paroled back into the United States earlier this year, he would nonetheless be ineligible for a bond hearing before an immigration judge as an applicant for admission

    subject to mandatory detention for the pendency of his removal proceedings, with the only mechanism by which he can be released being discretionary parole by DHS. An immigration judge lacks the authority to order the parole of an alien from DHS custody. *See Matter of Singh*, 21 I. & N. Dec. 427, 434 (BIA 1996) ("neither the Immigration Judge nor th[e] Board has jurisdiction to exercise parole power").

12. If Section 1225(b)(2) were not available as a basis for detention, his detention under 1226(a) would provide Mr. Abrego Garcia an opportunity to request release from the District Director, and thereafter, he may then seek a bond determination by an immigration judge. 8 C.F.R. § 236.1(d)(1). He may thereafter take an appeal to the Board of Immigration Appeals. 8 C.F.R. § 236.1(d)(3).

I declare, under penalty of perjury under 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: December 29, 2025

                                                                     _(Digitally signed by LIANA J CASTANO, Date: 2025.12.29 20:50:58 -05'00')_

                                                    Liana J. Castano
                                                    Assistant Director for Field Operations
                                                    Enforcement and Removal Operations
                                                    U.S. Immigration and Customs Enforcement
                                                    U.S. Department of Homeland Security