UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Greenbelt Division

Kilmar Armando Abrego Garcia,

                Petitioner,

v.

Kristi Noem, *et al.*,

                Respondents.

Case No. 8:25-cv-02780 (PX)

**Petitioner's Response to the Government's December 30 Submission**

In accordance with the Court's Orders of December 23 and December 29 (ECF Nos. 123 & 128), Petitioner Kilmar Armando Abrego Garcia respectfully responds to the Government's submissions of December 26 and December 30 (ECF Nos. 126 & 129) regarding (a) its intent to re-detain Abrego Garcia in immigration custody, (b) the statutory authority for detention, and (c) Abrego Garcia's entitlement to a bond hearing. The Government asserts that it can detain Abrego Garcia under 8 U.S.C. § 1225(b)(2) or § 1226(a). As explained below, neither § 1225(b)(2) nor § 1226(a) authorizes detention under the circumstances here, and any detention of Abrego Garcia under those provisions would violate his due process rights.

***First***, detention is unavailable under § 1225(b)(2) or § 1226(a) because there are not ongoing removal proceedings. As the Government has acknowledged, both § 1225(b)(2) and § 1226(a) can authorize detention only if removal proceedings are "pending." ECF No. 115 at 6. Here, the Government contends that removal proceedings are ongoing because "the immigration judge's December 11, 2025 decision entering a removal order is not final, and Petitioner has the opportunity to appeal that decision by January 12, 2026." ECF No. 129-1 ¶ 10; *see also* ECF No. 119 at 2 ("While an order of removal has now been issued (and such issuance is beyond the Court's

jurisdiction), it is not currently final, as Petitioner has 30 days to appeal the immigration judge's order, 8 C.F.R. § 1003.39."); ECF No. 129-1 ¶ 10 ("[T]he immigration judge's December 11, 2025 decision entering a removal order is not final, and Petitioner has the opportunity to appeal that decision by January 12, 2026."). . Abrego Garcia has decided to not appeal the immigration judge's December 11 order, and he hereby waives his right to do so. As a result, that order is final, there are no ongoing removal proceedings, and thus neither § 1225(b)(2) nor § 1226(a) can authorize detention. While Abrego Garcia has serious concerns about the validity of the immigration judge's December 11 order, he waives his right to challenge that order to eliminate any doubt that § 1225(b)(2) or § 1226(a) could apply here.

***Second***, further immigration detention of Abrego Garcia is barred by 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001). Section 1231 governs immigration detention once a noncitizen "is ordered removed' and enters the 'removal period,' which begins on '[t]he date the order of removal becomes administratively final.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 533 (2021) (quoting §§1231(a)(1)(A)–(B), (2)). If, after six months of post-removal-order detention, a petitioner "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," then immigration detention becomes unlawful unless the Government proves that removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 701. Here, the order of removal is backdated to October 10, 2019. *See* ECF No. 112-2 at 5. That means, as this Court already recognized, that "Abrego Garcia's 90-day 'removal period' under 8 U.S.C. § 1231 expired nearly six years ago." ECF No. 114 at 2–3. And the Government has already "detained Abrego Garcia for the six-month presumptive period articulated in *Zadvydas*." *Id.* at 3.

Further detention of Abrego Garcia would thus violate *Zadvydas* for the reasons the Court articulated in its prior habeas ruling, namely: "the circumstances of Abrego Garcia's detention

2

since he was released from criminal custody cannot be squared with the 'basic purpose' of holding him to effectuate removal." ECF No. 110 at 28 (quoting *Zadvydas*, 533 U.S. at 697); *see also id.* at 25–29; ECF No. 114 at 2–3. Since the Court's habeas ruling, the Government has not submitted any evidence indicating that Abrego Garcia's removal is any more foreseeable now. To the contrary, the removal order backdated to October 10, 2019, identifies no viable removal option. It provides that Abrego Garcia is to be "removed to El Salvador," but it also maintains the order granting "withholding of removal to El Salvador," so he cannot be removed there. ECF No. 112-2 at 5. The order of removal does not identify any alternative country to which Abrego Garcia could be removed. *See id*. This Court emphasized that an order of removal is "fundamental to determining whether, and to where, a noncitizen may be removed," ECF No. 110 at 19 (citing *Kouambo v. Barr*, 943 F.3d 205, 210 (4th Cir. 2019)), and "*must* 'identify a country, or countries in the alternative to which the [noncitizen's] removal may in the first instance be made, pursuant to the provisions of section 241(b) of the Act,'" *id.* at 19 (quoting 8 C.F.R. § 1240.12(d)). The absence of any viable removal option in the order of removal confirms that removal is not reasonably foreseeable here. Moreover, Abrego Garcia maintains his designation of Costa Rica as his removal destination under 8 U.S.C. § 1231(b)(2)(A)(i). *See* ECF No. 1-7. Neither the order of removal nor the evidence the Government has submitted since the habeas ruling alter or undercut this Court's findings that the Government has "not take[n] any steps to remove Abrego Garcia" to Costa Rica. ECF No. 110 at 28. The Government may not disregard Abrego Garcia's statutory designation and select an alternative third-country removal destination. *See* ECF No. 88 at 13–16.[1]

