# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| KILMAR ARMANDO ABREGO GARCIA, <br><br> *Petitioner,* <br><br> v. <br><br> KRISTI NOEM, Secretary of the Department of Homeland Security, *et al.*, <br><br> *Respondents.* | Case No. 8:25-cv-02780 (PX) |

## DECLARATION OF JOHN A. SCHULTZ

I, John A. Schultz, declare the following, pursuant to 28 U.S.C. § 1746, and state under penalty of perjury that the following is true and correct to the best of my knowledge and belief:

1. I am the Deputy Assistant Director for the Removal Management Division (RMD) (South), Enforcement and Removal Operations (ERO), U.S. Immigration and Customs Enforcement (ICE), Department of Homeland Security (DHS).

2. The RMD (South) encompasses the South America, Africa, and Asia Removal and International Operations (RIO) units within ERO's RMD.

3. The RMD is located at ICE Headquarters in Washington, D.C. and provides guidance and assistance to ICE officers working to coordinate the removal of aliens who have been ordered removed. The RMD collaborates with embassies and consulates, as well as with interagency and international networks, to facilitate the efficient removal of aliens from the United States, provides nationwide post-order custody review guidance, implements

policy and procedures, and is responsible for providing case management support for aliens subject to a final order of removal.

4. I have been employed with ICE ERO since April 2003. From June 2024 to the present, I have been employed as an RMD Deputy Assistant Director in a permanent capacity.

5. This declaration is based on my personal knowledge and experience, information obtained from other individuals employed by ICE, and information obtained from DHS records.

6. I am familiar with the immigration case and removal proceedings of Kilmar Abrego Garcia, Petitioner in this case. I am aware that on December 12, 2025, this Court issued a Temporary Restraining Order enjoining the removal of Mr. Abrego Garcia from the continental United States. I am also aware that on January 14, 2026, this Court issued an order reaffirming that its Temporary Restraining Order remains in full force and effect pending further Court order.

7. I am aware that on February 17, 2026, this Court granted Mr. Abrego Garcia's request to convert the Temporary Restraining Order to one for injunctive relief. I am also aware that in its February 17, 2026 decision, this Court found that Mr. Abrego Garcia's removal was not likely in the reasonably foreseeable future and enjoined ICE from taking Mr. Abrego Garcia into custody.

8. This declaration is submitted to provide notice to the Court of ICE's intent to remove Mr. Abrego Garcia to the Republic of Liberia upon termination of the Court's injunction, and its ability to expeditiously do so.

9. On December 11, 2025, this Court found that, despite the fact that the Immigration Judge "found his removability to be established by clear and convincing evidence," *Abrego Garcia v. Noem*, No. 8:25-cv-02780-PX, 2025 WL 3545447, at *2 (D. Md. Dec. 11, 2025), the Immigration Judge's October 10, 2019 decision, which granted the respondent's application for statutory withholding of removal, "did not command Abrego Garcia's removal to El Salvador or anywhere else[,]" *id.*; *see also id.* at *13 ("But nowhere does the IJ *order* Abrego Garcia removed to any country at all."). This Court thus found that "no order of removal exists." *Id.* at *11.

10. On December 11, 2025, Mr. Abrego Garcia was ordered removed by an immigration judge, in an amended order. Mr. Abrego Garcia did not timely appeal this order, rendering the removal order administratively final with the expiration of the appeal deadline on January 12, 2026.

11. On October 22, 2025, the Republic of Liberia provided assurances to the United States that it would abide by its obligations under the Convention Relating to the Status of Refugees and the Protocol Relating to the Status of Refugees, confirming that any third-country nationals transferred from the United States would not be persecuted or tortured, or transferred to a country in which they would be persecuted or tortured.

12. On October 24, 2025, the Department of State (DoS) informed DHS that the Republic of Liberia specifically communicated its willingness to accept the transfer of Mr. Abrego Garcia.

13. The Secretary of State has determined that these assurances from the Republic of Liberia are reliable and credible, and that it is not more likely than not that any third-country

nationals removed pursuant to these assurances will be persecuted or tortured in the Republic of Liberia.

14. On October 27, 2025, ICE issued a Notice of Removal to Mr. Abrego Garcia, informing him of ICE's intention to remove him to the Republic of Liberia.

15. On October 28, 2025, Mr. Abrego Garcia was interviewed by an asylum officer to assess whether it is more likely than not that he would be tortured in the Republic of Liberia. The asylum officer determined that Mr. Abrego Garcia failed to establish that it more likely than not that he would be persecuted or tortured in the Republic of Liberia.

