# EXHIBIT B

*Office of the Director*

**U.S. Department of Homeland Security**
500 12th Street, SW
Washington, DC 20536



**U.S. Immigration
and Customs
Enforcement**

March 2, 2026

MEMORANDUM FROM:    Todd Lyons
Senior Official Performing the Duties of the Director

SUBJECT:    Disregarding Kilmar Abrego Garcia's (A201 577 119) Designation of Costa Rica as His Country of Removal Under Section 241(b)(2)(C) of the Immigration and Nationality Act

After careful consideration, I have decided to disregard Mr. Abrego Garcia's designation of Costa Rica as his country of removal for two individually dispositive reasons. First, despite his claim to have designated Costa Rica as his country of removal pursuant to section 241(b)(2)(A)(i) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1231(b)(2)(A)(i), it was not timely and accordingly was not a valid designation.[1] Second, even assuming his designation of Costa Rica was valid, the designation is disregarded because his removal to Costa Rica would be "prejudicial to the United States" under INA § 241(b)(2)(C)(iv), 8 U.S.C. § 1231(b)(2)(C)(iv).

Background

Mr. Abrego Garcia is a native and citizen of El Salvador. He illegally entered the United States in March 2012, and removal proceedings were initiated against him with a Notice to Appear issued on March 29, 2019. On May 29, 2019, an immigration judge sustained the removal charges, and Mr. Abrego Garcia designated El Salvador as his country of removal. On October 10, 2019, an immigration judge granted him statutory withholding of removal to El Salvador pursuant to INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A).

On August 25, 2025, Mr. Abrego Garcia filed a motion to reopen his removal proceedings to, among other things, designate Costa Rica as "the country to which he wishes to be removed."[2] The same motion conveyed his claimed fear of persecution or torture if removed to Costa Rica.[3] On October 1, 2025, an immigration judge denied his motion to reopen.[4] Notably, the

---

[1] *See* INA § 241(b)(2)(C)(i), 8 U.S.C. § 1231(b)(2)(C)(i).

[2] Resp't Emergency Mot. to Reopen at 11-12 (Aug. 25, 2025).

[3] *Id*. at 37.

[4] I.J. Order at 2, 4, 16 (Oct. 1, 2025).

Kilmar Abrego Garcia (A201 577 119)
Page 2 of 4

Immigration Judge noted that he was "troubled" by the request to reopen proceedings to designate Costa Rica for removal while simultaneously articulating, through counsel, a fear of persecution and torture in Costa Rica.[5] Mr. Abrego Garcia appealed to the Board of Immigration Appeals.

On December 11, 2025, the U.S. District Court for the District of Maryland found that, despite the fact that the Immigration Judge "found his removability to be established by clear and convincing evidence,"[6] the Immigration Judge's October 10, 2019 decision, which granted the respondent's application for statutory withholding of removal, "did not command Abrego Garcia's removal to El Salvador or anywhere else."[7] The district court thus found that "no order of removal exists."[8] The same day, an immigration judge issued a sua sponte order correcting the scrivener's error in the October 10. 2019 order, amending the original order to state: "The Respondent is ordered removed to El Salvador based on the charge contained in the Notice to Appear, but the Respondent's application for withholding of removal to El Salvador pursuant to INA § 241(b)(3) is granted."[9]

On December 17, 2025, the Board issued an order finding moot Abrego Garcia's appeal of the denial of his motion to reopen. The decision acknowledged that Abrego Garcia may appeal the December 11, 2025 decision of the Immigration Judge and that "the Immigration Judge's October 10, 2019, order [was] not final." Mr. Abrego Garcia did not file a timely appeal, and the immigration judge's order became final on January 12, 2026.

Discussion

*Mr. Abrego-Garcia's Claimed Designation of Costa Rica for Removal Was Not a Valid Designation under INA § 241(b)(2)(A)(i), 8 U.S.C. § 1231(b)(2)(A)(i).*

As an initial matter, there was a valid and timely designation of a country of removal in Mr. Abrego Garcia's removal proceedings. On May 29, 2019, Mr. Abrego Garcia designated El Salvador as his country of removal pursuant to INA § 241(b)(2)(A)(i), 8 U.S.C. § 1231(b)(2)(A)(i), and the December 11, 2025 decision makes clear that Mr. Abrego Garcia was ordered removed to El Salvador. Pursuant to INA § 241(b)(3), 8 U.S.C. § 1231(b)(3), however, the grant of statutory withholding of removal to El Salvador precludes removal to El Salvador at this time. This was his only valid designation.[10] Consistent with the regulations, Mr. Abrego

---

[5] *Id.* at 11-12.

[6] *Abrego Garcia v. Noem*, No. 8:25-cv-02780-PX, 2025 WL 3545447, at *2 (D. Md. Dec. 11, 2025).

[7] *Id.*; *see also id.* at *13 ("But nowhere does the IJ *order* Abrego Garcia removed to any country at all.")

