**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| KILMAR ARMANDO ABREGO GARCIA, | * | |
| *Petitioner*, | * | |
| | | Civil Action No. 8:25-cv-02780-PX |
| v. | * | |
| MARKWAYNE MULLIN, *et al.*, | * | |
| *Respondents*. | * | |

\*\*\*

**<u>SCHEDULING ORDER</u>**

For the reasons discussed during today's recorded scheduling conference, the Court sets the following deadlines below.  The Court also addresses the Respondents' suggestion that it *must* decide their pending motion to dissolve the injunction that prohibits Abrego Garcia's removal from the continental United States ("motion to dissolve") by the date of their choosing—April 17, 2026—or else they will deem the motion "denied."  ECF No. 142 at 2, 11.  Respondents cannot dictate the Court's schedule or the outcome of the motion.  Nor can they appeal a judicial order that does not exist.

Respondents also wrongly attempt to lay at the Court's feet the delay in reaching the pending motion to dissolve.  A careful recapitulation of the record since the filing of the habeas Petition shows that, if anyone, Respondents bear the responsibility for substantial delay.

When Abrego Garcia filed the habeas Petition on **August 25, 2025**, the Court's Amended Standing Order barred Abrego Garcia's removal from the continental United States for two business days.  ECF No. 5.  Of course, Respondents had already told the Court that third-country removal was not "imminent" and that Respondents had "no timeline" for removal.  *Abrego Garcia v. Noem*, 8:25-cv-00951-PX ("*Abrego I*"), ECF No. 214 at 4 (D. Md. 2025).  Nonetheless, on

**August 26, 2025**, the Court held a status conference announcing it would resolve the habeas Petition "as fast as is just," and proposed holding a hearing within the week.  ECF No. 14 at 4:12.

Respondents resisted quick disposition and reasserted that "removal is not imminent," that such "third country removals often take some time, and that that is not likely to occur in the sort of window where a TRO would otherwise be in place."  ECF No. 14 at 8:4–7.  So, Respondents asked for a schedule that "may not be as quick" because such a schedule "may not be necessary here."  *Id*. at 8:10–11.  Counsel further acknowledged that the Court would keep the injunction barring Abrego Garcia's removal in place until resolution of the habeas Petition.  *Id.* at 8:17–9:6. The Court also made specific findings as to why the injunction barring removal was warranted at that juncture.  *Id*. at 5:2–8:16.

The same day, the parties proposed separate briefing schedules, ECF Nos. 15 & 16, prompting the Court to convene a scheduling conference the next day on **August 27, 2025**, ECF No. 24.  The parties asked the Court to delay resolution of the habeas Petition pending conclusion of the reopening of the immigration proceedings.[1]  ECF No. 24 at 5:4–22.  The Court agreed but emphasized the need to "get this [habeas] process under way," and set a hearing for **October 6, 2025**, consistent with the parties' request.  *Id*. at 10:8, 12:8–13:3.

On **September 25, 2025**, however, Respondents asked to "continue the evidentiary hearing subject to the same proviso that Petitioner not be removed from the continental United States prior to the hearing" at a date "convenient for the Court."  ECF No. 30 at 1.  The Court thus converted the **October 6** hearing to a status conference with the Respondents' consent that the injunction remain in place.  ECF No. 31.

---

[1] Abrego Garcia moved to reopen his immigration proceedings on Respondents' suggestion because, in their view, reopening those proceedings would be the "appropriate procedural mechanism" to raise several of his challenges. ECF No. 14 at 14:14–15:3.  *See also* ECF No. 71 at 15.

At the hearing on **October 6, 2025**, the Court learned that Respondents had made no real progress to remove Abrego Garcia to any third country and yet continued to hold him in immigration custody.   ECF No. 48 at 6:25–7:22.   Accordingly, the Court was prepared to adjudicate whether Abrego Garcia should be released that day.   *Id*. at 9:9–18.   Respondents objected and asked for an evidentiary hearing even though they "ha[d]n't formalized a particular plan for removal yet." *Id*. at 12:22–24.  The Court set the hearing for **October 10, 2025**.  ECF No. 50.

At the **October 10** hearing, Respondents' counsel disingenuously suggested the only impediment to lawful removal of Abrego Garcia had been the Court's injunction.  ECF No. 52 at 34:3–35:10. So the Court admonished counsel and reminded them if they wished to have the injunction lifted, they must file their motion to dissolve as previously discussed.  *Id.* at 35:2–7, 38:21–22.

On **October 24, 2025**, Respondents identified Liberia as the fourth African country to which they sought to send Abrego Garcia, and despite months of delay, now asserted they wished to "effectuate removal as soon as October 31." ECF No. 56 at 2.  Respondents anticipated that they would reject Abrego Garcia's claimed fear of removal to Liberia, at which point they would ask for the dissolution of the injunction.   ECF No. 64 at 13:10–15.   Respondents also acknowledged that the injunction would remain in place pending the resolution of any motion to dissolve.  *Id.* at 13:20–14:19.  The parties proposed a briefing schedule, to include the motion to dissolve, which the Court adopted and set a hearing for **November 20, 2025**.  ECF Nos. 65 & 66.

