**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

| | |
|---|---|
| KILMAR ARMANDO ABREGO GARCIA, <br><br> Petitioner, <br><br> v. <br><br> MARKWAYNE MULLIN, Secretary of Homeland Security; TODD BLANCHE, Acting Attorney General; TODD M. LYONS, and NIKITA BAKER, <br><br> Respondents.[1] | Case No. 8:25-CV-02780-PX <br><br> **RESPONDENTS' NOTICE OF APPEAL** |

**NOTICE OF APPEAL**

Respondents (the government) hereby appeal to the United States Court of Appeal for the Fourth Circuit the District Court's February 17, 2026, order granting an injunction requiring Petitioner's release (Doc. 141).

The government further appeals from the District Court's constructive denial of its original November 7, 2025, motion to dissolve (Doc. 72), and its March 20, 2026, renewed motion to dissolve (Doc. 142), the District Court's injunctions against removing Petitioner from the United States (Docs. 13, 20). Those injunctions were entered without ever analyzing the likelihood that Petitioner would prevail on the merits or any of the other factors required by *Winter v. NRDC*, 555 U.S. 7 (2009). The first order granting an injunction against removal is a simple docket entry without attachment (Doc. 13), while the second is a letter order issued without reasoning (Doc. 20).

---

[1] Secretary Markwayne Mullin and Acting Attorney General Todd Blanche are automatically substituted for their predecessors under Federal Rule of Civil Procedure 25(d).

On March 20, 2026, the government "request[ed] the Court enter a ruling on the Motion by Friday, April 17, 2026," and provided notice that "[a]fter that date, the government will consider the motion to dissolve as having been denied." Doc. 142. To date, the District Court has not resolved the motions to dissolve. *See*, *e.g.*, *A.A.R.P. v. Trump*, 605 U.S. 91, 94, 145 S. Ct. 1364, 1367, 221 L. Ed. 2d 765 (2025) (treating "the District Court's inaction" as having the "practical effect of refusing an injunction" giving rise to appellate jurisdiction).

The District Court has thus maintained an injunction against removing Petitioner from the United States for more than seven months without analyzing any of the required *Winter* factors. Although the government "represented Petitioner w[ould] not be removed from the continental United States prior to [a] October 6, 2025, hearing," it did not agree to the open-ended injunction that the district court has kept in place.

Dated: April 17, 2026

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General

DREW C. ENSIGN
JONATHAN GUYNN
Deputy Assistant Attorneys General

ERNESTO MOLINA, JR.
Deputy Director
Office of Immigration Litigation

*/s/ Shane A. Young* .
SHANE A. YOUNG
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
202-451-7483
Shane.a.young@usdoj.gov

ATTORNEYS FOR RESPONDENTS

2

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2026, I electronically filed the foregoing document via this Court's CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

                                        */s/ Shane A. Young*
                                        SHANE A. YOUNG
                                        Trial Attorney
                                        United States Department of Justice
                                        Civil Division
                                        Office of Immigration Litigation