**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**Greenbelt Division**

Kilmar Armando Abrego Garcia,

               Petitioner,

v.

Kristi Noem, *et al.*,

               Respondents.

Case No. 8:25-cv-02780 (PX)

**Petitioner's Motion for a Rule 62.1 Indicative Ruling**

On April 17, 2026, the Government filed a notice of appeal purporting to appeal the "constructive denial" of its motion to dissolve. ECF No. 163. Ordinarily, the filing of a notice of appeal, "including an interlocutory appeal," is an act of jurisdictional significance that "'divests the district court of its control over those aspects of the case involved in the appeal.'" *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). Under this *Griggs* principle, a district court must "halt all proceedings related to the appeal." *City of Martinsville v. Express Scripts, Inc.*, 128 F.4th 265, 268 (4th Cir. 2025). The Government's notice of appeal therefore may have divested this Court of jurisdiction to decide the Government's motion to dissolve (ECF No. 142), as well as Petitioner's motion for limited discovery that pertains to that motion to dissolve (ECF No. 145).

The automatic divestiture rule of *Griggs* should not apply to Petitioner's discovery motion because the Government's "constructive denial" appeal is frivolous, as explained in Petitioner's reply in support of his discovery motion. *See* ECF No. 165; *see also* ECF No. 148 at 1 (explaining that the Government "cannot dictate the Court's schedule[,] . . . the outcome of the motion[,] . . . [or] appeal a judicial order that does not exist").

If the Court nevertheless concludes that the notice of appeal divests it of jurisdiction over the discovery motion, Petitioner respectfully requests that the Court issue an indicative ruling under Federal Rule of Civil Procedure 62.1 stating how it would resolve the discovery motion.

Rule 62.1 provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may . . . state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. Rule 61.2(a)(3); *see CASA, Inc. v. Trump*, 791 F. Supp. 3d 606, 614–15 (D. Md. 2025); *Kravitz v. U.S. Dep't of Com.*, 382 F. Supp. 3d 393, 397 (D. Md. 2019).

An indicative ruling on Petitioner's discovery motion would assist the Fourth Circuit in evaluating the Government's appeal. This Court has already acknowledged that the Government's motion to dissolve has injected into this case factual issues that "need[] to get sussed out" before the motion can be resolved. ECF No. 158 at 11:8; *see also* ECF No. 148 at 6 (recognizing that "Abrego Garcia raises several substantive and procedural arguments that require further exploration for a fair and expeditious resolution"). Those factual issues include assertions in the March 2 Memorandum of Todd Lyons and the March 17 Declaration of John A. Schultz that are inconsistent with the Government's prior sworn testimony and representations to this Court. *See* ECF No. 145 (explaining why discovery would aid the Court's resolution of the motion to dissolve). The Fourth Circuit would likely benefit from an indicative ruling explaining what, if any, additional discovery this Court would allow if the Fourth Circuit dismissed or remanded the Government's "constructive denial" appeal. *See Kravitz*, 382 F. Supp. 3d at 402 (issuing an indicative ruling and stating that "[i]f the case is remanded, the Court will reopen discovery for no more than 45 days, order an expedited evidentiary hearing, and provide a speedy ruling").

2

Should the Court indicate it would grant the motion for limited discovery, Petitioner respectfully requests the Court rule that it would strike the Schultz Declaration and Lyons Memorandum unless the Government satisfactorily complies with the order for discovery and produces knowledgeable, responsive witnesses. This assurance is necessary given the Government's history of repudiating the Court's orders and failing to produce witnesses with relevant knowledge. ECF No. 110 at 9–14 & n.12, 28–29.

Respectfully submitted,

Dated: April 20, 2026

**MURRAY OSORIO PLLC**
Simon Y. Sandoval-Moshenberg
Rina Gandhi
4103 Chain Bridge Road, Suite 300
Fairfax, VA 22030
(703) 352-2399
ssandoval@murrayosorio.com

/s/ Jonathan G. Cooper

**QUINN EMANUEL URQUHART &**
  **SULLIVAN, LLP**
Jonathan G. Cooper (D. Md. Bar No. 21345)
Olivia Horton* (*pro hac vice*)
Nithya Pathalam (*pro hac vice*)
555 13th Street NW, Suite 600
Washington, DC 20004
(202) 538-8000
jonathancooper@quinnemanuel.com
oliviahorton@quinnemanuel.com
nithyapathalam@quinnemanuel.com
**admitted in Texas; not admitted in D.C.*
*Supervised by attorney admitted in D.C.*

Andrew J. Rossman (*pro hac vice*)
Sascha N. Rand (*pro hac vice*)
Courtney Daukas (*pro hac vice*)
Morgan L. Anastasio (*pro hac vice*)
Roey Goldstein (*pro hac vice*)
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
andrewrossman@quinnemanuel.com
sascharand@quinnemanuel.com
courtneydaukas@quinnemanuel.com
morgananastasio@quinnemanuel.com
roeygoldstein@quinnemanuel.com

*Counsel for Petitioner*

3