**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

| | |
|---|---|
| KILMAR ARMANDO ABREGO GARCIA, <br><br> Petitioner, <br><br> v. <br><br> MARKWAYNE MULLIN, Secretary of Homeland Security; TODD BLANCHE, Acting Attorney General; TODD M. LYONS, and NIKITA BAKER, <br><br> Respondents. | Case No. 8:25-CV-02780-PX <br><br> **RESPONDENTS' RESPONSE TO** ***AMICI CURIAE*** **BRIEF IN SUPPORT OF PETITIONER AND IN OPPOSITION TO RESPONDENTS' MOTION TO DISSOLVE INJUNCTIONS (ECF 149)** |

**INTRODUCTION**

This filing responds to the *Amici* brief submitted at ECF No. 149-1, as permitted by the Court's order of April 14, 2026.

Congress expressly permits third-country removals, which are often the only way to execute lawful removal orders against aliens with serious criminal histories or who have received protection from removal to their home countries but still lack a lawful basis to remain in the United States. *See* 8 U.S.C. §§ 1231.

The *Amici* brief raises broad concerns with third-country removals and proposes a novel constitutional framework for challenging proposed third-country removals. There is ongoing litigation regarding the permissibility of third-country removals, involving a nationwide, non-opt-out class certified under Civil Rule 23(b)(2). In that litigation, the Supreme Court has intervened—twice—to permit third-country removals to continue to proceed. *Dep't of Homeland Sec. v. D.V.D.*, 145 S. Ct. 2153 (Mem.) (2025); *DHS v. D.V.D.*, 145 S. Ct. 2627 (2025). And third-country removals are currently proceeding under a stay entered by the First Circuit. *See D.V.D. v. DHS,* No. 26-1212 (1st Cir. March 16, 2026). No such claims are pending before this Court, and

Petitioner has not challenged his removal as punitive for constitutional purposes. The *Amici* brief's theory is outside the scope of this litigation.

## ARGUMENT

I.    **The *Amici* Brief's Concerns Regarding Third-Country Removals Are Misplaced In This Case.**

The *Amici* brief argues, in sum, that removing any individual to a third country—even when meeting all "procedural safeguards" and "requirements"—constitutes (or at least may constitute) punishment in violation of the Fifth and Eighth Amendments. ECF 149-1 at 5. There is ongoing litigation challenging the permissibility and procedures for executing third-country removals, in which amici could have filed their brief, but that litigation is not before this Court. Instead, the District of Massachusetts has entered a final judgment, binding a nationwide Rule 23(b)(2) class, regarding the permissibility of third-country removal. *D.V.D. v. DHS,* __ F. Supp. 4th ___, 2026 WL 521557 (D. Mass. Feb. 25, 2026). The First Circuit stayed that judgment and expedited the government's appeal of it. *See D.V.D. v. DHS,* No. 26-1212 (1st Cir. March 16, 2026). Oddly, unlike other interested nonparties, *Amici* chose not to file in the First Circuit appeal, and the *Amici* brief does not acknowledge the ongoing *D.V.D.* litigation or account for the fact that Petitioner is a member of the *D.V.D.* class. *Amici* thus never explain why this court can hear their arguments, let alone why this Court is better equipped to evaluate their arguments.

As the government has explained in *D.V.D.*, Congress expressly permits third-country removals in a variety of circumstances. *See* Corrected Brief of Appellants, *D.V.D. v. DHS*, No-26-1212 (1st Cir. April 6, 2026); Reply Brief of Appellants, *D.V.D. v. DHS*, No. 26-1212 (1st Cir. April 21, 2026). Indeed, third-country removal is often the *only* way to execute a lawful removal order, as when an alien has obtained protection from removal to his home country but lacks a lawful basis to remain in the United States or when the alien's home country is unwilling to accept

him. *See* 8 U.S.C. § 1231(b)(1)-(2).

The third-country removal authority is particularly important "because many aliens most deserving of removal are often the hardest to remove." App. for Stay at 1-2, *DHS v. D.V.D.*, No. 24A1153 (U.S. May 27, 2025). "When illegal aliens commit … especially heinous" crimes in the United States and are ordered removed, "their countries of origin are often unwilling to take them back," and the government must choose between letting them "stay in the United States for years on end" or conducting the "sensitive diplomacy, which involves negotiation and the balancing of other foreign-policy interests," to convince third countries to accept them. *Id.* at 2.

Section 1231(b)(2)'s sequencing directives make clear that whether an alien can be removed to a third country not listed in the final removal order will generally depend not on factual findings of the sort that the alien can contest in an individual adversarial proceeding, but instead on inherently discretionary executive judgments that are not amenable to judicial second guessing. Such discretionary judgments include whether the removal to *any* country—designated or not— would be "prejudicial to the United States"; whether the home country responded to the "inquiry within a period of time the Attorney General decides is reasonable"; whether the home country is "not willing to accept" the alien; or whether it would be "impractical, inadvisable, or impossible" to return the alien to certain other enumerated countries. 8 U.S.C. §§ 1231(b)(2)(C)(iv), (D)(i)-(ii), and E(vii). Such determinations turn on discretionary, foreign-policy, and national security considerations vested with the Executive.

Because Petitioner is subject to a final order of removal to El Salvador, but obtained withholding of removal to El Salvador, third-country removal is the only way to execute his concededly lawful removal order. The rule that the *Amici* brief seemingly contemplates, reducing or eliminating the availability of third-country removal, is a thinly veiled attempt to entrench the

unlawful presence of illegal aliens who concededly have no basis for continued lawful presence in the United States and no pathway to lawful status.

## CONCLUSION

The *Amici* brief's frontal assault on third-country removals is misplaced in this case and seeks to interfere with the lawful and necessary exercise of the third-country removal authority.

Dated: April 21, 2026                    Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General

DREW C. ENSIGN
JONATHAN GUYNN
Deputy Assistant Attorneys General

ERNESTO MOLINA, JR.
Deputy Director
Office of Immigration Litigation

*/s/ Shane A. Young*
SHANE A. YOUNG
Trial Attorney
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 878, Ben Franklin Station
Washington, DC 20044
202-451-7483
Shane.a.young@usdoj.gov

ATTORNEYS FOR RESPONDENTS

**CERTIFICATE OF SERVICE**

I hereby certify that on April 21, 2026, I electronically filed the foregoing document via this Court's CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

_/s/ Shane A. Young_
SHANE A. YOUNG
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation