**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**GREENBELT DIVISION**

| | |
|---|---|
| KILMAR ARMANDO ABREGO GARCIA, | Case No. 8:25-CV-02780-PX |
| Petitioner, | **RESPONDENTS' RESPONSE TO PETITIONER'S MOTION FOR A RULE 62.1 INDICATIVE RULING (ECF 166)** |
| v. | |
| MARKWAYNE MULLIN, Secretary of Homeland Security; TODD BLANCHE, Acting Attorney General; TODD M. LYONS, and NIKITA BAKER, | |
| Respondents. | |

## INTRODUCTION

"Two courts at once is one court too many." *City of Martinsville, Virginia v. Express Scripts, Inc.*, 128 F. 4th 265, 270-71 (4th Cir. 2025). Instead, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

Petitioner does not contest that the ordinary rule would divest this Court of jurisdiction over his motion for discovery, which relates to dissolution of a preliminary injunction that is now before the Fourth Circuit. Instead, he argues that an exception applies because Defendants' notice of appeal is "frivolous." ECF No. 166 at 1. But the question of *appellate* jurisdiction is one properly directed to the *appellate* court (here, the Fourth Circuit). In other words, if Petitioner wants to move to dismiss the government's appeal in the Fourth Circuit, he is free to do so. Dismissal of the appeal would return jurisdiction to this Court. But in the meantime, this Court should reserve to the Fourth Circuit the prerogative of deciding whether *it* has appellate jurisdiction in the first instance.

Even if it were appropriate for this Court to resolve the question of appellate jurisdiction, Petitioner's arguments fail. As an initial matter, Petitioner does not even attempt to argue that Defendants' appeal of this Court's injunction against detention is in any way defective. *See* ECF No. 165 at 13-15. Nor does he explain why that concededly appropriate appeal by itself does not divest this Court of jurisdiction over his motion for discovery, given the overlap of these issues. That alone is enough to resolve the appellate jurisdictional issue here.

In any event, Defendants' appeal of this Court's constructive denial of their motion to dissolve the injunction against removal is proper and far from even arguably frivolous. It is well-established that if a judicial action has "the 'practical effect' of granting or denying an injunction, it should be treated as such for purposes of appellate jurisdiction." *Abbott v. Perez*, 585 U.S. 579, 594 (2018). This Court's failure to act on the government's motion to dissolve the injunction against removal has the same practical effect as denying it—which would be incontestably appealable under 28 U.S.C. § 1292(a)(1). Indeed, that injunction has now persisted for more than eight months, even though this Court has *never* analyzed Petitioner's likelihood of success on the merits of his challenge to removal, as Supreme Court precedent demands. *See Winter v. NRDC*, 555 U.S. 7 (2009). And the Supreme Court has recently reiterated that failure to act on a request regarding injunctive relief, even for as little as 14½ hours, can be appealed just like a formal grant or denial. *See A.A.R.P v. Trump*, 605 U.S. 91, 94 (2025).

As a fallback, Petitioner asks this Court to grant his motion for discovery on an indicative basis. There is no reason to do so. The Fourth Circuit has before it all of the relevant *threshold* jurisdictional issues, and those should be resolved first before any request for discovery is resolved. Moreover, both Petitioner's habeas petition and the government's motions to dissolve are fully briefed. Nothing further is needed to decide them, on an indicative basis or otherwise.

**RELEVANT BACKGROUND**

On August 25, 2025, Petitioner filed a habeas petition challenging both his detention pending removal, and his removal from the United States. *See generally* ECF No. 1. In a conference with the Court that day, the Government agreed that it would not remove Petitioner while his Motion to Reopen was pending before the immigration judge. ECF No. 24 at 1.[1] Despite the limited nature of that pledge, this Court entered a letter order on August 27, 2025, enjoining Defendants "from removing the Petitioner from the continental United States." ECF No. 20. That order contained no analysis regarding whether Petitioner had satisfied the requirements for an injunction, such as whether there was a likelihood of success and whether the equities favored issuing the injunction. *Id*.

