**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**Greenbelt Division**

| | |
|---|---|
| Kilmar Armando Abrego Garcia, | |
| Petitioner, | |
| v. | Case No. 8:25-cv-02780 (PX) |
| Markwayne Mullin, *et al.*, | |
| Respondents. | |

**Petitioner's Reply In Support of Motion for a Rule 62.1 Indicative Ruling**

The Government advances three primary arguments in its response brief. ECF No. 170. First, it contends (at 4–6) that the notice of appeal it filed on April 17 divests this Court of jurisdiction to rule on the Government's pending motions to dissolve the injunctions that bar Petitioner Kilmar Armando Abrego Garcia's removal from the continental United States as well as on Abrego Garcia's motion for discovery relating to the dissolution motions. Second, the Government argues (at 6) that Abrego Garcia's request in the alternative for an indicative ruling on his discovery motion should be denied. Third, the Government asserts (at 6–7) that if the Court issues an indicative ruling on Abrego Garcia's discovery motion, then the Court should also issue an indicative ruling on the Government's dissolution motions. All three arguments are wrong.

**I.      This Court Retains Jurisdiction Over Abrego Garcia's Discovery Motion.**

On the question of jurisdiction, the parties agree that the filing of a notice of appeal is ordinarily an event of jurisdictional significance that "divests the district court of its control over those aspects of the case involved in the appeal." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). That divestiture rule is "subject to certain safeguards against frivolous appeals," *Levin v. Alms &*

*Assocs.*, 634 F.3d 260, 265 (4th Cir. 2011), including that a district court "does not lose jurisdiction when the litigant takes an appeal from an unappealable order," *United States v. Jones*, 367 F. App'x 482, 484 (4th Cir. 2010); *accord Bluefeld v. Cohen*, 2017 WL 1546406, at *2 (D. Md. Apr. 27, 2017) (Xinis, J.) (collecting authorities). Here, the Government's notice of appeal purports to appeal two separate things. First, it appeals this Court's February 17 order enjoining the Government from taking Abrego Garcia into ICE custody. *See* ECF No. 163 at 1 (citing ECF No. 141). Second, the notice states that it "further appeals" the separate "constructive denial" of the Government's motions to dissolve the "injunctions against removing Petitioner from the United States." *Id.* at 1–2 (citing ECF Nos. 13, 20, 72 and 142).[1] The portion of the notice purporting to appeal the "constructive denial" of the dissolution motions is frivolous, and so it does not divest this Court of jurisdiction to resolve those dissolution motions or Abrego Garcia's related discovery motion. *See* ECF No. 165 at 14–15; ECF No. 166 at 1.

The Government rejoins (at 4–5) that because it timely appealed the February 17 injunction barring ICE detention, its separate appeal of the "constructive denial" of its dissolution motions is necessarily proper. That is not so. An order granting a preliminary injunction can be appealed under 28 U.S.C. § 1292(a)(1), but appellate jurisdiction is confined to that order and does not extend to "issues that have not yet been decided by the trial court." *Janvey v. Alguire*, 647 F.3d 585, 603 (5th Cir. 2011) (quoting Wright & Miller, 16 Fed. Prac. & Proc. § 3921.1).[2] This Court has not decided

---

[1] The notice purports to appeal the "constructive denial" of motions to dissolve the injunctions entered in August 2025 at ECF Nos. 13 and 20. The Government had 60 days—*i.e.*, until October 2025—to appeal those injunctions under 28 U.S.C. § 1292(a)(1) and Federal Rule of Appellate Procedure 4(a)(1)(B), but it chose to not appeal. In September 2025, the Court entered a separate order continuing the injunction barring removal, *see* ECF No. 31, and the Government had 60 days—*i.e.* until November 2025—to appeal that order, but it again opted not to appeal.

