IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KILMAR ARMANDO
ABREGO GARCIA,                          *

    *Petitioner*,                        *

                    Civil Action No. 8:25-cv-02780-PX

   v.                                   *

MARKWAYNE MULLIN, *et al.*,             *

    *Respondents*.                       *

***

**<u>MEMORANDUM ORDER</u>**

Pending is Petitioner Kilmar Armando Abrego Garcia's Motion for Indicative Ruling pursuant to Federal Rule of Civil Procedure 62.1(a) on his separate Motion for Discovery. ECF Nos. 145 & 166. The motion is fully briefed and after a hearing, the Court denies the request.

It is axiomatic that a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 263 (4th Cir. 2011) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). The district court must not reach "those aspects of the case" on appeal, *id.*, so as to "foster[] judicial economy and guard[] against the confusion and inefficiency that would result if two courts simultaneously were considering the same issues," *Doe v. Pub. Citizen*, 749 F.3d 246, 258 (4th Cir. 2014). Thus, to the extent Abrego Garcia's discovery motion concerns the same "aspect of the case" as the pending interlocutory appeal, ECF No. 163, the Court must refrain from deciding the motion.

Clearly, the discovery motion concerns the Respondents' Motion to Dissolve. ECF No. 145. Abrego Garcia specifically sought discovery on Respondents' new information supplied with the dissolution motion concerning his removal to Liberia over his chosen country, Costa Rica.

1

ECF Nos. 142 & 145.  But before this Court could rule on the Motion to Dissolve, or even have a hearing on it, Respondents took an interlocutory appeal of this Court's purported "constructive denial" of the motion.  ECF No. 163 at 1.  Accordingly, the discovery motion is related to the pending appeal, and by extension, the Court lacks jurisdiction to reach it.

Abrego Garcia argues, however, that because the appeal of the "constructive denial" of the dissolution motion is itself frivolous, the Court may disregard the appeal and reach his discovery motion.  ECF No. 166 at 1.  Certainly, Respondents' appeal seems frivolous.  The Court never decided the Motion to Dissolve, which was filed less than a month before Respondents noted their appeal.  *Compare* ECF No. 142 (Motion to Dissolve filed March 20, 2026), *with* ECF No. 163 (Notice of Appeal filed April 17, 2026).  Nor did the Court sit on its hands on the propriety of dissolution, as Respondents claim.[1]  Last, Respondents could cite no precedent that permits a party to unilaterally determine when a district court has adjudicated a motion for purposes of appeal.

But while this Court may agree that the appeal is frivolous, this does not mean that the Court can or should reach matters related to the appeal as a result.  *Cf. United States v. Montgomery*, 262 F.3d 233, 240 (4th Cir. 2001) (recognizing narrow "dual jurisdiction" rule that allows a criminal trial to proceed even where the defendant pursues a double jeopardy appeal) (collecting cases).  After all, the Fourth Circuit can decide if the appeal is frivolous and can even sanction Respondents if the Court sees fit.  *See, e.g.*, *In re Prop. Movers, LLC*, 31 F. App'x. 81,

---

[1] The Court enjoined Abrego Garcia's removal from the United States as of August 25, 2025.  ECF No. 13; ECF No. 14 at 8:12–16.  Respondents preserved their objection to the injunction, and even separately sought dissolution in November 2025, ECF No. 72, but for various reasons, also agreed that removal was neither imminent nor lawful over the ensuing months.  *See* ECF No. 148 (including full timeline of events related to Respondents' position on dissolution).  Respondents agreed not to press the injunction until the Court could hear the Petition.  ECF No. 24 at 21:4–12 (counsel for Respondents confirming that they "will not remove Mr. Abrego during the pendency of this matter, at least through the hearing, if not through [the Court's] decision").  Respondents also conceded removal was not lawful absent a final removal order, which did not exist until January 12, 2026.  ECF No. 107 at 156:20–24; ECF No. 110; ECF No. 141.  Once the removal order was in place, Respondents filed a new motion on March 20, 2026 to dissolve the injunction, but refused to wait for this Court's ruling.  ECF Nos. 142, 148 & 163.

83 (4th Cir. 2002); FED. R. APP. P. 38.  Were this Court to reach the same issue, it would sow the very confusion and inefficiency that the divestment rule aims to avoid.  *See Pub. Citizen*, 749 F.3d at 258.  Thus, because the discovery motion is related to the Motion to Dissolve, this Court lacks jurisdiction over it.

Which brings the Court to Abrego Garcia's request for an indicative ruling on his discovery motion.  ECF Nos. 145 & 166.  Abrego Garcia argues that because this Court's decision on the propriety of his request for discovery would aid the Fourth Circuit on the merits of the appeal, the Court should indicate how it would rule on the discovery motion now.  ECF No. 166 at 2.  Federal Rule of Civil Procedure 62.1(a) certainly permits the Court to do so.  *See also Daulatzai v. Maryland*, 340 F.R.D. 99, 104 (D. Md. 2021).  But this Court's subjunctive ruling on an important but narrow discovery request bears little resemblance to the core issue facing the Fourth Circuit: whether an interlocutory appeal of an undecided motion to dissolve can even proceed.  Thus, the Court does not believe an indicative ruling would advance the Fourth Circuit's decisional process.

Second, the discovery request is equally if not more relevant to the underlying merits of the habeas Petition.  The interlocutory appeal of the Motion to Dissolve the injunction barring Abrego Garcia's removal from the United States does not divest the Court from reaching the merits of the underlying claims in the Petition.  *See CASA, Inc. v. Trump*, 791 F. Supp. 3d 606, 612 (D. Md. 2025) (collecting cases).  The Court has yet to adjudicate three such claims.  The requests are plainly relevant to Abrego Garcia's constitutional challenges to Respondents' demand for removal to Liberia over Costa Rica.  Accordingly, if the claims are justiciable,[2] the Court could grant such discovery as part of the merits proceedings.  *See* FED. R. CIV. P. 62.1, advisory committee's note

---

[2] At the hearing on the Motion for Indicative Ruling, Respondents agreed that the absence of a final order of removal for Abrego Garcia rendered three of the five claims in the Petition, and the arguments concerning this Court's jurisdiction over them, not ripe for review until recently.  *See* ECF No. 176 at 45:15–47:25.

to 2009 amendment ("If the district court concludes that it has authority to grant relief without appellate permission, it can act without falling back on the indicative ruling procedure.").  Thus, should Abrego Garcia refile his discovery request as part of the merits proceedings, the Court can and will adjudicate that motion, obviating the need for an indicative ruling.

For these reasons, the Motion for Indicative Ruling under Federal Rule of Civil Procedure 62.1 is **DENIED**.


Dated: May 18, 2026                                    ____/s/_____
                                                      PAULA XINIS
                                                      United States District Judge