**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt Division**

| | |
|---|---|
| Kilmar Armando Abrego Garcia, | |
| Petitioner, | |
| v. | Case No. 8:25-cv-02780 (PX) |
| Kristi Noem, *et al.*, | |
| Respondents. | |

**Petitioner's Motion for Leave to Conduct Limited Discovery**

Petitioner Kilmar Armando Abrego Garcia, through counsel, moves this Court for leave to conduct limited discovery in connection with the merits of the pending habeas Petition, ECF No.1 ("Petition"), pursuant to Rules 6 and 8 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"). Specifically, Abrego Garcia seeks leave to (i) serve narrowly tailored document requests, attached hereto as Exhibit A; and (ii) take limited testimony from the purported Senior Official Performing the Duties of the ICE Director, Todd Lyons, and the Deputy Assistant Director of ICE Enforcement Removal Operations, John A. Schultz.

**Legal Standard**

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). But "[u]nder Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Court[s], a district court may authorize discovery upon a showing of 'good cause' by a petitioner." *Juniper v. Zook*, 876 F.3d 551, 572 n.9 (4th Cir. 2017). The Habeas Rules apply equally to habeas petitions, like this one, that arise under 28 U.S.C. § 2241. *See De Paula Arias v. Warden FCI Williamsburg*, 2024 WL 1826978, at *5 (4th Cir. Apr. 26, 2024) (citing Habeas Rule 1(b), which

authorizes courts to apply the Habeas Rules to petitions filed under § 2241). "Good cause is shown if the petitioner makes a specific allegation that shows reason to believe that the petitioner may be able to demonstrate that he is entitled to relief." *Quesinberry v. Taylor*, 162 F.3d 273, 279 (4th Cir. 1998). Whether "good cause" exists for discovery in a habeas case is "generally left to the sound discretion of the district courts." *Wolfe v. Clarke*, 691 F.3d 410, 421 (4th Cir. 2012) (quoting *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007)); *see also De Paula Arias*, 2024 WL 1826978, at *5 ("We review for abuse of discretion a district court's decision not to authorize discovery on a habeas corpus claim."). Habeas Rule 8 similarly contains a "broad grant of authority," *Maynard v. Dixon*, 943 F.2d 407, 411 (4th Cir. 1991), vesting district courts with the discretionary power to determine "whether an evidentiary hearing is warranted," Habeas Rule 8(a).

## Discovery Requested

Abrego Garcia seeks to serve the document requests attached as Exhibit A, which focus on the factual assertions in the Memorandum of Todd Lyons dated March 2, 2026 ("Lyons Memorandum"), ECF 143-1, and the Declaration of John A. Schultz dated March 17, 2026 ("Schultz Declaration"), ECF 142-1. Abrego Garcia further seeks testimony from Mr. Lyons or if he is unavailable due to his retirement, his replacement, and Mr. Schultz concerning the factual bases for the assertions and assurances set forth in the Lyons Memorandum and Schultz Declaration, respectively.

## Argument

Good cause exists to grant Abrego Garcia's request to serve the targeted discovery in connection with the merits of the unresolved counts of the habeas Petition. As this Court has already recognized, the requested discovery is "plainly relevant to Abrego Garcia's constitutional challenges to Respondents' demand for removal to Liberia over Costa Rica." ECF No. 177 at 3.

In addition to the indisputable relevance the requested discovery has to the question of why the Government is seeking to vindictively remove Mr. Garcia to Liberia—as opposed to Costa Rica—in retaliation for exercising his constitutional rights, the Government's submissions raise new factual issues that warrant discovery, including factual assertions that contradict prior sworn testimony and representations by the Government to this Court.

The Lyons Memorandum makes factual assertions in the course of questioning the removability of Abrego Garcia to Costa Rica. Yet Mr. Schultz previously testified—as the Government's sworn designee—that he knew of "no impediment to remove Abrego Garcia to Costa Rica, including no statement from Respondents that effectuating such removal would run contrary to 'U.S. interests'" and that he had "been told nothing about why Respondents had not yet processed Abrego Garcia's removal to Costa Rica." ECF No. 110 at 10–11 (citing ECF No. 52 at 105–06). The factual inconsistencies between the Government's prior representations to this Court and the Lyons Memorandum supply good cause to take discovery on this issue. Were that not enough, the Government recently formalized plans to remove to Costa Rica other individuals who are citizens of third countries,[1] which further calls into question the assertions in the Lyons Memorandum. Discovery into the factual basis for the memorandum is, thus, directly relevant to Count Three of the Petition, which is Abrego Garcia's due process claim that the Government's insistence on Liberia is retaliatory and vindictive in purpose and effect rather than a legitimate exercise of removal authority.

---

[1] *See Costa Rica plans To Accept U.S.-Sent Migrants From Other Countries*, Reuters (Mar. 23, 2026), https://www.reuters.com/world/americas/costa-rica-plans-accept-us-sent-migrants-other-countries-2026-03-24/; *see also* Emiliano Rodriguez Mega, *Costa Rica Strikes Deal With U.S. on Deportations*, N.Y. Times (Mar. 24, 2026), https://www.nytimes.com/2026/03/24/world/americas/costa-rica-us-deportation-deal.html (reporting that Costa Rica agreed to take up to 25 deportees per week from the United States).

