# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

_____
                               )
EMELYN LISBETH                 )
LOPEZ DE BARAHONA,             )
                               )
            Plaintiff,         )
                               )
    v.                         )   Case No. 1:26-cv-00561-DLB
                               )
KRISTI NOEM, et al.,           )
                               )
            Defendants.        )
_____)

                                    Greenbelt, Maryland
                                    April 16, 2026
                                    10:07 a.m.


             CONTINUED MOTIONS HEARING, VOLUME 2
          BEFORE THE HONORABLE DEBORAH L. BOARDMAN
                 United States District Judge


                  A P P E A R A N C E S

ON BEHALF OF THE PETITIONER:

      MURRAY OSORIO PLLC
      4103 Chain Bridge Road, Suite 300
      Fairfax, Virginia  22030
      BY:  JAMES JUSTICE HAYNES, ESQUIRE
           (202) 441-7227
           jjhaynes@murrayosorio.com
      BY:  SIMON Y. SANDOVAL-MOSHENBERG, ESQUIRE
           (434) 218-9376
           ssandoval@murrayosorio.com




                  Patricia Klepp, RMR
               Federal Official Court Reporter
               6500 Cherrywood Lane, Suite 200
                Greenbelt, Maryland  20770
                    (301) 344-3228


       Produced by Stenographic Computer-Aided Transcription

A  P  P  E  A  R  A  N  C  E  S  (Cont'd)

ON BEHALF OF THE RESPONDENTS:

    UNITED STATES ATTORNEY'S OFFICE
    36 S. Charles Street, 4th Floor
    Baltimore, Maryland  21201
    BY:  ARIANA WRIGHT ARNOLD, ASSISTANT U.S. ATTORNEY (410)
         209-4813
         ariana.arnold@usdoj.gov
         IVORY MACKLIN, ASSISTANT U.S. ATTORNEY
         (410) 209-4802
         ivory.macklin@usdoj.gov

P R O C E E D I N G S

(Call to order of the Court.)

THE COURTROOM DEPUTY:  All rise.

The United States District Court for the District of Maryland is now in session, the Honorable Deborah L. Boardman presiding.

THE COURT:  All right.  Good morning, everyone. Please be seated.

Would you call the case.

THE COURTROOM DEPUTY:  Yes, Your Honor.

The matter now pending before the Court is Civil Action No. DLB-26-0561, Emelyn Lisbeth Lopez de Barahona v. Kristi Noem, et al.  The matter now comes before the Court for a motions hearing.

Counsel, please identify yourselves for the record, beginning with counsel for the petitioner.

MR. HAYNES:  Good morning, Your Honor.

James Justice Haynes on behalf of Petitioner.

MR. SANDOVAL-MOSHENBERG:  And Simon Sandoval-Moshenberg for Petitioner.

THE COURT:  All right.

MS. ARNOLD:  Good morning, Your Honor.

Ariana Wright Arnold on behalf of Respondents.

MR. MACKLIN:  Good morning, Your Honor.

Ivory Macklin on behalf of Respondents.

4

THE COURT:  All right.  Good morning, Counsel.

So I thank you for your submissions after our hearing last week.  Upon review of them and consideration of the filings, I actually don't need any argument, and I'm going to rule from the bench because I want to do it sooner rather than later; it would take me some time to get out a written opinion.

So this is the record of my ruling, just for those of you watching.  This is about seven pages, single-spaced; this could take me about 30 minutes.

Also, I want to apologize for my mispronunciation of Latin last names; I don't speak Spanish.  So I apologize in advance if I butcher them.  I'm doing the best I can.

Emelyn Lisbeth Lopez de Barahona is a native and citizen of El Salvador.  She holds no claim to citizenship or legal status in any other country.  She entered the United States in January of 2017, in Texas, and was placed in removal proceedings.  On June 5th, 2017, an immigration judge ordered Lopez removed but granted her withholding of removal to El Salvador under the Convention Against Torture.  Immigration and Customs Enforcement did not appeal that order, nor has any Court rescinded it.

On June 15th, 2017, Lopez was released from custody under an order of supervision.  She has complied with all her terms of supervision and has regularly reported to ICE ever since.

Since being ordered removed and granted CAT withholding, Lopez has repeatedly received work authorization.  Most recently, she was granted work authorization effective from January 9th, 2025 to January 8th 2030.

Before her arrest, Lopez lived with her husband and two U.S. citizen daughters, one of whom was breastfeeding.  She and her husband managed a remodeling and painting business.  She was responsible for nearly half the family's income.  Ms. Lopez has no criminal record.

On February 10th, 2026, Ms. Lopez was detained during a scheduled ICE check-in.  She was served with a Notice of Revocation of Release, informing her that her order of supervision had been revoked because the purposes of release have been served and because it is appropriate to enforce the removal order entered against her, as ICE has the ability and means to effectuate her removal.

Beneath the statement that says, ICE has the ability and means to effectuate your removal, there are three checkable boxes.  Only the third box was checked.  The first said, ICE has obtained a travel document and scheduled your removal to take place no later than a date that's unspecified; the second box said, ICE is seeking a travel document to effectuate your expeditious removal to El Salvador; and third, the only box that's checked, on June 5th, 2017, you were ordered removed to

El Salvador, but you were granted withholding of removal to El Salvador.  Your case is under review for removal to an alternate country.

On the day of her arrest, Ms. Lopez also was served with a Notice of Removal informing her that ICE intended to remove her to Mexico.  ICE Deportation Officer William Reiter conducted an initial informal interview with Lopez in order to afford her an opportunity to respond to the reasons for revocation of her order of supervision.  She stated, "I do not want to go."  In her affidavit, Lopez explains that during the interview, she felt nervous, confused, and overwhelmed and that this affected her ability to clearly respond to the questions she was asked.

In her affidavit, Lopez states that when she was interviewed by ICE agents, she was given three choices:

(1) immediate voluntary departure if her husband purchased plane tickets for her daughters and her;

(2) detention for 30 days, followed by release, for a GPS shackle for final removal, and they also told her, if she wouldn't present herself for this deportation after 30 days, they would find her and her family;

Or (3) indefinite detention until a final removal order to a third country, Mexico, could be executed.

Lopez filed the pending petition for a writ of habeas corpus on February 11th of 2026, while she was detained

here in Maryland.  According to ICE's detainee locator, Ms. Lopez is currently detained at the Denver Contract Detention Facility in Aurora, Colorado.

Ms. Lopez asserts five claims.  I'm focusing on claim 2, that her detention violates her due process rights because her removal is not reasonably foreseeable.

On February 23rd, 2026, Lopez was given a third-country screening by an officer of USCIS who determined that she did not demonstrate that it was more likely than not that she would be persecuted or tortured in Mexico.  In her affidavit, Lopez states that she does not want to go to Mexico because she has no legal status in the country, has no support system, fears criminal gangs, and fears that Mexico would send her back to El Salvador.

On March 10th, the respondents filed a response to the petition and a motion to dismiss.  Lopez filed a reply on March 27th.

I held a hearing on the petition on April 9th.  At the end of the hearing, I ordered supplemental evidence and briefing.  Both sides have submitted evidence and additional briefing, all of which I have considered.

Ms. Lopez's detention has severely impacted her family.  Her older daughter has been referred for psychological counseling at school, missed her seventh birthday while her mother was detained, and has expressed that she wants to go to

the police to ask them to free her mother.  Her youngest daughter, who was breastfeeding at the time of Lopez's detention, has lost weight and cries desperately for her mother. Her husband has struggled to parent their children alone and manage the family business in her absence.

The respondents raise three procedural hurdles to my consideration of some of Lopez's claims.  Specifically, they argue that I should not consider her challenge to the process by which she is screened for removal to a third country because she is a member of the class in D.V.D. v. Department of Homeland Security, a class action in the District of Massachusetts; second, the respondents argue that I should stay consideration of Lopez's claim that she is entitled to IJ review of her fear determination pending the resolution of the appeal in Bojorquez v. Baker, docketed in the Fourth Circuit at 25-6996; respondents also contend that the Attorney General is not a proper respondent.

I disagree with the respondents on all three arguments.  I resolve Ms. Lopez's habeas petition on count 2, which raises a due process challenge to her ongoing detention. Her membership in the D.V.D. class does not preclude my consideration of her due process challenge to her ongoing detention in count 2.  I agree with the judges of this court who have held that challenges to detention pending removal fall outside the scope of D.V.D. litigation.  See, for example,

Douglas v. Baker, 2025 WL 2687354, (D. Md., Sept. 19, 2025);

Tanha v. Warden, 2025 WL 2062181 (D. Md. Jul. 22, 2025);

Zavvar v. Scott, 2025 WL 2592543 (D. Md., Sept. 8, 2025).

Nor does the pendency of the appeal in Bojorquez counsel in favor of a stay in this case.  In Bojorquez, I held that I lacked the authority on a petition for a writ of habeas corpus to restrain the government from removing a petitioner to a third country unless and until an IJ conducted a de novo review of the petitioner's claimed fear of removal to that country.  I did not decide in Bojorquez whether, as a matter of first principles, a petitioner was entitled to that review as a matter of due process; I simply concluded that the relief the petitioner sought was not cognizable on habeas because it did not relate to legality of his custody and detention.

Again, that very issue is on appeal before the Fourth Circuit, and as I mentioned at the last hearing, if we're reading the tea leaves, it looks as if I might be reversed.

