**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**Greenbelt Division**

Kilmar Armando Abrego Garcia,

                Petitioner,

v.

Markwayne Mullin, *et al.*,

                Respondents.

Case No. 8:25-cv-02780 (PX)

**Notice of Supplemental Evidence in Support of**
**Petitioner's Motion to Resolve Outstanding Habeas Claims**

Petitioner Kilmar Armando Abrego Garcia respectfully submits as further evidence in support of his Motion to Resolve Outstanding Habeas Claims (ECF No. 179) the testimony on June 2, 2026, by Respondent Secretary of Homeland Security Markwayne Mullin before the Senate Appropriations Subcommittee in which Secretary Mullin stated that if Abrego Garcia is willing to go to Costa Rica, "we'll be happy to send him." *A Review of the President's Fiscal Year 2027 Budget Request for the Department of Homeland Security Before the S. Subcomm. on Homeland Sec. of the S. Comm. on Appropriations*, at 2:21:9–12 (June 2, 2026, 2:30 PM) https://www.appropriations.senate.gov/hearings/a-review-of-the-presidents-fiscal-year-2027-budget-request-for-the-department-of-homeland-security.

This testimony by Secretary Mullin was made in response to questions by Senator Chris Van Hollen during an exchange that is excerpted below:

**Senator Van Hollen**: I'm going to ask you about Kilmar Abrego Garcia. Are you aware of the fact that in that case, he has agreed to be removed to Costa Rica and that Costa Rica has agreed to accept them?

**Secretary Mullin**: No, I'm not.

**Senator Van Hollen**: Okay, so, I'd like you to look into this because essentially

what the administration did was say to him when he was returned to the United States after being wrongfully deported to El Salvador, and the administration admitted it wrongfully deported him, after he was returned, they leveled new criminal charges against him. And they said to him, if you plead guilty to these criminal charges, we'll send you to Costa Rica, and if you don't, we'll send you to Liberia. Well, he said I'm not going to plead guilty to these charges, and it turns out, just short time ago, a federal judge determined that the administration had engaged in a vindictive prosecution against him. And so my question now is, will you, the administration, agree to have him removed to Costa Rica rather than engaging in punishing him for pursuing his constitutional rights? That's the question. If you don't have full information here, Mr. Secretary, I understand.

**Secretary Mullin:**  My question is, is the gentleman here illegally?

. . .

**Senator Van Hollen:** The person was illegally removed to El Salvador and this administration has admitted that.

**Secretary Mullin**: He is still in this country illegally.

**Senator Van Hollen**: This is, why—the point is he has said that he will be removed to Costa Rica and Costa Rica has accepted that. The point, Mr. Secretary is—

**Secretary Mullin**: Great, if he's willing to do that, we'll be happy to send him.

*Id.* at 2:19:34–2:21:12.

2

Respectfully Submitted,

Dated: June 2, 2026

**MURRAY OSORIO PLLC**
Simon Y. Sandoval-Moshenberg
Rina Gandhi
4103 Chain Bridge Road, Suite 300
Fairfax, VA 22030
(703) 352-2399
ssandoval@murrayosorio.com

/s/ Jonathan G. Cooper
**QUINN EMANUEL URQUHART &**
**  SULLIVAN, LLP**
Jonathan G. Cooper (D. Md. Bar No. 21345)
Olivia Horton* (*pro hac vice*)
Nithya Pathalam (*pro hac vice*)
555 13th St NW, Suite 600
Washington, DC 20004
(202) 538-8000
jonathancooper@quinnemanuel.com
oliviahorton@quinnemanuel.com
nithyapathalam@quinnemanuel.com
*admitted in Texas; not admitted in D.C.
Supervised by attorney admitted in D.C.*

Andrew J. Rossman (*pro hac vice*)
Sascha N. Rand (*pro hac vice*)
Courtney Daukas (*pro hac vice*)
Morgan Anastasio (*pro hac vice*)
Roey Goldstein (*pro hac vice*)
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
andrewrossman@quinnemanuel.com
sascharand@quinnemanuel.com
courtneydaukas@quinnemanuel.com
morgananastasio@quinnemanuel.com
roeygoldstein@quinnemanuel.com

*Counsel for Petitioner*

3