**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**
**Greenbelt Division**

Kilmar Armando Abrego Garcia,

Petitioner,

v.

Markwayne Mullin, *et al.*,

Respondents.

Case No. 8:25-cv-02780 (PX)

**Notice of Supplemental Authority in Support of Petitioner's Motion to Resolve Outstanding Habeas Claims**

Petitioner Kilmar Armando Abrego Garcia respectfully submits the decision in *D.V.D. v. DHS*, --- F.4th ---, 2026 WL 2797801 (1st Cir. Sept. 18, 2026), attached as Exhibit A, as supplemental authority in support of his Motion to Resolve Outstanding Habeas Claims at ECF No. 179. In *D.V.D.*, the First Circuit rejected the Government's arguments that 8 U.S.C. §§ 1252(a)(5), (b)(9), and (g) stripped the district court of jurisdiction to address the Government's third-country removal policy and procedures, slip op. at 17–24, 28–31, further supporting Abrego Garcia's arguments that those provisions do not bar this Court's review here, *see* ECF No. 188 at 5–8. The First Circuit also rejected the Government's prior arguments (ECF No. 72 at 19–20) that judicial review is barred by 8 U.S.C. § 1252(a)(4) and FARRA § 2242(d). Slip op. at 24–28. Furthermore, the First Circuit held that the class representatives in *D.V.D.* lacked standing to argue that noncitizens must be removed to countries they have designated under 8 U.S.C. § 1231(b)(2) because no class representative designated a country under that statute. Slip op. at 32–35. Of course, Abrego Garcia has made such a designation (ECF No. 1-7), and the First Circuit's holding further supports Abrego Garcia's position that his claims are distinct from those of the *D.V.D.* class and this Court's review is not barred by the existence of the class, ECF No. 188 at 2–3.

Finally, the First Circuit held that the Government's third-country removal policy and procedures violate 8 U.S.C. § 1231(b)(3) and 8 C.F.R. § 1208.16, slip op. at 35–49, which further supports Abrego Garcia's position here, *see* ECF No. 179-1 at 24–27; ECF No. 188 at 21–23.

Respectfully submitted,

Dated: September 23, 2026

*/s/ Jonathan G. Cooper*

**MURRAY OSORIO PLLC**
Simon Y. Sandoval-Moshenberg
Rina Gandhi
4103 Chain Bridge Road, Suite 300
Fairfax, VA 22030
(703) 352-2399
ssandoval@murrayosorio.com

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Jonathan G. Cooper (D. Md. Bar No. 21345)
Olivia Horton (*pro hac vice*)
Nithya Pathalam (*pro hac vice*)
555 13th St NW, Suite 600
Washington, DC 20004
(202) 538-8000
jonathancooper@quinnemanuel.com
oliviahorton@quinnemanuel.com
nithyapathalam@quinnemanuel.com

Andrew J. Rossman (*pro hac vice*)
Sascha N. Rand (*pro hac vice*)
Courtney Daukas (*pro hac vice*)
Morgan Anastasio (*pro hac vice*)
Roey Goldstein (*pro hac vice*)
295 Fifth Avenue, 9th Floor
New York, NY 10016
(212) 849-7000
andrewrossman@quinnemanuel.com
sascharand@quinnemanuel.com
courtneydaukas@quinnemanuel.com
morgananastasio@quinnemanuel.com
roeygoldstein@quinnemanuel.com

*Counsel for Petitioner*