---

[1] That the removal order states that it is effective nunc pro tunc as of October 10, 2019, does not render untimely Abrego Garcia's designation of Costa Rica on August 21, 2025. Abrego Garcia designated Costa Rica at the first meaningful opportunity to do so after the Government had announced its intention to remove Abrego Garcia to a third country (then, Uganda) and Abrego Garcia had received the requisite assurances from Costa Rica. *See* ECF No. 32 at 15–16.

***Third***, in the alternative, if the Court determines that removal proceedings are ongoing such that § 1225(b)(2) or § 1226(a) could apply, then the proper detention authority is § 1226(a), not § 1225(b)(2). Every judge in this District to consider the question has rejected the Government's interpretation that § 1225(b)(2) applies to individuals like Abrego Garcia who entered the United States without inspection and were encountered in the interior of the United States years after their arrival. *See Afghan v. Noem*, 2025 WL 3713732, at *1–2 (D. Md. Dec. 23, 2025) (Hon. Stephanie A. Gallagher); *Hernandez-Lugo v. Bondi*, 2025 WL 3280772, at *6–7 (D. Md. Nov. 25, 2025) (Hon. George L. Russell, III); *Velasquez v. Noem*, 2025 WL 3003684, at *6–7 (D. Md. Oct. 27, 2025) (Hon. George L. Russell, III); *Maldonado v. Baker*, 2025 WL 2968042, at *7–8 (D. Md. Oct. 21, 2025) (Hon. Theodore D. Chuang); *Leal-Hernandez v. Noem*, 2025 WL 2430025, at *8–9 (D. Md. Aug. 24, 2025) (Hon. Julie R. Rubin). Hundreds of other district courts nationwide have held the same. *See, e.g.*, *Demirel v. Fed. Det. Ctr. Phila.*, 2025 WL 3218243, at *1, 5–13 (E.D. Pa. Nov. 18, 2025) (collecting 282 decisions rejecting the government's position and only six adopting the Government's position).

In any event, Abrego Garcia is not currently an applicant for admission "seeking admission" within the meaning of § 1225(b)(2). He is paroled into the United States under significant public benefit parole, 8 C.F.R. § 212.5, valid through June 4, 2026, for the purpose of criminal prosecution. ECF No. 1 at 10. He has no outstanding application for admission pending before any immigration authority. The fact that he was paroled in does not transform him into someone "seeking admission," particularly in light of the Supreme Court's order directing that this case be "handled as it would have been had [Abrego Garcia] not been improperly sent to El Salvador." *Noem v. Abrego Garcia*, 145 S. Ct. 1017, 1018 (2025).

***Fourth***, regardless of which statutory provision might apply, this case presents a unique situation in which the outcome of each path to removal is known: lawful removal cannot occur unless the Government pursues removal to Costa Rica—the only country authorized under 8 U.S.C. § 1231(b)(2)(A) and § 1231(b)(3). Whether analyzed under § 1225, § 1226, or § 1231, the constitutional analysis leads to the same conclusion—Abrego Garcia cannot be detained when the Government has no concrete plan to effectuate lawful removal to the one statutorily viable destination. As this Court has recognized, civil immigration detention is permissible only to the extent "reasonably necessary" to effectuate timely lawful removal. ECF No. 110 at 26 (quoting *Zadvydas*, 533 U.S. at 682). If immigration detention does not serve this legitimate purpose, it is punitive, potentially indefinite, and unconstitutional. *See Zadvydas*, 533 U.S. at 690 (explaining that because immigration proceedings "are civil, not criminal," detention must be "nonpunitive in purpose and effect").

Removal is no more foreseeable today than it was when the Court granted Abrego Garcia's habeas petition. Now, as then, there is no viable third country other than Costa Rica. So long as the Government continues its "inexplicable reluctance" to remove Abrego Garcia to Costa Rica, ECF No. 110 at 28, he remains in "removable-but-unremovable limbo," *Jama v. ICE*, 543 U.S. 335, 347 (2025). With no viable removal country, detention now would not serve any legitimate purpose, but amount to nothing more than detention for detention's sake. Thus, even if there were a statutory justification for detention under § 1225 or § 1226, detaining Abrego Garcia now "cannot be squared with the 'basic purpose' of holding him to effectuate removal." ECF No. 110 at 28 (quoting *Zadvydas*, 533 U.S. at 697). To the contrary, such detention untethered from any lawful purpose, would be punitive and violate due process. *See id.* at 27 ("Nor can detention be

used as punishment."); *Zadvydas*, 533 U.S. at 690 (detention must be "nonpunitive in purpose and effect").[2]