16. In mid-February 2026, DoS communicated to ICE, by telephone, that the Republic of Liberia remains willing to accept the removal of Mr. Abrego Garcia upon his removal from the United States subject to the same assurances provided in October. Absent the injunction issued in this case, ICE could expeditiously remove Mr. Abrego Garcia from the United States to Liberia.

17. In previous third-country removals, ICE has successfully removed certain third country nationals without a travel document. Instead, U.S. officials provided the government of the accepting country a manifest with a list of aliens proposed to be removed. Once the accepting country communicated acceptance of the final manifest, the aliens were removed from the United States to the accepting country without the need for a formal travel document being issued for travel.

18. Although the accepting third country retains the ultimate authority to accept or reject any national on the manifest, the previous individualized agreement with the Republic of Liberia to accept Mr. Abrego Garcia means the removal will occur without a travel

document or completion of any other procedure should the Court lift the injunction issued in this case.

19. In anticipation of the injunction being lifted, on February 17, 2026, ICE contacted the contractor who conducts charter flights for removals and requested a mock itinerary to Liberia. The contractor provided an itinerary, which indicated that a flight to Liberia could occur within five days of a request. Attached to this declaration is a copy of that itinerary. ICE can request a charter flight prior to assuming custody of Mr. Abrego Garcia. Based on this information, if the Court lifts the injunction, ICE is confident that Mr. Abrego Garcia's removal would be imminent.

I declare, under penalty of perjury under 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: March 17, 2026

**JOHN A SCHULTZ**

Digitally signed by JOHN A SCHULTZ
Date: 2026.03.17 09:36:38 -04'00'

John A. Schultz
Deputy Assistant Director for Removal
Enforcement and Removal Operations
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

GIVSP:

Earliest availability for departure 22FEB

Requires a 3-man crew and 3rd pilot would have to sit/rest in the main cabin with passengers (will eat up a seat) as there no crew rest area.

Date of trip: 21 Feb 2026 to 24 Feb 2026

| LEG | DATE | ETD | DEPARTURE CITY | ARRIVAL CITY | ETA | PAX | STAT MILES | ETE | TZC |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 21 Feb 2026 | 8:00pm | FORT LAUDERDALE, FL (KFLL) | HARRISBURG, PA (KMDT) | 10:24pm | 0 | 993 | 02:24 | |
| 2 | 22 Feb 2026 | 8:00pm | HARRISBURG, PA (KMDT) | MONROVIA (GLRB) | 9:42am | 6 | 4,702 | 08:42 | 5.0 |
| 3 | 24 Feb 2026 | 6:00am | MONROVIA (GLRB) | HARRISBURG, PA (KMDT) | 11:24am | 4 | 4,702 | 10:24 | -5.0 |
| 4 | 24 Feb 2026 | 12:24pm | HARRISBURG, PA (KMDT) | TETERBORO, NJ (KTEB) | 1:06pm | 0 | 150 | 00:42 | |
| | | | | | | | 10,547 | 22:12 | |

G550:

Earliest availability for departure 22FEB with possibility a day earlier

Requires a 3rd pilot and has a crew rest area so pilot would not be in main cabin with passenger.

Date of trip: 21 Feb 2026 to 24 Feb 2026

| LEG | DATE | ETD | DEPARTURE CITY | ARRIVAL CITY | ETA | PAX | STAT MILES | ETE |
|---|---|---|---|---|---|---|---|---|
| 1 | 21 Feb 2026 | 9:00pm | TETERBORO, NJ (KTEB) | HARRISBURG, PA (KMDT) | 9:48pm | 0 | 150 | 00:48 |
| 2 | 22 Feb 2026 | 8:00pm | HARRISBURG, PA (KMDT) | DAKAR, TH (GOBD) | 8:36am | 6 | 3,981 | 07:36 |
| 3 | 23 Feb 2026 | 9:36am | DAKAR, TH (GOBD) | MONROVIA (GLRB) | 11:36am | 6 | 738 | 02:00 |
| 4 | 24 Feb 2026 | 6:00am | MONROVIA (GLRB) | TERCEIRA ISLAND, AZ (LPLA) | 10:30am | 4 | 2,471 | 05:30 |
| 5 | 24 Feb 2026 | 11:30am | TERCEIRA ISLAND, AZ (LPLA) | HARRISBURG, PA (KMDT) | 1:54pm | 4 | 2,623 | 06:24 |
| 6 | 24 Feb 2026 | 2:54pm | HARRISBURG, PA (KMDT) | TETERBORO, NJ (KTEB) | 3:42pm | 0 | 150 | 00:48 |
| | | | | | | | 10,113 | 23:06 |