[8] *Id.* at *11.

[9] I.J. Order at 2 (Dec. 11, 2025).

[10] An alien is provided the opportunity to designate a country of removal when he enters pleadings in removal proceedings. The regulations direct the immigration judge to notify a respondent that if he is ordered removed, "the country of removal will in the first instance be the country designated by the respondent, except as otherwise provided under section 241(b)(2) of the Act, and shall afford him or her an opportunity *then and there* to make such

Kilmar Abrego Garcia (A201 577 119)
Page 3 of 4

Garcia was afforded one opportunity to designate a country of removal, which took place during his removal hearing. As he later sought and was granted withholding of removal to El Salvador, Mr. Abrego Garcia forfeited his right to designate an additional country of removal when he failed to designate any other country prior to the completion of his removal proceedings.

Mr. Abrego Garcia first attempted to designate Costa Rica as a country of removal almost six years after he was ordered removed. For the reasons outlined above, this was invalid because he had already designated El Salvador during removal proceedings, the only opportunity to which he was entitled to designate. Neither the statute nor the regulations permit an alien to designate a country of removal beyond the initial opportunity granted in removal proceedings. If, as here, an alien were permitted to designate a country of removal years after the conclusion of removal proceedings, an alien could avoid ever being removed by endlessly designating new countries of removal.  This is consistent with the denial of his motion to reopen for the purpose of designating Costa Rica as the country of removal. And, despite the December 11, 2025 order making clear that Mr. Abrego Garcia was ordered removed to El Salvador, he waived appeal, such that El Salvador remains his only designated country of removal.

*Assuming Mr. Abrego Garcia Properly Designated Costa Rica, His Designation is Disregarded Because Removal to Costa Rica Would be Prejudicial to the United States*

Even assuming Mr. Abrego Garcia properly designated Costa Rica as a country of removal, such designation is hereby disregarded pursuant to INA § 241(b)(2)(C)(iv), 8 U.S.C. § 1231(b)(2)(C)(iv) because his removal to Costa Rica would be prejudicial to the United States. To date, significant U.S. Government resources and political capital have been expended negotiating with the Republic of Liberia for its acceptance of third country nationals, and specifically for its acceptance of Mr. Abrego Garcia. Those high-stakes political negotiations, at the most senior levels of government, also resulted in reliable assurances that aliens removed to the Republic of Liberia will not be persecuted, tortured, or refouled to a country in which they would be persecuted or tortured. Importantly, these assurances have been reviewed and considered at the highest levels of the United States Government, including the Secretaries of State and Homeland Security. In addition, abandoning agreements negotiated at the highest levels of government could cast doubt on the diplomatic reliability of the United States in relation not only to the Republic of Liberia but also other nations with whom it negotiates on these and other matters. Accordingly, after careful consideration, I have decided that Mr. Abrego Garcia's removal to Costa Rica at this time would be "prejudicial to the United States" under INA § 241(b)(2)(C)(iv), 8 U.S.C. § 1231(b)(2)(C)(iv).

*Mr. Abrego Garcia Will be Removed to the Republic of Liberia Absent Any Legal Impediments*

Because Mr. Abrego Garcia may not be removed to El Salvador and will not be removed to Costa Rica, it must be determined to which country he may be removed. "If an alien is not removed to a country designated under [INA § 241(b)(2)(A)(i), 8 U.S.C. § 1231(b)(2)(A)(i)],"

---

designation." 8 C.F.R. § 1240.10(f). For the phrase "then and there" to have any meaning, the alien's opportunity to designate a country of removal must end at the conclusion of proceedings.

Kilmar Abrego Garcia (A201 577 119)
Page 4 of 4

subject to limited exceptions, he must be removed "to a country of which the alien is a subject, national, or citizen."[11] Here, the only country of which Mr. Abrego Garcia is a subject, national, or citizen is El Salvador, and his grant of statutory withholding of removal precludes his removal to El Salvador.

Absent the ability to remove Mr. Abrego Garcia to a country of which he is a subject, national, or citizen, the statute provides six categories of countries to which removal is permissible.[12] Here, none of those countries are available. Accordingly, pursuant to INA § 241(b)(2)(E)(vii), 8 U.S.C. § 1231(b)(2)(E)(vii), because it is "impracticable, inadvisable, or impossible to remove the alien to each country described in [INA § 241(b)(2)(E)(i)-(vi), 8 U.S.C. § 1231(b)(2)(E)(i)-(vi)]," Mr. Abrego Garcia may be removed to "another country whose government will accept the alien into that country." Therefore, absent any legal impediments, Mr. Abrego Garcia will be removed to the Republic of Liberia, which has agreed to accept him.

---

[11] INA § 241(b)(2)(D), 8 U.S.C. § 1231(b)(2)(D).

[12] INA § 241(b)(2)(E), 8 U.S.C. § 1231(b)(2)(E).