Respondents next filed the motion to dissolve on **November 7, 2025**, which they now complain has been pending "for months." ECF No. 142 at 1.  What happened next explains why.

3

Much of the **November 20, 2025**, hearing was devoted to the non-existence of a final order of removal for Abrego Garcia. *See* ECF No. 107. The absence of that order meant that Respondents—for six years—never had authority to remove Abrego Garcia to any third country. On this point, Respondents *agreed*. If "there is no final order of removal," conceded Respondents' counsel, Drew Ensign, "then the government would take the position it could not remove him." ECF No. 107 at 156:22–24. While Respondents now insinuate this Court has sat on its hands regarding the dissolution motion, the reality is that Respondents had no lawful authority to remove Abrego Garcia unless and until a final order of removal issued. *See* ECF No. 110 at 19–25. The injunction, in this respect remained an entirely appropriate prophylaxis because Respondents already had demonstrated the capacity to remove Abrego Garcia without lawful authority, *see Abrego I*, and the injunction visited no prejudice on Respondents.

On **December 11, 2025**, the Court issued its written decision confirming that because no final order of removal existed, Abrego Garcia must be released from immigration detention. ECF Nos. 110 & 111. Respondents never appealed that decision. That same day, **December 11**, an Immigration Judge sua sponte issued a nunc pro tunc order of removal effective October 2019. ECF No. 112-2. However, Respondents agreed that they still had no lawful authority to remove Abrego Garcia until the December 11 nunc pro tunc order became final, which at the earliest, would be thirty days later. ECF No. 115 at 1.

Nonetheless, Respondents tried to re-detain Abrego Garcia which this Court separately enjoined. ECF No. 114. The Court held a hearing on **December 22, 2025**, to ascertain whether it should continue to prohibit the rearrest of Abrego Garcia. ECF No. 122. The Court also tried to understand what new legal bases allowed Respondents to hold Abrego Garcia in immigration custody. ECF No. 123. The Court granted Respondents until **December 26, 2025**, to articulate

the basis for re-detention in the absence of a final order of removal.  *Id*.  Respondents thereafter sought a brief delay of their filing which the Court granted.  ECF No. 127.

But by this point, the nunc pro tunc order of removal become final on **January 12, 2026**.  ECF No. 130 at 1–2.  So, on **January 14, 2026**, the Court held a status conference to discuss next steps.  ECF No. 135.  Now, the parties agreed that the motion to dissolve the injunction was finally ripe for resolution alongside Abrego Garcia's continued release pending such removal.  ECF No. 138 at 5:2–23.  But Respondents wanted further briefing.  *Id.* at 5:20–8:25.  Respondents also made clear that third-country removal was, once again, not imminent, because "the government [was] working to get travel documents but [did] not have those at the moment."  *Id.* at 11:14–17.  Thus, with Respondents' agreement that the status quo would remain, the Court granted their request for more briefing.  *Id*. at 11:18–24; *see also* ECF No. 136.

On **February 2, 2026**, the matters were fully briefed and on **February 17, 2026**, the Court issued its final decision preventing the re-detention of Abrego Garcia pending removal, in part because Respondents have yet to produce travel documents to any country, nothing suggested that his removal was reasonably foreseeable, and Respondents had not shown Abrego Garcia's re-detention in ICE custody is consistent with due process.  ECF No. 141 at 8–9.

Now, for the first time since this tortured history, Respondents insist that they are ready to remove Abrego Garcia to Liberia,[2] that is, according to the motion they filed on **March 20, 2026**.  ECF No. 142.  Respondents did not move to shorten the time for Abrego Garcia to respond to that motion, and so Abrego Garcia timely filed his opposition on **April 3, 2026**.  ECF No. 144.

---

[2] Respondents' complaints about the "delay" in adjudicating the motion to dissolve are further undermined by the pending federal indictment in Tennessee.  After all, Abrego Garcia must be physically present for that trial to proceed.

Abrego Garcia raises several substantive and procedural arguments that require further exploration for a fair and expeditious resolution. ECF Nos. 142, 144, 145. The motion, therefore, is simply not ripe for resolution.

Accordingly, the Court sets the following schedule:

**April 13, 2026**    Respondents' Reply to ECF No. 142 & Response to ECF No. 145

**April 20, 2026**    Petitioner's Reply to ECF No. 145

**April 28, 2026**    Hearing on Motions, Courtroom 2C, United States District Court for the
**At 10:00 AM**        District of Maryland, Greenbelt

So Ordered.

Date:  April 7, 2026                                    _____/s/_____
                                                        PAULA XINIS
                                                        United States District Court