On November 7, 2025, the Government moved to dissolve the injunction on the grounds that this Court lacked jurisdiction, and that Petitioner's claims lacked merit. *See* ECF No. 72.

On December 11, the Court issued its Memorandum Opinion and order granting relief from detention, principally on the basis that there was no final order of removal against Petitioner. ECF No. 110, 111. Notably, the Court did not rule on the Government's motion to dissolve at that time. Nor did the Court address Petitioner's challenges to his removal.

On December 11, 2025, after the immigration judge corrected the error in Petitioner's order of removal, Petitioner filed an emergency motion for a temporary restraining order to prevent his re-detention, which the Court granted the next day. ECF No. 112, 114. Following briefing and hearings, the Court on February 17, 2026, granted Petitioner's request to convert that TRO into injunctive relief against further detention. ECF No. 141 at 2. In granting injunctive relief, the Court

---

[1] Petitioner's motion to reopen was denied by an Immigration Judge on October 1, 2025. *See* ECF No. 39. Petitioner subsequently appealed his denial to the Board of Immigration Appeals (BIA). On December 17, 2025, the BIA dismissed Petitioner's appeal. *See* ECF No. 119-1.

fully incorporated its decision at ECF No. 110. *Id*. Once again, this Court did not rule on the motion to dissolve, or otherwise address Petitioner's challenges to removal.

On March 20, 2026, Respondents filed a renewed motion to dissolve. ECF No. 142. The motion requested dissolution of the injunction against Petitioner's detention (ECF No. 141), and (again) of the injunction against Petitioner's removal (ECF No. 13). *Id*. Petitioner filed his response on April 3, 2026, and later filed a motion to conduct limited discovery. ECF Nos. 142, 143. Respondents filed their reply in support of the dissolution and their opposition to Petitioner's discovery motion on April 13, 2026. ECF Nos. 159, 160.

On April 17, 2026, Respondents filed their Notice of Appeal. ECF No. 163. On Monday, April 20, 2026, Petitioner filed his reply in support of his discovery motion, and a motion for an indicative ruling under F.R.C.P. 62.1. ECF Nos. 165, 166.

## ARGUMENT

### I.     The District Court Is Divested of Jurisdiction on Appeal.

"The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). Petitioner concedes that this principle requires a "halt [] to *all proceedings* related to the appeal." ECF No. 166 at 1 (citing *City of Martinsville*, 128 F.4th at 268). Thus, the parties agree that an appeal under 8 U.S.C. § 1292(a)(1) generally divests the district court of jurisdiction to rule any further on the issues and motions that are on appeal. The only relevant question, then, is whether an exception for "frivolous appeals" applies here. It does not.

### A.  Respondents' Appeal of the February Injunction Is Undisputedly Proper.

Petitioner does not even mention Respondents' timely appeal of this Court's February 2026 injunction against detention (ECF No. 141)—let alone argue it is in any way improper. That alone

is enough to resolve the question of whether the government's appeal is proper—and by extension whether the exception for frivolous appeals applies.

### B. Respondents' Appeal of This Court's Constructive Denial of Respondents' Motions to Dissolve the Earlier Injunction Is Also Proper.

The government's appeal of this Court's constructive denial of its motions to dissolve the preliminary injunction against removal is also proper—even if this Court were to take it upon itself to weigh in on that matter, which should be left for the Fourth Circuit to decide.

Refusing to dissolve an injunction, like refusing to grant one, is appealable under 28 U.S.C. § 1292(a)(1), which provides for appellate jurisdiction of "orders of the district courts … granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." And just as inaction that has "the practical effect of refusing an injunction" can be appealed, *A.A.R.P v. Trump*, 605 U.S. 91, 94 (2025) (citing *Carson v. American Brands, Inc.*, 450 U.S. 79, 84 (1981)), so too for inaction that has the practical effect of refusing to dissolve one. *See also, e.g.*, *Company Doe v. Public Citizen*, 749 F.3d 246, 259 (4th Cir. 2014) (entertaining appeal of "the district court's 'constructive denial' of [appellants'] motion"). In either scenario, if refusal to act effectively "prohibits certain conduct," that can "be appealed under § 1291(a)(1) because it [is] the practical equivalent" of an appealable order "and threaten[s] serious and perhaps irreparable harm if not immediately reviewed." *Abbott v. Perez*, 585 U.S. 579, 594-95 (2018) (citing *Carson*, 450 U.S. at 83-84, 86-90).