[2] The language in Wright & Miller that *Janvey* quotes is from § 3921.1, but the opinion in *Janvey* mistakenly cites the reference as § 3291.1.

the Government's dissolution motions, so they are not encompassed by an appeal of the February 17 order against ICE detention. Indeed, the Government's notice of appeal itself treats the dissolution motions as outside the scope of the appeal of the February 17 order, as it expressly states that the Government "hereby appeal[s]" the February 17 order, and then separately purports to "further appeal[]" the dissolution motions. Nor does Abrego Garcia's discovery motion have anything to do with the February 17 order. Instead, the discovery motion is directed at the Schultz Declaration and Lyons Memorandum—documents that postdate the February 17 order. *See* ECF No. 142-1 at 6 (Schultz Declaration signed on March 17, 2026, and filed in this case on March 20, 2026); ECF No. 143-1 at 1 (Lyons Memorandum dated March 2, 2026, and filed in this case on March 20, 2026). The appeal of the February 17 order therefore does not divest this Court of jurisdiction over the Government's dissolution motions or Abrego Garcia's discovery motion.

The Government next contends (at 5–6) that the purported "constructive denial" of its dissolution motions is independently appealable under § 1292(a)(1). But this Court has *not* denied—either actually or constructively—the dissolution motions. To the contrary, when the Government told the Court that it must resolve the dissolution motions by April 17 or else it would deem them denied, this Court went out of its way to explain that the motions were "simply not ripe for resolution" and to set a briefing and hearing schedule for resolving them expeditiously. ECF No. 148 at 6. "Simply deferring the time to rule" on a motion to dissolve "does not count as an appealable refusal." Wright & Miller, 16 Federal Prac. & Proc. § 3924.2.

The Government's latest filing effectively concedes that its dissolution motions remain live and undenied. The Government argues that, if the Court issues an indicative ruling on Abrego Garcia's discovery motion, then "it should also do so for the government's motions to dissolve." ECF No. 170 at 6. If the Government truly believed that the Court had already denied the

3

dissolution motions, then it would not seek an indicative ruling on them. A constructive denial occurs where a court's inaction is the functional equivalent of a ruling, because the relief one party seeks will become unavailable or irreversible if the court does not act. *See A.A.R.P. v. Trump*, 605 U.S. 91, 94 (2025). That is not this case. By seeking an indicative ruling on its dissolution motions, the Government necessarily admits that the relief it seeks remains fully available.

In short, the Government's purported appeal of a "constructive denial" of its dissolution motions is frivolous, and so the notice of appeal has not ousted this Court of its jurisdiction to resolve those motions or to resolve Abrego Garcia's related motion for discovery.

**II.     In The Alternative, The Court Should Issue An Indicative Ruling That It Would Grant Abrego Garcia's Discovery Motion.**

In the alternative, if this Court concludes that the notice of appeal divests it of jurisdiction over Abrego Garcia's discovery motion, then it should issue an indicative ruling under Federal Rule of Civil Procedure 62.1 that it would grant Abrego Garcia's discovery motion. The Government's sole argument against an indicative ruling is that discovery "only has any conceivable relevance if the threshold jurisdictional bars do not apply." ECF No. 170 at 6. But the Government cites no authority for the proposition that indicative rulings are improper when there are threshold jurisdictional questions on appeal, and the law points in the other direction. For example, in *D.V.D. v. U.S. Department of Homeland Security*, a district court issued an indicative ruling while jurisdictional questions—including the very same statutory bars the government raises here—were pending on appeal. 2025 WL 2673195 (D. Mass. Aug. 28, 2025). The court did so because Rule 62.1 permits a court to "signal, in the subjunctive, what it 'would' do" on remand, notwithstanding the pendency of jurisdictional questions before the appellate court. *Id.* at *1. The First Circuit then remanded in reliance on that indicative ruling, finding that doing so represented "the most expeditious and efficient path forward" and allowed the case to "proceed to judgment"

without the appellate court needing to resolve the jurisdictional questions first. *D.V.D. v. U.S. Dep't of Homeland Sec.*, 2026 WL 1102937 at *1 (1st Cir. Feb. 20, 2026). The same logic applies here. An indicative ruling that this Court would grant Abrego Garcia's discovery motion would give the Fourth Circuit the same option: remand for necessary factual development, rather than resolving jurisdictional questions on an untested record.