The Schultz Declaration similarly makes factually questionable assertions. It claims, among other things, that Liberia is prepared to accept Abrego Garcia and that removal can be effectuated "expeditiously" and "without a travel document or completion of any other procedure." ECF No. 142-1 at ¶¶ 16–18. Yet removal is ordinarily not reasonably foreseeable when the Government has not secured travel documents. *See Lee v. Crawford*, 2026 WL 745263, at *5 (E.D. Va. Feb. 27, 2026); *Banoub v. Crawford*, 2025 WL 3723458, at *11 (E.D. Va. Dec. 23, 2025); *see also Solis Nolasco v. Noem*, 2026 WL 25002, at *5 (D. Md. Jan. 5, 2026); *cf. Piao v. Lyons*, 2025 WL 3046783, at *3 (E.D. Va. Oct. 31, 2025) (removal reasonably foreseeable where petitioner's travel documents to China "were approved"). The Government has not produced any documentation corroborating the *ipse dixit* assertion that travel documentation is somehow unnecessary for Liberia. Whether the Liberia removal path is genuinely viable, or instead a pretext for continued detention, is similarly relevant to Abrego Garcia's claim that the Government's insistence on removing him to an African country with which he has no ties, does not speak the language, and from which he has no assurances or protections is retaliatory and vindictive in purpose and effect.

These latest factual representations by the Government must also be considered in the context of its conduct throughout the litigation involving Abrego Garcia. In the related civil case, *Abrego Garcia v. Noem*, No. 8:25-cv-951 ("*Abrego Garcia I*"), the Court found that the Government has "taken the presumption of regularity" and "destroyed it." *Abrego Garcia I*, ECF No. 235 at 11:7–10. And in this habeas case, the Court previously found that the Government had "affirmatively misled the tribunal." ECF No. 110 at 29. Among other things:

- The Government claimed Uganda had agreed to accept Abrego Garcia when it had not. ECF No. 110 at 7–10.

- The Government claimed it had reached out to Eswatini about accepting Abrego Garcia when it had not. *Id.* at 8.

- The Government announced Ghana as a removal destination, after which Ghana's Foreign Minister "immediately announced" that Ghana would not accept Abrego Garcia. *Id.* at 10.

- The Government told this Court, under seal, that Costa Rica "does not wish to receive" and "refuses to accept" Abrego Garcia when it had not; Costa Rica's own government publicly confirmed its offer to accept Abrego Garcia was "firm, unwavering, and unconditional." *Id.* at 12, 14.

The Government now asks this Court to resolve the merits of Abrego Garcia's habeas claims while giving consideration to a memorandum and a declaration that rest on the same types of inconsistent and uncorroborated factual statements that have proven false in earlier phases of this litigation. Good cause therefore exists to take discovery to test the veracity of the factual assertions in the Lyons Memorandum and the Schultz Declaration, which bear directly on Count One (the statutory challenge to Respondents' refusal to honor Abrego Garcia's Costa Rica designation under 8 U.S.C. § 1231(b)(2)), Count Three (the due process challenge to Respondents' punitive insistence on removal to Liberia rather than Costa Rica), and Count Four (the challenge to Respondents' failure to afford Abrego Garcia the procedural protections required before removal to a country where he claims fear of persecution, under 8 U.S.C. § 1231(b)(3) and 8 C.F.R. § 1208.16).

Abrego Garcia's proposed discovery is closely calibrated to the specific factual claims the Government has placed at issue through its own submissions. It is limited to a discrete set of materials and testimony needed to evaluate those claims—namely, the facts underlying the Lyons Memorandum and the Schultz Declaration relating to Abrego Garcia's removability to Costa Rica and Liberia. Responding to the document requests will not require searches of electronic communications across ICE or DHS generally. Rather, these materials are readily known to and held by specific agency officials who have already been identified in this litigation. Any legitimate

5

concerns regarding purportedly sensitive diplomatic information can be addressed through protective orders and by closing the courtroom for any sensitive testimony, as has been done previously in this litigation.

## Conclusion

For the foregoing reasons, the Court should grant Abrego Garcia leave to serve the discovery requests in Exhibit A, order that Mr. Lyons and Mr. Schultz be produced for cross-examination at an evidentiary hearing, and require the Government to produce its responsive documents at least three business days in advance of the evidentiary hearing.

Respectfully submitted,

Dated: May 20, 2026

| | |
|---|---|
| **MURRAY OSORIO PLLC** | /s/ Jonathan G. Cooper |
| Simon Y. Sandoval-Moshenberg | **QUINN EMANUEL URQUHART &** |
| Rina Gandhi | **  SULLIVAN, LLP** |
| 4103 Chain Bridge Road, Suite 300 | Jonathan G. Cooper (D. Md. Bar No. 21345) |

**MURRAY OSORIO PLLC**
Simon Y. Sandoval-Moshenberg
Rina Gandhi
4103 Chain Bridge Road, Suite 300
Fairfax, VA 22030
(703) 352-2399
ssandoval@murrayosorio.com

/s/ Jonathan G. Cooper
**QUINN EMANUEL URQUHART &**
**  SULLIVAN, LLP**
Jonathan G. Cooper (D. Md. Bar No. 21345)
Olivia Horton* (*pro hac vice*)
Nithya Pathalam (*pro hac vice*)
555 13th St NW, Suite 600
Washington, DC 20004
(202) 538-8000
jonathancooper@quinnemanuel.com
oliviahorton@quinnemanuel.com
nithyapathalam@quinnemanuel.com
**admitted in Texas; not admitted in D.C.*
*Supervised by attorney admitted in D.C.*

Andrew J. Rossman (*pro hac vice*)
Sascha N. Rand (*pro hac vice*)
Courtney Daukas (*pro hac vice*)
Morgan L. Anastasio (*pro hac vice*)
Roey Goldstein (*pro hac vice*)
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
andrewrossman@quinnemanuel.com
sascharand@quinnemanuel.com
courtneydaukas@quinnemanuel.com
morgananastasio@quinnemanuel.com
roeygoldstein@quinnemanuel.com

*Counsel for Petitioner*

7