Lopez's claim in count 2 is different than the claim on appeal in Bojorquez.  Lopez raises a direct challenge to her detention, arguing that it violates the Due Process Clause.  In adjudicating that question, to be sure, I will address whether she is entitled to IJ review of her claim of fear of removal to Mexico, but that does not transform Lopez's due process claim into something other than a challenge to her detention.  Nothing

about my decision or the pending appeal in Bojorquez forecloses her due process claim.  I agree with Judge Abelson's decision in Mendoza Palacios v. Mullin, 2026 WL 933319 at *4 (D. Md. Apr. 7, 2026) in which Judge Abelson held that claims of indefinite detention, such as the one Ms. Lopez raises, are not foreclosed by the pendency of the appeal in Bojorquez.

The respondents point to my statement in an order in Bojorquez that I had concluded that the petitioner did not have a likelihood of success on his due process claim, but as the record of my ruling clearly shows, the reason I drew that conclusion was because I determined that the relief the petitioner sought by advancing that claim was not cognizable on habeas.  I did not express an opinion as to what due process was required.

The respondents also point to my statement in that same order that the petitioner's Zadvydas claim was "distinct legally and factually" from his claim on appeal that he was entitled to IJ review, but it is precisely because a Zadvydas claim is distinct that I allowed Bojorquez's Zadvydas claim to proceed in this Court notwithstanding the appeal in that case. The pendency of the appeal in Bojorquez does not deprive me of the power to decided Ms. Lopez's Zadvydas claim.

The respondents also contend that the Attorney General is not a proper respondent because he lacks the ability to produce Lopez before the Court.  I agree with

Chief Judge Russell in Solis Nolasco v. Noem, 2026 WL 25002 (D. Md. Jan. 5, 2026), who held that the Attorney General is a proper respondent in habeas cases where a petitioner challenges her detention under the immigration laws.  Even if the Attorney General were an improper respondent, there are proper respondents named.

I now turn to the merits of count 2 in Ms. Lopez's petition.  As I stated earlier, in count 2, Ms. Lopez claims that her detention pending removal violates her due process rights because her removal is not reasonably foreseeable.  I understand her to be raising a claim under Zadvydas v. Davis, 533 U.S. 678 (2001).

The parties do not dispute that Lopez is detained under Title 8, United States Code, Section 1231(a)(6).  I thus need not explain why that is true here.

In Zadvydas, the Supreme Court addressed whether Section 1231(a)(6) authorizes detention of a noncitizen subject to a removal order indefinitely or only for a period reasonably necessary to secure the alien's removal.  533 U.S. at 682.  The Supreme Court held that once removal is no longer reasonably foreseeable, continued detention is no longer authorized under the statute.  That's at 699.

The Court instructed federal habeas courts to determine whether the detention in question exceeds a period reasonably necessary to secure removal and to measure

reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal.  699 in Zadvydas.

If removal is not reasonably foreseeable, the Court should hold continued detention unreasonable and no longer authorized by the statute.  699-700.  The Court also recognized a presumptively reasonable period of detention of six months. The Court held that after that period, if a noncitizen provides good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing.

The parties dispute whether the six-month period of presumptively reasonable detention has expired.  Lopez argues that the six months began to run back in 2017, when her removal order was entered and ICE failed to appeal it, even though she was released from immigration custody shortly after the removal order was entered and remained at liberty until her February arrest this year.  If Lopez is correct, then the six-month presumptively reasonable period expired over eight years ago. The respondents argue that the six months had not elapsed yet because she has only been detained for approximately two months since her February arrest.

Whether or not a petitioner is within the six-month period impacts the burden of proof on her Zadvydas claim. During the six-month period, the presumption of reasonableness

is the default, and the government bears no burden to justify detention.  Cruz Medina v. Noem, 794 F. Supp. 3d 365 at 374 (D. Md. 2025).  During this period, the petitioner must claim and prove that removal is not reasonably foreseeable after the six-month period expires.  That presumption goes away, and the petitioner is entitled to release if he provides good reason to believe that removal is not reasonably foreseeable and the government is unable to rebut that showing.  All of that was from Cruz Medina.

Some Courts have endorsed Ms. Lopez's view. For example, in Montoya Palacios v. Baker, 2026 WL 171690 at *4 (D. Md. Jan. 22, 2026), from the Fourth Circuit, March 24th of this year, Chief Judge Russell confronted a situation similar to the one facing this Court.  The petitioner in Montoya Palacios had been ordered removed in September 2023 but was granted CAT withholding and released on supervision.  After a year on release, Montoya was detained by ICE on December 8th, 2025.  He brought a Zadvydas claim.  Chief Judge Russell concluded that Montoya's six-month period of presumptively reasonable detention expired six months after his order of removal became administratively final in September of 2023.

But with some exceptions, even those Courts that have not endorsed Ms. Lopez's view tend to conclude that even where the petitioner is still in the six-month period, the presumption that her detention is reasonable may be rebutted.  For example,

Zavvar v. Scott, 2025 WL 2592543 (D. Md. Sept. 8, 2025);

Douglas v. Baker, 812 F. Supp. 3d., 525 at 530 (D. Md. 2025);

Portela Hernandez v. Trump, 2026 WL 74042 (D. Md. Jan. 9, 2026);

Abrego Garcia v. Noem, 811 F. Supp. 3d 741 at 761 (D. Md. 2025).

I need not decide whether Lopez falls within or outside of the six-month presumptively reasonable period of detention.  Even if her current detention is presumptively reasonable, she has rebutted that presumption by proving that her removal is not reasonably foreseeable.

First, I am persuaded that Lopez is entitled as a matter of due process to immigration judge review of her claim of fear of removal to Mexico.  Both Judge Abelson and Judge Hurson in Mendoza Palacios and Portela Hernandez have recently concluded that under the due process test of Mathews v. Eldridge, a petitioner, such as Lopez, who was ordered removed years ago, granted CAT withholding, and redetained after years on an order of supervision for removal to a third country, has a due process right to such IJ review.  Specifically, Judges Abelson and Hurson have recognized that the petitioner's interest in not being removed to a third country, where they would likely face persecution or torture and the risk of erroneous deprivation of that interest outweighs the minimal administrative burden to the government and any societal costs that providing IJ review would entail.  I agree with their reasoning and conclusion.

I am not persuaded, as the respondents argue, that Ms. Lopez could obtain further review of her claim of fear simply by filing a motion to reopen her immigration proceedings. First, it seems unlikely that the regulations would permit her to do so.  A motion to reopen generally must be filed with the immigration court within 90 days of the entry of a final administrative order of removal.  8 C.F.R., Section 1003.23(b)(1).  Lopez was ordered removed in 2017, so that window has long since passed.

There is an exception to this time bar when a noncitizen moves to reopen to seek withholding of removal, but that exception applies only when the motion is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered.  8 C.F.R., Section 1003.23(b)(4)(i).  Mexico is not Lopez's country of nationality, nor is it the country to which her removal was ordered in 2017, so this exception would not apply.  Indeed, Lopez's counsel has submitted several examples of IJ orders that appear to deny motions to reopen in part because they were filed too late.

I note that in proceedings before Judge Rubin in the case of Aguilar Rodriguez v. Bacon, JRR 25-3695, the respondents took the position that a motion to reopen to obtain review of a negative fear determination would not satisfy the basic legal requirements of a motion to reopen.  That position is at ECF 15

at page 6 in JRR 25-3695.  Here, the respondents have taken the opposite position.  This is extremely troubling, and it undercuts the credibility of the respondents' representation to me that a motion to reopen remains "an available remedy for relief".  That's at ECF 22 at 1.

I recognize that two different AUSAs from the U.S. Attorney's office worked -- one's working on this case; a different lawyer is working on the case in Aguilar Rodriguez.  Nonetheless, the positions are unreconcilable.

Even if Lopez could overcome the time bar on filing a motion to reopen, that would not satisfy due process.  Whether to grant a motion to reopen is within the discretion of the immigration judge.  8 C.F.R. 1003.23(b)(1)(iv).  As several judges around the country have explained, due process requires more, that the petitioner's claim of fear actually be heard.  See, for example, Arenado-Borges v. Bondi, 2025 WL 3687518 (W.D. Wash. Dec. 19, 2025); Mbaba v. Perez, 2026 WL 917484 (S.D. Tex. Feb. 13, 2026).  Allowing the decision-maker to decide in their discretion whether or not to afford Lopez a hearing does not satisfy due process under these circumstances.

In sum, I am persuaded that Ms. Lopez is entitled under the Due Process Clause to IJ review of her negative fear determination and that a motion to reopen her immigration proceedings is not a viable substitute for that process.  Whether I have the authority to order that she receive IJ review

in the context of a habeas petition is not an issue before me here.  Instead, I assess how her due process entitlement impacts the reasonable foreseeability of her removal.

As Judge Hurson explained in Portela Hernandez, simply put, the government cannot remove the petitioner until all the process the Constitution requires has been provided.  That's at page 14 of that case.  I agree with Judges Hurson and Abelson that due process requires IJ review of the negative fear finding by the asylum officer.  Because the government will not provide Lopez with the process she is required to receive before she is removed to a third country, it follows that her removal cannot be reasonably foreseeable.