Because Abrego Garcia has been released under the Court's habeas order, the Due Process Clause "mandates that [he] . . . [is] entitled to some process before being re-detained." *Khabazha v. ICE*, 2025 WL 3281514, at *5 (S.D.N.Y. Nov. 25, 2025) (collecting cases). The Government's intended re-detention of Abrego Garcia flunks each of the three factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), that courts consider in this context. *See Lopez v. Noem*, 2025 WL 3496195, at *4 (D. Md. Dec. 5, 2025). First, "the private interest that will be affected by the official action," *Mathews*, 424 U.S. at 335, clearly weigh in favor of Abrego Garcia because freedom from detention "lies at the heart of the liberty that [the Due Process Clause] protects," *Zadvydas*, 533 U.S. at 690; *Lopez*, 2025 WL 3496195, at *4. Second, the "risk of an erroneous deprivation of [Abrego Garcia's liberty] interest through the procedures used," *Mathews*, 424 U.S. at 335, is virtually guaranteed because the Government has not cited any lawful process by which Abrego Garcia can be re-detained, *see Khabazha*, 2025 WL 3281514, at *6–8.[3] Third, the "Government's interest" in Abrego Garcia's re-detention, *Mathews*, 424 U.S. at 335, is minimal given that the Government lacks a lawful basis to re-detain him and given that the Court's orders require Abrego Garcia to comply with the conditions of release and supervision imposed by the Middle District of

---

[2] As explained in Petitioner's Reply in Support of Motion for Temporary Restraining Order (ECF No. 118 at 7 n.2), as-applied due process challenges to detention under §§ 1225 and 1226 are permissible. *See, e.g.*, *Jennings v. Rodriguez*, 583 U.S. 281, 312 (2018); *Black v. Almodovar*, 156 F.4th 171, 197–98 & n.10, 199 & n.12 (2d Cir. 2025) (Chin & Carney, JJ., in support of the denial of rehearing en banc).

[3] The Government's concession that Abrego Garcia would be entitled to a bond hearing if he were detained under § 1226(a), ECF No. 129-1 ¶ 12, is of no moment because his re-detention under § 1226(a) itself would be unlawful, as explained above. Thus, a post-detention bond hearing would not cure the constitutional violation of Abrego Garcia's re-detention. *Khabazha*, 2025 WL 3281514, at *7.

Tennessee and Immigration and Customs Enforcement, ECF No. 114 at 4 (finding these conditions address the Government's detention interests); ECF No. 123 at 2 n.1; ECF No. 111; ECF No. 110 at 31.

Accordingly, the Court should maintain its current injunction barring Abrego Garcia's re-detention absent evidence of a concrete plan to lawfully remove Abrego Garcia.

Respectfully Submitted,

Dated: January 5, 2026

| | |
|---|---|
| **MURRAY OSORIO PLLC**<br>Simon Y. Sandoval-Moshenberg<br>Rina Gandhi<br>4103 Chain Bridge Road, Suite 300<br>Fairfax, VA 22030<br>(703) 352-2399<br>ssandoval@murrayosorio.com | */s/ Jonathan G. Cooper*<br>**QUINN EMANUEL URQUHART & SULLIVAN, LLP**<br>Jonathan G. Cooper (D. Md. Bar No. 21345)<br>Olivia Horton\* (*pro hac vice*)<br>Nithya Pathalam\*\* (*pro hac vice*)<br>1300 I St. NW, Suite 900<br>Washington, DC 20005<br>(202) 538-8000<br>jonathancooper@quinnemanuel.com<br>oliviahorton@quinnemanuel.com<br>nithyapathalam@quinnemanuel.com<br>*\*admitted in Texas; not admitted in D.C. Supervised by attorney admitted in D.C.*<br>*\*\*admitted in New York; not admitted in D.C. Supervised by attorney admitted in D.C.*<br><br>Andrew J. Rossman (*pro hac vice*)<br>Sascha N. Rand (*pro hac vice*)<br>Courtney Daukas (*pro hac vice*)<br>Morgan L. Anastasio (*pro hac vice*)<br>Roey Goldstein (*pro hac vice*)<br>295 Fifth Avenue, 9th Floor<br>New York, NY 10016<br>(212) 849-7000<br>andrewrossman@quinnemanuel.com<br>sascharand@quinnemanuel.com<br>courtneydaukas@quinnemanuel.com<br>morgananastasio@quinnemanuel.com<br>roeygoldstein@quinnemanuel.com |

*Counsel for Petitioner*