This Court's refusal to decide the government's two motions to dissolve constitutes constructive denials, which were properly appealable under 28 U.S.C. § 1292(a)(1). The original injunction against removal was issued on August 27, 2025—notably, without any analysis of the *Winter* factors with respect to removal, and apparently predicated on a much narrower agreement by the government that it would not remove Petitioners until certain immigration proceedings were

resolved.  ECF No. 20. Under Petitioner's position, this Court could maintain its injunction against removal indefinitely, without ever analyzing the *Winter* requirements, and that inaction *never* would be appealable.  That simply is not the law, as *Abbott*, *A.A.R.P.*, *Carson*, and *Company Doe* all recognize. And whether sufficient time has passed here is at the very least a *debatable* issue— thus precluding any determination that the government's appeal is frivolous. Indeed, sometimes inaction for as little as 14½ hours creates appellate jurisdiction. *See A.A.R.P.*, 605 U.S. at 94 ("[T]he District Court's inaction—not for 42 minutes but for 14 hours and 28 minutes—had the practical effect of refusing an injunction…."). In any event, that question of appellate jurisdiction is one for the Fourth Circuit to decide.

**II.      Petitioner's Motion for Indicative Ruling Should Be Denied.**

Petitioner alternatively asks for an indicative ruling on his motion for discovery if this Court is divested of jurisdiction. *See Company Doe*, 749 F.3d at 259 (vacating district court order purporting to resolve constructively denied motion after appeal of constructive denial). That request should be denied because the relevant threshold jurisdictional questions are now before the Fourth Circuit and should be decided before any questions of discovery are resolved (since discovery only has any conceivable relevance if the threshold jurisdictional bars do not apply). For example, as a member of a non-opt-out Rule 23(b)(2) class certified in D.V.D. v. DHS, Petitioner is precluded from bringing similar claims; 8 U.S.C. § 1252(g) bars the court from staying the execution of a final order of removal; and 8 U.S.C. § 1252(a)(2)(B)(ii) proscribes judicial review of the agency's decision to disregard the designation of a country of removal by an alien. *See* ECF No. 142 at 6-10, ECF No. 159 at 5-7, ECF No. 72 at 7-22.

But if this Court does decide to issue an indicative ruling on Petitioner's motion, it should also do so for the government's motions to dissolve. Indeed, it should do so in all events so that

the Fourth Circuit can have the benefit of reviewing this Court's reasoning in enjoining removal of Petitioner despite a final order of removal. That is why the government awaited the Court's ruling on its motion to dissolve the preliminary injunction against removal for months and even renewed the motion in an effort to obtain a ruling from the Court before pursuing an appeal.

**CONCLUSION**

For the foregoing reasons, Petitioner's Motion for a Rule 62.1 Indicative Ruling should be denied.

Dated: April 27, 2026                    Respectfully Submitted,

                                         BRETT A. SHUMATE
                                         Assistant Attorney General

                                         DREW C. ENSIGN
                                         JONATHAN GUYNN
                                         Deputy Assistant Attorneys General

                                         ERNESTO MOLINA, JR.
                                         Deputy Director
                                         Office of Immigration Litigation

                                         _/s/ Shane A. Young_____
                                         SHANE A. YOUNG
                                         Trial Attorney
                                         U.S. Department of Justice
                                         Civil Division
                                         Office of Immigration Litigation
                                         P.O. Box 878, Ben Franklin Station
                                         Washington, DC 20044
                                         202-451-7483
                                         Shane.a.young@usdoj.gov

                                         ATTORNEYS FOR RESPONDENTS

7

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2026, I electronically filed the foregoing document via this Court's CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the CM/ECF system.

/s/ Shane A. Young
SHANE A. YOUNG
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation

8