Good cause for the discovery Abrego Garcia seeks is established and unrebutted. The Lyons Memorandum and Schultz Declaration contain factual assertions contradicting the Government's own prior sworn testimony, ECF No. 110 at 10–11, submitted by a witness this Court has already found wanting, *id.* at 13 n.12, from an agency this Court found "affirmatively misled" this tribunal, *id.* at 29. The Government does not engage with any of this history in its opposition—just as it did not engage with it in its discovery opposition, where it dismissed the entire record of misconduct in a single footnote, stating that it "need not address Petitioner's unfounded contention that any of its employees or representatives have made false statements in this litigation." ECF No. 159 at 7 n.2. That contention is not unfounded; it is a finding of fact this Court has already made. ECF No. 110 at 29. The Government's refusal to reckon with that record is not a rebuttal. Good cause is established, and if the Court finds it lacks jurisdiction to grant the discovery motion directly, it should issue an indicative ruling stating that it would do so on remand.

### III. The Court Should Not Issue An Indicative Ruling On The Dissolution Motions Until Discovery Is Complete.

The same reasons that support an indicative ruling on discovery counsel against one on dissolution. The Government chose to introduce new factual submissions for the first time with its March 20 dissolution motion. ECF Nos. 142-1, 143-1. The Government has failed to provide any explanation why it did not submit those materials earlier, for example when the Court scheduled evidentiary hearings in October 2025, *see* ECF No. 47, and November 2025, *see* ECF No. 90, or

when it ordered the Government to supplement the record in December 2025, *see* ECF No. 123. Whether the Government's delay in presenting those materials is yet another chapter in the pattern of conduct this Court has already found troubling, or simply reflects a failure to timely develop the record, the result is the same: it now seeks appellate review of submissions that have never been tested in this Court, on a timeline entirely of its own making. The Court should decline to issue an indicative ruling on the dissolution motions until the record has been properly developed. *See* ECF 148 at 6 ("Abrego Garcia raises several substantive and procedural arguments that require further exploration for a fair and expeditious resolution."). Discovery comes first.

## CONCLUSION

This Court retains jurisdiction to resolve the pending discovery and dissolution motions and should do so. If the Court nevertheless concludes that the notice of appeal has divested it of jurisdiction, then it should issue an indicative ruling that it would grant Abrego Garcia's motion for limited discovery.

Respectfully submitted,


Dated: May 5, 2026

**MURRAY OSORIO PLLC**
Simon Y. Sandoval-Moshenberg
Rina Gandhi
4103 Chain Bridge Road, Suite 300
Fairfax, VA 22030
(703) 352-2399
ssandoval@murrayosorio.com

/s/ Jonathan G. Cooper

**QUINN EMANUEL URQUHART &**
  **SULLIVAN, LLP**
Jonathan G. Cooper (D. Md. Bar No. 21345)
Olivia Horton* (*pro hac vice*)
Nithya Pathalam (*pro hac vice*)
555 13th Street NW, Suite 600
Washington, DC 20004
(202) 538-8000
jonathancooper@quinnemanuel.com
oliviahorton@quinnemanuel.com
nithyapathalam@quinnemanuel.com
*admitted in Texas; not admitted in D.C.
Supervised by attorney admitted in D.C.*

Andrew J. Rossman (*pro hac vice*)
Sascha N. Rand (*pro hac vice*)
Courtney Daukas (*pro hac vice*)
Morgan L. Anastasio (*pro hac vice*)
Roey Goldstein (*pro hac vice*)
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
andrewrossman@quinnemanuel.com
sascharand@quinnemanuel.com
courtneydaukas@quinnemanuel.com
morgananastasio@quinnemanuel.com
roeygoldstein@quinnemanuel.com


*Counsel for Petitioner*