In addition, there are several other factors that in combination with my due process finding are additional evidence that Ms. Lopez's removal is not reasonably foreseeable:

First, she has CAT withholding to El Salvador, the only country in which she has citizenship or a claim to legal immigration status.  This substantially increases the difficulty of removing her.  Zavvar, 2025 WL 2592543, at *7.

Second, Ms. Lopez has been free on an order of supervision since 2027, and during that eight-year period, the respondents have either not attempted or have been unable to remove her.  Douglas, 812 F. Supp. 3d at 530-31; Zavvar, at *7.

Third, as recently as October of 2024, Lopez was issued a work permit that was valid between January of '25 and

January '30, 2030.  Under Title 8, United States Code, Section 1231(a)(7), a noncitizen who has been ordered removed may not receive a work permit unless the Attorney General finds either that she cannot be removed due to the refusal of all countries designated by the alien or under this section to receive the alien or that her removal is otherwise impracticable or contrary to the public interest.  The fact that Ms. Lopez was issued a work permit means the Attorney General must have made such findings in her case.

Fourth, in her affidavit, Ms. Lopez states that ICE officers expressly threatened to detain her indefinitely until she could be removed to Mexico.  The respondents have presented no evidence that calls this account into question.

Fifth, the evidence before the Court indicates that little if anything has been done to effectuate Lopez's removal. I note that in its notice of revocation of release, ICE stated that it was reviewing Lopez's case for removal to a third country, and it did not check the box indicating that it had obtained a travel document or scheduled a date certain for her removal.  At the hearing, counsel for the respondents claimed that my order prohibiting the government from removing her while this case was pending was the reason the respondents had not taken steps to remove her.  But my order did not preclude the government from taking lawful steps, such as obtaining travel documents to effectuate her removal.

In sum, even if Lopez's detention is presumptively reasonable, she has presented sufficient evidence to rebut the presumption and show that she is not likely to be removed in the reasonably foreseeable future.  Her continued detention violates her due process rights under Zadvydas.  I grant the petition as to count 2.

Mr. Haynes, your client is currently in Colorado.  As I see it, I have two options:  I can order her released by, say, tomorrow, or perhaps, I could require ICE to bring her back to Maryland.

Why don't you confer with your counsel if you need to and let me know what you would like to do, and then I will hear from the United States.

(Conference between Mr. Haynes and Mr. Sandoval-Moshenberg.)

MR. HAYNES:  Thank you, Your Honor.

I did speak with our client last night, and they would prefer that she be immediately released in Colorado, as opposed to being transferred back here by ICE.

THE COURT:  Ms. Arnold, I'd like her released today, let's say, by 5:00 p.m. East Coast time.  How will you effectuate that?

MS. ARNOLD:  Your Honor, as soon as we leave this room, we will contact our local ERO officers, who will then contact Colorado.

It's earlier there, right?

THE COURT:  It's two hours earlier.

MS. ARNOLD:  Yeah, so that shouldn't be impossible. We will make every effort to ensure that that happens.

There are times when there are difficulties making sure that the office there understands that this is a Court Order, et cetera.  If Your Honor could issue a one-page order --

THE COURT:  Oh, I will.

MS. ARNOLD:  -- that would be helpful --

THE COURT:  Yes, yes.

MS. ARNOLD:  -- even if you're not going to issue a whole opinion, because that may enable us to jostle things along in Colorado.

THE COURT:  Yes.  Thank you, Ms. Arnold.

Certainly, I will issue an order within moments of leaving the bench, and I will say by 5:00 p.m. Colorado time. I'll make that clear in the order.

All right.  Is there anything else from your perspective, Mr. Haynes?

MR. HAYNES:  No, Your Honor, thank you very much.

THE COURT:  Ms. Arnold.

MS. ARNOLD:  Your Honor, I just wanted to briefly address the issue you raised in terms of the inconsistent arguments made in Ms. Micco's case and my case.  I tried to

address that in a supplemental brief, but maybe it didn't come across clearly.

My understanding in that case was that the plaintiff was contending that no relief by way of indirect review of a negative fear conclusion was available and that Ms. Micco was agreeing.

My argument is not that direct IJ review of a fear screening is available but that the petitioner has the right to file an application for withholding and specifically an I-589 and seek to reopen and that in the cases -- in fact, some of the cases that counsel provided IJ opinions of, that's precisely what one of the IJs said, and I think I have a quote of that in my supplemental memorandum, meaning that you can always apply for withholding of removal to anywhere, and that is our position, Your Honor, just to be clear, not that a direct review is or is not available.

THE COURT:  All right.  Thank you for the clarification, Ms. Arnold; I have a lot of respect for you.  To me, they seemed like inconsistent arguments; your clarification is helpful, so thank you for that.  Okay.

All right.  So I will issue the order along the lines that we discussed.  I will ask the United States to confirm, say by noon tomorrow, in a very short filing, that Ms. Lopez has been released, and then I will close the case.

All right.  Thank you all very much.

THE COURTROOM DEPUTY:  All rise.

This Honorable Court now stands adjourned.

(The proceedings were adjourned at 10:45 a.m.)

CERTIFICATE OF OFFICIAL REPORTER

I, Patricia Klepp, Registered Merit Reporter, in and for the United States District Court for the District of Maryland, do hereby certify, pursuant to 28 U.S.C. § 753, that the foregoing is a true and correct transcript of the stenographically-reported proceedings held in the above-entitled matter and the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated this 17th day of April, 2026.


_____/s/_____
PATRICIA KLEPP, RMR
Official Court Reporter

MR. HARNES: [3] 3/17 19/16 20/21
MR. MACKLIN: [1] 3/24
MR. SANDOVAL-MOSHENBERG: [1] 3/19
MS. ARNOLD: [6] 3/22 19/23 20/3 20/10 20/12 20/23
THE COURT: [10] 3/7 3/21 4/1 19/20 20/2 20/9 20/11 20/15 20/22 21/17
THE COURTROOM DEPUTY: [3] 3/3 3/10 22/1

**'**

'25 [1] 17/25
'30 [1] 18/1

**/**

/s [1] 23/11

**0**

0561 [1] 3/12

**1**

1003.23 [3] 15/8 15/15 16/13
10:07 [1] 1/10
10:45 [1] 22/3
10th [2] 5/11 7/15
11th [1] 6/25
1231 [3] 11/14 11/17 18/2
13 [1] 16/18
14 [1] 17/7
15 [1] 15/25
15th [1] 4/22
16 [1] 1/10
171690 at [1] 13/11
17th [1] 23/9
19 [2] 9/1 16/17
1:26-cv-00561-DLB [1] 1/6

**2**

200 [1] 1/24
2001 [1] 11/12
2017 [7] 4/16 4/17 4/22 5/25 12/14 15/8 15/17
202 [1] 1/18
2023 [2] 13/15 13/21
2024 [1] 17/24
2025 [15] 5/4 9/1 9/1 9/2 9/2 9/3 13/3 13/17 14/1 14/1 14/2 14/4 16/16 16/17 17/19
2025 WL [1] 9/3
2026 [14] 1/10 5/11 6/25 7/7 10/4 11/1 11/2 13/11 13/12 14/3 14/3 16/17 16/18 23/9

2026 WL 933319 [1] 10/3
2027 [1] 17/21
2030 [2] 5/5 18/1
2062181 [1] 9/2
20770 [1] 1/24
209-4802 [1] 2/6
209-4813 [1] 2/5
21201 [1] 2/4
218-9376 [1] 1/20
22 [3] 9/2 13/12 16/5
22030 [1] 1/17
23rd [1] 7/7
24th [1] 13/12
25-3695 [2] 15/22 16/1
25-6996 [1] 8/15
25002 [1] 11/1
2592543 [3] 9/3 14/1 17/19
2687354 [1] 9/1
27th [1] 7/17
28 [1] 23/4

**3**

30 [3] 4/9 6/18 6/20
300 [1] 1/17
301 [1] 1/25
31 [1] 17/23
3228 [1] 1/25
344-3228 [1] 1/25
36 [1] 2/3
365 [1] 13/2
3687518 [1] 16/16
3695 [2] 15/22 16/1
374 [1] 13/2
3d [4] 13/2 14/2 14/4 17/23

**4**

410 [2] 2/4 2/6
4103 [1] 1/17
434 [1] 1/20
441-7227 [1] 1/18
4802 [1] 2/6
4813 [1] 2/5
4th [1] 2/3

**5**

525 [1] 14/2
530 [1] 14/2
530-31 [1] 17/23
533 [2] 11/12 11/19
589 [1] 21/10
5:00 p.m [2] 19/21 20/17
5th [2] 4/17 5/25

**6**

6500 [1] 1/24
678 [1] 11/12
682 [1] 11/19
699 [2] 11/22 12/3
699-700 [1] 12/6
6996 [1] 8/15

**7**

700 [1] 12/6

7227 [1] 1/18
74042 [1] 14/3
741 [1] 14/4
753 [1] 23/4
761 [1] 14/4
794 [1] 13/2

**8**

8 C.F.R [3] 15/7 15/14 16/13
811 [1] 14/4
812 [2] 14/2 17/23
8th [2] 5/4 13/17

**9**

90 [1] 15/6
917484 [1] 16/17
933319 [1] 10/3
9376 [1] 1/20
9th [2] 5/4 7/18

**A**

a.m [2] 1/10 22/3
Abelson [4] 10/4 14/12 14/19 17/7
Abelson's [1] 10/2
ability [4] 5/16 5/18 6/12 10/24
about [3] 4/8 4/9 10/1
above [1] 23/6
above-entitled [1] 23/6
Abrego [1] 14/4
absence [1] 8/5
According [1] 7/1
account [1] 18/13
across [1] 21/2
action [2] 3/12 8/11
actually [2] 4/4 16/15
addition [1] 17/13
additional [2] 7/20 17/14
address [3] 9/22 20/24 21/1
addressed [1] 11/16
adjourned [2] 22/2 22/3
adjudicating [1] 9/22
administrative [2] 14/23 15/7
administratively [1] 13/21
advance [1] 4/12
advancing [1] 10/12
affected [1] 6/12
affidavit [4] 6/10 6/14 7/11 18/10
afford [2] 6/8 16/19
after [8] 4/2 6/20 12/8 12/16 13/4 13/16 13/20 14/16
Again [1] 9/16
against [2] 4/19 5/16
agents [1] 6/15
ago [2] 12/19 14/16
agree [5] 8/23 10/2 10/25 14/24 17/7

agreeing [1] 21/6
Aguilar [2] 15/22 16/8
Aguilar Rodriguez [1] 16/8
al [2] 1/7 3/13
alien [2] 18/5 18/6
alien's [2] 11/19 12/2
all [16] 3/3 3/7 3/21 4/1 4/23 7/21 8/18 13/8 17/5 18/4 20/19 21/17 21/21 21/25 21/25 22/1
All right [4] 3/7 3/21 21/21 21/25
allowed [1] 10/19
Allowing [1] 16/18
alone [1] 8/4
along [2] 20/13 21/21
also [7] 4/10 6/4 6/19 8/16 10/15 10/23 12/6
alternate [1] 6/3
always [1] 21/14
am [3] 14/10 15/1 16/21
any [4] 4/4 4/15 4/20 14/23
anything [2] 18/15 20/19
anywhere [1] 21/14
apologize [2] 4/10 4/11
appeal [11] 4/20 8/14 9/4 9/16 9/20 10/1 10/6 10/17 10/20 10/21 12/15
appear [1] 15/19
application [1] 21/9
applies [1] 15/12
apply [2] 15/17 21/14
appropriate [1] 5/15
approximately [1] 12/21
Apr. [1] 10/3
Apr. 7 [1] 10/3
April [3] 1/10 7/18 23/9
April 9th [1] 7/18
are [8] 5/19 10/5 11/5 16/9 17/13 17/14 20/5 20/5
Arenado [1] 16/16
Arenado-Borges [1] 16/16
argue [4] 8/8 8/12 12/20 15/1
argues [1] 12/13
arguing [1] 9/21
argument [2] 4/4 21/7
arguments [3] 8/19 20/25 21/19
ARIANA [2] 2/4 3/23
ariana.arnold [1] 2/5
ARNOLD [6] 2/4 3/23 19/20 20/15 20/22 21/18
arising [1] 15/13
around [1] 16/14

arrest [4] 5/6 6/4 12/18 12/22
as [22] 5/16 9/10 9/12 9/17 9/18 10/5 10/9 10/13 11/8 14/10 14/15 15/1 16/13 17/4 17/24 17/24 18/24 19/5 19/7 19/18 19/23 19/23
ask [2] 8/1 21/22
asked [1] 6/13
asserts [1] 7/4
assess [1] 17/2
ASSISTANT [2] 2/4 2/6
assuring [1] 12/2
asylum [1] 17/9
attempted [1] 17/22
ATTORNEY [8] 2/4 2/6 8/16 10/23 11/2 11/5 18/3 18/8
Attorney General [6] 8/16 10/23 11/2 11/5 18/3 18/8
ATTORNEY'S [2] 2/3 16/7
Aurora [1] 7/3
AUSAs [1] 16/6
authority [2] 9/6 16/25
authorization [2] 5/3 5/4
authorized [2] 11/21 12/6
authorizes [1] 11/17
available [4] 16/4 21/5 21/8 21/16
away [1] 13/5

**B**

back [4] 7/14 12/14 19/9 19/19
Bacon [1] 15/22
Baker [4] 8/15 9/1 13/11 14/2
Baltimore [1] 2/4
bar [2] 15/10 16/10
BARAHONA [3] 1/4 3/12 4/13
based [1] 15/12
basic [2] 12/1 15/24
be [17] 3/8 6/23 7/10 9/18 9/22 11/11 13/25 15/5 16/15 17/12 18/4 18/12 19/3 19/18 20/3 20/10 21/15
bears [1] 13/1
became [1] 13/20
because [15] 4/5 5/14 5/15 7/6 7/12 8/9 9/14 10/11 10/18 10/24 11/10 12/21 15/19 17/9 20/13
been [12] 5/14 5/15 7/23 12/21 13/15 15/14 17/6 17/20 17/22 18/2 18/15 21/24

**B**

before [10] 1/23 3/2 3/13 5/6 9/16 10/25 15/21 17/1 17/10 18/14
began [1] 12/14
beginning [1] 3/16
behalf [5] 1/15 2/2 3/18 3/23 3/25
being [3] 5/1 14/20 19/19
believe [2] 12/9 13/7
bench [2] 4/5 20/17
Beneath [1] 5/18
best [1] 4/12
between [2] 17/25 19/14
birthday [1] 7/24
BOARDMAN [2] 1/12 3/5
Bojorquez [9] 8/15 9/4 9/5 9/10 9/20 10/1 10/6 10/8 10/21
Bojorquez v [1] 8/15
Bojorquez's [1] 10/19
Bondi [1] 16/16
Borges [1] 16/16
Both [2] 7/20 14/12
box [4] 5/20 5/22 5/24 18/18
boxes [1] 5/20
breastfeeding [2] 5/7 8/2
Bridge [1] 1/17
brief [1] 21/1
briefing [2] 7/20 7/21
briefly [1] 20/23
bring [1] 19/9
brought [1] 13/18
burden [3] 12/24 13/1 14/23
business [2] 5/8 8/5
butcher [1] 4/12

**C**

C.F.R [3] 15/7 15/14 16/13
call [2] 3/2 3/9
calls [1] 18/13
can [3] 4/12 19/8 21/13
cannot [3] 17/5 17/11 18/4
case [16] 1/6 3/9 6/2 9/5 10/20 15/22 16/7 16/8 17/7 18/9 18/17 18/22 20/25 20/25 21/3 21/24
cases [3] 11/3 21/10 21/11
CAT [4] 5/2 13/16 14/16 17/16
CAT withholding [2] 5/2 13/16
certain [1] 18/19
Certainly [1] 20/16
CERTIFICATE [1]

22/4
certify [1] 23/4
cetera [1] 20/7
Chain [1] 1/17
challenge [5] 8/8 8/20 8/22 9/20 9/25
challenges [2] 8/24 11/3
changed [1] 15/12
Charles [1] 2/3
check [2] 5/12 18/18
check-in [1] 5/12
checkable [1] 5/19
checked [2] 5/20 5/25
Cherrywood [1] 1/24
Chief [3] 11/1 13/13 13/18
Chief Judge Russell [1] 11/1
children [1] 8/4
choices [1] 6/15
Circuit [3] 8/15 9/17 13/12
circumstances [1] 16/20
citizen [2] 4/14 5/7
citizenship [2] 4/14 17/17
Civil [1] 3/11
claim [23] 4/14 7/5 8/13 9/19 9/19 9/23 9/24 10/2 10/9 10/12 10/16 10/17 10/19 10/19 10/22 11/11 12/24 13/3 13/18 14/11 15/2 16/15 17/17
claim 2 [1] 7/5
claimed [2] 9/9 18/21
claims [4] 7/4 8/7 10/4 11/8
clarification [2] 21/18 21/19
class [3] 8/10 8/11 8/21
class action [1] 8/11
Clause [2] 9/21 16/22
clear [2] 20/18 21/15
clearly [3] 6/12 10/10 21/2
client [2] 19/7 19/17
close [1] 21/24
Coast [1] 19/21
Code [2] 11/14 18/1
cognizable [2] 9/13 10/12
Colorado [6] 7/3 19/7 19/18 19/25 20/14 20/17
combination [1] 17/14
come [1] 21/1
comes [1] 3/13
complied [1] 4/23
conclude [1] 13/23
concluded [4] 9/12 10/8 13/18 14/14

conclusion [3] 10/11 14/25 21/5
conditions [1] 15/13
conducted [2] 6/7 9/8
confer [1] 19/11
Conference [2] 19/14 23/8
confirm [1] 21/22
conformance [1] 23/7
confronted [1] 13/13
confused [1] 6/11
consider [1] 8/8
consideration [4] 4/3 8/7 8/12 8/22
considered [1] 7/21
Constitution [1] 17/6
Cont'd [1] 2/1
contact [2] 19/24 19/25
contend [2] 8/16 10/23
contending [1] 21/4
context [1] 17/1
continued [4] 1/12 11/21 12/5 19/4
Contract [1] 7/2
contrary [1] 18/7
Convention [1] 4/19
corpus [2] 6/25 9/7
correct [2] 12/18 23/5
costs [1] 14/23
could [7] 4/9 6/23 15/2 16/10 18/12 19/9 20/7
counsel [8] 3/15 3/16 4/1 9/5 15/18 18/20 19/11 21/11
counseling [1] 7/24
count [6] 8/19 8/23 9/19 11/7 11/8 19/6
count 2 [4] 8/19 8/23 11/7 19/6
countries [1] 18/5
country [19] 4/15 6/3 6/23 7/8 7/12 8/9 9/8 9/10 14/17 14/20 15/13 15/13 15/14 15/15 15/16 16/14 17/11 17/17 18/18
court [23] 1/1 1/23 3/2 3/4 3/11 3/13 4/21 8/23 10/20 10/25 11/16 11/20 11/23 12/4 12/6 12/8 13/14 15/6 18/14 20/7 22/2 23/3 23/12
Court Order [1] 20/7
courts [3] 11/23 13/10 13/22
credibility [1] 16/3
cries [1] 8/3
criminal [2] 5/10 7/13
Cruz [2] 13/2 13/9
Cruz Medina [2] 13/2 13/9
current [1] 14/7
currently [2] 7/2 19/7

custody [3] 4/22 9/14 19/16
Customs [1] 4/20
cv [1] 1/6

**D**

D. [3] 11/2 13/3 14/1
D. Md [3] 11/2 13/3 14/1
D.V.D [3] 8/10 8/21 8/25
date [2] 5/22 18/19
Dated [1] 23/9
daughter [2] 7/23 8/2
daughters [2] 5/7 6/17
Davis [1] 11/11
day [2] 6/4 23/9
days [3] 6/18 6/20 15/6
de [4] 1/4 3/12 4/13 9/9
de novo [1] 9/9
DEBORAH [2] 1/12 3/5
Dec [1] 16/17
December [1] 13/17
December 8th [1] 13/17
decide [3] 9/10 14/5 16/19
decided [1] 10/22
decision [3] 10/1 10/2 16/18
decision-maker [1] 16/18
default [1] 13/1
Defendants [1] 1/8
demonstrate [1] 7/9
Denver [1] 7/2
deny [1] 15/19
Department [1] 8/10
departure [1] 6/16
deportation [2] 6/6 6/20
deprivation [1] 14/22
deprive [1] 10/21
desperately [1] 8/3
detain [1] 18/11
detained [7] 5/11 6/25 7/2 7/25 11/13 12/21 13/17
detainee [1] 7/1
detention [28]
determination [3] 8/14 15/24 16/23
determine [1] 11/24
determined [2] 7/8 10/11
did [9] 4/20 7/9 9/10 9/14 10/8 10/13 18/18 18/23 19/17
didn't [1] 21/1
different [3] 9/19 16/6 16/8
difficulties [1] 20/5
difficulty [1] 17/18

direct [3] 9/20 21/7 21/15
disagree [1] 8/18
discretion [2] 16/12 16/19
discussed [1] 21/22
dismiss [1] 7/16
dispute [2] 11/13 12/12
distinct [2] 10/16 10/19
DISTRICT [8] 1/1 1/1 1/13 3/4 3/4 8/11 23/3 23/3
DIVISION [1] 1/2
DLB [2] 1/6 3/12
DLB-26-0561 [1] 3/12
do [6] 4/5 6/9 11/13 15/5 19/12 23/4
docketed [1] 8/15
document [3] 5/21 5/23 18/19
documents [1] 18/25
does [6] 7/11 8/21 9/4 9/24 10/21 16/20
doing [1] 4/12
don't [3] 4/4 4/11 19/11
done [1] 18/15
Douglas [3] 9/1 14/2 17/23
Douglas v [1] 14/2
drew [1] 10/10
due [22] 7/5 8/20 8/22 9/12 9/21 9/24 10/2 10/9 10/13 11/9 14/11 14/14 14/18 16/11 16/14 16/20 16/22 17/2 17/8 17/14 18/4 19/5
due process [18] 7/5 8/22 9/12 9/21 9/24 10/2 10/9 10/13 11/9 14/11 14/18 16/11 16/14 16/20 16/22 17/2 17/8 19/5
during [5] 5/11 6/10 12/25 13/3 17/21

**E**

earlier [3] 11/8 20/1 20/2
East [1] 19/21
ECF [2] 15/25 16/5
effective [1] 5/4
effectuate [6] 5/17 5/19 5/23 18/15 18/25 19/22
effort [1] 20/4
eight [2] 12/19 17/21
eight-year [1] 17/21
either [2] 17/22 18/4
El [7] 4/14 4/19 5/24 6/1 6/2 7/14 17/16
El Salvador [7] 4/14 4/19 5/24 6/1 6/2 7/14 17/16

**E**

elapsed [1] 12/20
Eldridge [1] 14/15
else [1] 20/19
EMELYN [3] 1/3 3/12 4/13
enable [1] 20/13
end [1] 7/19
endorsed [2] 13/10 13/23
enforce [1] 5/15
Enforcement [1] 4/20
ensure [1] 20/4
entail [1] 14/24
entered [4] 4/15 5/16 12/15 12/17
entitled [8] 8/13 9/11 9/23 10/18 13/6 14/10 16/21 23/6
entitlement [1] 17/2
entry [1] 15/6
ERO [1] 19/24
erroneous [1] 14/22
ESQUIRE [2] 1/18 1/19
et [3] 1/7 3/13 20/7
et al [1] 3/13
et cetera [1] 20/7
even [8] 11/4 12/15 13/22 13/23 14/7 16/10 19/1 20/12
ever [1] 4/24
every [1] 20/4
everyone [1] 3/7
evidence [7] 7/19 7/20 12/11 17/14 18/13 18/14 19/2
example [4] 8/25 13/11 13/25 16/16
examples [1] 15/18
exceeds [1] 11/24
exception [3] 15/10 15/12 15/17
exceptions [1] 13/22
executed [1] 6/23
expeditious [1] 5/24
expired [3] 12/13 12/19 13/20
expires [1] 13/5
explain [1] 11/15
explained [2] 16/14 17/4
explains [1] 6/10
express [1] 10/13
expressed [1] 7/25
expressly [1] 18/11
extremely [1] 16/2

**F**

F. [1] 13/2
F. Supp [1] 13/2
face [1] 14/21
Facility [1] 7/3
facing [1] 13/14
fact [2] 18/7 21/10
factors [1] 17/13
factually [1] 10/17

failed [1] 12/15
Fairfax [1] 1/17
fall [1] 8/24
falls [1] 14/5
family [3] 6/21 7/23 8/5
family's [1] 5/9
favor [1] 9/5
fear [11] 8/14 9/9 9/23 14/12 15/2 15/24 16/15 16/23 17/8 21/5 21/8
fear determination [3] 8/14 15/24 16/23
fear screening [1] 21/8
fears [2] 7/13 7/13
Feb. [1] 16/18
Feb. 13 [1] 16/18
February [5] 5/11 6/25 7/7 12/17 12/22
February 10th [1] 5/11
February 23rd [1] 7/7
federal [2] 1/23 11/23
felt [1] 6/11
Fifth [1] 18/14
file [1] 21/9
filed [5] 6/24 7/15 7/16 15/5 15/19
filing [3] 15/3 16/10 21/23
filings [1] 4/4
final [4] 6/19 6/22 13/21 15/6
find [1] 6/21
finding [2] 17/8 17/14
findings [1] 18/9
finds [1] 18/3
first [5] 5/20 9/11 14/10 15/4 17/16
five [1] 7/4
Floor [1] 2/3
focusing [1] 7/4
followed [1] 6/18
follows [1] 17/11
foreclosed [1] 10/5
forecloses [1] 10/1
foregoing [1] 23/5
foreseeability [1] 17/3
foreseeable [11] 7/6 11/10 11/21 12/4 12/10 13/4 13/7 14/9 17/12 17/15 19/4
format [1] 23/7
Fourth [4] 8/15 9/17 13/12 18/10
Fourth Circuit [3] 8/15 9/17 13/12
free [2] 8/1 17/20
further [1] 15/2
future [2] 12/10 19/4

**G**

gangs [1] 7/13
Garcia [1] 14/4
General [6] 8/16 10/23

11/2 11/5 18/3 18/8
generally [1] 15/5
get [1] 4/6
given [2] 6/15 7/7
go [3] 6/10 7/11 7/25
goes [1] 13/5
going [2] 4/4 20/12
good [7] 3/7 3/17 3/22 3/24 4/1 12/9 13/6
government [9] 9/7 12/10 13/1 13/8 14/23 17/5 17/9 18/21 18/24
GPS [1] 6/19
grant [2] 16/12 19/5
granted [6] 4/18 5/1 5/3 6/1 13/15 14/16
Greenbelt [2] 1/9 1/24

**H**

habeas [8] 6/25 8/19 9/7 9/13 10/13 11/3 11/23 17/1
habeas corpus [2] 6/25 9/7
had [6] 5/14 10/8 12/20 13/15 18/19 18/23
half [1] 5/9
happens [1] 20/4
has [31]
have [19] 5/15 7/20 7/21 8/24 10/8 13/10 13/22 14/13 14/19 16/1 16/14 16/25 17/22 17/22 18/8 18/12 19/8 21/12 21/18
HAYNES [5] 1/18 3/18 19/7 19/14 20/20
he [4] 10/17 10/24 13/6 13/17
hear [1] 19/12
heard [1] 16/15
hearing [8] 1/12 3/14 4/2 7/18 7/19 9/17 16/20 18/20
held [8] 7/18 8/24 9/5 10/4 11/2 11/20 12/8 23/6
helpful [2] 20/10 21/20
her [84]
here [5] 7/1 11/15 16/1 17/2 19/19
hereby [1] 23/4
Hernandez [3] 14/3 14/13 17/4
herself [1] 6/20
his [4] 9/14 10/9 10/17 13/20
hold [1] 12/5
holds [1] 4/14
Homeland [1] 8/10
Honor [10] 3/10 3/17 3/22 3/24 19/16 19/23 20/7 20/21 20/23 21/15

HONORABLE [3] 1/12 3/5 22/2
hours [1] 20/2
how [2] 17/2 19/21
hurdles [1] 8/6
Hurson [4] 14/13 14/19 17/4 17/7
husband [4] 5/6 5/8 6/16 8/4

**I**

I think [1] 21/12
I'd [1] 19/20
I'll [1] 20/18
I'm [3] 4/4 4/12 7/4
I-589 [1] 21/10
ICE [15] 4/24 5/12 5/16 5/18 5/20 5/23 6/5 6/6 6/15 12/15 13/17 18/11 18/16 19/9 19/19
ICE officers [1] 18/11
ICE's [1] 7/1
identify [1] 3/15
IJ [12] 8/13 9/8 9/23 10/18 14/18 14/24 15/18 16/22 16/25 17/8 21/7 21/11
IJs [1] 21/12
immediate [1] 6/16
immediately [1] 19/18
immigration [10] 4/17 4/19 11/4 12/16 14/11 15/3 15/6 16/13 16/23 17/18
impacted [1] 7/22
impacts [2] 12/24 17/2
impossible [1] 20/3
impracticable [1] 18/6
improper [1] 11/5
income [1] 5/9
inconsistent [2] 20/24 21/19
Indeed [1] 15/17
indefinite [2] 6/22 10/4
indefinitely [2] 11/18 18/11
indicates [1] 18/14
indicating [1] 18/18
indirect [1] 21/4
informal [1] 6/7
informing [2] 5/13 6/5
initial [1] 6/7
Instead [1] 17/2
instructed [1] 11/23
intended [1] 6/5
interest [3] 14/20 14/22 18/7
interview [2] 6/7 6/11
interviewed [1] 6/15
is [68]
issue [7] 9/16 17/1 20/7 20/12 20/16 20/24 21/21

issued [2] 17/25 18/8
it [19] 4/5 4/6 4/21 5/15 7/9 9/14 9/18 9/21 10/18 12/15 15/4 15/16 16/2 17/11 18/17 18/18 18/18 19/8 21/1
It's [2] 20/1 20/2
its [1] 18/16
iv [1] 16/13
IVORY [2] 2/6 3/25
ivory.macklin [1] 2/7

**J**

JAMES [2] 1/18 3/18
Jan. [3] 11/2 13/12 14/3
Jan. 22 [1] 13/12
Jan. 5 [1] 11/2
Jan. 9 [1] 14/3
January [5] 4/16 5/4 5/4 17/25 18/1
January 8th [1] 5/4
January 9th [1] 5/4
jjhaynes [1] 1/19
jostle [1] 20/13
JRR [2] 15/22 16/1
judge [13] 1/13 4/17 10/2 10/4 11/1 13/13 13/18 14/11 14/12 14/13 15/21 16/13 17/4
Judge Abelson [1] 10/4
Judge Abelson's [1] 10/2
Judge Hurson [1] 14/13
Judge Rubin [1] 15/21
Judge Russell [2] 13/13 13/18
judges [4] 8/23 14/18 16/14 17/7
Judicial [1] 23/8
Jul. [1] 9/2
Jul. 22 [1] 9/2
June [3] 4/17 4/22 5/25
June 5th [2] 4/17 5/25
just [3] 4/7 20/23 21/15
JUSTICE [2] 1/18 3/18
justify [1] 13/1

**K**

Klepp [3] 1/23 23/2 23/12
know [1] 19/12
KRISTI [2] 1/7 3/13
Kristi Noem [1] 3/13

**L**

lacked [1] 9/6
lacks [1] 10/24
Lane [1] 1/24
last [4] 4/3 4/11 9/17

Case 8:25-cv-02780-PX    Document 179-3    Filed 05/27/26    Page 28 of 30

**L**

last... [1] 15/17
late [1] 15/20
later [2] 4/6 5/22
Latin [1] 4/11
lawful [1] 18/24
laws [1] 11/4
lawyer [1] 16/8
leave [1] 19/23
leaves [1] 9/18
leaving [1] 20/17
legal [4] 4/15 7/12 15/24 17/17
legality [1] 9/14
legally [1] 10/17
let [1] 19/12
let's [1] 19/21
let's say [1] 19/21
liberty [1] 12/17
like [3] 19/12 19/20 21/19
likelihood [2] 10/9 12/9
likely [3] 7/9 14/21 19/3
lines [1] 21/21
LISBETH [3] 1/3 3/12 4/13
litigation [1] 8/25
little [1] 18/15
lived [1] 5/6
local [1] 19/24
locator [1] 7/1
long [1] 15/9
longer [3] 11/20 11/21 12/5
looks [1] 9/18
LOPEZ [40]
Lopez's [17] 7/22 8/2 8/7 8/13 8/19 9/19 9/24 10/22 11/7 13/10 13/23 15/15 15/18 17/15 18/15 18/17 19/1
lost [1] 8/3
lot [1] 21/18

**M**

MACKLIN [2] 2/6 3/25
made [2] 18/8 20/25
make [2] 20/4 20/18
maker [1] 16/18
making [1] 20/5
manage [1] 8/5
managed [1] 5/8
March [3] 7/15 7/17 13/12
March 24th [1] 13/12
March 27th [1] 7/17
MARYLAND [8] 1/1 1/9 1/24 2/4 3/5 7/1 19/10 23/3
Massachusetts [1] 8/11
Mathews [1] 14/14
matter [6] 3/11 3/13 9/11 9/12 14/11 23/7

may [3] 13/25 18/3 20/18
maybe [1] 21/1
Mbaba [1] 16/17
Md [11] 9/1 9/2 9/3 10/3 11/2 13/3 13/12 14/1 14/2 14/3 14/4
me [7] 4/6 4/9 10/21 16/4 17/1 19/12 21/19
meaning [1] 21/13
means [3] 5/17 5/19 18/8
measure [1] 11/25
Medina [2] 13/2 13/9
member [1] 8/10
membership [1] 8/21
memorandum [1] 21/13
Mendoza [2] 10/3 14/13
mentioned [1] 9/17
Merit [1] 23/2
merits [1] 11/7
Mexico [9] 6/6 6/23 7/10 7/11 7/13 9/24 14/12 15/15 18/12
Micco [1] 21/5
Micco's [1] 20/25
might [1] 9/18
minimal [1] 14/22
minutes [1] 4/9
mispronunciation [1] 4/10
missed [1] 7/24
moment [1] 12/2
moments [1] 20/16
month [8] 12/12 12/18 12/23 12/25 13/5 13/19 13/24 14/6
months [5] 12/7 12/14 12/20 12/21 13/20
Montoya [3] 13/11 13/14 13/17
Montoya Palacios [1] 13/14
Montoya's [1] 13/19
more [2] 7/9 16/15
morning [5] 3/7 3/17 3/22 3/24 4/1
MOSHENBERG [3] 1/19 3/20 19/15
Most [1] 5/3
mother [3] 7/25 8/1 8/3
motion [10] 7/16 15/3 15/5 15/12 15/23 15/25 16/4 16/11 16/12 16/23
motions [3] 1/12 3/14 15/19
motions hearing [1] 3/14
moves [1] 15/11
Mr [1] 19/14
Mr. [3] 19/7 19/15 20/20
Mr. Haynes [2] 19/7

20/20
Mr. Sandoval-Moshenberg [1] 19/15
Ms [2] 20/25 21/5
Ms. [24]
Ms. Arnold [4] 19/20 20/15 20/22 21/18
Ms. Lopez [13] 5/9 5/11 6/4 7/2 7/4 10/5 11/8 15/2 16/21 17/20 18/7 18/10 21/23
Ms. Lopez's [7] 7/22 8/19 10/22 11/7 13/10 13/23 17/15
much [2] 20/21 21/25
Mullin [1] 10/3
MURRAY [1] 1/16
murrayosorio.com [2] 1/19 1/20
must [4] 12/11 13/3 15/5 18/8
my [15] 4/7 4/10 8/6 8/21 10/1 10/7 10/10 10/15 17/14 18/21 18/23 20/25 21/3 21/7 21/13

**N**

named [1] 11/6
namely [1] 12/2
names [1] 4/11
nationality [2] 15/13 15/16
native [1] 4/13
nearly [1] 5/9
necessary [2] 11/19 11/25
need [4] 4/4 11/15 14/5 19/11
negative [4] 15/24 16/22 17/8 21/5
nervous [1] 6/11
night [1] 19/17
no [15] 1/6 3/12 4/14 5/10 5/22 7/12 7/12 11/20 11/21 12/5 12/9 13/1 18/13 20/21 21/4
NOEM [5] 1/7 3/13 11/1 13/2 14/4
Nolasco [1] 11/1
noncitizen [4] 11/17 12/8 15/11 18/2
Nonetheless [1] 16/9
noon [1] 21/23
NORTHERN [1] 1/2
not [52]
note [2] 15/21 18/16
Nothing [1] 9/25
notice [3] 5/12 6/5 18/16
notwithstanding [1] 10/20
novo [1] 9/9
now [5] 3/5 3/11 3/13 11/7 22/2

**O**

obtain [2] 15/2 18/23
obtained [2] 5/21 18/19
obtaining [1] 18/25
October [1] 17/24
office [3] 2/3 16/7 20/6
officer [3] 6/6 7/8 17/9
officers [2] 18/11 19/24
Official [3] 1/23 23/1 23/12
Oh [1] 20/9
Okay [1] 21/20
older [1] 7/23
once [1] 11/20
one [5] 5/7 10/5 13/14 20/7 21/12
one's [1] 16/7
one-page [1] 20/7
ongoing [2] 8/20 8/22
only [6] 5/20 5/24 11/18 12/21 15/12 17/17
opinion [3] 4/6 10/13 20/13
opinions [1] 21/11
opportunity [1] 6/8
opposed [1] 19/18
opposite [1] 16/2
options [1] 19/8
order [26]
ordered [10] 4/18 5/1 5/25 7/19 13/15 14/15 15/8 15/14 15/17 18/2
orders [1] 15/18
OSORIO [1] 1/16
other [3] 4/15 9/25 17/13
otherwise [1] 18/6
our [4] 4/2 19/17 19/24 21/15
out [1] 4/6
outside [2] 8/25 14/6
outweighs [1] 14/22
over [1] 12/19
overcome [1] 16/10
overwhelmed [1] 6/11

**P**

p.m [2] 19/21 20/17
page [4] 16/1 17/7 20/7 23/7
page 14 [1] 17/7
page 6 [1] 16/1
pages [1] 4/8
painting [1] 5/8
Palacios [4] 10/3 13/11 13/14 14/13
parent [1] 8/4
part [1] 15/19
parties [2] 11/13 12/12
passed [1] 15/9
Patricia [3] 1/23 23/2 23/12

pendency [3] 9/4 10/6 10/21
pending [7] 3/11 6/24 8/14 8/24 10/1 11/9 18/22
Perez [1] 16/17
perhaps [1] 19/9
period [14] 11/18 11/24 12/7 12/8 12/12 12/19 12/24 12/25 13/3 13/5 13/19 13/24 14/6 17/21
permit [4] 15/4 17/25 18/3 18/8
persecuted [1] 7/10
persecution [1] 14/21
perspective [1] 20/20
persuaded [3] 14/10 15/1 16/21
petition [8] 6/24 7/16 7/18 8/19 9/6 11/8 17/1 19/5
petitioner [18] 1/15 3/16 3/18 3/20 9/8 9/11 9/13 10/8 10/12 11/3 12/23 13/3 13/6 13/14 13/24 14/15 17/5 21/8
petitioner's [4] 9/9 10/16 14/19 16/15
place [1] 5/22
placed [1] 4/16
plaintiff [2] 1/5 21/3
plane [1] 6/17
please [2] 3/8 3/15
PLLC [1] 1/16
point [2] 10/7 10/15
police [1] 8/1
Portela [3] 14/3 14/13 17/4
position [4] 15/23 15/25 16/2 21/15
positions [1] 16/9
power [1] 10/22
precisely [2] 10/18 21/12
preclude [2] 8/21 18/24
prefer [1] 19/18
presence [1] 12/2
present [1] 6/20
presented [2] 18/13 19/2
presiding [1] 3/6
presumption [5] 12/25 13/5 13/24 14/8 19/3
presumptively [7] 12/7 12/13 12/19 13/19 14/6 14/7 19/1
primarily [1] 12/1
principles [1] 9/11
procedural [1] 8/6
proceed [1] 10/20
proceedings [6] 4/17 15/3 15/21 16/24 22/3 23/6

**P**

process [23]
produce [1]  10/25
prohibiting [1]  18/21
proof [1]  12/24
proper [4]  8/17 10/24 11/3 11/5
prove [1]  13/4
provide [1]  17/9
provided [2]  17/6 21/11
provides [2]  12/8 13/6
providing [1]  14/24
proving [1]  14/8
psychological [1]  7/23
public [1]  18/7
purchased [1]  6/17
purpose [1]  12/2
purposes [1]  5/14
pursuant [1]  23/4
put [1]  17/5

**Q**

question [3]  9/22 11/24 18/13
questions [1]  6/12
quote [1]  21/12

**R**

raise [1]  8/6
raised [1]  20/24
raises [3]  8/20 9/20 10/5
raising [1]  11/11
rather [1]  4/5
reading [1]  9/18
reason [4]  10/10 12/9 13/6 18/22
reasonable [9]  12/7 12/13 12/19 13/19 13/25 14/6 14/8 17/3 19/2
reasonableness [2]  12/1 12/25
reasonably [13]  7/6 11/10 11/18 11/20 11/25 12/4 12/10 13/4 13/7 14/9 17/12 17/15 19/4
reasoning [1]  14/25
reasons [1]  6/8
rebut [3]  12/11 13/8 19/2
rebutted [2]  13/25 14/8
receive [4]  16/25 17/10 18/3 18/6
received [1]  5/2
recently [3]  5/3 14/14 17/24
recognize [1]  16/6
recognized [2]  12/6 14/19
record [4]  3/15 4/7 5/10 10/10
redetained [1]  14/16

referred [1]  7/23
refusal [1]  18/4
Registered [1]  23/2
regularly [1]  4/24
regulations [2]  15/4 23/8
Reiter [1]  6/6
relate [1]  9/14
release [6]  5/13 5/14 6/18 13/6 13/17 18/16
released [7]  4/22 12/16 13/16 19/8 19/18 19/20 21/24
relief [4]  9/13 10/11 16/5 21/4
remained [1]  12/17
remains [1]  16/4
remedy [1]  16/4
remodeling [1]  5/8
removal [47]
remove [4]  6/6 17/5 17/23 18/23
removed [12]  4/18 5/1 5/25 13/15 14/15 14/20 15/8 17/11 18/2 18/4 18/12 19/3
removing [3]  9/7 17/19 18/21
reopen [11]  15/3 15/5 15/11 15/19 15/23 15/25 16/4 16/11 16/12 16/23 21/10
repeatedly [1]  5/2
reply [1]  7/16
reported [2]  4/24 23/6
Reporter [4]  1/23 23/1 23/2 23/12
representation [1]  16/3
require [1]  19/9
required [2]  10/14 17/10
requirements [1]  15/25
requires [3]  16/14 17/6 17/8
rescinded [1]  4/21
resolution [1]  8/14
resolve [1]  8/19
respect [1]  21/18
respond [3]  6/8 6/12 12/11
respondent [4]  8/17 10/24 11/3 11/5
respondents [20]  2/2 3/23 3/25 7/15 8/6 8/12 8/16 8/18 10/7 10/15 10/23 11/6 12/20 15/1 15/22 16/1 17/22 18/12 18/20 18/22
respondents' [1]  16/3
response [1]  7/15
responsible [1]  5/9
restrain [1]  9/7
reversed [1]  9/18
review [18]  4/3 6/2

8/13 9/9 9/12 9/23 10/18 11/13 14/16 14/24 15/2 15/23 16/22 16/25 17/8 21/4 21/7 21/16
reviewing [1]  18/17
revocation [3]  5/13 6/9 18/16
revoked [1]  5/14
right [10]  3/7 3/21 4/1 14/18 20/1 20/19 21/9 21/17 21/21 21/25
rights [3]  7/5 11/10 19/5
rise [2]  3/3 22/1
risk [1]  14/21
RMR [2]  1/23 23/12
Road [1]  1/17
Rodriguez [2]  15/22 16/8
room [1]  19/24
Rubin [1]  15/21
rule [1]  4/5
ruling [2]  4/7 10/10
run [1]  12/14
Russell [3]  11/1 13/13 13/18

**S**

S.D. [1]  16/18
S.D. Tex [1]  16/18
said [3]  5/20 5/23 21/12
Salvador [7]  4/14 4/19 5/24 6/1 6/2 7/14 17/16
same [1]  10/16
SANDOVAL [3]  1/19 3/20 19/15
SANDOVAL-MOSHENBERG [2]  1/19 3/20
satisfy [3]  15/24 16/11 16/20
say [4]  19/8 19/21 20/17 21/22
says [1]  5/18
scheduled [3]  5/12 5/21 18/19
school [1]  7/24
scope [1]  8/25
Scott [2]  9/3 14/1
screened [1]  8/9
screening [2]  7/8 21/8
seated [1]  3/8
second [3]  5/22 8/12 17/20
section [6]  11/14 11/17 15/8 15/15 18/2 18/5
Section 1003.23 [2]  15/8 15/15
Section 1231 [1]  18/2
secure [2]  11/19 11/25
Security [1]  8/11
see [3]  8/25 16/16 19/8

seek [2]  15/11 21/10
seeking [4]  5/23
seemed [1]  21/19
seems [1]  15/4
send [1]  7/13
Sept [1]  9/3
Sept. [2]  9/1 14/1
Sept. 19 [1]  9/1
Sept. 8 [1]  14/1
September [2]  13/15 13/21
served [3]  5/12 5/15 6/4
session [1]  3/5
seven [1]  4/8
seventh [1]  7/24
several [3]  15/18 16/13 17/13
severely [1]  7/22
shackle [1]  6/19
she [36]
short [1]  21/23
shortly [1]  12/16
should [3]  8/8 8/12 12/5
shouldn't [1]  20/3
show [1]  19/3
showing [2]  12/11 13/8
shows [1]  10/10
sides [1]  7/20
significant [1]  12/9
similar [1]  13/13
SIMON [2]  1/19 3/19
simply [3]  9/12 15/3 17/4
since [5]  4/25 5/1 12/22 15/9 17/21
single [1]  4/8
single-spaced [1]  4/8
situation [1]  13/13
six [12]  12/7 12/12 12/14 12/18 12/20 12/23 12/25 13/5 13/19 13/20 13/24 14/6
six-month [8]  12/12 12/18 12/23 12/25 13/5 13/19 13/24 14/6
so [9]  4/2 4/7 4/11 15/5 15/8 15/17 20/3 21/20 21/21
societal [1]  14/23
Solis [1]  11/1
some [5]  4/6 8/7 13/10 13/22 21/10
something [1]  9/25
soon [1]  19/23
sooner [1]  4/5
sought [2]  9/13 10/12
spaced [1]  4/8
Spanish [1]  4/11
speak [2]  4/11 19/17
specifically [3]  8/7 14/18 21/9
ssandoval [1]  1/20
stands [1]  22/2

stated [3]  6/9 11/8 18/16
statement [3]  5/18 10/7 10/15
states [14]  1/1 1/13 2/3 3/4 4/16 6/14 7/11 11/14 18/1 18/10 19/13 21/22 23/3 23/8
status [3]  4/15 7/12 17/18
statute [2]  11/22 12/6
statute's [1]  12/1
stay [2]  8/12 9/5
stenographically [1]  23/6
stenographically-reported [1]  23/6
steps [2]  18/23 18/24
still [1]  13/24
Street [1]  2/3
struggled [1]  8/4
subject [1]  11/17
submissions [1]  4/2
submitted [2]  7/20 15/18
substantially [1]  17/18
substitute [1]  16/24
success [1]  10/9
such [5]  10/5 14/15 14/18 18/9 18/24
sufficient [2]  12/11 19/2
Suite [2]  1/17 1/24
sum [2]  16/21 19/1
supervision [7]  4/23 4/24 5/14 6/9 13/16 14/17 17/21
Supp [4]  13/2 14/2 14/4 17/23
supplemental [3]  7/19 21/1 21/13
support [1]  7/12
Supreme [2]  11/16 11/20
Supreme Court [2]  11/16 11/20
sure [2]  9/22 20/6
system [1]  7/13

**T**

take [3]  4/6 4/9 5/21
taken [2]  16/1 18/23
taking [1]  18/24
Tanha [1]  9/2
tea [1]  9/18
tend [1]  13/23
terms [3]  4/24 12/1 20/24
test [1]  14/14
Tex [1]  16/18
Texas [1]  4/16
than [5]  4/5 5/22 7/9 9/19 9/25
thank [7]  4/2 19/16 20/15 20/21 21/17 21/20 21/25

**T**

**thank you [5]** 19/16 20/15 21/17 21/20 21/25
**that [126]**
**that's [6]** 5/22 5/25 11/22 16/5 17/6 21/11
**their [3]** 8/4 14/24 16/19
**them [3]** 4/3 4/12 8/1
**then [4]** 12/18 19/12 19/24 21/24
**there [10]** 5/19 11/5 12/9 15/10 17/13 20/1 20/5 20/5 20/6 20/19
**these [1]** 16/20
**they [7]** 6/19 6/21 8/7 14/20 15/19 19/17 21/19
**things [1]** 20/13
**think [1]** 21/12
**third [11]** 5/20 5/24 6/23 7/8 8/9 9/8 14/17 14/20 17/11 17/24 18/18
**third country [1]** 18/18
**third-country [1]** 7/8
**this [24]**
**those [2]** 4/7 13/22
**though [1]** 12/15
**threatened [1]** 18/11
**three [4]** 5/19 6/15 8/6 8/18
**thus [1]** 11/14
**tickets [1]** 6/17
**time [6]** 4/6 8/2 15/10 16/10 19/21 20/17
**times [1]** 20/5
**Title [2]** 11/14 18/1
**today [1]** 19/20
**told [1]** 6/19
**tomorrow [2]** 19/9 21/23
**too [1]** 15/20
**took [1]** 15/23
**torture [2]** 4/19 14/21
**tortured [1]** 7/10
**transcript [2]** 23/5 23/7
**transferred [1]** 19/19
**transform [1]** 9/24
**travel [4]** 5/21 5/23 18/19 18/25
**travel document [2]** 5/23 18/19
**tried [1]** 20/25
**troubling [1]** 16/2
**true [2]** 11/15 23/5
**Trump [1]** 14/3
**turn [1]** 11/7
**two [5]** 5/7 12/21 16/6 19/8 20/2

**U**

**U.S [4]** 2/4 2/6 11/12 11/19
**U.S. [2]** 5/7 16/7
**U.S. Attorney's [1]** 16/7
**U.S. citizen [1]** 5/7
**U.S.C [1]** 23/4
**unable [2]** 13/8 17/22
**under [13]** 4/19 4/23 6/2 11/4 11/11 11/14 11/21 14/14 16/20 16/22 18/1 18/5 19/5
**undercuts [1]** 16/3
**understand [1]** 11/11
**understanding [1]** 21/3
**understands [1]** 20/6
**UNITED [11]** 1/1 1/13 2/3 3/4 4/16 11/14 18/1 19/13 21/22 23/3 23/8
**United States [5]** 4/16 11/14 18/1 19/13 21/22
**unless [2]** 9/8 18/3
**unlikely [1]** 15/4
**unreasonable [1]** 12/5
**unreconcilable [1]** 16/9
**unspecified [1]** 5/22
**until [5]** 6/22 9/8 12/17 17/5 18/12
**Upon [1]** 4/3
**us [1]** 20/13
**USCIS [1]** 7/8
**usdoj.gov [2]** 2/5 2/7

**V**

**valid [1]** 17/25
**very [4]** 9/16 20/21 21/23 21/25
**viable [1]** 16/24
**view [2]** 13/10 13/23
**violates [4]** 7/5 9/21 11/9 19/4
**Virginia [1]** 1/17
**VOLUME [1]** 1/12
**voluntary [1]** 6/16

**W**

**W.D. [1]** 16/17
**W.D. Wash [1]** 16/17
**want [4]** 4/5 4/10 6/10 7/11
**wanted [1]** 20/23
**wants [1]** 7/25
**Warden [1]** 9/2
**was [43]**
**Wash [1]** 16/17
**watching [1]** 4/8
**way [1]** 21/4
**we [4]** 19/23 19/24 20/4 21/22
**we're [1]** 9/17
**week [1]** 4/3
**weight [1]** 8/3
**were [5]** 5/25 6/1 11/5 15/19 22/3
**what [3]** 10/13 19/12

21/12
**when [5]** 6/14 12/14 15/10 15/12 20/5
**where [3]** 11/3 13/23 14/20
**whether [10]** 9/10 9/22 11/16 11/24 12/12 12/23 14/5 16/11 16/19 16/25
**which [7]** 7/21 8/9 8/20 10/4 15/14 15/16 17/17
**while [3]** 6/25 7/24 18/22
**who [7]** 7/8 8/2 8/23 11/2 14/15 18/2 19/24
**whole [1]** 20/13
**whom [1]** 5/7
**why [2]** 11/15 19/11
**will [13]** 9/22 17/9 19/12 19/21 19/24 19/24 20/4 20/9 20/16 20/17 21/21 21/22 21/24
**William [1]** 6/6
**window [1]** 15/9
**withholding [9]** 4/18 5/2 6/1 13/16 14/16 15/11 17/16 21/9 21/14
**within [5]** 12/23 14/5 15/6 16/12 20/16
**WL [11]** 9/1 9/2 9/3 10/3 11/1 13/11 14/1 14/3 16/16 16/17 17/19
**work [5]** 5/2 5/3 17/25 18/3 18/8
**work permit [3]** 17/25 18/3 18/8
**worked [1]** 16/7
**working [2]** 16/7 16/8
**would [14]** 3/9 4/6 6/21 7/10 7/13 14/21 14/24 15/4 15/17 15/24 16/11 19/12 19/17 20/10
**wouldn't [1]** 6/20
**WRIGHT [2]** 2/4 3/23
**writ [2]** 6/24 9/6
**written [1]** 4/6

**Y**

**Yeah [1]** 20/3
**year [4]** 12/18 13/13 13/16 17/21
**years [3]** 12/19 14/16 14/16
**yes [4]** 3/10 20/11 20/11 20/15
**yet [1]** 12/20
**you [18]** 3/9 4/2 4/8 5/25 6/1 19/11 19/11 19/12 19/16 19/21 20/15 20/21 20/24 21/13 21/17 21/18 21/20 21/25

**you're [1]** 20/12
**youngest [1]** 8/1
**your [19]** 3/10 3/17 3/22 3/24 4/2 5/19 5/21 5/23 6/2 19/7 19/11 19/16 19/23 20/7 20/19 20/21 20/23 21/15 21/19
**Your Honor [9]** 3/10 3/17 3/24 19/16 19/23 20/7 20/21 20/23 21/15
**yourselves [1]** 3/15

**Z**

**Zadvydas [10]** 10/16 10/18 10/19 10/22 11/11 11/16 12/3 12/24 13/18 19/5
**Zavvar [4]** 9/3 14/1 17/19 17/23
**Zavvar v [1]** 9/3